1  Hillary A. Brooks (admitted *pro hac vice*)
   hillary@brooksquinn.com
2  Delfina S. Homen (admitted *pro hac vice*)
   delfina@brooksquinn.com
3  BROOKS QUINN, LLC
   6513 132nd Ave NE # 378
4  Kirkland, WA 98033
   Telephone: (503) 629-1559
5
   Ryan Tyz (CSB No. 234895)
6  ryan@tyzlaw.com
   Sean K. Apple (CSB No. 305692)
7  sapple@tyzlaw.com
   TYZ LAW GROUP PC
8  4 Embarcadero Center, 14th Floor
   San Francisco, CA 94111
9  Telephone: (415) 849-3578

10 Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG
   Collaborative Solutions, LLC
11

12                      **UNITED STATES DISTRICT COURT**

13                      **NORTHERN DISTRICT OF CALIFORNIA**

14                               **OAKLAND DIVISION**

15

16 | CARE AMBULANCE SERVICE, INC., | Case No: 4:19-cv-08171-SBA |
   | FALCK USA, INC., FALCK NORTHERN | |
17 | CALIFORNIA CORP., and FALCK | Related to: 4:19-cv-06104-SBA |
   | ROCKY MOUNTAIN, INC., | |
18 | | **REQUEST FOR JUDICIAL NOTICE IN** |
   | Plaintiffs, | **SUPPORT OF SG COLLABORATIVE** |
19 | | **SOLUTIONS' *REVISED* SPECIAL** |
   | v. | **MOTION TO STRIKE (ANTI-SLAPP** |
20 | | **MOTION)** |
   | SCOTT GRIFFITH COLLABORATIVE | |
21 | SOLUTIONS, LLC d/b/a SG Collaborative | Date:        July 8, 2020 |
   | Solutions, LLC, | Time:        2:00 pm |
22 | | Courtroom:   1301 Clay Street |
   | Defendant. |              Oakland, CA 94612 |
23 | | |
   | | Case Filed:  December 16, 2019 |
24 | | Trial Date:  June 21, 2021 |

25

26

27

28

REQUEST FOR JUDICIAL NOTICE ISO
*REVISED* ANTI-SLAPP MOTION                                   CASE NO. 4:19-cv-08171-SBA

# REQUEST FOR JUDICIAL NOTICE

Defendant Scott Griffith Collaborative Solutions, LLC ("SGCS") hereby requests, pursuant to Federal Rule of Evidence 201 and the authority discussed herein, that the Court take judicial notice of the following documents listed below and attached hereto in support of SGCS's *Revised* Special Motion to Strike (Anti-SLAPP Motion):

1. A true and correct copy of an article published online by the *Colorado Springs Independent* titled "City switches EMS gears," dated October 15, 2019, PDF printed by the undersigned from the URL https://www.csindy.com/TheWire/archives/2019/10/15/city-switches-ems-gears on November 21, 2019, attached hereto as **Exhibit 1**.

2. A true and correct copy of an article published online by KOAA News5 titled "Colorado Springs ambulance contract falls through with top bidder," dated October 14, 2019, PDF printed by the undersigned from the URL https://www.koaa.com/news/covering-colorado/colorado-springs-ambulance-contract-falls-through-with-top-bidder on November 21, 2019, attached hereto as **Exhibit 2**.

# MEMORANDUM OF POINTS AND AUTHORITIES

The Court "may take judicial notice of adjudicative facts appearing in newspapers." *Crowder v. Kitagawa*, 81 F.3d 1480, 1492 n.10 (9th Cir. 1996); *Pete v. City of Oakland*, No. C 09-06097 WHA, 2011 WL 863550, at *4 (N.D. Cal. Mar. 10, 2011) (granting request for judicial notice of newspaper article). Judicial notice of a newspaper article is appropriate where the party requesting notice demonstrates that the facts of the article are either generally known within the territorial jurisdiction of the trial court or are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Ekdahl v. Ayers*, No. C 07-3642 SBA (PR), 2008 WL 4344314, at *3 (N.D. Cal. Sept. 22, 2008). Such publications may be introduced under Fed. R. Evid. 201(b) to indicate what was in the public realm at the time. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

To succeed on trade libel, Plaintiffs must plead and prove, among other things, that SGCS's statements induced others not to deal with Plaintiffs. *Aetna Cas. & Surety Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988). In the Amended Complaint, Plaintiffs conclusorily allege the City of Colorado Springs terminated its negotiations with FRM "subsequently" to a cease-and-

desist letter from SGCS to FNC republished by *The Colorado Springs Independent* and SGCS's response to the paper's request for comment on the letter. Am. Compl. ¶¶ 28, 61, 72. Plaintiffs do not allege the negotiations were terminated *because of* SGCS's letter and media response. Instead, Plaintiffs appear to be inviting the Court to find an implied allegation that the negotiations were terminated *because of* SGCS's letter and media response.

The articles attached as Exhibits 1-2 to this Request are directly relevant to at least the inducement element of Plaintiffs' trade libel claim. Each article contradicts any implied allegation that the Colorado Springs-FRM negotiations were terminated *because of* SGCS's letter and media response. Both articles state negotiations were mutually terminated by the city and FRM, which is supported in both articles by statements by FRM's CEO, David Patterson, stating FRM was "not willing to make unsustainable commitments." Ex. 1 at 1; Ex. 2 at 2. Plaintiffs filed a declaration from Mr. Patterson in support of their opposition to SGCS's motion to transfer under the first to file rule, in which Mr. Patterson parroted the allegation in the Amended Complaint that the city "subsequently terminated its negotiations with FRM" without declaring *why* negotiations were terminated, nor declaring that negotiations were terminated *because of* SGCS's letter and press response. *See* ECF No. 13-2, ¶¶ 5-6.

The articles attached to this Request directly contradict any implied allegation that the negotiations were terminated *because of* SGCS's letter and media response. The Court can and should take judicial notice of these articles both to indicate what was in the public realm at the time—a statement from FRM's CEO that the negotiations were terminated because FRM was "not willing to make unsustainable commitments"—and for the adjudicative fact that the negotiations were mutually terminated for reasons having nothing to do with SGCS. That fact is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned, namely, FRM's CEO, who made the statements in the attached articles and has appeared as a declarant in this case on the same issue. Plaintiffs should not be permitted to artfully plead inducement when their own declarant has made public statements contrary to Plaintiffs' pleading and to anything implied by the declarant's sworn statements to this Court.

Dated: May 6, 2020

Respectfully submitted,

*/s/ Delfina S. Homen*
Delfina S. Homen

Attorney for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC