

**FAISAL M. ZUBAIRI**
**Partner**
**(714) 800-1461**
**zubairi.faisal@dorsey.com**

August 14, 2020

The Honorable Joseph C. Spero
Chief Magistrate Judge
United States District Court for
  the Northern District
450 Golden Gate Avenue
San Francisco, CA  94102

Re: *Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC,*
    *Case No. 4:19cv08171-SBA (Case 8171) and Scott Griffith Collaborative Solutions,*
    *LLC v. Falck Northern California Corp., et al., Case No. 4:19cv06104-SBA (Case 6104)*

Dear Judge Spero:

Counsel for Care Ambulance Service, Inc. ("Care"), Falck USA, Inc., Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively "Falck"), plaintiffs in Case 8171 filed against SG Collaborative Solutions, LLC ("SGC"), and counsel for SGC, which is the plaintiff in Case 6104 filed against Falck, excluding FRM, jointly write the Court pursuant to the Court's Notice of Reference and Order Regarding Discovery Procedures in both cases, which were consolidated for purposes of discovery. This letter is being submitted within 5 days of the conference between counsel, which took place on August 11, 2020.

## A.   Falck's Position

**Case Background:** Falck provides 911 emergency medical services. SGC entered an agreement with Care ("Agreement"), pursuant to which SGC granted permission for use of its Guide. *See* Case 8171, Dkt. 11: Falck's Amended Complaint ("FAC") ¶¶17-20, Ex. A; Case 6104, Dkt. 1: SGC Comp. ¶23. SGC encouraged use of the Guide until a Care affiliate, FRM, was selected to negotiate an agreement with Colorado Springs to the exclusion of another SGC customer, American Medical Response, Inc. ("AMR"). FAC ¶ 25-27, SGC Comp. ¶49. SGC then issued a September 2019 letter claiming that its Guide was misused by Falck in 2018. FAC ¶21, Ex. C. SGC's letter disavows the Agreement, misrepresents that SGC's logo was covered up by Falck's logo, and alleges infringement of nonexistent trademarks and an inapplicable copyright. *Id.* SGC disseminated its disparaging letter, which was published under the following headline: "Falck Ambulance, the city's choice … accused of lying in a proposal in California." FAC ¶25, Ex. D. Colorado Springs then terminated negotiations with FRM, and the statements have been used to interfere with Falcks' other business relationships. *Id.* ¶¶28, 31. Falck accordingly filed Case 8171 against SGC for copyright invalidation, breach of contract, disparagement, libel, and interference. SGC filed Case 6104 alleging copyright, trademark and unfair competition claims on that same date. The subject discovery (Exs. 1-2), discovery consolidation orders (Exs. 9-10), and extensive meet and confer efforts leading to this letter are attached as hereto as Exhibits 1-28.

**Third Party Documents.** SGC refuses to produce documents in response to Requests 7, 8, 10-11 (for documents/communications between SGC and AMR relating to Falck and the Guide), on the grounds that the information is irrelevant to Case 6104 and not discoverable in Case 8171 because of its pending anti-SLAPP motion, the litigation privilege, and *Noerr-Pennington* doctrine. *See* Ex. 24. SGC claims Falck used the Guide "in order to falsely claim equivalency with an[other] SGCS client in" Alameda, and since FNC was selected over SGC's other customer, SGC lost revenues under a contract with its other customer. SGC Comp. ¶¶36-38. And, on the heels of FRM's selection by Colorado Springs, SGC published its disparaging letter, but claims that it did not send the letter to the media. *Id.* ¶49. SGC, however, admits sending the letter to its customer (Case 8171, Dkt. 46-1: Coffin Dec. ¶7), which the media reported was AMR. FAC, Ex. D. Despite collaborating with AMR to sabotage Falck's business relationships, SGC claims that its other

customer (AMR) lost multiple bids to Falck, and, as a result, SGC lost sales. SGC Comp. ¶58. The requests are therefore relevant to both cases and SGC cannot avoid producing them based on its anti-SLAPP Motion, its anticipated but inapplicable *Noerr-Pennington* defense, or the litigation privilege. *See Ramachandran v. City of Los Altos*, No.18cv01223, 2019 U.S. Dist. LEXIS 24541, *3-4 (N.D. Cal. Feb. 13, 2019) (filing an anti-SLAPP does not impede discovery in federal court); *Planned Parenthood v. Ctr. for Med. Progress*, No.16cv00236, 2018 U.S. Dist. LEXIS 91336, *50-52, 73-75 (N.D. Cal. May 31, 2018) (holding the litigation privilege "is not an evidentiary privilege" and is not a bar to discovery, and also overruling objections based on the First Amendment); *Wal-Mart Stores, Inc. v. City of Turlock*, No.04cv5278, 2005 U.S. Dist. LEXIS 55572, *9 (E.D. Cal. Jan. 28, 2005) (overruling objections because "the *Noerr-Pennington* is by definition an exemption from anti-trust liability, and not a bar to discovery of evidence."). SGC's reliance on *UCP v. Balsam* is misplaced, because unlike here, where discovery must be completed in 6 months, the *UCP* court stayed discovery until an anti-SLAPP ruling. *See* Ex. 27.

With respect to Requests 6, 12-15 (for documents/communications regarding Falck's alleged improper use of SGC's materials, and SGC's communications with the media, Falck's regulators and contract partners), as explained above, SGC's anti-SLAPP, *Noerr-Pennington*, and litigation privilege arguments do not preclude discovery. SGC's communications regarding Falck's allegedly improper use of its material is relevant to its infringement/unfair competition claims. And its communications with the media, Falck's regulators and customers are relevant to Falck's libel/interference claims. SGC alleges that, while its statements were published, it did not send the letter to the media. SGC Comp. ¶49. While SGC claims it only sent the letter to its customer (AMR), SGC reportedly issued a follow-on media statement. FAC ¶27, Ex. D. The requests are therefore relevant to both cases, and needed to test the veracity of SGC's claims.

**Copyright Documents.** Request 17 for documents/communications regarding SGC's copyright application is relevant to SGC's infringement and Falck's invalidation claims. The certified deposit copy of the material on file with the US Copyright Office bears no resemblance to the Guide that SGC claims was copied in violation of the copyright. Case 6104, Dkt. 40, p.6. SGC claims its counsel failed to properly deposit a version of the Guide that SGC provided. Case 6104, Dkt. 43-2: Griffith Dec. ¶10. SGC has therefore waived the attorney-client privilege as to the registration. *See Apple v. Samsung*, 306 F.R.D. 234, 241-42 (N.D. Cal. 2015) (finding defendant waived the privilege by placing the documents at issue). SGC, however, refuses to confirm if it will produce communications, privileged or not. SGC must produce both.

**Trademark Documents.** Requests 20-21, for communications/documents regarding SGC's attempted registration of its alleged marks are directly relevant to its infringement claims. The USPTO rejected one of the alleged marks. FAC ¶33, Ex. E. USPTO rejection is relevant to SGC's common law claims for infringement of those same marks. *See Home Decor Ctr. v. Google*, No.12cv5706, 2013 U.S. Dist. LEXIS 185298,*12 (C.D. Cal. May 9, 2013) (USPTO's rejection is "persuasive authority indicating that the mark is not protectable"). SGC's refusal to produce because Falck uncovered public records is an insufficient basis to withhold surrounding documents/communications regarding its decision to apply for and not challenge the USPTO ruling, which would shed light on SGC's own viability assessment. And SGC's claim that counsel failed to notify about the USPTO action (Case 6104 Dkt. 34, p.19) waives the privilege.

**Damages Documents.** SGC claims it lost "millions of dollars in profits" (SGC Comp. ¶¶18, 58), and seeks $93 million in damages. *See* Ex. 7, p. 8. SGC's annual revenues are estimated at less than $500,000. *See* Ex. 28. Requests 51-52, for documents/communications concerning SGC's revenues, profits, financial statements and projections are therefore relevant and proportional. SGC's attempt to shift focus to Falck's profits, despite claiming it lost millions in profits, is insufficient to overcome the relevance of this information. *See AJY Int'l, Inc. v. Paldo Co.*, No. 17cv00744, 2017 U.S. Dist. LEXIS 131808, *8-11 (N.D. Cal. Aug. 17, 2017) (holding that lost profits allegations render financial/bank statements and tax returns relevant); *Valdez v. Travelers*, No. 12cv04307, 2013 U.S. Dist. LEXIS 109154, *8-16 (N.D. Cal. Aug. 2, 2013) (same).

Page 3

**Fee Reimbursement.** Requests 59-60 seek documents/communications evidencing any fee reimbursement agreements. SGC objects that the requests are beyond the scope of discovery in both cases and only agrees to produce insurance documents in Case 8171. *See* Ex.24. SGC cannot so limit its production, as L.R. 3-15 requires disclosure of any entity with a financial interest, SGC is seeking fees in this action, and fee reimbursement arrangements with a party's competitor (*e.g.*, any fee agreement SGC has with AMR) are discoverable. *See Nelson v. Millennium Labs*, No.12cv01301, 2013 U.S. Dist. LEXIS 191155, *11-15 (D. Ariz. May 17, 2013); *United States v. Cathcart*, No.07cv4762, 2009 U.S. Dist. LEXIS 57526, *6 (N.D. Cal. June 18, 2009).

**Other Issues.** SGC's original responses left Falck guessing whether any documents would be produced – "*to the extent relevant*, responsive, non-privileged documents are identified, *if any*, such documents will be produced…." *See* Ex. 14, pp. 6-110. FRCP 34(b)(2)(B)-(C) requires SGC to state it will produce all responsive documents, or to state with specificity any documents being withheld pursuant to any objections. *See Loop AI Labs Inc. v. Gatti*, No. 15cv00789, 2016 U.S. Dist. LEXIS 58820, *10-11 (N.D. Cal. May 3, 2016); *AJY supra*, *12. Despite agreeing to clarify, SGC only agrees to produce a subset (*e.g.*, consulting agreements instead of all licensing agreements in response to Nos. 9, 16, or documents sufficient to demonstrate certain information, etc.). *See* Ex. 24 (Response Nos. 4, 9, 16, 18-19, 31-32, 34-39, 47-50, 53-54). Instead of confirming that it will produce all requested records, the most recent responses say SGC is "not withholding any documents that fall *within the scope of its response* to this request," (*Id.*) which still leaves Falck guessing as to whether it is getting all requested records. Falck offered to narrow Requests in the hopes of receiving rule-complaint responses, but to no avail. *See* Exs 25-26.

Falck accordingly seeks an Order requiring SGC to produce all responsive, non-privileged documents for Requests 4, 6-16, 18-19, 31-32, 34-39, 47-54, and 59-60, and all responsive and privileged documents for Requests 17, 20-21.

**B.     SGCS's Position[1]**

SGCS, a three member LLC,[2] offers consulting services to high-consequence industries, such as EMS/healthcare. Falck is a multi-national, multi-billion-dollar company whose parent recently paid $22 million in fines for anticompetitive practices. This began as a straight-forward infringement case. SGCS trains providers using its copyrighted Guide and permits certified licensees to refer to their certifications (but not to copy the Guide) in their RFP responses. On September 4, 2019, SGCS learned its Guide was copied in FNC's Alameda County RFP response; SGCS had no prior relationship with FNC. SGCS sent a cease letter on September 10th, and when unable to resolve the matter, filed suit 16 days later for copyright and trademark infringement and unfair competition (-6104 suit). Nine hours later, Falck filed a retaliatory tort suit in the N.D of Texas (8171 suit), which was transferred under first-to-file. SGCS then filed an anti-SLAPP motion to strike Falck's claims (ECF No. 59, -8171 suit, pending). SGCS also asserted immunity pursuant to the *Noerr-Pennington* doctrine ("NP immunity") (ECF No. 17 at 22 n.15, No. 1 at 8, No. 47 at 12, -8171 suit). The gravamen of Falck's claims is SGCS's cease letter and response to a media request for comment about an FNC statement about the same. Falck has served 60 requests for production in each case, 17 interrogatories, and 23 requests for admission, many of which seek irrelevant information, are not proportional to the needs of the cases, and are designed to harass and cause unnecessary expense to much smaller SGCS.

---

[1] SGCS's responses are based on its understanding of Falck's positions from conferral, as Falck only provided the bolded topics, not its draft positions, for response.

[2] With respect to Request 4, Falck believes SGCS lied about having a California member to defeat diversity in Texas and continues to demand documents about when the individual became a member despite that the information was already produced and identified by Bates number in conferral. Given its possession of the information and the irrelevance of diversity following transfer and likely consolidation for trial, requiring more is a disproportionate and harassing fishing expedition for another, unpled, cause of action.

Page 4

**Third Party Documents (Request Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15)[3]:** Falck claims it is entitled to information about SGCS's customer who is Falck's biggest competitor, claiming SGCS put the customer in controversy. SGCS did not name the customer in any pleading. The identity of and communications with the customer have no relevance to any claim or defense. SGCS never denied providing the cease letter to one or more of its customers with an interest in the outcome of the litigation, as it was privileged to do under *Kashian v. Harriman*, 98 Cal. App. 4th 892, 930 (2002), but has denied providing the letter to the press, which the article in question supports (*see* ECF No. 11, Ex. D at 2, -08171 suit). Falck's overbroad requests seeking information about this customer should be denied as irrelevant, disproportional, and harassing. *See, e.g.*, *Ekorus, Inc. v. Elohim EPF USA, Inc.*, No. CV 20-310-GW-GJSx, 2020 WL 3891449, at *5 (C.D. Cal. Apr. 24, 2020) (request for additional discovery to "uncover more facts/evidence" to overcome litigation privilege irrelevant); *Saucedo v. McKesson Med.-Surgical, Inc.*, No. EDCV 15-1002-TJH (KKx), 2017 WL 10591593, at *3 (C.D. Cal. June 2, 2017) (requests disproportional because "discovery may not be used to conduct a fishing expedition in hopes that some fact supporting an allegation  will  be  uncovered'"); *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 420 F. Supp. 3d 966, 979 (N.D. Cal. 2019) (evidence of intent and motive irrelevant to litigation privilege). SGCS agreed to produce communications with third parties that do not implicate its protected petitioning activity, including all communications with relevant regulators, [4] any statements published by Colorado media that SGCS is aware of, and all contracts or agreements for consulting services, the services SGCS renders, including with the customer. Anything more is irrelevant and disproportional.

**Trademark Documents (Request Nos. 20, 21):** Although SGCS asserted no registered trademarks, Falck seeks production of all documents and communications about an abandoned trademark application, alleging the USPTO's refusal is relevant to validity. Falck claims the following declaration statement waives attorney-client privilege: "SGCS was never informed by our then-attorney of the office actions that issued in our trademark applications to register our marks. We only learned that the registrations had not issued just before this suit was filed. We therefore never had an opportunity to challenge the refusals in those office actions." This is a statement of fact, which is not protected by the attorney-client privilege, and thus cannot give rise to waiver. *Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 863 (N.D. Cal. 2019) (privilege "protects only communications, and not underlying facts"). Falck's cases cited in conferral are inapposite, involving direct waiver of privileged items. If Falck wants to argue the refusal, the application file is publicly available and already in Falck's possession, rendering the irrelevant requests disproportional.

**Copyright Documents (Request No. 17):** Falck ignores Ninth Circuit authority involving the irrelevance of defects in a copyright deposit (ECF No. 43 at 3-4 & n.9, -6104 suit) and seeks production of all documents concerning SGCS's presumptively valid copyright registration including attorney-client privileged material, claiming waiver by the declaration statement: "I personally provided SGCS's then-attorney with a copy of the 2014 Guide attached as Exhibit 1 for deposit during the copyright registration process for SGCS's Copyright Registration No. VA0001919579. I do not know how or why the stand-alone 2014 Guide was not included in the deposit copy obtained from the Copyright Office." Again, this is a statement of fact, not a privileged communication, so there is no waiver. *Dolby*, 402 F. Supp. 3d at 863. SGCS agreed to produce non-privileged documents relating to the registration, as well as the deposit material.  Anything further is irrelevant and disproportional.

---

[3] Falck served the same requests in both suits, resulting in irrelevant requests (for example, requests in the -8171 suit directed at marks pled only in the -6104 suit). SGCS tailored its responses to each suit.

[4] Those regulators are Alameda, Los Angeles, and Orange Counties. Falck only identified relationships with Alameda County and Colorado Springs as targets of interference, a pleading requirement to allege tortious interference. SGCS stated during conferral that if Falck identified other specific regulators, SGCS would investigate; Falck has not done so. There are no communications with Colorado Springs.

Page 5

**Damages Documents (Request Nos. 51-52):** SGCS seeks its actual damages and Falck's profits, the damages under 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a). SGCS agreed to provide all consulting services contracts in the relevant field and documents sufficient to demonstrate its actual damages, and repeatedly explained that evidence of Falck's profits is in Falck's possession. Falck continues to demand "all" revenue documents that are not relevant to any claim or defense (Falck's tort claims would be based on its damages, not SGCS's revenue), citing allegations of irreparable harm (presumably not money damages) in SGCS's denied injunction motion. The requests are presumably intended to identify SGCS's pressure point in withstanding Falck's retaliatory litigation. Because revenue information has no relevance to the claims or defenses and is disproportional, Falck's request should be denied. Limiting the temporal scope as Falck proposed does not render the requests relevant, proportional, or non-harassing.

**Reimbursement of Fees (Request Nos. 59-60):** Despite SGCS's clear response that insurance documents will be produced in the -8171 suit and do not exist in the -6104 suit, Falck believes it is entitled to know whether other, non-insurance litigation funding exists. Discovery directed to litigation funding is irrelevant here. *See, e.g.*, *In re Valsartan*, 405 F. Supp. 3d 612, 615, 617-18 (D.N.J. 2019) (collecting cases, including N.D. Cal. cases, and distinguishing *Berger*, cited by Falck during conferral); *MLC Intellectual Property, LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2019 WL 118595, at *1-2 (denying motion to compel litigation funding where supposed "relevance" was speculative). Further, SGCS should not be required to identify other litigation funding as to do so would deprive it of NP immunity and would contribute to the harassment it is experiencing from the retaliatory -8171 suit that is multiplying the litigation. While Falck argued that SGCS's claim for fees for the anti-SLAPP motion entitle it to the information, NP immunity protects secret litigation funding. *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 937 (9th Cir. 2006).

**Other (Alleged) Insufficient Responses (Requests 4, 9, 16, 18-19, 31-32, 34-39, 47-50, 53-54):** Falck's requests seeking "all" documents and communications are significantly overbroad. SGCS responded with scopes that are relevant and proportional, explained documents "identifying" or "sufficient to demonstrate" the requested information within that scope would be produced, indicated where there are no responsive documents, and indicated where no documents within the scope are being held back. Falck still wants "all" documents and communications. Such overbroad requests are disproportional and should be denied. *See Gilead Sci., Inc. v. Merck & Co., Inc.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *2 (N.D. Cal. Jan. 13, 2016) (denying motion to compel disproportional discovery because requests "leave [plaintiff] in the position of having to produce discovery on all sorts of compounds that bear no indication of a nexus to the disputes of this case. This is untenable."); *Scientific Games Corp. v. AGS LLC*, No. 2:17-cv-00343-JAD-NJK, 2017 WL 3013251, at *1 (D. Nev. July 13, 2017) (focusing on narrower "sufficient to show" subset of documents offered in responses rather than "all documents" sought in requests); *Yazdi, D.D.S v. Aetna Life & Casualty (Bermuda) Ltd.*, No. CV 18-8345 CJC (SSx), 2019 WL 6719535, at *4 (C.D. Cal. Sept. 9, 2019) (court cannot order production of documents that do not exist; mere suspicion documents exist is insufficient basis to grant motion to compel).

/s/ Faisal M. Zubairi                              .
Faisal M. Zubairi
DORSEY & WHITNEY LLP
*Counsel for Care Ambulance Service, Inc., Falck USA, Inc., Falck Northern California Corp., and Falck Rocky Mountain, Inc.*

/s/ Hillary A. Brooks                              .
Hillary A. Brooks
BROOKS QUINN, LLC
*Counsel for SG Collaborative Solutions, LLC*

Page 6

## ELECTRONIC SIGNATURE ATTESTATION

I, Faisal M. Zubairi, am the CM/ECF user whose ID and password are being used to file this Joint Case Management Conference Statement. Pursuant to Local Civil Rule 5-1(i)(3), I hereby attest that Hillary A. Brooks, on whose behalf this filing is jointly submitted, has concurred in this filing.

> _/s/ Faisal M. Zubairi_                  .
> Faisal M. Zubairi

# INDEX OF EXHIBITS

| EXHIIBT NO. | DOCUMENT DESCRIPTION | Date |
|---|---|---|
| Exhibit 1 | The Falck Parties' Requests for Production of Documents (Set One) in Case No. 6104 | Jan. 27, 2020 |
| Exhibit 2 | The Falck Parties' Requests for Production of Documents (Set One) in Case No. 8171 | Jan. 27, 2020 |
| Exhibit 3 | Case No. 6104 Dkt No. 62: Order Staying the Action through March 26, 2020 Pending Settlement Conf. | Jan. 29, 2020 |
| Exhibit 4 | Case No. 8171 Dkt No. 52: Order Staying the Action through March 26, 2020 Pending Settlement Conf. | Jan. 29, 2020 |
| Exhibit 5 | Case No. 6104 Dkt No. 65: Order Extending Stay through May 6, 2020 | Mar. 18, 2020 |
| Exhibit 6 | Case No. 8171 Dkt No. 65: Order Extending Stay through May 6, 2020 | Mar. 18, 2020 |
| Exhibit 7 | Case No. 6104 Dkt No. 67: Case Management Statement | Apr. 29, 2020 |
| Exhibit 8 | Case No. 8171 Dkt No. 57: Case Management Statement | Apr. 28, 2020 |
| Exhibit 9 | Case No. 6104 Dkt No. 68 Discovery Consolidation Order | May 6, 2020 |
| Exhibit 10 | Case No. 8171 Dkt No. 58 Discovery Consolidation Order | May 6, 2020 |
| Exhibit 11 | Case No. 6104 Dkt No. 70 Notice of Reference Order re Discovery | May 12, 2020 |
| Exhibit 12 | Case No. 8171 Dkt No. 62 Notice of Reference Order re Discovery | May 12, 2020 |
| Exhibit 13 | Falck's June 9, 2020 Meet and Confer Letter No. 1 | June 9, 2020 |
| Exhibit 14 | SGC June 11 2020 Letter and Original RFP Responses | June 11, 2020 |
| Exhibit 15 | Falck's June 26 2020 Meet and Confer Letter No. 2 | June 26, 2020 |
| Exhibit 16 | July 10 2020 Email Exchange re Status of Responses | July 10, 2020 |
| Exhibit 17 | SGC's July 10, 2020 Letter and Revised RFP Responses | July 10, 2020 |
| Exhibit 18 | Falck's July 21, 2020 Meet & Confer Letter No. 3 | July 21, 2020 |
| Exhibit 19 | SGC's July 23, 2020 Response Letter | July 23, 2020 |
| Exhibit 20 | Falck' July 27, 2020 Meet & Confer Letter No. 4 | July 27, 2020 |
| Exhibit 21 | July 28, 2020 Email Exchange re Videoconference | July 28, 2020 |
| Exhibit 22 | August 6, 2020 Email Exchange re Joint Letter | Aug. 6, 2020 |
| Exhibit 23 | August 10, 2020 Email Exchange re Joint Letter | Aug. 10, 2020 |
| Exhibit 24 | SGC's August 10, 2020 Second Amended Responses | Aug. 10, 2020 |
| Exhibit 25 | August 11, 2020 Email re Amended Responses/Jt. Letter | Aug. 11, 2020 |
| Exhibit 26 | August 12, 2020 Email re Amended Responses/Jt. Letter | Aug. 12, 2020 |
| Exhibit 27 | *UPC v. Balsam Brands* – Stay Order | Aug. 26, 2019 |
| Exhibit 28 | Manta.com – SGC Revenue Estimate | Aug. 12, 2020 |

# EXHIBIT 1

FAISAL M. ZUBAIRI (SBN 244233)
zubairi.faisal@dorsey.com
J. MICHAEL KEYES (SBN 262281)
keyes.mike@dorsey.com
NAVDEEP K. SINGH (SBN 284486)
singh.navdeep@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

Attorneys for Defendants
FALCK NORTHERN
CALIFORNIA CORP., CARE
AMBULANCE SERVICE, INC.
and FALCK USA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FALCK NORTHERN CALIFORNIA CORP., CARE AMBULANCE SERVICE, INC., and FALCK USA, INC.,<br><br>　　　　Defendants. | Case No. 4:19-CV-06104-SBA<br>Related Case No. 19-CV-08171-SBA<br><br>**DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF**<br><br><br>Complaint filed: September 26, 2019<br>Trial Date:　　　None Set |

**EXHIBIT 1 PAGE 1**

PROPOUNDING PARTY:       Defendants Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck") and Falck Northern California Corp. ("FNC"), (collectively, "Defendants"),

RESPONDING PARTY:        Plaintiff Scott Griffith Collaborative Solutions, LLC

SET NO.                  ONE

Defendants Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck") and Falck Northern California Corp. ("FNC") (collectively, "Defendants"), hereby propound the following request for production of documents on Plaintiff Scott Griffith Collaborative Solutions, LLC ("SGCS" or "Plaintiff"). Defendants demand that Plaintiff respond to each of the following requests as required by Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.      As used herein, the word "DOCUMENT" shall have the broadest meaning possible and includes all forms of written records, interoffice or intra-office communications, files, memoranda, notes, drafts, photocopies, statements, contracts, other agreements, powers of attorney, telephone records, work papers, notebooks, telephone message clips, electronically stored information, including but not limited to electronic documents and E-mail contained on computer servers, hard drives or any other media. Additionally, the word "document" shall include anything upon which handwriting, printing, typing, computer printing, or photostatic copies have been made. Further, the word "document" shall also include any magnetic or electronic impulse or other form of recording where communications have been recorded or reproduced including but not limited to communications stored in voice mail systems.

2.      "COMMUNICATION," "COMMUNICATIONS," and/or "COMMUNICATED" mean and refer to an exchange or transmittal of information by any means, including but not limited to exchange or transmittal by Document, in person meeting, conversation, correspondence, wire, telephone, telecopy, telegram, telex or electronic transmission, including electronic mail transmissions and social media messages, communications or posts (including but not limited to Facebook, Facebook Messenger, Instagram, Slack, Twitter, Apple messaging, WhatsApp, WeChat, and Jabber).

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF
CASE NO. 4:19-CV-06104-SBA

**EXHIBIT 1 PAGE 2**

3.      "PERSON" or "PERSONS" means any or all entities, including, but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

4.      The singular and plural forms of words are used interchangeably, as are the masculine and feminine forms and the present and past tenses of verbs.

5.      "COMPLAINT" means and refers to Plaintiff's Complaint filed in this action on September 26, 2019 (Doc. No. 1).

6.      "CARE" should be understood to refer to Defendant Care Ambulance Service, Inc., and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, subsidiaries, or affiliates thereof, and any others acting on behalf of Care or under Care's direction and control.

7.      "FALCK" should be understood to refer to Defendant Falck USA, Inc., and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, subsidiaries, or affiliates thereof, and any others acting on behalf of Falck or under Falck's direction and control.

8.      "FNC" should be understood to refer to Defendant Falck Northern California Corp., and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, subsidiaries, or affiliates thereof, and any others acting on behalf of FNC or under FNC's direction and control.

9.      "DEFENDANTS" should be understood to refer to each of the named Defendants in the Action, collectively and individually.

11.      "PLAINTIFF" should be understood to refer to Plaintiff Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC, and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, affiliates, or subsidiaries thereof, and any others acting on behalf of Defendant or under Defendant's direction and control.

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF
CASE NO. 4:19-CV-06104-SBA

**EXHIBIT 1 PAGE 3**

12.    "AMR" should be understood to refer to American Medical Response, Inc., and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, subsidiaries, or affiliates thereof, and any others acting on behalf of American Medical Response, Inc. or under its direction and control.

13.    "SGCS MARKS" should be understood to refer to the marks at issue in this case, including Plaintiff's alleged "Collaborative Just Culture" and "Collaborative Culture of Safety" marks.

14.    This "ACTION" refers to this lawsuit, Case No. 19-cv-06104.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1**:

PLAINTIFF'S certificate of formation and company agreement, including any amendments or supplements thereto or restatements thereof.

**REQUEST FOR PRODUCTION NO. 2**:

A current list of the full names and last known address of all of PLAINTIFF'S past and present members (i.e., the list required to be maintained under Section 101.501 of the Texas Business Organizations Code).

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and agreements regarding PLAINITFF'S corporate organizational structure, including documents concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Plaintiff.

**REQUEST FOR PRODUCTION NO. 4**:

All communications regarding PLAINTIFF'S corporate organizational structure, including communications concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Plaintiff.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between PLAINTIFF, on the one hand, and one or more of the DEFENDANTS, on the other hand.

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF
CASE NO. 4:19-CV-06104-SBA

**EXHIBIT 1 PAGE 4**

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between PLAINITFF and any third party concerning any or all of the DEFENDANTS' use of any of Plaintiff's alleged confidential and proprietary information, trademarks, or copyrights.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between PLAINTIFF and AMR concerning any or all of the DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS exchanged between PLAINTIFF and AMR concerning any or all of the DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts or agreements between PLAINTIFF and AMR.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between PLAINTIFF and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS exchanged between PLAINTIFF and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between PLAINTIFF and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS exchanged between PLAINTIFF and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the DEFENDANTS.

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF
CASE NO. 4:19-CV-06104-SBA

**EXHIBIT 1 PAGE 5**

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between PLAINTIFF and any of the DEFENDANTS' third-party government regulators, including Alameda County, Los Angeles County, and/or Orange County.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between PLAINTIFF and any of the DEFENDANTS' actual or potential third-party contract partners, including the City of Colorado Springs.

**REQUEST FOR PRODUCTION NO. 16:**

All contracts or agreements between PLAINTIFF and any third party concerning the licensing, copying, display, reproduction, or use of any of Plaintiff's alleged confidential and proprietary information, trademarks, or copyrights, including, but not limited to, the Collaborative Just Culture Systems and Behaviors Response Guide.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning the alleged registration of PLAINTIFF'S copyright in the Collaborative Just Culture Systems and Behaviors Response Guide, including the underlying application for U.S. Copyright Reg. No. VA0001919579, copies of any work or works deposited in connection therewith, and any related correspondence and communications with the United States Copyright Office.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning PLAINTIFF'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS concerning PLAINTIFF'S registration or attempted registration of

5

**EXHIBIT 1 PAGE 6**

the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS concerning PLAINTIFF'S selection, adoption, and clearance of the SGCS MARKS, including, but not limited to, searches, investigations, reports, and opinions.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS concerning the duration, extent, and geographic reach of PLAINTIFF'S advertisement and publicity of the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS concerning the duration, extent, and geographic reach of PLAINTIFF'S advertisement and publicity of the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS referring or relating to PLAINTIFF'S plans for marketing and promoting its products and services under the SGCS MARKS in the United States, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS referring or relating to PLAINTIFF'S plans for marketing and promoting its products and services using the Collaborative Just Culture Systems and Behaviors Response Guide, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing PLAINTIFF'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS evidencing PLAINTIFF'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 29:**

All documents evidencing PLAINTIFF'S use of the Collaborative Just Culture Systems and

6

**EXHIBIT 1 PAGE 7**

Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS evidencing PLAINTIFF'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS concerning the amount, volume, and extent of PLAINTIFF'S sales attributable to the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS concerning the amount, volume, and extent of PLAINTIFF'S sales attributable to the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 33:**

All contracts or agreements between PLAINTIFF and any third party concerning the licensing, copying, display, reproduction, or use of any of the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing PLAINTIFF'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS evidencing PLAINTIFF'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS evidencing PLAINTIFF'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS evidencing PLAINTIFF'S licensing of third parties to use the

**EXHIBIT 1 PAGE 8**

Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that Plaintiff charges in exchange for providing any goods or services under the SGCS MARKS in the United States, including all projections, forecasts, business plans, or any other similar type of documents.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that Plaintiff charges in exchange for use of the Collaborative Just Culture Systems and Behaviors Response Guide, including all projections, forecasts, business plans, or any other similar type of documents.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and/or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including documents regarding how and when the document was created, when it was first published, and when it first became available online.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including communications regarding how and when the document was created, when it was first published, and when it first became available online.

**REQUEST FOR PRODUCTION NO. 42:**

All market research, including customer surveys, customer reviews, and expert reports, demonstrating that consumers have come to identify PLAINTIFF as the source of products and services advertised, sold, or offered under the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 43:**

All media reports relating to, referring to, or otherwise mentioning PLAINTIFF and any goods or services advertised, sold, or offered under the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS from any trademark and/or copyright disputes between PLAINTIFF and any

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF
CASE NO. 4:19-CV-06104-SBA

**EXHIBIT 1 PAGE 9**

third party relating in any way to the SGCS MARKS and/or the Collaborative Just Culture Systems and Behaviors Response Guide, including without limitation civil litigation, administrative proceedings, alternative dispute resolution such as arbitration or mediation, or demands to cease and desist.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS reflecting any instances of actual confusion between PLAINTIFF, the SGCS MARKS, or Plaintiff's goods or services, on the one hand, and one or more of the DEFENDANTS, their marks, and/or their goods or services, on the other hand, including but not limited to any inquiries as to whether the goods offered in connection with the SGCS Marks are associated with, sponsored by, or in any manner connected to Defendants, or vice versa.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS reviewed, exchanged with, sent to, or relied upon by any expert designated to testify or provide expert opinions in this case, including experts designated to testify or provide expert opinions on PLAINTIFF'S claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS concerning PLAINTIFF'S financial statements, revenues, profits, and

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF
CASE NO. 4:19-CV-06104-SBA

**EXHIBIT 1 PAGE 10**

projections.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS concerning PLAINTIFF'S financial statements, revenues, profits, and projections

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS concerning the residence of the PLAINTIFF'S alleged members and the presence of the alleged members in Texas.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS concerning the residence of the PLAINTIFF'S alleged members and the presence of the alleged members in Texas.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS concerning the residence of any of PLAINTIFF'S alleged members and the presence of the alleged members in California.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS concerning the residence of any of PLAINTIFF'S alleged members and the presence of the alleged members in California.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS concerning or relating to any reimbursement, payment, or indemnification of costs, attorney's fees or fees of any other kind being incurred by PLAINTIFF as a result of prosecuting this ACTION.

10

DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF
CASE NO. 4:19-CV-06104-SBA

**EXHIBIT 1 PAGE 11**

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS concerning or relating to any reimbursement, payment or indemnification of costs, attorney's fees or fees of any other kind being incurred by Plaintiff as a result of prosecuting this ACTION.

DATED:  January 27, 2020                    **DORSEY & WHITNEY LLP**

By: _____
FAISAL M. ZUBAIRI
NAVDEEP K. SINGH
Attorneys for Defendants
FALCK NORTHERN
CALIFORNIA CORP., CARE
AMBULANCE SERVICE, INC.
and FALCK USA, INC.

11
DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF
CASE NO. 4:19-CV-06104-SBA

**EXHIBIT 1 PAGE 12**

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626-7655. On January 27, 2020, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:    **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF**

SERVED UPON:    Hillary A. Brooks
hillary@brooksquinn.com
Delfina S. Homen
delfina@brooksquinn.com
Brooks Quinn, LLC
6513 132nd Ave NE #378
Kirkland, WA 98033

Ryan Tyz
ryan@tyzlaw.com
Sean K. Apple
sapple@tyzlaw.com
TYZ Law Group PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111

*Attorneys Plaintiff for Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC*

☒    (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒    (BY ELECTRONIC MAIL) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors were reported.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on January 27, 2020, at Costa Mesa, California.

*Laura Miller*
Laura Miller

PROOF OF SERVICE
CASE NO. 4:19-CV-06104-SBA

**EXHIBIT 1 PAGE 13**

# EXHIBIT 2

FAISAL M. ZUBAIRI (SBN 244233)
zubairi.faisal@dorsey.com
J. MICHAEL KEYES (SBN 262281)
keyes.mike@dorsey.com
NAVDEEP K. SINGH (SBN 284486)
singh.navdeep@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

Attorneys for Plaintiffs
FALCK NORTHERN
CALIFORNIA CORP., CARE
AMBULANCE SERVICE, INC.,
FALCK USA, INC., and FALCK
ROCKY MOUNTAIN, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CARE AMBULANCE SERVICE, INC., FALCK USA, INC., FALCK NORTHERN CALIFORNIA CORP., and FALCK ROCKY MOUNTAIN, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG COLLABORATIVE SOLUTIONS, LLC,<br><br>Defendants. | Case No. 19-CV-08171-SBA<br>Related Case No. 19-CV-06104-SBA<br><br>**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO DEFENDANT**<br><br><br>Complaint filed:  September 26, 2019<br>Trial Date:       None Set |

PROPOUNDING PARTY:        Plaintiffs, Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, "Plaintiffs"),

RESPONDING PARTY:        Defendant Scott Griffith Collaborative Solutions, LLC

SET NO.                ONE

Plaintiffs, Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, "Plaintiffs"), hereby propound the following request for production of documents on Defendant Scott Griffith Collaborative Solutions, LLC ("SGCS" or "Defendant").   Plaintiffs demand that Defendant responds to each of the following requests as required by Rule 34 of the Federal Rules of Civil Procedure.

## DEFINITIONS

1.    As used herein, the word "DOCUMENT" shall have the broadest meaning possible and includes all forms of written records, interoffice or intra-office communications, files, memoranda, notes, drafts, photocopies, statements, contracts, other agreements, powers of attorney, telephone records, work papers, notebooks, telephone message clips, electronically stored information, including but not limited to electronic documents and E-mail contained on computer servers, hard drives or any other media.   Additionally, the word "document" shall include anything upon which handwriting, printing, typing, computer printing, or photostatic copies have been made.   Further, the word "document" shall also include any magnetic or electronic impulse or other form of recording where communications have been recorded or reproduced including but not limited to communications stored in voice mail systems.

2.    "COMMUNICATION," "COMMUNICATIONS" and/or "COMMUNICATED" mean and refer to an exchange or transmittal of information by any means, including but not limited to exchange or transmittal by Document, in person meeting, conversation, correspondence, wire, telephone, telecopy, telegram, telex or electronic transmission, including electronic mail transmissions and social media messages, communications or posts (including but not limited to Facebook, Facebook Messenger, Instagram, Slack, Twitter, Apple messaging, WhatsApp, WeChat, and Jabber).

1

3.     "PERSON" or "PERSONS" means any or all entities, including, but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

4.     The singular and plural forms of words are used interchangeably, as are the masculine and feminine forms and the present and past tenses of verbs.

5.     "COMPLAINT" means and refers to Plaintiffs' First Amended Complaint filed in this action on November 4, 2019, and currently pending as Case No. 19-cv-08171 (Doc. No. 11).

6.     "CARE" should be understood to refer to Plaintiff Care Ambulance Service, Inc., and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, subsidiaries, or affiliates thereof, and any others acting on behalf of CARE or under CARE'S direction and control.

7.     "FALCK" should be understood to refer to Plaintiff Falck USA, Inc., and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, subsidiaries, or affiliates thereof, and any others acting on behalf of FALCK or under FALCK'S direction and control.

8.     "FNC" should be understood to refer to Plaintiff Falck Northern California Corp., and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, subsidiaries, or affiliates thereof, and any others acting on behalf of FNC or under FNC's direction and control.

9.     "FRM" should be understood to refer to Plaintiff Falck Rocky Mountain, Inc., and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, subsidiaries, or affiliates thereof, and any others acting on behalf of FRM or under FRM's direction and control.

10.     "PLAINTIFFS" should be understood to refer to each of the named Plaintiffs in the Lawsuit, collectively and individually.

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO DEFENDANT
CASE NO. 19-CV-08171-SBA

**EXHIBIT 2 PAGE 3**

11.   "DEFENDANT" should be understood to refer to Defendant Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC, and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, affiliates, or subsidiaries thereof, and any others acting on behalf of Defendant or under Defendant's direction and control.

12.   "AMR" should be understood to refer to American Medical Response, Inc., and includes all agents, officers, directors, partners, associates, members, managers, owners, shareholders, employees, staff members, attorneys, consultants, representatives, parent companies, subsidiaries, or affiliates thereof, and any others acting on behalf of American Medical Response, Inc. or under its direction and control.

13.   "SGCS MARKS" should be understood to refer to the marks at issue in this case, including Defendant's alleged "Collaborative Just Culture" and "Collaborative Culture of Safety" marks.

14.   This "ACTION" refers to this lawsuit, Case No. 19-cv-08171.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1**:

DEFENDANT'S certificate of formation and company agreement, including any amendments or supplements thereto or restatements thereof.

**REQUEST FOR PRODUCTION NO. 2**:

A current list of the full names and last known address of all of DEFENDANT'S past and present members (i.e., the list required to be maintained under Section 101.501 of the Texas Business Organizations Code).

**REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS and agreements regarding DEFENDANT'S corporate organizational structure, including documents concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant.

**REQUEST FOR PRODUCTION NO. 4**:

All COMMUNICATIONS regarding DEFENDANT'S corporate organizational structure,

3

**EXHIBIT 2 PAGE 4**

including communications concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between DEFENDANT, on the one hand, and one or more of the PLAINTIFFS, on the other hand.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between DEFENDANT and any third party concerning any or all of the PLAINTIFFS' use of any of DEFENDANT'S alleged confidential and proprietary information, trademarks, or copyrights.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between DEFENDANT and AMR concerning any or all of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS exchanged between DEFENDANT and AMR concerning any or all of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts or agreements between DEFENDANT and AMR.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between DEFENDANT and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS exchanged between DEFENDANT and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between DEFENDANT and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the PLAINTIFFS.

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO DEFENDANT
**CASE NO. 19-CV-08171-SBA**

**EXHIBIT 2 PAGE 5**

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS exchanged between DEFENDANT and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between DEFENDANT and any of the PLAINTIFFS' third-party government regulators, including Alameda County, Los Angeles County, and/or Orange County.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between DEFENDANT and any of the PLAINTIFFS' actual or potential third-party contract partners, including the City of Colorado Springs.

**REQUEST FOR PRODUCTION NO. 16:**

All contracts or agreements between DEFENDANT and any third party concerning the licensing, copying, display, reproduction, or use of any of DEFENDANT'S alleged confidential and proprietary information, trademarks, or copyrights, including, but not limited to, the Collaborative Just Culture Systems and Behaviors Response Guide.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning the alleged registration of DEFENDANT'S copyright in the Collaborative Just Culture Systems and Behaviors Response Guide, including the underlying application for U.S. Copyright Reg. No. VA0001919579, copies of any work or works deposited in connection therewith, and any related correspondence and communications with the United States Copyright Office.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

5

**EXHIBIT 2 PAGE 6**

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning DEFENDANT'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS concerning DEFENDANT'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS concerning DEFENDANT'S selection, adoption, and clearance of the SGCS MARKS, including, but not limited to, searches, investigations, reports, and opinions.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS concerning the duration, extent, and geographic reach of DEFENDANT'S advertisement and publicity of the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS concerning the duration, extent, and geographic reach of DEFENDANT'S advertisement and publicity of the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS referring or relating to DEFENDANT'S plans for marketing and promoting its products and services under the SGCS MARKS in the United States, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS referring or relating to DEFENDANT'S plans for marketing and promoting its products and services using the Collaborative Just Culture Systems and Behaviors Response Guide, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing DEFENDANT'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS evidencing DEFENDANT'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS evidencing DEFENDANT'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS evidencing DEFENDANT'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS concerning the amount, volume, and extent of DEFENDANT'S sales attributable to the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS concerning the amount, volume, and extent of DEFENDANT'S sales attributable to the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 33:**

All contracts or agreements between DEFENDANT and any third party concerning the licensing, copying, display, reproduction, or use of any of the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing DEFENDANT'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS evidencing DEFENDANT'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**EXHIBIT 2 PAGE 8**

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS evidencing DEFENDANT'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS evidencing DEFENDANT'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that DEFENDANT charges in exchange for providing any goods or services under the SGCS MARKS in the United States, including all projections, forecasts, business plans, or any other similar type of documents.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that DEFENDANT charges in exchange for use of the Collaborative Just Culture Systems and Behaviors Response Guide, including all projections, forecasts, business plans, or any other similar type of documents.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and/or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including documents regarding how and when the document was created, when it was first published, and when it first became available online.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including communications regarding how and when the communication took place, when it was first published, and when it first became available online.

**REQUEST FOR PRODUCTION NO. 42:**

All market research, including customer surveys, customer reviews, and expert reports,

8

**EXHIBIT 2 PAGE 9**

demonstrating that consumers have come to identify DEFENDANT as the source of products and services advertised, sold, or offered under the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 43:**

All media reports relating to, referring to, or otherwise mentioning DEFENDANT as the source of the products, goods or services advertised, sold, or offered under the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS from any trademark and/or copyright disputes between DEFENDANT and any third party relating in any way to the SGCS MARKS and/or the Collaborative Just Culture Systems and Behaviors Response Guide, including without limitation civil litigation, administrative proceedings, alternative dispute resolution such as arbitration or mediation, or demands to cease and desist.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS reflecting any instances of actual confusion between DEFENDANT, the SGCS MARKS, or Defendant's goods or services, on the one hand, and one or more of the PLAINTIFFS' marks, and/or their goods or services, on the other hand, including but not limited to any inquiries as to whether the goods offered in connection with the SGCS MARKS are associated with, sponsored by, or in any manner connected to Plaintiffs, or vice versa.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS reviewed, exchanged with, sent to, or relied upon by any expert designated to testify or provide expert opinions in this case, including experts designated to testify or provide expert opinions on DEFENDANT'S claims or defenses in this action.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the SGCS MARKS.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the SGCS MARKS.

9

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS concerning DEFENDANTS' financial statements, revenues, profits, and projections.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS concerning DEFENDANT'S financial statements, revenues, profits, and projections

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS concerning the residence of the DEFENDANT'S alleged members and the presence of the alleged members in Texas.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS concerning the residence of the DEFENDANT'S alleged members and the presence of the alleged members in Texas.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS concerning the residence of any of DEFENDANT'S alleged members and the presence of the alleged members in California.

10

**EXHIBIT 2 PAGE 11**

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS concerning the residence of any of DEFENDANT'S alleged members and the presence of the alleged members in California.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS concerning or relating to any reimbursement, payment, or indemnification of costs, attorney's fees or fees of any other kind being incurred by DEFENDANT as a result of defending this ACTION.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS concerning or relating to any reimbursement, payment or indemnification of costs, attorney's fees or fees of any other kind being incurred by DEFENDANT as a result of defending this ACTION.

DATED:  January 27, 2020

**DORSEY & WHITNEY LLP**

By: _____
FAISAL M. ZUBAIRI
NAVDEEP K. SINGH
Attorneys for Plaintiffs
FALCK NORTHERN CALIFORNIA
CORP., CARE AMBULANCE SERVICE,
INC., FALCK ROCKY MOUNTAIN,
INC. and FALCK USA, INC.

11

PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO DEFENDANT
CASE NO. 19-CV-08171-SBA

**EXHIBIT 2 PAGE 12**

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 600 Anton Boulevard, Suite 2000, Costa Mesa, CA 92626-7655. On January 27, 2020, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED: **PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO DEFENDANT**

SERVED UPON:
Hillary A. Brooks
hillary@brooksquinn.com
Delfina S. Homen
delfina@brooksquinn.com
Brooks Quinn, LLC
6513 132nd Ave NE #378
Kirkland, WA 98033

Ryan Tyz
ryan@tyzlaw.com
Sean K. Apple
sapple@tyzlaw.com
TYZ Law Group PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111

*Attorneys Plaintiff for Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC*

☒    (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of Dorsey & Whitney LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☒    (BY ELECTRONIC MAIL) The above-referenced document was transmitted in "pdf" format by electronic mail ("e-mail") to each of the e-mail addresses listed, and no errors were reported.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on January 27, 2020, at Costa Mesa, California.

*Laura Miller*
Laura Miller

**EXHIBIT 2 PAGE 13**

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTE ORDER

DATE:  01/29/20                                    Time in Court: 10 minutes

JUDGE: SAUNDRA BROWN ARMSTRONG          Court Reporter: (unreported)

Courtroom Deputy: Doug Merry

CASE NO.     19-8171, 19-6104

TITLE:     Scott Griffith Collaborative Solutions v. Falck No. Cal., et al., C 19-6104 SBA
           Care Ambulance Service v. Scott Griffith Collaborative Solutions, C 19-8171 SBA

COUNSEL FOR PLAINTIFF:                  COUNSEL FOR DEFENDANT:
Hilary Brooks                           Faisal Zubairi
Delfina Homen                           Navdeep Singh
Ryan Tyz

PROCEEDINGS:   Telephonic Case Management Conference

RESULTS:

Court imposed a stay in both actions so that the parties are able to focus on settlement.  The Anti-SLAPP
motion in C 19-8171 SBA shall be held in abeyance as part of the stay.

Matter continued to **3/26/2020 at 2:45 p.m.** for a further CMC.  Counsel for Scott Griffith Collaborative
Solutions to set up call.  An updated joint CMC statement due by 3/23/2020.  Stay shall remain in effect
through the next CMC.

**EXHIBIT 3 PAGE 1**

# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTE ORDER

DATE:  01/29/20                                              Time in Court: 10 minutes

JUDGE: SAUNDRA BROWN ARMSTRONG               Court Reporter: (unreported)

Courtroom Deputy: Doug Merry

CASE NO.     19-8171, 19-6104

TITLE:     Scott Griffith Collaborative Solutions v. Falck No. Cal., et al., C 19-6104 SBA
           Care Ambulance Service v. Scott Griffith Collaborative Solutions, C 19-8171 SBA

COUNSEL FOR PLAINTIFF:                    COUNSEL FOR DEFENDANT:
Hilary Brooks                             Faisal Zubairi
Delfina Homen                             Navdeep Singh
Ryan Tyz

PROCEEDINGS:   Telephonic Case Management Conference

RESULTS:

Court imposed a stay in both actions so that the parties are able to focus on settlement.  The Anti-SLAPP
motion in C 19-8171 SBA shall be held in abeyance as part of the stay.

Matter continued to **3/26/2020 at 2:45 p.m.** for a further CMC.  Counsel for Scott Griffith Collaborative
Solutions to set up call.  An updated joint CMC statement due by 3/23/2020.  Stay shall remain in effect
through the next CMC.

**EXHIBIT 4 PAGE 1**

# EXHIBIT 5

## Zubairi, Faisal

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Wednesday, March 18, 2020 2:25 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | [EXTERNAL] Activity in Case 4:19-cv-06104-SBA Scott Griffith Collaborative Solutions, LLC  v. Falck Northern California Corp., et al |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## California Northern District

## Notice of Electronic Filing

The following transaction was entered on 3/18/2020 at 2:24 PM and filed on 3/18/2020

**Case Name:**      Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al
**Case Number:**   4:19-cv-06104-SBA
**Filer:**
**Document Number:** 65(No document attached)

**Docket Text:**
**CLERK'S NOTICE CONTINUING FURTHER TELEPHONIC CASE MANAGEMENT CONFERENCE. In view of the current situation involving the COVID19 virus, notice is hereby given that the further telephonic case management conference previously set for 3/26/2020 at 3:00 p.m. will be heard on 5/6/2020 at 3:00 p.m. Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 879-3550. No party shall contact chambers directly without prior authorization of the court. Joint Case Management Statement due by 4/29/2020. If the parties require a CMC prior to May 1, 2020 to address an exigent matter, please contact Judge Armstrong's CRD, Aris Garcia via e-mail at SBACRD@Cand.USCourts.gov to discuss. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amgS, COURT STAFF) (Filed on 3/18/2020)**

**4:19-cv-06104-SBA Notice has been electronically mailed to:**

Delfina S. Homen      delfina@brooksquinn.com

Faisal M. Zubairi     zubairi.faisal@dorsey.com, santos.maria@dorsey.com

1

**EXHIBIT 5 PAGE 1**

Hillary Anne Brooks     hillary@brooksquinn.com, docketing@brooksquinn.com

J. Michael Keyes     keyes.mike@dorsey.com, benjamin-greenberg-0192@ecf.pacerpro.com, brian-janura-1945@ecf.pacerpro.com, james-keyes-0730@ecf.pacerpro.com, janura.brian@dorsey.com, sambor.gregore@dorsey.com, taverniti.nancy@dorsey.com

Kent Jeffrey Schmidt     schmidt.kent@dorseylaw.com, santos.maria@dorsey.com

Navdeep Kumar Singh     singh.navdeep@dorsey.com, miller.laura@dorsey.com

Ryan Tyz     ryan@tyzlaw.com, crystal@tyzlaw.com

Sean Kristofer Apple     sapple@tyzlaw.com

**4:19-cv-06104-SBA Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

2

**EXHIBIT 5 PAGE 2**

# EXHIBIT 6

**Zubairi, Faisal**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Wednesday, March 18, 2020 2:27 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | [EXTERNAL] Activity in Case 4:19-cv-08171-SBA Care Ambulance Service, Inc. et al v. Scott Griffith Collaborative Solutions, LLC |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### California Northern District

## Notice of Electronic Filing

The following transaction was entered on 3/18/2020 at 2:26 PM and filed on 3/18/2020

**Case Name:**    Care Ambulance Service, Inc. et al v. Scott Griffith Collaborative Solutions, LLC
**Case Number:**    4:19-cv-08171-SBA
**Filer:**
**Document Number:** 55(No document attached)

**Docket Text:**
**CLERK'S NOTICE CONTINUING FURTHER TELEPHONIC CASE MANAGEMENT CONFERENCE. In view of the current situation involving the COVID19 virus, notice is hereby given that the further telephonic case management conference previously set for 3/26/2020 at 3:00 p.m. will be heard on 5/6/2020 at 3:00 p.m. Plaintiff's counsel is to set up the conference call with all the parties on the line and call chambers at (510) 879-3550. No party shall contact chambers directly without prior authorization of the court. Joint Case Management Statement due by 4/29/2020. If the parties require a CMC prior to May 1, 2020 to address an exigent matter, please contact Judge Armstrong's CRD, Aris Garcia via e-mail at SBACRD@Cand.USCourts.gov to discuss. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (amgS, COURT STAFF) (Filed on 3/18/2020)**

**4:19-cv-08171-SBA Notice has been electronically mailed to:**

Brian E Mason     mason.brian@dorsey.com

Delfina S. Homen     delfina@brooksquinn.com

**EXHIBIT 6 PAGE 1**

Faisal M. Zubairi     zubairi.faisal@dorsey.com, santos.maria@dorsey.com

Hillary Anne Brooks     hillary@brooksquinn.com, docketing@brooksquinn.com

J Brian Vanderwoude     vanderwoude.brian@dorsey.com

J. Michael Keyes     keyes.mike@dorsey.com, benjamin-greenberg-0192@ecf.pacerpro.com, brian-janura-1945@ecf.pacerpro.com, james-keyes-0730@ecf.pacerpro.com, janura.brian@dorsey.com, sambor.gregore@dorsey.com, taverniti.nancy@dorsey.com

Kent Jeffrey Schmidt     schmidt.kent@dorseylaw.com, santos.maria@dorsey.com

Navdeep Kumar Singh     singh.navdeep@dorsey.com, miller.laura@dorsey.com

Ryan Tyz     ryan@tyzlaw.com, crystal@tyzlaw.com

Sean Kristofer Apple     sapple@tyzlaw.com

**4:19-cv-08171-SBA Please see [Local Rule 5-5](); Notice has NOT been electronically mailed to:**

2

**EXHIBIT 6 PAGE 2**

# EXHIBIT 7

Hillary A. Brooks (*admitted pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (*admitted pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG
Collaborative Solutions, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FALCK NORTHERN CALIFORNIA CORP., CARE AMBULANCE SERVICE, INC., and FALCK USA, INC., <br><br> Defendants. | Case No: 4:19-cv-06104-SBA <br><br> Related to: 4:19-cv-08171-SBA <br><br> ***UPDATED* JOINT CASE MANAGEMENT STATEMENT** <br><br> Complaint Filed:  September 26, 2019 |

**EXHIBIT 7 PAGE 1**

Scott Griffith Collaborative Solutions, LLC ("SGCS" or "Plaintiff"), Care Ambulance Service, Inc. ("Care"), Falck Northern California Corp. ("FNC"), Falck USA, Inc. ("FUSA"), (Care, FNC, and FUSA collectively referred to as the "Falck Defendants") jointly submit this *Updated* Joint Case Management Statement & Proposed Order.

1. Jurisdiction & Service

*SGCS's Position:* SGCS alleges that the basis for the Court's subject matter jurisdiction over SGCS's claims is federal question pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). *See* Compl. ¶¶ 2-3, ECF No. 1.

*Falck Defendants' Position:* The Falck Defendants dispute that SGCS has any protectable intellectual property rights, and contend that the disposal of such claims would divest this Court of jurisdiction.

2. Facts

*SGCS's Brief Chronology of the Facts:* At issue in this dispute is copyright infringement of SGCS materials and infringement of SGCS trademarks to secure at least three California emergency services contracts totaling $679 million to date. SGCS learned of the infringement relative to the Alameda County RFP in which FNC was the bidder. SGCS had no prior relationship with FNC. Although SGCS had given a one-day informational training to Care, it had no contract with Care that authorized Care to use SGCS material or marks in bids, claim ownership of the materials, and not compensate SGCS.

On learning of the Alameda infringement, SGCS sent a cease-and-desist letter to FNC, which a third party transmitted to the *Colorado Springs Independent*. The *Colorado Springs Independent* republished the letter and asked FRM and SGCS for comment on the letter. FRM responded that Care, a different company who was not the bidder for either the Colorado or Alameda RFPs, had "a valid contract with [SGCS] to use copyrighted material and intellectual property of [SGCS] in 911 bids." Given this untrue statement, SGCS responded to FRM's response to the request for comment on the letter, clarifying that "[SGCS] has no contract with Care Ambulance that allows Care Ambulance or any related entity to use copyrighted material

**EXHIBIT 7 PAGE 2**

and intellectual property of [SGCS] in 911 or any other bids." It is the cease-and-desist letter and response that form the basis of the Falck Defendants' claims in the -08171 case.

*Falck Defendants' Brief Chronology of the Facts:* The Falck Defendants provide 911 emergency medical response services, are on the frontlines of the current pandemic, and are included on the short list of essential business exempt from the state-wide closure orders. SGSC provides consulting services, was paid for its services, including for permission to use its materials, and now unbelievably claims that it is entitled to a share of the revenue earned by the Falck Defendants for providing emergency medical services.

The Falck Defendants deny that SGSC has any protectable intellectual property rights, or that this dispute has anything to do with its purported intellectual property rights. SGSC had an agreement with the Defendant Care to use Plaintiff's materials, including a flowchart that it refers to as the "Collaborative Just Culture Systems and Behaviors Response Guide" (the "Guide"). SGSC did not object to the use of its materials until an affiliate of Care was selected to negotiate an emergency medical service agreement by the City of Colorado Springs. As admitted by SGSC, one of its other clients was not selected. Rather than own up to its conflict, SGSC chose sides in order to secure additional business from the Defendants' competitor and issued a series of false statements seeking to disavow its agreement and falsely claiming that the Defendants were otherwise infringing upon their nonexistent intellectual property rights. Not only did SGSC falsely claim that Care was not authorized to use its materials, but, as it turns out, its copyright was registered before publication of the Guide that it claims was copied in violation of the same, and Guide actually bears no resemblance to the Certified Deposit copy of the material on file with the US Copyright Office. In addition, the USPTO has already rejected the SGSC's alleged collaborative just culture trademark as being merely descriptive.

Despite the false allegations included in its purported cease and desist letter, SGSC did not originally seek any redress through the courts. Rather, it published its false allegations in Colorado, where the City of Colorado Springs subsequently terminated negotiations with Care's affiliate. It was only in response to the Defendants' letter demanding a retraction of its false statements and threatening litigation, that SGSC filed the instant anticipatory lawsuit. Although

**EXHIBIT 7 PAGE 3**

SGSC is based in Texas, and issued its false statements from Texas, on Texas letterhead, and published the statements outside of California, SGSC now acknowledges that it filed in California so that it can follow-through on its threatened but implausible Anti-SLAPP motion with respect to the Defendants' affirmative claims.

*SGCS's Statement of Principal Factual Issues in Dispute:* Whether FNC, Care, and FUSA were authorized to use SGCS's copyrighted Response Guide and trademarks.

*Falck Defendants' Statement of Principal Factual Issues in Dispute:* The Falck Defendants dispute that SGCS has any valid or enforceable intellectual property rights in the subject Guide, which was used at all times in compliance with the agreement. The USPTO rejected SGSC's alleged trademark, and SGSC has not sought copyright registration in relation to the Guide that is the subject of this lawsuit. SGCS has suffered no losses, nor can it establish any causal link between its legal claims, which lack evidentiary support, and its claimed damages.

3. Legal Issues

*SGCS Position:* Whether SGCS's Copyright Reg. No. VA0001919579 has been infringed pursuant to 17 U.S.C. § 501; whether SGCS's trademarks have been infringed pursuant to common law; whether Defendants have engaged in unfair competition pursuant to 15 U.S.C. § 1125 and/or Cal. Bus. & Prof. Code § 17200.

*The Falck Defendants' Position:* SGCS has no protectable intellectual property rights in the materials at issue, including because: the materials at issue bear no resemblance to the materials on file with the Copyright Office, the materials at issue did not even exist at the time that SGCS obtained is alleged copyright registration, SGSC's system or method is not subject to copyright protection in the first place, and because the USPTO rejected the SGCS's alleged trademark on the grounds that it was merely descriptive and it does not have any secondary meaning. The material was in any event used, at all times, in compliance with the agreement. SGCS has suffered no losses, nor can it establish any causal link between its legal claims, which lack evidentiary support, and the damages allegedly claimed.

4. Motions

*SGCS's Position:* SGCS filed a Motion for Preliminary Injunction and Defendants filed a

*Updated* Joint Case Management
Statement
4828-2931-9858\1

PAGE 3

Case No. 4:19-cv-06104-SBA

**EXHIBIT 7 PAGE 4**

Motion to Dismiss or Transfer. The Court denied both motions. ECF No. 55. There are currently no pending motions. SGCS plans to file a motion for summary judgment and other pleadings that may become necessary.

*Falck Defendants' Position:* SGCS has filed a total of six substantive motions between this action and the related action (Case No. 4:19-cv-08171-SBA), including two preliminary injunction motions in this case. Despite the Court's warning against further frivolous motion practice (Dkt No. 55), SGCS filed a meritless Anti-SLAPP motion in connection with the related action that is currently pending as Case No. 4:19-cv-08171-SBA, which, *inter alia*, as noted by the Court during the January 29, 2020 Case Management Conference, fails to account for the federal standard as articulated by *Planned Parenthood*. The motion suffers from various other deficiencies and strains to extend the California Anti-SLAPP protection to statements made by a Texas entity outside of California. SGCS should not be allowed to file a revised motion at this late juncture merely because it only now realizes that its pursuit of the fee-shifting provision invoked by its motion is likely to back-fire, when, in fact, the Falck Defendants extensively sought to meet and confer regarding the same. SGSC's request to file a revised motion at this late juncture despite already having filed an answer will undermine the consolidated discovery schedule for this action and the related action, which is currently pending as Case No. 4:19-cv-08171-SBA.

The Falck Parties plan to file a motion for summary judgment, and reserve the right to file discovery or other motions as needed.

5. Amendment of Pleadings

At this time, SGCS does not anticipate adding parties or claims, dismissing claims, or amending the Complaint. The parties propose June 29, 2020 as the deadline for leave to add any new parties or pleading amendments. The parties agree that they may move for leave to amend the pleadings upon a showing of good cause after this deadline has passed.

6. Evidence Preservation

The parties certify that they have reviewed the *Guidelines Relating to the Discovery of Electronically Stored Information* ("*ESI Guidelines*"), and confirm that they have met and

*UPDATED* JOINT CASE MANAGEMENT
STATEMENT                                 PAGE 4                        CASE NO. 4:19-cv-06104-SBA
4828-2931-9858\1

**EXHIBIT 7 PAGE 5**

conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in these actions. While the Parties have each represented that they have put appropriate litigation holds in place, the Falck Plaintiffs believe it is important for the Plaintiff SGSC to ensure that it preserves documents regarding the origination of its mark and the subject matter of its alleged copyright from 2013 to the present, including documents in the possession of its then intellectual property counsel Saldana IP.

7. Disclosures

The parties exchanged initial disclosures on January 22, 2020. The disclosures made include each category of information set forth in Fed. R. Civ. P. 26(a)(1)(A), based on the information then reasonably available to the disclosing party as required by Fed. R. Civ. P. 26(a)(1)(E).

8. Discovery

*SGCS's Proposal:* No discovery has been taken to date. SGCS favors consolidation of both cases for all purposes. SGCS believes the scope of anticipated discovery is narrow, as the parties are demonstrably already in possession, custody, or control of many of the relevant documents. SGCS does not believe any limitations or modifications of the discovery rules are necessary. The parties discussed discovery of ESI during their conference and agreed to meet and confer regarding the filing of a Stipulated Order Regarding Discovery of ESI to address discovery of ESI, with competing proposals if necessary. The parties agree to file a proposed stipulated protective order (with competing proposals, if necessary). Any confidential information produced prior to entry of a protective order will be subject to the Northern District of California model protective order.

*The Falck Defendants Proposal:* The Falck Defendants disagree with Plaintiff SGSC that there is a need to debate or burden the Court with competing protective order proposals and request entry of the Northern District's model form of protective order. Although the parties have each confirmed that they have put litigation holds in place, the Falck Defendants believe it is important for the SGSC to ensure that it preserves documents regarding the origination of its alleged mark and the subject matter of its alleged copyright from 2013 to the present, including

EXHIBIT 7 PAGE 6

documents in the possession of its then intellectual property counsel Saldana IP.

The Falck Defendants proposed consolidating the actions for the purposes of discovery and pretrial purposes, and to revisit consolidation for trial after summary judgment. The Falck Defendants propounded their initial document production requests prior to the stay in this action, which requests largely duplicate requests that were propounded prior to the transfer of the related action to this Court, and SGCS should provide a response, along with documents and a privilege log, within thirty days of the case management conference.

9. Class Actions

These actions are not class actions.

10. Related Cases

There is a related case pending in this court (Case No. 4:19-cv-08171-SBA), which was transferred from the Northern District of Texas. There are no other related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. Relief

*SGCS's Statement:* SGCS seeks the relief requested in its Complaint (ECF No. 1, 21-23), namely, injunctive relief preventing further copyright infringement, trademark infringement, and unfair competition; impoundment and destruction of all materials that infringe SGCS's copyright and/or trademarks; a report detailing compliance with the injunction; an award of damages, in an amount to be proven at trial, for Defendants' infringement of SGCS's copyright and trademarks, the damages including SGCS's actual damages, Defendants' profits attributable to the infringement, SGCS's costs including a reasonable attorneys' fee, and any enhancements the Court finds reasonable (*see* 17 U.S.C. § 504, 15 U.S.C. § 1117); an award of damages, in an amount to be proven at trial, compensating for Defendants' unfair competition, including SGCS's actual damages and Defendants' profits attributable to the unfair competition, and any enhancements the Court finds reasonable (*see* 15 U.S.C. § 1117); an award of punitive damages on account of Defendants' willful violations of law; an award of prejudgment and post judgment interest; an order for corrective advertising; and all other relief, in law or in equity, to which SGCS may be entitled, or which the Court deems just and proper.

**EXHIBIT 7 PAGE 7**

As of March 2020, based on information obtained from public records, the three contracts (Alameda, Los Angeles, and Orange) known to have been secured using SGCS material total $679 million. SGCS estimates its actual damages to date for the three known contracts are in excess of $4.75 million, and the Falck Defendants' profits to which SGCS is entitled under the law are in excess of $93 million to date. Additionally, SGCS's attorneys' fees and costs, to which SGCS is also entitled under the law, continue to increase as this case progresses. SGCS intends to seek these amounts and all additional amounts that accrue during the course of this case at trial, as well as amounts for any additional infringement and unfair competition that may be discovered during the course of this lawsuit.

*The Falck Defendants' Statement:* The Falck Defendants dispute and deny that SGSC is entitled to any relief whatsoever because its claims are devoid of merit and lack evidentiary support. SGSC's conjecture regarding the value of the Falck Defendants' third-party contractual revenue notwithstanding, SGSC's request for disgorgement of earnings that the Falck Defendants generate in exchange for providing essential emergency medical response services based on its nonexistent intellectual property rights is implausible and unrealistic. There is no causal link between SGSC's claims and its alleged damages. The alleged damages have no reasonable relationship to the amount that SGSC actually charges for its training and materials, which pricing information it has redacted in its Court filings and is the subject of impending discovery. The Falck Defendants are therefore seeking fees and costs in relation to SGSC's meritless claims.

12. Settlement and ADR

*SGCS's Position:* A mandatory settlement conference with Magistrate Judge Hixson was held in both cases on March 9, 2020. During that conference the parties made significant progress on a mechanism for resolving both suits but ultimately could not agree on important settlement terms.

*Falck Defendants' Position:* The Falck Defendants do not believe that SGCS is interested in resolving this dispute and disagree that any progress was made toward that goal during the settlement conference on March 9, 2020. SGCS appears to be cooperating with one or more of the Falck Defendants' other competitors in relation to this litigation, and it will be important to

UPDATED JOINT CASE MANAGEMENT
STATEMENT                          PAGE 7                          CASE NO. 4:19-cv-06104-SBA
4828-2931-9858\1

**EXHIBIT 7 PAGE 8**

know whether SGCS is being reimbursed for its fees in relation to this action.

*SGCS's Responsive Position:* The Falck Defendants engage in unsupported conjecture in an attempt to justify a fishing expedition to further expand the litigation, to harm SGCS's customer relationships, and to detract from their blatant infringement.

13. Consent to Magistrate Judge For All Purposes

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ YES __X__ NO

14. Other References

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Discovery has just begun. The parties will revisit this issue as the case progresses. The parties do not request bifurcation of any issues, claims, or defenses.

16. Expedited Trial Procedure

The parties agree that this case is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. Scheduling

The parties propose the following dates:

| Event | Date |
| --- | --- |
| Completion of initial ADR session | Completed |
| Amendment Deadline | August 31, 2020 |
| Close of Fact Discovery | January 31, 2021 |
| Expert Designations | January 1, 2021 |
| Rebuttal Expert Designations | January 15, 2021 |
| Close of Expert Discovery | January 31, 2021 |
| Hearing of dispositive motions | March 9, 2021 |
| Pretrial conference | June 1, 2021 |
| Trial | July 5-9, 2021 |

18. Trial

Both parties anticipate trying this case to a jury. The expected length of trial is one week.

19. Disclosure of Non-Party Interested Entities or Persons

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. *See* ECF Nos. 5, 24.

Pursuant to Federal Rule of Civil Procedure 7.1, Civil L.R. 3-15, and the *Standing Order for All Judges of the Northern District of California*, SGCS certifies that as of the date of this Joint Case Management Statement: other than the named parties, there is no such interest to report; that SGCS has no parent corporation or public subsidiaries; and that no publicly held corporation owns 10% or more of SGCS's stock.

Pursuant to Fed. R. Civ. P. 7.1 and Local Rule 3-15, and the *Standing Order for All Judges of the Northern District of California*, the Falck Defendants certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Care Ambulance Service, Inc.; Falck USA, Inc.; Falck Northern California Corp.; Falck A/S; and FCA Corp. Care Ambulance Service, Inc. is a wholly owned subsidiary of FCA Corp., which is a subsidiary of Falck USA, Inc. Falck Northern California Corp. is a wholly-owned subsidiary of Falck USA, Inc. Falck USA, Inc. is a subsidiary of Falck A/S.

20. Professional Conduct

All attorneys of record for the parties have reviewed the *Guidelines for Professional Conduct for the Northern District of California*.

21. Other

The parties have no other matters to identify that may facilitate the just, speedy and inexpensive disposition of these matters.

Dated: April 29, 2020          Respectfully submitted,

*/s/ Delfina S. Homen*
Hillary A. Brooks
Delfina S. Homen

**EXHIBIT 7 PAGE 10**

Attorney for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

Dated: April 29, 2020

Respectfully submitted,
DORSEY & WHITNEY

*/s/ Navdeep Singh*
Faisal Zubairi
Navdeep Singh

Attorney for FALCK NORTHERN
CALIFORNIA CORP., CARE
AMBULANCE SERVICE, INC., and
FALCK USA, INC.

# EXHIBIT 8

FAISAL M. ZUBAIRI (SBN 244233)
zubairi.faisal@dorsey.com
J. MICHAEL KEYES (SBN 262281)
keyes.mike@dorsey.com
NAVDEEP K. SINGH (SBN 284486)
singh.navdeep@dorsey.com
DORSEY & WHITNEY LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone:  (714) 800-1400
Facsimile:  (714) 800-1499

Attorneys for Defendants
FALCK NORTHERN
CALIFORNIA CORP., CARE
AMBULANCE SERVICE, INC.
and FALCK USA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CARE AMBULANCE SERVICE, INC., FALCK USA, INC., FALCK NORTHERN CALIFORNIA CORP., and FALCK ROCKY MOUNTAIN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG COLLABORATIVE SOLUTIONS, LLC, <br><br> Defendants. | Case No. 19-CV-08171-SBA <br> Related Case No. 19-CV-06104-SBA. <br><br> ***UPDATED* RULE 26(f) REPORT AND JOINT CASE MANAGEMENT STATEMENT** <br><br><br> Complaint filed:  September 26, 2019 <br> Trial Date:         None Set |

Plaintiffs, Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, the "Falck Plaintiffs"), and Defendant, Scott Griffith Collaborative Solutions, LLC ("Defendant"), file this *Updated* Joint Report regarding their Federal Rule 26(f) and Local Rule 16-9 conference that took place on January 8, 2020. The Falck Plaintiffs and the Defendant shall hereinafter collectively be referred to as the "Parties."

## 1. Jurisdiction and Service

*The Falck Plaintiffs' Position:* The Falck Plaintiffs invoke federal question jurisdiction under the Copyright and Declaratory Judgment Acts (28 U.S.C. §§ 1338, 1331), diversity jurisdiction (28 U.S.C. 1332(a)), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Parties agree that Defendant has been properly served and is subject to the jurisdiction of this Court.

*Defendant's Position:* SGCS maintains that the Court lacks subject matter jurisdiction to resolve a stand-alone claim for declaratory judgment of copyright invalidity where an action for copyright infringement is already pending. Any order rendered in conjunction with such a claim would constitute an improper advisory opinion. Because of an absence of complete diversity, the Falck Plaintiffs' state law claims can only be brought as supplemental to SGCS's claims in Case No. 4:19-cv-06104-SBA.

## 2. Facts

*The Falck Plaintiffs' Statement:* The Falck Plaintiffs provide 911 emergency medical services, are on the frontlines of the current pandemic, and are included on the short list of essential businesses exempt from state-wide closure orders. Defendant SGSC entered into an agreement with the Plaintiff Care on August 31, 2015 (the "Agreement"), pursuant to which Defendant agreed to provide certain consulting services and various training materials to Care. Defendant does not dispute that it was paid for the training and materials as provided for by the Agreement, but has redacted the pricing information from the version of the Agreement filed in Court. The Agreement provides that Care shall not, without the prior written consent of the Defendant, use or disclose its confidential and proprietary materials except in relation to the Agreement unless they are made publically available by the Defendant or its other customers. In addition to allowing for publication of its materials online, which exempts them

1

from protection under the Agreement, Defendant provided written consent for the use of its materials as requested, in which Defendant authorized the sharing of its purportedly copyrighted and proprietary information, including the 2015 flowchart that it refers to as its Collaborative Just Culture Systems and Behaviors Response (the "Guide"), with regulators in relation to RFP response bids.

Defendant never objected to the use of its allegedly protected materials until an affiliate of Care, the Plaintiff FRM, was selected to negotiate an emergency medical services agreement with City of Colorado Springs. Defendant has since sought to disavow the Agreement and written consent and contends that Plaintiffs Falck and FNC improperly utilized Defendant's allegedly trademarked and copyrighted materials. Specifically, Defendant sent Plaintiffs Falck and FNC a September 10, 2019 letter on its Texas letterhead, claiming that Falck and/or FNC improperly used Defendant's Guide in relation to an RFP Response, and in violation of its alleged copyright and trademark. Plaintiffs were surprised by the letter, as it was complaining about the use of the Guide in relation to an RFP Response submitted in Alameda County more than a year ago, in July 2018, on which Care (which has an Agreement with the Defendant) was included. In an effort to avoid any dispute, the CEO for Plaintiffs Care and FNC immediately responded by calling the author to confirm that the material was only used pursuant to the Agreement in RFP Responses on which Care was included, and was not used by FRM in Colorado Springs.

Despite the immediate response and explanation regarding Care's inclusion on the RFP Response, Defendant's letter was published by the media in Colorado Springs, Colorado, where the Plaintiff FRM had recently been selected to negotiate an emergency medical services agreement under the following headline "Falck Ambulance, the city's choice for a 5-year contract, accused of lying in a proposal in California." Not only was the letter misleading because it failed to account for the fact that the material was used in compliance with the Agreement, but it falsely alleged that Defendant's logo printed on the Guide was replaced with the Falck logo (when, in fact, the Defendant's logo was not removed and was prominently displayed) and also alleged that the use of the material violated the Defendant's non-existent intellectual property rights, including its alleged trademark and copyright. As it turns out, the material that Defendant's letter claimed was used in violation of its alleged copyright

2

(*i.e.*, the 2015 Guide) was published after its alleged copyright was registered, and the deposit copy of the material on file with the US Copyright Office bears no resemblance to the Guide. In addition, despite the Defendant's claims about the infringement of its "Collaborative Just Culture Mark," the USPTO recently rejected the Defendant's application for its alleged mark. Falck and FRM accordingly issued a responsive press release confirming that Care, which had an Agreement with the Defendant, was included on the subject RFP response. Defendant, however, doubled down on its misrepresentations and disseminated a follow-up statement that was reported by the press claiming that "SG Collaborative has no contract with Care Ambulance that allows Care Ambulance or any related entity to use copyrighted material and intellectual property of SG Collaborative." In the wake of Defendant's accusations, the City of Colorado Springs terminated its negotiations with the Plaintiff FRM.

Based on the foregoing, the Falck Plaintiffs assert claims against Defendant for copyright invalidation, breach of contract, business disparagement, libel, and tortious interference arising out of Defendant's misleading statements about the Plaintiffs that are designed to interfere with the Plaintiffs' business operations and promote its own services. As acknowledged by the anticipatory complaint filed by the Defendant on the same date as this action, which is currently pending as related Case No. 4:19-cv-06104-SBA, Defendant only filed its own claims upon receipt of the demand letter apprising of this action.

***Defendant's Statement:*** At issue in the underlying dispute is copyright infringement of SGCS materials and infringement of SGCS trademarks to secure at least three California emergency services contracts totaling $679 million to date. SGCS learned of the infringement relative to the Alameda County RFP in which FNC was the bidder. SGCS had no prior relationship with FNC. Although SGCS had given a one-day informational training to Care, it had no contract with Care that authorized Care to use SGCS material or marks in bids, claim ownership of the materials, and not compensate SGCS.

On learning of the Alameda infringement, SGCS sent a cease-and-desist letter to FNC, which a third party transmitted to the *Colorado Springs Independent*. The *Colorado Springs Independent* republished the letter and asked FRM and SGCS for comment on the letter. FRM responded that Care, a different company who was not the bidder for either the Colorado or Alameda RFPs, had "a valid

contract with [SGCS] to use copyrighted material and intellectual property of [SGCS] in 911 bids." Given this untrue statement, SGCS responded to FRM's response to the request for comment on the letter, clarifying that "[SGCS] has no contract with Care Ambulance that allows Care Ambulance or any related entity to use copyrighted material and intellectual property of [SGCS] in 911 or any other bids." It is the cease-and-desist letter and response that form the basis of the Falck Plaintiffs' claims.

*Falck Plaintiffs' Statement of Principal Factual Issues in Dispute:* Whether the Defendant's copyright, which was registered in 2014 in relation to material published in 2013, bears any resemblance to the Guide (which is a 2015 flowchart) that it claims was copied in violation of the same? Whether the flowchart that Defendant claims was copied in violation of its copyright is a process, system, or method of operation that is not subject to any protection under the copyright act? Whether the USPTO rejected the Defendant's alleged "Collaborative Just Culture" trademark? Whether the Defendant consented to the use of its allegedly protected materials pursuant to the Agreement, and whether the Defendant's publication of the allegedly protected materials exempt them from protection under the Agreement in the first place? How much the Defendant charged and was paid for training and use of its materials pursuant to the Agreement, which information the Defendant has so far redacted from its Court filings? The means and methods by which Defendant widely published and disseminated its maliciously false statements accusing the Falck Plaintiffs of engaging in dishonest business practices, which were published in Colorado and have significantly harmed the Flack Plaintiffs' reputation and resulted in substantial losses.

*Defendant SGCS's Statement of Principal Factual Issues in Dispute:* Whether any contract or consent exists which entitled the Falck entities to use SGCS materials, claim ownership of SGCS materials, and provide no compensation for such use to SGCS.

3.      **Legal Issues**

*The Falck Plaintiffs' Position:* The legal issues raised by the Falck Plaintiffs Complaint are: whether the Defendant has any valid or enforceable intellectual property rights, including whether its alleged Copyright of its Guide is subject to invalidation; whether the Defendant has breached its Agreement, pursuant to which it allowed for the use of its materials, including the Guide, in RFP

4

responses; and redress based on the Defendant's tortious misconduct arising out of Defendant's disparagement, libel and interference with their existing and impending agreements. Defendant has filed an anti-SLAPP motion, which, as noted by the Court during the original Case Management Conference on January 29, 2020, fails to account for the federal standard articulated by *Planned Parenthood*. The motion also strains to extend the California Anti-SLAPP protection to statements made by a Texas entity outside of California and otherwise lacks merit.

*Defendant SGCS's Position:* Whether Claims 2-7 of the Amended Complaint are subject to striking under California's anti-SLAPP law; whether the Court has subject matter jurisdiction over a stand-alone validity challenge; whether the court has subject matter jurisdiction over Claims 2-7 absent the validity challenge; whether the claims should have been brought as counterclaims or defenses in the -06104 case rather than in this separate lawsuit; and whether there is proximate cause for the damages and harm allegedly suffered as a result of SGCS's factually true, privileged statements pertaining to Care and an RFP bid by FNC.

### 4. Motions

*The Falck Plaintiffs' Position:* Defendant has filed a total of six substantive motions between this action and the related action (Case No. 4:19-cv-06104-SBA). Despite the Court's warning against further frivolous motion practice (Dkt No. 55), Defendant SGCS filed a meritless Anti-SLAPP Motion (Dkt No. 46), which, *inter alia*, as the Court noted during the January 29, 2020 Case Management Conference, fails to account for the federal standard as articulated by *Planned Parenthood*. The motion suffers from various other deficiencies and strains to extend the California Anti-SLAPP protection to statements made by a Texas entity outside of California.

The Motion was held in abeyance as part of the stay that remains in place until the next case management conference. *See* Dkt No. 52. Defendant SGCS should not be allowed to file a revised motion at this late juncture as requested below, especially since Defendant has invoked the fee-shifting provision of the California Code of Civil Procedure, already caused the Plaintiffs to incur substantial fees in relation to its deficient motion, and insisted upon pursuing the motion despite the Plaintiffs repeated efforts to meet and confer regarding its lack of merit. Defendant's request to re-file the motion

5

*UPDATED* RULE 26(F) REPORT AND JOINT CASE MANAGEMENT STATEMENT
**CASE NO. 19-CV-08171-SBA**

**EXHIBIT 8 PAGE 6**

at this late juncture despite already having filed an answer will also undermine the consolidated discovery schedule that is being proposed. Defendant should either proceed with the Anti-SLAPP Motion as filed, or withdraw its Motion, which otherwise also lacks merit.

The Falck Plaintiffs do not currently plan to file any additional motions in either case at this juncture, but are planning to move for summary judgment after discovery, and reserve the right to file discovery motions if they are unable to mutually resolve any disputes in that regard. Plaintiffs reserve the right to file any motion that are later warranted by its ongoing discovery and investigation.

*Defendant SGCS's Position:* This case was transferred to this Court from the Northern District of Texas under the first-to-file rule prior to consideration of SGCS's then-pending motion to dismiss. In view of the changed posture of the case and this Court's rules on pleading, SGCS withdrew the motion to dismiss and filed a Special Motion to Strike, which is currently held in abeyance during the stay of the case, and which SGCS will be clarifying under *Planned Parenthood* when the stay is lifted. SGCS plans to file a motion for summary judgment and other pleadings that may become necessary.

**5.** **Amendment of Pleadings:** Falck Plaintiffs reserve the right to amend their complaint in order to account for additional evidence that is uncovered as their discovery and investigation regarding the Defendant's misconduct continues. The parties agree that August 31, 2020 shall be the deadline for leave to add any new parties or pleading amendments, though Defendant SGCS believes any such amendment should be made upon a showing of good cause. The parties agree that they may move for leave to amend the pleadings upon a showing of good cause after this deadline has passed.

**6.** **Evidence Preservation:** The Parties certify counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties have put litigation holds in place, and anticipate making productions in PDF or native format. The Parties agree to meet and confer in the event that another production format is reasonably requested. While the Parties have each represented that they have put appropriate litigation holds in place, the Falck Plaintiffs believe it is important for the Plaintiff SGSC to ensure that it preserves documents regarding the origination of its mark and the subject matter of its alleged copyright from 2013 to the present, including documents in the possession of its then intellectual property counsel Saldana IP.

**7.** **Initial Disclosures:** The parties exchanged initial disclosures on January 22, 2020. The disclosures made include each category of information set forth in Fed. R. Civ. P. 26(a)(1)(A), based on the information then reasonably available to the disclosing party as required by FRCP 26(a)(1)(E).

**8.** **Discovery:**

*Falck Plaintiffs' Proposal:* The Falck Plaintiffs disagree with the Defendant that there is a need to debate or burden the Court with competing protective order proposals and request entry of the Northern District's model form of protective order.

The Falck Plaintiffs propounded their initial document production requests prior to the stay in this action, which requests largely duplicate requests that were propounded prior to the transfer of this action to this Court, and Defendant SGCS should provide a response, along with documents and a privilege log, within thirty days of the case management conference. While it is difficult to provide a fully comprehensive list of the subjects for discovery at this early stage, the subjects of Plaintiffs' initial written discovery requests did and will include agreements and correspondence between Defendant and Plaintiffs' competitors, regulators, other emergency medical service providers, or anyone else who was authorized to use Defendant's allegedly protected materials; internal and external communications with Plaintiffs' competitors, regulators, the media, or third parties concerning Plaintiffs; documents regarding Defendant's alleged copyright and trademark, including the underlying applications and related internal and external correspondence; and documents regarding the creation and publication of Defendant's allegedly protected materials, as well as, its pricing.

The Falck Plaintiffs proposed consolidating this action and the related action (Case No. 4:19-cv-06104-SBA) actions for discovery and other pretrial purposes, and to revisit consolidation for trial after summary judgment.

*Defendant SGCS's Proposal:* No discovery has been taken to date. SGCS favors consolidation of both cases for all purposes. SGCS believes the scope of anticipated discovery is narrow, as the parties are demonstrably already in possession, custody, or control of many of the relevant documents. SGCS does not believe any limitations or modifications of the discovery rules are necessary.

**9.** **Class Action:** Not applicable.

7

*UPDATED* RULE 26(F) REPORT AND JOINT CASE MANAGEMENT STATEMENT
**CASE NO. 19-CV-08171-SBA**

**EXHIBIT 8 PAGE 8**

**10.** **Related Cases:** On January 6, 2020, the Court deemed this case related to *Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp. et al.*, Case No. 4:19-cv-06104-SBA. There are no other related cases or proceedings pending.

**11.** **Relief:**

*Falck Plaintiffs' Position:* The Falck Plaintiffs seek a declaration that Defendant's alleged copyright is invalid and unenforceable; Plaintiff Care seeks compensatory and special damages arising out of Defendant's breach of the parties' Agreement; Plaintiffs seek compensatory, special and any available statutory and/or punitive damages arising out of Defendant's business disparagement, libel and interference with its existing and impending contracts. Plaintiffs further seek a declaration that the May 20, 2016 Written Consent and related email correspondence described in the FAC provided the required consent sufficient to allow for the use Defendant's allegedly protected materials, and injunctive relief preventing Defendant from further violating the parties' Agreement. Plaintiffs seek an award of costs, disbursements and attorneys' fees incurred in pursuing this action.

*Defendant SGCS's Position:* Defendant SGCS denies that the Falck Plaintiffs are entitled to any relief and seeks an award of its costs and attorney fees given the vexatious nature of this suit.

**12.** **Settlement and ADR:**

*The Falck Plaintiffs' Statement:* The Falck Plaintiffs participated in a mandatory settlement conference with Magistrate Judge Hixson in good faith. The Falck Plaintiffs do not believe that Defendant SGCS is interested in resolving this dispute and disagree that any progress was made toward that goal during the settlement conference on March 9, 2020. SGCS appears to be cooperating with one or more of the Falck Defendants' other competitors in relation to this litigation, and it will be important to know whether SGCS is being reimbursed for its fees in relation to this action.

*Defendant SGCS's Statement:* A mandatory settlement conference with Magistrate Judge Hixson was held in both cases on March 9, 2020. During that conference the parties made significant progress on a mechanism for resolving both suits but ultimately could not agree on important settlement terms. The Falck Plaintiffs engage in unsupported conjecture in an attempt to justify a fishing expedition to further expand the litigation, to harm SGCS's customer relationships, and to detract from their blatant

8

infringement.

13. **Consent to Magistrate Judge For All Purposes:** *Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment:* **NO.**

14. **Other References:** The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:** Discovery is at its inception. The parties will revisit this issue as the case progresses. The parties do not request bifurcation of any issues, claims, or defenses.

16. **Expedited Trial Procedure:** not applicable.

17. **Scheduling:** The parties propose the following dates:

| Event | Date |
| --- | --- |
| Completion of initial ADR session | Completed |
| Amendment Deadline | August 31, 2020 |
| Close of Fact Discovery | January 31, 2021 |
| Expert Designations | January 1, 2021 |
| Rebuttal Expert Designations | January 15, 2021 |
| Close of Expert Discovery | January 31, 2021 |
| Hearing of dispositive motions | March 9, 2021 |
| Pretrial conference | June 1, 2021 |
| Trial | July 5-9, 2021 |

18. **Trial:** The parties respectfully request a 5-7 day jury trial.

19. **Disclosure of Non-party Interested Entities or Persons:** Pursuant to FRCP 7.1, Civil L.R. 3-15, and the *Standing Order for All Judges of the Northern District of California*, SGCS certifies that as of the date of this Joint Case Management Statement: other than the named parties, there is no such interest to report; that SGCS has no parent corporation or public subsidiaries; and that no publicly held corporation owns 10% or more of SGCS's stock. The Falck Plaintiffs certify that the following listed entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Care Ambulance Service, Inc.; Falck USA, Inc.; Falck Northern California Corp.; Falck Rocky Mountain, Inc.; Falck A/S; and FCA Corp. Care Ambulance Service, Inc. is a wholly owned subsidiary of FCA Corp., which is a subsidiary of Falck

9

USA, Inc. Falck Northern California Corp. is a wholly-owned subsidiary of Falck USA, Inc. Falck USA, Inc. is a subsidiary of Falck A/S.

*The Falck Plaintiffs' Position:* Defendant appears to be cooperating with one or more of the Falck Plaintiffs' other competitors in relation to this litigation, and it will be important to know whether Defendant is being reimbursed for its fees in relation to this action.

*SGCS's Responsive Position:* The Falck Plaintiffs engage in unsupported conjecture in an attempt to justify a fishing expedition to further expand the litigation, to harm SGCS's customer relationships, and to detract from their blatant infringement.

20. **Professional Conduct:** Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other:** not applicable.

DATED: April 28, 2020 **DORSEY & WHITNEY LLP**

By: */s/ Navdeep K. Singh*
FAISAL M. ZUBAIRI
NAVDEEP K. SINGH
Attorneys for Plaintiffs
FALCK NORTHERN CALIFORNIA
CORP., CARE AMBULANCE SERVICE,
INC., FALCK ROCKY MOUNTAIN,
INC. and FALCK USA, INC.

Dated: April 28, 2020 **BROOKS QUINN, LLC**

*/s/ Hillary A. Brooks*
Hillary A. Brooks
Delfina S. Homen
Attorney for Defendant SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

10

*UPDATED* RULE 26(F) REPORT AND JOINT CASE MANAGEMENT STATEMENT
**CASE NO. 19-CV-08171-SBA**

**EXHIBIT 8 PAGE 11**

**ATTESTATION**

I, Navdeep K. Singh, am the CM/ECF user whose ID and password are being used to file this Joint Case Management Conference Statement. Pursuant to Local Civil Rule 5-1(i)(3), I hereby attest that Hillary A. Brooks, on whose behalf this filing is jointly submitted, has concurred in this filing.

*/s/ Navdeep K. Singh*

*UPDATED* RULE 26(F) REPORT AND JOINT CASE MANAGEMENT STATEMENT
**CASE NO. 19-CV-08171-SBA**

**EXHIBIT 8 PAGE 12**

# CERTIFICATE OF SERVICE

*Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al.*
*United States District Court*
*Northern District of California*
*Case Number 4:19-CV-08171-SBA*

## RULE 26(f) REPORT AND JOINT CASE MANAGEMENT STATEMENT

I hereby certify that on April 28, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of California by using the court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be automatically served by the CM/ECF system.

Dated:  April 28, 2020                                    DORSEY & WHITNEY LLP


                                                          By:     */s/ Navdeep K. Singh*
                                                                  Navdeep K. Singh

---

12
CERTIFICATE OF SERVICE

CASE NO. 19-CV-08171-SBA

**EXHIBIT 8 PAGE 13**

# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTE ORDER

DATE: 05-06-20                                    Time in Court: 40 minutes

JUDGE: SAUNDRA BROWN ARMSTRONG              Court Reporter: (unreported)

Courtroom Deputy: Aris Garcia

CASE NO.    19-6104 SBA
TITLE:      Scott Griffith Collaborative Solutions v. FALCK

COUNSEL FOR PLAINTIFFS:              COUNSEL FOR DEFENDANTS:
Hillary Brooks                       Faisal Zubairi
Delfina Homen                        Kent Schmidt
                                     Navdeep Singh

CASE NO.    19-8171 SBA
TITLE:      CARE Ambulance Service v. Scott Griffith Collaborative Solutions

COUNSEL FOR PLAINTIFFS:              COUNSEL FOR DEFENDANTS:
Faisal Zubairi                       Hillary Brooks
Delfina Homen                        Kent Schmidt
                                     Navdeep Singh

PROCEEDINGS:   Telephonic Case Management Conference


RESULTS:    Deadline to Amend Pleadings:                    08-31-20
            Expert Disclosure and Reports:                  01-04-21
            Close of Fact Discovery:                        01-29-21
            Rebuttal Expert Designation:                    01-15-21
            Close of Expert Discovery:                      01-31-21

            Law and Motion Cutoff:                          03-10-21

            Jury Trial (5-day jury trial total in both cases):  06-21-21
            Pretrial Conference:                            06-09-21

            Pretrial Preparation due:                       04-07-21
            Motions In Limine / Objections to Evidence:     04-21-21
            Responses to Motions In Limine / Obj. to Evidence:  04-28-21
            Replies due:                                    05-05-21


**EXHIBIT 9 PAGE 1**

OTHER

- All discovery referred to a magistrate judge.

- The parties disagreed as to which standard protective order form may be submitted in this action. The Court indicated it will not consider competing protective orders and that the standard order may be sufficient. However, upon further review, the Court will allow the parties to submit either the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets or the Stipulated Protective Order for Standard Litigation. The matter of which form is appropriate is dependent upon, inter alia, the nature of the information sought to be protected. The parties shall meet and confer in good faith, without unnecessary controversy, regarding which form is to be used. Any modifications to the form must be identified for the Court's review.

- Discovery for both cases is consolidated.

- The Court's view is that there should be a single trial. Therefore, the parties shall meet and confer, and no later than 45 days prior to the law and motion cut off date, and preferably earlier, the parties shall submit a proposed stipulation and order to consolidate the cases for all purposes.

- Defendants in C 19-8171 SBA confirm that they are withdrawing their pending Anti-SLAPP motion. Therefore, Docket 46 in C 19-8171 SBA shall be terminated. Defendants' renewed motion is to be filed by no later than today, May 6, 2020. The opposition shall be filed on May 29, 2020, and the reply shall be filed by June 12, 2020. The motion shall be noticed for hearing on July 8, 2020 at 2:00 p.m. Pursuant to Civil Local Rule 7-1(b), the motion may be resolved without a hearing.

cc: Mag Ref Clk

2

**EXHIBIT 9 PAGE 2**

# EXHIBIT 10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTE ORDER

DATE: 05-06-20                                    Time in Court: 40 minutes

JUDGE: SAUNDRA BROWN ARMSTRONG              Court Reporter: (unreported)

Courtroom Deputy: Aris Garcia

CASE NO.    19-6104 SBA
TITLE:      Scott Griffith Collaborative Solutions v. FALCK

COUNSEL FOR PLAINTIFFS:              COUNSEL FOR DEFENDANTS:
Hillary Brooks                       Faisal Zubairi
Delfina Homen                        Kent Schmidt
                                     Navdeep Singh


CASE NO.    19-8171 SBA
TITLE:      CARE Ambulance Service v. Scott Griffith Collaborative Solutions

COUNSEL FOR PLAINTIFFS:              COUNSEL FOR DEFENDANTS:
Faisal Zubairi                       Hillary Brooks
Delfina Homen                        Kent Schmidt
                                     Navdeep Singh


PROCEEDINGS:   Telephonic Case Management Conference


RESULTS:    Deadline to Amend Pleadings:                       08-31-20
            Expert Disclosure and Reports:                     01-04-21
            Close of Fact Discovery:                           01-29-21
            Rebuttal Expert Designation:                       01-15-21
            Close of Expert Discovery:                         01-31-21

            Law and Motion Cutoff:                             03-10-21

            Jury Trial (5-day jury trial total in both cases): 06-21-21
            Pretrial Conference:                               06-09-21

            Pretrial Preparation due:                          04-07-21
            Motions In Limine / Objections to Evidence:        04-21-21
            Responses to Motions In Limine / Obj. to Evidence: 04-28-21
            Replies due:                                       05-05-21


**EXHIBIT 10 PAGE 1**

OTHER

- All discovery referred to a magistrate judge.

- The parties disagreed as to which standard protective order form may be submitted in this action. The Court indicated it will not consider competing protective orders and that the standard order may be sufficient. However, upon further review, the Court will allow the parties to submit either the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets or the Stipulated Protective Order for Standard Litigation. The matter of which form is appropriate is dependent upon, inter alia, the nature of the information sought to be protected. The parties shall meet and confer in good faith, without unnecessary controversy, regarding which form is to be used. Any modifications to the form must be identified for the Court's review.

- Discovery for both cases is consolidated.

- The Court's view is that there should be a single trial. Therefore, the parties shall meet and confer, and no later than 45 days prior to the law and motion cut off date, and preferably earlier, the parties shall submit a proposed stipulation and order to consolidate the cases for all purposes.

- Defendants in C 19-8171 SBA confirm that they are withdrawing their pending Anti-SLAPP motion. Therefore, Docket 46 in C 19-8171 SBA shall be terminated. Defendants' renewed motion is to be filed by no later than today, May 6, 2020. The opposition shall be filed on May 29, 2020, and the reply shall be filed by June 12, 2020. The motion shall be noticed for hearing on July 8, 2020 at 2:00 p.m. Pursuant to Civil Local Rule 7-1(b), the motion may be resolved without a hearing.


cc: Mag Ref Clk

2

**EXHIBIT 10 PAGE 2**

# EXHIBIT 11

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT GRIFFITH COLLABORATIVE
SOLUTIONS, LLC,

        Plaintiff.

        v.

FALCK NORTHERN CALIFORNIA
CORP., et al.,

        Defendants.

CARE AMBULANCE SERVICE, INC., et
al.,

        Plaintiffs.

        v.

SCOTT GRIFFITH COLLABORATIVE
SOLUTIONS, LLC,

        Defendant.

Case No. 19-cv-06104-SBA (JCS)
Related Case No. 19-cv-8171-SBA (JCS)

**NOTICE OF REFERENCE AND
ORDER RE DISCOVERY
PROCEDURES**

TO ALL PARTIES AND COUNSEL OF RECORD:

      The above matter has been referred to the undersigned for all discovery matters. Please be advised that if a specific motion was filed before the District Court prior to this referral, the noticed date may no longer be in effect. All hearing dates are subject to the availability of the Court's calendar. Please contact the Courtroom Deputy, Karen Hom, at (415) 522-2035, to confirm or, if necessary, reschedule a hearing date. Regardless of whether the Court reschedules a hearing date, all opposition and reply papers shall be timely filed according to the originally noticed hearing date, pursuant to Civil L. R. 7-3.

**LAW AND MOTION PROCEDURES**

**EXHIBIT 11 PAGE 1**

Civil law and motion is heard on Friday mornings at 9:30 a.m., in Courtroom F, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California.

In the event a **discovery dispute** arises, IT IS HEREBY ORDERED that before filing any discovery motion before this Court, the parties must comply with the following:

1. Lead trial counsel for both parties must meet and confer **by video conference** regarding the matter(s) at issue. This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful. Once those efforts have proved unsuccessful, any party may demand a meeting of lead trial counsel to resolve a discovery matter. Such a meeting shall occur within ten (10) calendar days of the demand.

2. Within five (5) calendar days of the in-person meeting between lead trial counsel referred to above, the parties shall jointly file a detailed letter with the Court, not to exceed five (5) pages without leave of Court, which will include the matters that remain in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue.

3. After the Court has received the joint letter, the Court will determine what future proceedings, if any, are necessary.

In the event that the parties continue to be unable to resolve the matters regarding the timing and scope of discovery, the Court will consider what future actions are necessary. These actions may include the following: (1) sanctions against a party failing to cooperate in the discovery process and meet and confer in good faith, as required by this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court; and/or (2) requiring the Chief Executive Officers of each party to attend the meet-and-confer sessions described above. The Court is not entering either of these matters as an Order of the Court at this time, and fully expects counsel to meet their obligations under this Order and under the Local Rules.

A party or counsel has a continuing duty to supplement the initial disclosure when required under Fed. R. Civ. P. 26(e)(1).

Law and motion matters may be submitted without argument upon stipulation of the parties

2

**EXHIBIT 11 PAGE 2**

United States District Court
Northern District of California

United States District Court
Northern District of California

and notification of the Court no later than 4:30 p.m. the day before the hearing. Pursuant to Civil L. R. 7-7(e), filed motions may be withdrawn without leave of the Court, within seven (7) days of the date for service of the opposition. Thereafter, leave of the Court must be sought.

All filings of documents relating to motions referred to the undersigned shall list the civil case number and the district court judge's initials followed by the designation "(JCS)".

## ELECTRONIC FILING AND COURTESY COPIES

Please refer to Civil L. R. 5-1 (e) and General Order No. 45 for the Northern District of California for information relating to electronic filing procedures and requirements. All documents shall be filed in compliance with the Civil Local Rules. Documents not filed in compliance with those rules will not be considered by the Court.

The failure of counsel or a party to abide by this Order may result in sanctions pursuant to Fed. R. Civ. P. 16(f).

Pursuant to General Order 72-2 all local rules requiring that a courtesy copy be provided to the chambers of the assigned judge are suspended pending further notice.

IT IS SO ORDERED.

Dated: May 12, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge

3

**EXHIBIT 11 PAGE 3**

# EXHIBIT 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT GRIFFITH COLLABORATIVE
SOLUTIONS, LLC,

        Plaintiff.

        v.

FALCK NORTHERN CALIFORNIA
CORP., et al.,

        Defendants.

CARE AMBULANCE SERVICE, INC., et
al.,

        Plaintiffs.

        v.

SCOTT GRIFFITH COLLABORATIVE
SOLUTIONS, LLC,

        Defendant.

Case No. 19-cv-06104-SBA (JCS)
Related Case No. 19-cv-8171-SBA (JCS)

**NOTICE OF REFERENCE AND
ORDER RE DISCOVERY
PROCEDURES**

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter has been referred to the undersigned for all discovery matters. Please be advised that if a specific motion was filed before the District Court prior to this referral, the noticed date may no longer be in effect. All hearing dates are subject to the availability of the Court's calendar. Please contact the Courtroom Deputy, Karen Hom, at (415) 522-2035, to confirm or, if necessary, reschedule a hearing date. Regardless of whether the Court reschedules a hearing date, all opposition and reply papers shall be timely filed according to the originally noticed hearing date, pursuant to Civil L. R. 7-3.

**LAW AND MOTION PROCEDURES**

United States District Court
Northern District of California

**EXHIBIT 12 PAGE 1**

Civil law and motion is heard on Friday mornings at 9:30 a.m., in Courtroom F, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California.

In the event a **discovery dispute** arises, IT IS HEREBY ORDERED that before filing any discovery motion before this Court, the parties must comply with the following:

1.      Lead trial counsel for both parties must meet and confer **by video conference** regarding the matter(s) at issue.  This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful.  Once those efforts have proved unsuccessful, any party may demand a meeting of lead trial counsel to resolve a discovery matter.  Such a meeting shall occur within ten (10) calendar days of the demand.

2.      Within five (5) calendar days of the in-person meeting between lead trial counsel referred to above, the parties shall jointly file a detailed letter with the Court, not to exceed five (5) pages without leave of Court, which will include the matters that remain in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue.

3.      After the Court has received the joint letter, the Court will determine what future proceedings, if any, are necessary.

In the event that the parties continue to be unable to resolve the matters regarding the timing and scope of discovery, the Court will consider what future actions are necessary.  These actions may include the following: (1) sanctions against a party failing to cooperate in the discovery process and meet and confer in good faith, as required by this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court; and/or (2) requiring the Chief Executive Officers of each party to attend the meet-and-confer sessions described above.  The Court is not entering either of these matters as an Order of the Court at this time, and fully expects counsel to meet their obligations under this Order and under the Local Rules.

A party or counsel has a continuing duty to supplement the initial disclosure when required under Fed. R. Civ. P. 26(e)(1).

Law and motion matters may be submitted without argument upon stipulation of the parties

2

**EXHIBIT 12 PAGE 2**

United States District Court
Northern District of California

United States District Court
Northern District of California

and notification of the Court no later than 4:30 p.m. the day before the hearing. Pursuant to Civil L. R. 7-7(e), filed motions may be withdrawn without leave of the Court, within seven (7) days of the date for service of the opposition. Thereafter, leave of the Court must be sought.

All filings of documents relating to motions referred to the undersigned shall list the civil case number and the district court judge's initials followed by the designation "(JCS)".

## ELECTRONIC FILING AND COURTESY COPIES

Please refer to Civil L. R. 5-1 (e) and General Order No. 45 for the Northern District of California for information relating to electronic filing procedures and requirements. All documents shall be filed in compliance with the Civil Local Rules. Documents not filed in compliance with those rules will not be considered by the Court.

The failure of counsel or a party to abide by this Order may result in sanctions pursuant to Fed. R. Civ. P. 16(f).

Pursuant to General Order 72-2 all local rules requiring that a courtesy copy be provided to the chambers of the assigned judge are suspended pending further notice.

IT IS SO ORDERED.

Dated: May 12, 2020

_____

JOSEPH C. SPERO
Chief Magistrate Judge

3

**EXHIBIT 12 PAGE 3**

# EXHIBIT 13



**FAISAL M. ZUBAIRI**
**Partner**
**(714) 800-1461**
**FAX (714) 464-5353**
**zubairi.faisal@dorsey.com**

June 9, 2020

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Hillary A. Brooks                          Ryan Tyz
Delfina S. Homen                           Sean Apple
BROOKS QUINN, LLC                          TYZ LAW GROUP PC
6513 132nd Avenue NE, Suite 378            4 Embarcadero Center, 14th Floor
Kirkland, WA 98033                         San Francisco, CA 94111

**Re:**    ***Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC,***
       **Case No. 4:19-cv-08171-SBA and** ***Scott Griffith Collaborative Solutions, LLC v.***
       ***Falck Northern California Corp.***, **et al., Case No. 4:19-cv-06104-SBA**

Dear Counsel:

As you know, we represent, Plaintiffs Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, the "Falck Parties") in relation to Case No. 4:19-cv-08171-SBA, which was filed against your client Scott Griffith Collaborative Solutions, LLC dba SG Collaborative Solutions, LLC ("SG Collaborative"). We also represent Care, Falck and FNC as defendants in relation to the lawsuit filed by SG Collaborative, which is currently pending 4:19-cv-06104-SBA.

We are writing to meet and confer regarding SG Collaborative's delinquent responses to the identical Requests for Production of Documents (Set One) that were served by the Falck Parties in relation to both actions (collectively the "Requests"), pursuant to Rule 34 of the Federal Rules of Procedure, on January 27, 2020, and in order to schedule required SG Collaborative depositions in compliance with N.D. Cal. Local Rule 30-1. As was set forth in the Requests, Rule 34 provides that the responses were due within 30 days of service. After accounting for the stay of the above-referenced actions, which was in place from January 29, 2020 to May 6, 2020, the responses were due on June 3, 2020. It is now more than thirty (30) days after the stay was lifted, and an entire week has passed since the responses were first due.

There is no excuse for SG Collaborative's complete disregard of its discovery obligations under the Federal Rules. SG Collaborative cannot continue to assert claims that lack evidentiary support, while at the same time withholding documents that are detrimental to the viability of its claims. While SG Collaborative has entirely ignored its discovery obligations under the Federal Rules, it continues to engage in further frivolous motion practice.

SG Collaborative's failure to respond within the timeframe provided for by Rule 34 constitutes a waiver of its objections. *See Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992); *SEC v. Rothenberg* No. 18-cv-05080, 2019 U.S. Dist. LEXIS

**EXHIBIT 13 PAGE 1**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 9, 2020
Page 2

78868, at *2-3 (N.D. Cal. May 9, 2019).  Please advise in writing as to whether SG Collaborative will accordingly agree to produce all responsive documents by Friday June 12, 2020.  In the event that SG Collaborative is unwilling to do so, we are hereby request you to provide dates and times on which you are available to telephonically meet and confer regarding the same this week so that we can hopefully avoid any further unnecessary motion practice.

We are also, by way of this letter, seeking to meet and confer regarding the scheduling of your client's party witness depositions in compliance with N.D. Cal Local Rule 30-1.  Please provide us with dates in August and September on which the witnesses identified in your initial disclosures (Mr. K. Scott Griffith, Mr. Michael J. Coffin, and Mr. John Paul LeSage) are available to appear in person for their depositions in the Northern District of California.  We believe that, for everyone's convenience, it would be best to proceed by scheduling all of the depositions to take place in a single week. We would welcome the opportunity to also meet and confer regarding the same in more detail telephonically if needed, but, regardless, are asking that you at least provide us with available dates by this Friday.

Sincerely,

DORSEY & WHITNEY LLP

Faisal M. Zubairi
Partner

cc: Kent Schmidt
Navdeep Singh

4849-9301-5999\1

**EXHIBIT 13 PAGE 2**

# EXHIBIT 14



SEAN APPLE
4 Embarcadero Center
Floor 1400
San Francisco, CA  94111
(415) 766-3144
sapple@tyzlaw.com

June 11, 2020

**VIA EMAIL (zubairi.faisal@dorsey.com; schmidt.kent@dorsey.com; singh.navdeep@dorsey.com)**

Faisal Zubairi, Kent Jeffrey Schmidt, and Navdeep K. Singh
Dorsey & Whitney LLP
600 Anton Boulevard, Ste. 2000
Costa Mesa, CA 92626

**Re:    June 9, 2020 Letter re: *Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC*, Case No. 4:19-cv-08171-SBA and *Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al.*, Case No. 4:19-cv-06104-SBA**

Dear Counsel:

I am writing in response to your June 9, 2020 letter.  In that letter, the Falck Parties assert that SG Collaborative Solutions' responses to the Falck Parties' Requests for Production of Documents (Set One) were due on June 3 and that SG Collaborative Solutions failed to timely serve its responses.  Both assertions are incorrect.

First, the Falck Parties' asserted deadline of June 3 does not account for service by mail. There is currently no agreement for electronic service.[1]  The email sent by Mr. Singh on January 27, 2020 admitted that the electronic copies attached to that email were "courtesy copies" and that "[s]ervice copies by mail" would follow.  Thus, service of the discovery requests by mail extended the response deadline by three days per Fed. R. Civ. P. 6(d) and the deadline to respond was on Monday, June 8—the next court day after Saturday, June 6.

Second, SG Collaborative Solutions timely served its responses on June 8.  For your convenience, a courtesy copy of the responses served by mail on June 8 are attached.  SG Collaborative does not agree that its objections are waived, nor can it agree to produce all responsive documents by June 12 on this basis.  As the written responses make clear, we will begin producing documents on a rolling basis once a protective order is entered.

Your letter also requests that SG Collaborative Solutions provide dates that Messrs. Griffith, Coffin, and LeSage are available to appear for in-person depositions in the

---

[1] On January 8, 2020, counsel for SG Collaborative proposed an agreement to allow electronic service during the parties' Rule 26(f) conference.  Counsel for the Falck Parties indicated that they would not agree to electronic service at that time.  This is the only time the parties have discussed electronic service.

**EXHIBIT 14 PAGE 1**

June 11, 2020                                                                                Page 2 of 2

Northern District of California.  We will look into your request and get back to you after we have had a chance to confer with our client.


                                        Sincerely,

                                        Sean K. Apple


**EXHIBIT 14 PAGE 2**

Hillary A. Brooks (*admitted pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (*admitted pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FALCK NORTHERN CALIFORNIA CORP., CARE AMBULANCE SERVICE, INC., and FALCK USA, INC.,<br><br>Defendants. | Case No: 4:19-cv-06104-SBA<br><br>Related to: 4:19-cv-08171-SBA<br><br>**SG COLLABORATIVE SOLUTIONS' OBJECTIONS AND RESPOSNES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

SGCS'S RESPONSES TO DEFENDANTS' RFPs
(SET ONE)                                              CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 14 PAGE 3**

Plaintiff Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC ("Plaintiff") responds as follows to Defendants' Falck Northern California Corp. ("FNC"), Care Ambulance Service, Inc. ("Care"), and Falck USA, Inc. ("FUSA") (collectively, "Defendants") Requests for Production of Documents (Set One).

### GENERAL OBJECTIONS

1. Plaintiff objects to the Requests to the extent they seek information protected by privilege, such as attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.

2. Plaintiff objects to the Requests to the extent they seek to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding.

3. Plaintiff objects to the Requests to the extent that they seek documents from Plaintiff's customers, which are not parties to this suit, and that therefore the Requests are little more than a fishing expedition, imposed merely for purposes of harassment.

4. Plaintiff objects to the Requests to the extent that they seek information pertaining to claims or defenses that are not properly before this Court and that are therefore irrelevant, unduly burdensome, oppressive, disproportional to the needs of the case, and imposed merely for purposes of harassment.

5. Plaintiff objects to the Requests to the extent they seek information that is not in Plaintiff's care, custody, or control.

6. Plaintiff objects to the Requests to the extent they seek publicly available information, or information which is otherwise equally available to Defendants.

7. Plaintiff objects to the Requests to the extent they are overly broad, whether as to

**EXHIBIT 14 PAGE 4**

an absence of temporal or geographical limitation, overly inclusive, cumulative, unreasonably duplicative, unduly burdensome, oppressive, vague, ambiguous, irrelevant to the present action, and/or disproportional to the needs of the case.

8. Plaintiff objects to the Requests to the extent they seek expert opinion testimony or call for legal conclusions, legal analysis, and/or trial theories.

9. Plaintiff objects to the Requests (including discrete subparts) to the extent they exceed the maximum number and/or type of requests permissible under the Federal Rules of Civil Procedure, the Local Rules, and/or other rules or standing orders applicable to this case.

10. Plaintiff objects to the Requests to the extent they seek production of information prohibited from disclosure by federal statutory and/or regulatory requirements, state privacy laws, and any other provision of law.

11. Plaintiff objects to general instructions which are not set forth in a given request.

12. Plaintiff expressly reserves the right to raise objections in the future and/or to object to further discovery requests related to the subjects of any of the Requests.

13. Plaintiff's responses reflect Plaintiff's present knowledge and are subject to modification based upon further information.

14. Plaintiff reserves the right to supplement these responses.

### OBJECTIONS TO DEFENDANTS' DEFINITIONS

15. Plaintiff objects to Defendants' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as overly broad, unduly burdensome, and disproportional to the needs of the case. Plaintiff further objects to Defendants' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as attempting to impose burdens on Plaintiff greatly in excess of those permitted under Fed. R. Civ. P. 34. Plaintiff further objects to Defendants' definition of

"DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" to the extent that, with regard to seeking production of ESI, the definitions result in requests that are not reasonably targeted, clear, or as specific as practicable, in violation of Guideline 1.03 of the Court's *Guidelines for the Discovery of Electronically Stored Information*.

16.     In addition to the specific definitions objected to above, Plaintiff generally objects to Defendants' definitions to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, or seek to alter the requirements outlined in the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, and to the extent that they are vague and/or ambiguous.

**RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

PLAINTIFF'S certificate of formation and company agreement, including any amendments or supplements thereto or restatements thereof.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendant. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing.

To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 2:**

A current list of the full names and last known address of all of PLAINTIFF'S past and present members (i.e., the list required to be maintained under Section 101.501 of the Texas Business Organizations Code).

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and agreements regarding PLAINITFF'S corporate organizational structure, including documents concerning Michael J. Coffin's and Paul LeSage's ownership or

SGCS'S RESPONSES TO DEFENDANTS' RFPs
(SET ONE)                                    2                    CASE NO. 4:19-cv-06104-SBA
**EXHIBIT 14 PAGE 7**

membership interests in Plaintiff.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order

**REQUEST FOR PRODUCTION NO. 4:**

All communications regarding PLAINTIFF'S corporate organizational structure, including communications concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Plaintiff.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects

to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 3.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between PLAINTIFF, on the one hand, and one or more of the DEFENDANTS, on the other hand.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between PLAINITFF and any third party concerning any or all of the DEFENDANTS' use of any of Plaintiffs alleged confidential and proprietary information, trademarks, or copyrights.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between PLAINTIFF and AMR concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Plaintiff further objects to this request to the extent that it seeks

communications that are not relevant to any properly brought claim or defense in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 6.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS exchanged between PLAINTIFF and AMR concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to

any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts or agreements between PLAINTIFF and AMR.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between PLAINTIFF and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS exchanged between PLAINTIFF and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 7 & 10.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between PLAINTIFF and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS exchanged between PLAINTIFF and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 12.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between PLAINTIFF and any of the DEFENDANTS' third-party government regulators, including Alameda County, Los Angeles County, and/or Orange County.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "DEFENDANTS' third-party government regulators" is not a defined phrase, making the request as written vague and ambiguous; for the purpose of attempting to answer this request in good faith, Plaintiff interprets this phrase to mean Alameda, Los Angeles, and Orange County regulators. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Plaintiff and third parties known only to Defendants. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between PLAINTIFF and any of the DEFENDANTS' actual or potential third-party contract partners, including the City of Colorado Springs.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "DEFENDANTS' actual or potential third-party contract partners" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff interprets this phrase to mean the City of Colorado Springs.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Plaintiff and third parties known only to Defendants.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of

harassment and burden.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 16:**

All contracts or agreements between PLAINTIFF and any third party concerning the licensing, copying, display, reproduction, or use of any of Plaintiffs alleged confidential and proprietary information, trademarks, or copyrights, including, but not limited to, the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged confidential and proprietary information" is not a defined phrase, making the request as written vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**EXHIBIT 14 PAGE 18**

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning the alleged registration of PLAINTIFF'S copyright in the Collaborative Just Culture Systems and Behaviors Response Guide, including the underlying application for U.S. Copyright Reg. No. VA0001919579, copies of any work or works deposited in connection therewith, and any related correspondence and communications with the United States Copyright Office.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that there is no "alleged registration," there is a registration, Reg. No. VA0001919579, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff interprets the phrase to mean Reg. No. VA0001919579. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks information which was previously in Plaintiff's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS regarding the value of the publication rights to the Collaborative Just

Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Plaintiff is unable to make a good faith attempt to respond. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

**RESPONSE:**

Plaintiff relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Plaintiff is unable to make a good faith attempt to respond. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent

that it is cumulative and unreasonably duplicative of Request No. 18.

**RESPONSE:**

Plaintiff relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning PLAINTIFF'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

**RESPONSE:**

Plaintiff relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS concerning PLAINTIFF'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 20.

**RESPONSE:**

Plaintiff relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS concerning PLAINTIFF'S selection, adoption, and clearance of the SGCS MARKS, including, but not limited to, searches, investigations, reports, and opinions.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS concerning the duration, extent, and geographic reach of PLAINTIFF'S Advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS concerning the duration, extent, and geographic reach of PLAINTIFF'S advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 23.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS referring or relating to PLAINTIFF'S plans for marketing and promoting its products and services under the SGCS MARKS in the United States, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal

limitation.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS referring or relating to PLAINTIFF'S plans for marketing and promoting its products and services using the Collaborative Just Culture Systems and Behaviors Response Guide, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing PLAINTIFF'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS evidencing PLAINTIFF'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 27.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 29:**

All documents evidencing PLAINTIFF'S use of the Collaborative Just Culture Systems

and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS evidencing PLAINTIFF'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 29.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS concerning the amount, volume, and extent of PLAINTIFF'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS concerning the amount, volume, and extent of PLAINTIFF'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request

to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 31.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 33:**

All contracts or agreements between PLAINTIFF and any third party concerning the licensing, copying, display, reproduction, or use of any of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and Plaintiff or attorney work product doctrine, and/or other evidentiary privilege or immunity.   Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.   Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.    Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing PLAINTIFF'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 33.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS evidencing PLAINTIFF'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of

confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation.   Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 33-34.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS evidencing PLAINTIFF'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such

documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS evidencing PLAINTIFF'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 36.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that Plaintiff charges in exchange for providing any goods or services under the SGCS MARKS in the United States, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-

client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that Plaintiff charges in exchange for use of the Collaborative Just Culture Systems and Behaviors Response Guide, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

SGCS'S RESPONSES TO DEFENDANTS' RFPs
(SET ONE)                    28                    CASE NO. 4:19-cv-06104-SBA
**EXHIBIT 14 PAGE 33**

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and/or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including documents regarding how and when the document was created, when it was first published, and when it first became available online.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information which was previously in Plaintiff's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including communications regarding how and when the document was created, when it was first published, and when it first became available online.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information which was previously in Plaintiff's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 40.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 42:**

All market research, including customer surveys, customer reviews, and expert reports, demonstrating that consumers have come to identify PLAINTIFF as the source of products and services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-

client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be provided at the appropriate time.

**REQUEST FOR PRODUCTION NO. 43:**

All media reports relating to, referring to, or otherwise mentioning PLAINTIFF and any goods or services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "media reports" is not a defined phrase, making the request as written vague and ambiguous and Plaintiff is unable to make a good faith attempt to respond.  Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.  Plaintiff further objects to this request to the extent

SGCS'S RESPONSES TO DEFENDANTS' RFPs
(SET ONE)                                        31                          CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 14 PAGE 36**

that it seeks publicly available information which is equally available to Defendants.

**RESPONSE:**

Plaintiff relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS from any trademark and/or copyright disputes between PLAINTIFF and any third party relating in any way to the SGCS MARKS and/or the Collaborative Just Culture Systems and 2 Behaviors Response Guide, including without limitation civil litigation, administrative proceedings, alternative dispute resolution such as arbitration or mediation, or demands to cease and desist.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS reflecting any instances of actual confusion between PLAINTIFF, the SGCS MARKS, or Plaintiffs goods or services, on the one hand, and one or more of the DEFENDANTS, their marks, and/or their goods or services, on the other hand, including but not

limited to any inquiries as to whether the goods offered in connection with the SGCS Marks are associated with, sponsored by, or in any manner connected to Defendants, or vice versa.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS reviewed, exchanged with, sent to, or relied upon by any expert designated to testify or provide expert opinions in this case, including experts designated to testify or provide expert opinions on PLAINTIFF'S claims or defenses in this action.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations

on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be provided at the appropriate time.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 47.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request

**EXHIBIT 14 PAGE 40**

to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 49.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS concerning PLAINTIFF'S financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS concerning PLAINTIFF'S financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 51.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff

further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff

**EXHIBIT 14 PAGE 45**

further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 53.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS concerning the residence of the PLAINTIFF'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or

any other rules applicable to this proceeding.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.   Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing.  To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS concerning the residence of the PLAINTIFF'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage.  Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to

the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 55.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS concerning the residence of any of PLAINTIFF'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith,

Michael J. Coffin, and John P. LeSage. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 55-56.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS concerning the residence of any of PLAINTIFF'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative

and unreasonably duplicative of Request Nos. 55-57.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS concerning or relating to any reimbursement, payment, or indemnification of costs, attorney's fees or fees of any other kind being incurred by PLAINTIFF as a result of prosecuting this ACTION.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request as beyond the scope of permissible discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS concerning or relating to any reimbursement, payment or indemnification of costs, attorney's fees or fees of any other kind being incurred by Plaintiff as a

result of prosecuting this ACTION.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request as beyond the scope of permissible discovery.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 59.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff's investigation into this matter is ongoing.  To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

Dated: _June 8, 2020                                Respectfully submitted,

                                                             */s/ Hillary A. Brooks*
                                                             Hillary A. Brooks

                                                             Attorney for SCOTT GRIFFITH
                                                             COLLABORATIVE SOLUTIONS, LLC
                                                             d/b/a SG Collaborative Solutions, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 8, 2020, via U.S. Mail to counsel of record for Plaintiffs, by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

Faisal M. Zubairi, Kent Jeffrey Schmidt, & Navdeep K. Singh
Dorsey & Whitney LLP
600 Anton Boulevard, Ste. 2000
Costa Mesa, CA 92626

J. Michael Keyes
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043

Brian E. Mason & J. Brian Vanderwoude
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201

*/s/ Delfina S. Homen*
Delfina S. Homen

Attorney for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

SGCS'S RESPONSES TO DEFENDANTS' RFPS
(SET ONE)                                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 14 PAGE 53**

Hillary A. Brooks (admitted *pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (admitted *pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG
Collaborative Solutions, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CARE AMBULANCE SERVICE, INC., FALCK USA, INC., FALCK NORTHERN CALIFORNIA CORP., and FALCK ROCKY MOUNTAIN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC, <br><br> Defendant. | Case No: 4:19-cv-08171-SBA <br><br> Related to: 4:19-cv-06104-SBA <br><br> **SG COLLABORATIVE SOLUTIONS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

SGCS'S RESPONSES TO PLAINTIFFS' RFPS
(SET ONE)                                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 14 PAGE 54**

Defendant Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC ("Defendant") responds as follows to Plaintiffs' Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("FUSA"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, "Plaintiffs") Requests for Production of Documents (Set One).

## GENERAL OBJECTIONS

1.      Defendant objects to the Requests to the extent they seek information protected by privilege, such as attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.

2.      Defendant objects to the Requests to the extent they seek to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding.

3.      Defendant objects to the Requests to the extent that they seek documents from Defendant's customers, which are not parties to this suit, and that therefore the Requests are little more than a fishing expedition, imposed merely for purposes of harassment.

4.      Defendant objects to the Requests to the extent that they seek information pertaining to claims or defenses that are not properly before this Court and that are therefore irrelevant, unduly burdensome, oppressive, disproportional to the needs of the case, and imposed merely for purposes of harassment.

5.      Defendant objects to the Requests to the extent they seek information that is not in Defendant's care, custody, or control.

6.      Defendant objects to the Requests to the extent they seek publicly available information, or information which is otherwise equally available to Plaintiffs.

7.      Defendant objects to the Requests to the extent they are overly broad, whether as

to an absence of temporal or geographical limitation, overly inclusive, cumulative, unreasonably duplicative, unduly burdensome, oppressive, vague, ambiguous, irrelevant to the present action, and/or disproportional to the needs of the case.

8.   Defendant objects to the Requests to the extent they seek expert opinion testimony or call for legal conclusions, legal analysis, and/or trial theories.

9.   Defendant objects to the Requests (including discrete subparts) to the extent they exceed the maximum number and/or type of requests permissible under the Federal Rules of Civil Procedure, the Local Rules, and/or other rules or standing orders applicable to this case.

10.   Defendant objects to the Requests to the extent they seek production of information prohibited from disclosure by federal statutory and/or regulatory requirements, state privacy laws, and any other provision of law.

11.   Defendant objects to general instructions which are not set forth in a given request.

12.   Defendant expressly reserves the right to raise objections in the future and/or to object to further discovery requests related to the subjects of any of the Requests.

13.   Defendant's responses reflect Defendant's present knowledge and are subject to modification based upon further information.

14.   Defendant reserves the right to supplement these responses.

**OBJECTIONS TO PLAINTIFFS' DEFINITIONS**

15.   Defendant objects to Plaintiffs' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as overly broad, unduly burdensome, and disproportional to the needs of the case.  Defendant further objects to Plaintiffs' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as attempting to impose burdens on Defendant greatly in excess of those permitted under Fed. R. Civ. P. 34.  Defendant further objects to Plaintiffs' definition of

"DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" to the extent that, with regard to seeking production of ESI, the definitions result in requests that are not reasonably targeted, clear, or as specific as practicable, in violation of Guideline 1.03 of the Court's *Guidelines for the Discovery of Electronically Stored Information*.

16.     Defendant objects to Plaintiffs' definition of "SGCS MARKS" because there are no claims in this suit relating to the marks identified in the definition, such that the definition is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this case, and is not tailored to seeking discovery of documents relevant to any of the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

17.     In addition to the specific definitions objected to above, Defendant generally objects to Plaintiffs' definitions to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, or seek to alter the requirements outlined in the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, and to the extent that they are vague and/or ambiguous.

**RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

DEFENDANT'S certificate of formation and company agreement, including any amendments or supplements thereto or restatements thereof.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not

relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 2:**

A current list of the full names and last known address of all of DEFENDANT'S past and present members (i.e., the list required to be maintained under Section 101.501 of the Texas Business Organizations Code).

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs.  Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing.

To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and agreements regarding DEFENDANT'S corporate organizational structure, including documents concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS regarding DEFENDANT'S corporate organizational structure, including communications concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant.

**EXHIBIT 14 PAGE 59**

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 3.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between DEFENDANT, on the one hand, and one or more of the PLAINTIFFS, on the other hand.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.

**EXHIBIT 14 PAGE 60**

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between DEFENDANT and any third party concerning any or all of the PLAINTIFFS' use of any of DEFENDANT'S alleged confidential and proprietary information, trademarks, or copyrights.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between DEFENDANT and AMR concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claim or defense in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 6.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS exchanged between DEFENDANT and AMR concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it is overly broad, unduly burdensome,

oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts or agreements between DEFENDANT and AMR.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in

SGCS'S RESPONSES TO PLAINTIFFS' RFPs
(SET ONE)                                    8                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 14 PAGE 63**

this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between DEFENDANT and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or

defenses.    Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS exchanged between DEFENDANT and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 7 & 10.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between DEFENDANT and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS exchanged between DEFENDANT and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks documents that are not relevant

to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 12.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between DEFENDANT and any of the PLAINTIFFS' third-party government regulators, including Alameda County, Los Angeles County, and/or Orange County.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "PLAINTIFFS' third-party government regulators" is not a defined phrase, making the request as written vague and ambiguous; for the purpose of attempting to answer this request in good faith, Defendant interprets this phrase to mean Alameda, Los Angeles, and Orange County regulators. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant

further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Defendant and third parties known only to Plaintiffs. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between DEFENDANT and any of the PLAINTIFFS' actual or potential third-party contract partners, including the City of Colorado Springs.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "PLAINTIFFS' actual or potential third-party contract partners" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant interprets this phrase to mean the City of Colorado Springs.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional

to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Defendant and third parties known only to Plaintiffs. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 16:**

All contracts or agreements between DEFENDANT and any third party concerning the licensing, copying, display, reproduction, or use of any of DEFENDANT'S alleged confidential and proprietary information, trademarks, or copyrights, including, but not limited to, the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged confidential and proprietary information" is not a defined phrase, making the request as written vague and ambiguous. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such

documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning the alleged registration of DEFENDANT'S copyright in the Collaborative Just Culture Systems and Behaviors Response Guide, including the underlying application for U.S. Copyright Reg. No. VA0001919579, copies of any work or works deposited in connection therewith, and any related correspondence and communications with the United States Copyright Office.

**OBJECTIONS:**

Defendant objects to this request to the extent that there is no "alleged registration," there is a registration, Reg. No. VA0001919579, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant interprets the phrase to mean Reg. No. VA0001919579. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's

care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Defendant is unable to make a good faith attempt to respond. Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "publication rights" is not a

defined phrase, making the request as written vague and ambiguous and Defendant is unable to make a good faith attempt to respond.  Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 18.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning DEFENDANT'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible

evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS concerning DEFENDANT'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of

this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 20.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS concerning DEFENDANT'S selection, adoption, and clearance of the SGCS MARKS, including, but not limited to, searches, investigations, reports, and opinions.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**EXHIBIT 14 PAGE 74**

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS concerning the duration, extent, and geographic reach of DEFENDANT'S advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

SGCS'S RESPONSES TO PLAINTIFFS' RFPs
(SET ONE)                                  20                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 14 PAGE 75**

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS concerning the duration, extent, and geographic reach of DEFENDANT'S advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 23.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS referring or relating to DEFENDANT'S plans for marketing and promoting its products and services under the SGCS MARKS in the United States, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS referring or relating to DEFENDANT'S plans for marketing and promoting its products and services using the Collaborative Just Culture Systems and Behaviors Response Guide, including, but not limited  to marketing  plans, advertising  plans, strategic business plans, and market research.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.    Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing DEFENDANT'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by

**EXHIBIT 14 PAGE 78**

attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS evidencing DEFENDANT'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this

proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 27.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS evidencing DEFENDANT'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome,

oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS evidencing DEFENDANT'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking

communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 29.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS concerning the amount, volume, and extent of DEFENDANT'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition,

imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS concerning the amount, volume, and extent of DEFENDANT'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 31.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 33:**

All contracts or agreements between DEFENDANT and any third party concerning the licensing, copying, display, reproduction, or use of any of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.


**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing DEFENDANT'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of

confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 33.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS evidencing DEFENDANT'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in

**EXHIBIT 14 PAGE 85**

this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation.   Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 33-34.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 36:**

All   DOCUMENTS evidencing DEFENDANT'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or

is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS evidencing DEFENDANT'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly

burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 36.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that DEFENDANT charges in exchange for providing any goods or services under the SGCS MARKS in the United States, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent

that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that DEFENDANT charges in exchange for use of the Collaborative Just Culture Systems and Behaviors Response Guide, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.   Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.   Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little

more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and/or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including documents regarding how and when the document was created, when it was first published, and when it first became available online.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including communications regarding how and when the communication took place, when it was first published, and when it first became available online.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications between Defendant and parties known only to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 40.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 42:**

All market research, including customer surveys, customer reviews, and expert reports, demonstrating that consumers have come to identify DEFENDANT as the source of products and services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 43:**

All media reports relating to, referring to, or otherwise mentioning DEFENDANT as the source of the products, goods or services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "media reports" is not a defined phrase, making the request as written vague and ambiguous. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS from any trademark and/or copyright disputes between DEFENDANT and any third party relating in any way to the SGCS MARKS and/or the Collaborative Just Culture Systems and Behaviors Response Guide, including without limitation civil litigation, administrative proceedings, alternative dispute resolution such as arbitration or mediation, or demands to cease and desist.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by

attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS reflecting any instances of actual confusion between DEFENDANT, the SGCS MARKS, or Defendant's goods or services, on the one hand, and one or more of the PLAINTIFFS' marks, and/or their goods or services, on the other hand, including but not limited to any inquiries as to whether the goods offered in connection with the SGCS MARKS are associated with sponsored by, or in any manner connected to Plaintiffs, or vice versa.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request

to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS reviewed, exchanged with, sent to, or relied upon by any expert designated to testify or provide expert opinions in this case, including experts designated to testify or provide expert opinions on DEFENDANT'S claims or defenses in this action.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other

rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be provided at the appropriate time.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 47.

**RESPONSE:**

Defendant relies on the foregoing objections.


**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request

to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 49.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS concerning DEFENDANTS' financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an

appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS concerning DEFENDANT'S financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking

"all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 51.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or

defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of

confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 53.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS concerning the residence of the DEFENDANT'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS concerning the residence of the DEFENDANT'S alleged

members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 55.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS concerning the residence of any of DEFENDANT'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any

limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 55-56.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS concerning the residence of any of DEFENDANT'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or

defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 55-57.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS concerning or relating to any reimbursement, payment, or indemnification of costs, attorney's fees or fees of any other kind being incurred by DEFENDANT as a result of defending this ACTION.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request

to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request as beyond the scope of permissible discovery.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such documents will be produced on a rolling basis following entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS concerning or relating to any reimbursement, payment or indemnification of costs, attorney's fees or fees of any other kind being incurred by DEFENDANT as a result of defending this ACTION.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request as beyond the scope of permissible discovery.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 59.

**RESPONSE:**

Subject to the foregoing objections, Defendant's investigation into this matter is ongoing. To the extent relevant, responsive, non-privileged documents are identified, if any, such

documents will be produced on a rolling basis following entry of an appropriate protective order.

Dated: June 8, 2020                              Respectfully submitted,

                                                 */s/ Hillary A. Brooks*
                                                 Hillary A. Brooks

                                                 Attorney for SCOTT GRIFFITH
                                                 COLLABORATIVE SOLUTIONS, LLC
                                                 d/b/a SG Collaborative Solutions, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 8, 2020, via U.S. Mail to counsel of record for Plaintiffs, by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

Faisal M. Zubairi, Kent Jeffrey Schmidt, & Navdeep K. Singh
Dorsey & Whitney LLP
600 Anton Boulevard, Ste. 2000
Costa Mesa, CA 92626

J. Michael Keyes
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043

Brian E. Mason & J. Brian Vanderwoude
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201

/s/ Delfina S. Homen
Delfina S. Homen

Attorney for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

SGCS'S RESPONSES TO PLAINTIFFS' RFPs
(SET ONE)                                CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 14 PAGE 111**

# EXHIBIT 15



**FAISAL M. ZUBAIRI**
**Partner**
**(714) 800-1461**
**FAX (714) 464-5353**
**zubairi.faisal@dorsey.com**

June 26, 2020

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Hillary A. Brooks                          Ryan Tyz
Delfina S. Homen                         Sean Apple
BROOKS QUINN, LLC                  TYZ LAW GROUP PC
6513 132nd Avenue NE, Suite 378   4 Embarcadero Center, 14th Floor
Kirkland, WA 98033                       San Francisco, CA 94111

**Re:    *Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC*,
Case No. 4:19-cv-08171-SBA and *Scott Griffith Collaborative Solutions, LLC v.
Falck Northern California Corp.*, et al., Case No. 4:19-cv-06104-SBA**

Dear Counsel:

As you know, we represent Plaintiffs Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, the "Falck Parties") in relation to Case No. 4:19-cv-08171-SBA, which was filed against your client Scott Griffith Collaborative Solutions, LLC dba SG Collaborative Solutions, LLC ("SGC"). We also represent Care, Falck and FNC as defendants in relation to the lawsuit filed by SGC, which is currently pending as case No. 4:19-cv-06104-SBA. We are writing to meet and confer regarding SGC's delinquent, belatedly served, and deficient objections and responses to the identical Requests for Production of Documents (Set One) that were served by the Falck Parties in relation to both actions (collectively the "Requests"). We are also again seeking to meet and confer to schedule the SGC depositions in compliance with N.D. Cal. Local Rule 30-1.

First, while Mr. Apple's June 11, 2020 letter claims that the responses to the Requests (hereinafter "Responses") were served on June 8, 2020, they were actually not received by my office until June 12, 2020. The Responses were accordingly only received after our June 9, 2020 meet and confer letter was actually in your possession, and, unlike all prior exchanges of discovery materials between the parties so far (including, for example, initial disclosures and our Requests), we did not also receive an email copy. Since your office is no longer willing to grant us the courtesy of email copies, we will also not plan to do so going forward.

Regardless of the apparent untimeliness of the Responses, as explained below, the responses are replete with inapplicable objections and fail to comply with Rule 34(b)(2)(B)-(C) of the Federal Rules of Civil Procedure, which requires the responding party to clearly state what material it is agreeing to produce in response to each request. Specifically, while the Responses seek to create the impression that SGC is agreeing to produce documents, the qualifications included reveal that SGC is actually not committing to produce any documents whatsoever. Rather than state it will produce "all responsive documents" or "all responsive, non-privileged

**EXHIBIT 15 PAGE 1**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 2

documents" that are in its possession, custody or control, SGC responds that "*[t]o the extent relevant*, responsive, non-privileged documents are identified, *if any*, such document will be produced on a rolling basis …." This response does not comply with Federal Rule 34(b)(2)(B)-(C), which requires SGC to either state that it will produce the documents as requested (*i.e.*, that it will produce all responsive or all responsive, non-privileged documents), and to state with specificity any documents that are being withheld pursuant to its objections. SGC's evasive and non-compliant responses do not enable a determination as to whether any documents will be produced. And, as explained herein below, its objections are without merit and do not provide a sufficient basis to withhold documents since all of the Requests seek information that is relevant to the parties' claims and defenses and proportional to the needs of this case.

SGC must therefore supplement its responses to comply with Rule 34 by indicating whether it: will produce all responsive documents or all responsive, non-privileged documents that are in its possession, custody or control as required by Rule 34(b)(2)(B); and to clarify whether or not it is actually planning to withhold documents on the basis of any objection, including by specifying what subset of material is or is not being produced as required by Rule 34(b)(2)(C). *See Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798, 2016 U.S. Dist. LEXIS 58820, at *10-11 (N.D. Cal. May 3, 2016) ("The 2015 amendments to Rule 34 were intended to 'end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections' . . . . ***Here, Plaintiff's responses render it impossible to determine the extent of Plaintiff's production and whether Plaintiff has withheld documents responsive to any portions of the RFPs***.") (emphasis added); *Kornhauser v. United States*, No. 14-cv-05610, 2016 U.S. Dist. LEXIS 2485, at *10 (N.D. Cal. Jan. 8, 2016) ("If there are responsive documents that are withheld due to their privileged or protected status, they should be adequately described in compliance with the provisions of Rule 26(b)(5) and the basis for withholding provided."); *Yates v. W. Contra Costa Unified Sch. Dist.*, No. 16-cv-01077, 2017 U.S. Dist. LEXIS 73801, at *5-6 (N.D. Cal. May 15, 2017) (recognizing that Rule 34 "requires Plaintiff either to object to the request with specificity (i.e., state the basis for his objection) and indicate whether he is withholding any documents based on his objection, or to state he will allow inspection or produce responsive documents. Fed. R. Civ. P. 34(b). To the extent Plaintiff has not complied with his obligations under Rule 34 obligation, he shall do so.").

Moreover, as explained herein below, the definitions do not seek to impose any burden that exceeds the Federal Rules, Local Rules or the Court's guidelines. All of the requests seek information that is relevant to the parties' claims or defenses in compliance with Fed R. Civ. P. 26(b)(1), which are proportional to the needs of this case, and the objections are for the most part inapplicable and (even assuming they apply) do not provide an excuse to withhold rule-compliant responses and production.

**EXHIBIT 15 PAGE 2**

**DORSEY™**
always ahead

Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 3

Preliminarily, SGC's general objections are insufficient and its objections to the definitions are without merit.  It is well-settled that general objections are not sustainable unless set forth with specificity as to each request.  *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, No. 07-cv-03952, 2008 U.S. Dist. LEXIS 116789, at \*4-5 (N.D. Cal. July 15, 2008) ("Grounds for objection to discovery requests must be stated with specificity as to each request."); *Song v. Drenberg*, No.18-cv-06283, 2019 U.S. Dist. LEXIS 177358, at \*6 (N.D. Cal. Oct. 11, 2019) (objections, pursuant to Rule 34, must be stated with specificity).  Moreover, the Falck Parties' definitions of the terms "DOCUMENT(S)" and "COMMUNICATION(S)" are proper. The definitions are consistent with Rule 34, which provides for the production of "any designated documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."  If SGC contends that any of the specifically listed items within the definitions of the terms "DOCUMENT(S)" and "COMMUNICATION(S)" fall outside of Rule 34, and is seeking to withhold responsive material on that basis, it must specify which specific items it contends are not covered by Rule 34 and will not be produced.  It is improper to otherwise withhold documents based on this blanket objection.  *See Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, No. 11-cv-3471, 2016 U.S. Dist. LEXIS 8952, at \*16 (E.D. Cal. Jan. 26, 2016) ("The alleged overbreadth of th[e] definition is not apparent from the definition itself, and so without any argument to explain why it is overbroad, this objection will be overruled."); *Laufman v. Oakley Bldg. & Loan Co.*, 72 F.R.D. 116, 122 (S.D. Ohio. 1976) (observing that broad definition of term "documents" is permissible to insure that all discoverable material is provided).

And, as set forth in more detail below, each of the individual requests seek information that is directly relevant to the parties' claims and defenses and all requests are proportional to the needs of this case.  *See* Fed. R. Civ. P. 26(b)(1).

Request Nos. 1-4 and 55-58 seek information that is relevant to the parties' claims and defenses.  The Falck Parties have asserted diversity jurisdiction.  *See* Case No. 4:19-cv-08171-SBA, at Dkt. No. 11: First Amended Complaint ("FAC") ¶8.  SGC's original motion to dismiss argued that there was no diversity because Mr. Coffin is a resident of California.  However, SGC stopped short of declaring Mr. Coffin was actually a member of SGC, instead merely declaring that he was an officer, which is insufficient to defeat diversity.  *See* Case No. 4:19-cv-08171-SBA, Dkt. No. 6, pp. 18-19.  Realizing that the residence of a mere officer is not sufficient, SGC then revised its position to say that he was a member.  *See* Case No. 4:19-cv-08171-SBA, Dkt. No. 18, pp. 4-5.  Publically available information, which is limited to Texas Franchise Tax Public Information Reports from 2014-2018, does not list Mr. Coffin as a member, and the report for the year 2018 merely lists him as a "Director."  *See* Case No.  4:19-cv-08171-SBA, Dkt. Nos. 23-5; 23-6, 23-7, 23-8, 23-9.  These requests, which ask for the certificate of formation and company agreements/amendments, a full list of past and present members as required to be maintained (but not filed with the Secretary of State) by Section 101.501 of the Texas Business Organizations

**EXHIBIT 15 PAGE 3**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 4


Code, documents concerning the various interests in SGC and relevant communications, and documents regarding the residence of its members accordingly seek information regarding his alleged membership and corporate structure beyond what is publically available. SGC's objections that the requests seek information that is not relevant or equally available to the Falck Parties are therefore without merit. SGC's objections that certain of the requests (Nos. 2, 3 and 4) are burdensome, oppressive and disproportional to the needs of this proceeding, when, in fact, they are specifically tailored to test the veracity of its diversity defense, therefore also lack merit. SGC has put the specific information requested at issue, and cannot stand behind its inapplicable objections to obstruct such relevant discovery. Finally, the fact that SGC may have had communications with counsel regarding the documents requested does not render such documents privileged. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Request Nos. 5 and 6 also seek information that is relevant to the claims and defenses. A central issue in this dispute is the scope of the relationship and agreement between SGC and the Falck Parties.  Request No. 5 accordingly seeks communications between the Falck Parties and SGC, and Request No. 6 seeks communication between SGC and third parties concerning the Falck Parties' use of its allegedly confidential and proprietary information, trademarks, and copyrights.  SGC has disavowed the existence of an agreement allowing for the use of its materials (*See* Case No.  4:19-cv-08171-SBA, Dkt. No. 1 ("SGC Compl." ¶¶24, 30-32)), and has therefore put these communications at issue.  The requests are also equally relevant to the Falck Parties' breach of contract, declaratory relief, libel, disparagement and interference claims, as the documents requested will confirm that SGC in fact had an agreement allowing for the use of, and encouraged the use of its materials (FAC, ¶¶11-20), but then falsely disclaimed the existence of any such agreement.  FAC, ¶¶21-28.  SGC's objections to these Requests on the grounds that the they are burdensome, oppressive and disproportionate with respect to subject matter is without merit because the subject matter of this action is the scope of the parties relationship and the allowable scope of use of SGC's purported intellectual property.  SGC's complaint about the temporal scope of these requests is also without merit, because the requests obviously seek documents since the commencement of its relationship with the Falck Parties in 2015 through the present.  SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody, or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Requests Nos. 7-11, which seek documents and communications exchanged between SGC and AMR relating to the Falck Parties, SGC's allegedly protected Collaborative Just Culture Behaviors and Systems Response Guide (the "Guide"), and contracts between AMR and SGC are relevant because SGC has placed its relationship with AMR squarely at the center of this

**EXHIBIT 15 PAGE 4**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 5


dispute. SGC seeks to disavow the agreement allowing for the use of its materials, and claims that the Falck Parties utilized the guide "in order to falsely claim equivalency with an[other] SGCS client in" Alameda County, and since FNC was selected over its other client, it has lost revenues provided for by the pre-existing contract with its other customer. SGC Comp. ¶¶ 36-38. SGC never complained about the use of its materials, and, in fact, encouraged the use of its materials until FRM was selected to negotiate an emergency medical service agreement with the City of Colorado Springs to the exclusion of its other client in 2019. On the heels of FRM's selection in Colorado Springs, more than a year after FNC's selection by Alameda County, SGC issued a September 10, 2019 letter, which asserts various false claims against the Falck Parties. SGC admits it issued the letter, but claims that it is not the one who sent the letter to the media in Colorado Springs. SGC Comp., ¶ 49. SGC has, however, admitted to providing the letter to its other customer (Case No. 19-cv-08171, Dkt No. 46-1: Coffin Dec. ¶ 7), and the news outlet referenced by way of its complaint reports that the letter was provided by AMR. FAC, Ex. D. Colorado Springs terminated negotiations with FRM in the wake of the publication of the letter, and subsequently entered into an agreement with AMR. In fact, SGC seeks to defend against the Falck Parties' disparagement, libel and interference claims, which are predicated on the false allegations included in the letter, on the grounds that it's other customer (AMR) is the one who published the allegations. See 4:19-cv-08171-SBA, Doc. No. 65, pp. 9-10. Despite closely collaborating with AMR in order to sabotage FRM's agreement and the Falck Parties' other business relationships, SGC alleges that its other client (referring to AMR), has lost multiple bids to Falck, and, as a result, it has lost sales and stands to lose the customer altogether. SGC Comp.¶ 58. SGC's objections that the requests are overly burdensome, oppressive and disproportional to the needs of this case are without merit. Requests Nos. 7, 8, 10, and 11 are narrowly tailored and seek correspondence regarding the specific subject matter at issue in this dispute, namely communications and documents exchanged by SGC with AMR regarding the Falck Parties and the Guide. Request No. 9 more specifically also seeks the agreements between SGC and AMR, and is highly relevant to SGC's claim that it has lost revenues in relation to its agreement with AMR (SGC Comp. ¶¶36-38), and because the agreement will likely show that AMR actually had no more rights than the Falck Parties to use SGC's materials. SGC has put its relationship with AMR at issue in this dispute, and cannot, on the one hand, predicate its claims on that relationship, while, on the other hand, seek to withhold the documents necessary to prove or disprove its existence or scope. SGC's complaint about the temporal scope of these requests is also without merit, because the requests for documents and communications concerning the Falck Parties (Nos. 7 and 8) obviously seek documents since the commencement of that relationship in 2015 through the present, and the timeframe of this dispute is otherwise related to SGC's alleged intellectual property rights that it claims commenced as of its first use in 2013 through the present, which is accordingly the timeframe that applies to Request Nos. 9-11. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).


**EXHIBIT 15 PAGE 5**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 6

Requests Nos. 12-13, which seek documents and communications exchanged between SGC and various media outlets regarding the Falck Parties are also relevant to the parties' claims and defenses. Specifically, while SGC acknowledges that its disparaging statements were published by the media, it claims that it is not the one who sent the letter to the media in Colorado Springs. SGC Comp.¶ 49. In fact, SGC seeks to defend against the Falck Parties' breach of contract, disparagement, libel and interference claims, which are predicated on the false allegations included in the letter, on the grounds that its other customer (AMR) is the one who published the allegations. *See* Case No. 4:19-cv-08171-SBA, Doc. No. 65, pp. 9-10. SGC, however, does not dispute that it issued a follow-on statement to the media confirming its letter. Case No. 19-cv-08171, Dkt. No. 46-1: Coffin Dec. ¶ 8. SGC's correspondence with the media regarding the Falck Parties is therefore relevant to the veracity of its own allegations, as well as, to the Falck Parties' breach of contract, disparagement, libel and interference claims. SGC's objections that the requests are overly burdensome, oppressive and disproportional to the needs of this case are without merit. SGC cannot, on the one hand, claim that it did not send the disparaging statements to the media, but, on the other hand, block the Falck Parties' efforts to examine its actual communications about them to the media. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Request Nos. 14 and 15, which seek communications and documents exchanged between SGC and the Falck Parties' government regulators and potential other customers, also seek information that is highly relevant to the parties' claims and defenses. SGC's complaint is predicated upon its misinterpretation of an excerpt of a RFP response bid that was submitted to one of the Falck Parties' government regulators and third party contract partners, Alameda County. *See* Case No. 4:19-cv-06104-SBA at Dkt. No. 45, SGC Compl. ¶36. SGC's trademark, copyright and unfair competition claims are all predicated on its apparent misinterpretation of an excerpt of FNC's RFP Response in Alameda County, but SGC has otherwise refused to disclose the circumstances surrounding its receipt of such information. The false statements in SGC's September 10, 2019 letter, which is referenced at paragraphs 44 and 49 of its complaint and seek to disavow its contractual obligations, have also been used to interfere with the Falck Parties' existing and impending emergency medical service agreements with its government regulators and third party customers. FAC ¶28. The documents requested are therefore relevant to both the Falck Parties' defenses to SGC's affirmative claims, as well as, to the Falck Parties' own affirmative claims. SGC's objections that the requests are overly burdensome, oppressive and disproportional to the needs of this case are without merit. SGC's complaint about the temporal scope of these requests is also without merit, because the requests obviously seek documents since the commencement of its relationship with the Falck Parties in 2015 through the present. SGC's responses to request No. 14 fails to specify what documents, if any, will actually will be produced, and its response to No. 15, which merely states "none," fails to clarify whether it has

**EXHIBIT 15 PAGE 6**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 7


no responsive documents or whether it is refusing to produce such documents. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, or to state that it has no such documents and explain why (*i.e.*, whether they were destroyed or do not exist in the first place). *See E.D.C. Techs., Inc. v. Seidel*, No. 16-cv-03316, 2017 U.S. Dist. LEXIS 133440, at *4-5 (N.D. Cal. Aug. 21, 2017) ("If Responding Parties had possession, custody, or control of responsive documents at one time, but contend that they no longer have possession, custody, or control of them, they must provide a verified statement that explains the circumstances and approximate date of their loss of possession, custody, or control to the best of Responding Parties' knowledge."). And, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Request No. 16, which asks for agreements between SGC and any third parties allowing for the use of the material, including the subject Guide, and Request Nos. 18 and 19, which ask for documents and communications regarding the publication value of its Guide, are directly relevant to SGC's claim that it has suffered damages as a result of the Falck Parties' allegedly unauthorized use of the Guide. The requests are not vague and ambiguous. SGC's allegedly confidential and proprietary information refers to the subject Guide, as set forth in Request No. 16, as well as, its alleged trademarks and copyrights. The request therefore asks for agreements between SGC and third parties allowing for the use of its Guide, its alleged trademarks, and its allegedly copyrighted material, all of which SGC claims was improperly utilized the Falck Parties, when, in fact, there was an agreement allowing for the use of such materials. The publication value in request Nos. 18 and 19 obviously refers to the price SGC normally charges for the use of the Guide. SGC cannot, on the one hand claim that it has suffered millions in actual damages in pursuit of a claim for more than $93 million (Case No. 19-cv-6104-SBA, Dkt No. 67 at pg. 7), and claim that it earns millions in subscriptions, but then refuse to produce any documents sufficient to allow the Falck Parties to test the veracity of its claims. The documents requested are all directly relevant to SGC's damages claims. The requests are not burdensome, oppressive, or disproportionate to the needs of this case, especially, where, as here, SGC is seeking in excess of $93 million. Request No. 16 for third party agreements allowing for the use of its mark are also relevant to SGC's false equivalency claim, and will demonstrate whether any of SGC's other customers in fact had greater rights than the Falck Parties to use its materials. Nor is SGC's objection that the request seeks confidential, proprietary or trade secret information sufficient to overcome its production obligation, where, as here, the documents requested are central to its claims. *See Valdez v. Travelers Indem. Co.*, No. 12-cv-04307, 2013 U.S. Dist. LEXIS 109154, at *19 (N.D. Cal. Aug. 2, 2013) (requiring production of financial information over objections, where, as here, it is relevant to the claims at issue); *Realtek Semiconductor Corp. v. LSI Corp.*, No. 14-mc-80197, 2014 U.S. Dist. LEXIS 123503, at *6-7 (N.D. Cal. Sept. 3, 2014) (requiring production of the relevant confidential information, where, as here, the material would be treated in compliance with the protective order); *Vieste, LLC v. Hill Redwood Dev.*, No. 09-cv-04024, 2011 U.S. Dist. LEXIS 29137, at *8 (N.D. Cal. March 9, 2011) (recognizing that a party's interest in

**EXHIBIT 15 PAGE 7**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 8

confidentiality can be addressed via a protective order and is therefore not a basis to withhold production).  In fact, in its most recent Case Management Statement, SGC agreed that "[a]ny confidential information produced prior the entry of a protective order will be subject to the Northern District of California model protective order."  *See* Case 4:19-cv-06104-SBA, Dkt. No. 67, p. 6.  The Falck Parties are amenable to such treatment, and, in an effort to facilitate the prompt production of these essential materials, will stipulate the entry of the Northern District's standard model form or protective order.  SGC therefore cannot hide behind its confidentiality objections in order to avoid producing relevant information.  SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Request No. 17 seeks documents "concerning the alleged registration of SGC's copyright in the … [Guide], including the underlying application for U.S. Copyright Reg. No. VA0001919579, copies of any work or works deposited in connection therewith, and any related correspondence and communications with the United States Copyright Office."  This request seeks information that is directly relevant to SGC's copyright infringement claim.  SGC Comp. ¶¶ 60-69 (alleging that the Falck Parties' used the Guide in violation of SGC's alleged Copyright Registration No. VA0001919579).  The request is therefore directly relevant to SGC's copyright infringement claim, and to the Falck Parties' defenses to the same, which include, but are not limited to, its failure to register a copyright in the subject work, non-infringement of the subject copyright, and the invalid or enforceable nature of its copyright, as well as, to the Falck Parties' copyright invalidation claim.  SGC's objection that the request is vague and ambiguous because it asks about its "alleged registration" is without merit, because, as acknowledged by its response, it is obvious that the request refers to its alleged Copyright Registration No. VA0001919579.  Moreover, as it turns out, the Guide that SGC claims was copied in violation of its copyright did not even exist at the time of its alleged copyright registration and bears no resemblance to the certified deposit copy of the material that was submitted in connection with the same.  SGC seeks to explain away the discrepancy by blaming its attorney (Case No. 4:19-cv-6104-SBA, Doc. 43-2: Griffith Dec. ¶10), and therefore cannot rely upon and has waived the attorney-client privilege with respect to its claim.  *See Apple v. Samsung*, 306 F.R.D. 234, 241-42 (N.D. Cal. 2015) (finding that defendant waived attorney-client privilege where it placed subject-matter of documents directly at issue); *Handgards, Inc. v. Johnson & Johnson*, 413 F. Supp. 926, 929 (N.D. Cal. 1976) (holding that the "deliberate injection of the advice of counsel into a case waives" the privilege).  Despite SGC's attempt to claim that it may no longer have such documents because of the passage of time, it is well-settled that the documents if still in the possession of its counsel are within its possession, custody or control.  *See Panasonic v. Sharp (In re Cathode Ray Tube Antitrust Litig.)*, No. 07-cv-05944, 2014 U.S. Dist. LEXIS 194174, at *171 (N.D. Cal. Nov. 13, 2014); *Ashman v. Solectron Corp.*, No. 08-cv-01430, 2009 U.S. Dist. LEXIS 57040, at *12 (N.D. Cal. June 12, 2009) ("documents in the possession of a party's **current or former counsel** are deemed to be within that party's 'possession, custody or control'") (emphasis added).  Moreover, to the extent that it

EXHIBIT 15 PAGE 8



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 9

once had such responsive documents, but no longer does, SGC must explain why that is the case. *See E.D.C. Techs., supra,* 2017 U.S. Dist. LEXIS 133440, at *4-5. SGC's objection that the request seeks public information that is equally available to the Falck Parties is similarly without merit because the request is not limited to only documents on file with the US Copyright Office. SGC was in possession of the documents on file with the US Copyright Office, was keenly aware that its alleged registration did not cover the material that it claims was copied in violation of the same, and nevertheless hid that information form the Court. SGC cannot now continue to withhold the balance of the materials that are required to explore the veracity of its copyright claim. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Requests 20-21, which seek information regarding SGC's attempted registration of its alleged trademarks, are directly relevant to its trademark infringement and unfair competition claims. The USPTO rejected SGC's purported Collaborative Just Culture and Collaborative Culture of Safety marks on the grounds that the marks were merely descriptive and not distinctive, whereupon the application was abandoned. *See, e.g.*, *Home Decor Ctr., Inc. v. Google, Inc.*, No. 12-cv-5706, 2013 U.S. Dist. LEXIS 185298, at *12 (C.D. Cal. May 9, 2013) (recognizing the USPTO's rejection of a trademark application as "persuasive authority indicating that the mark is not protectable"). As such, the requests are directly relevant to SGC's trademark infringement claims, and to the Falck Parties' defenses to the same. SGC's objections that the requests seek public information that is equally available to the Falck Parties is without merit because the requests seek all documents concerning the alleged registration, and is not limited to only documents on file with the USPTO. In an effort to create plausible deniability regarding the lack of evidentiary support for its claims, SGC has indicated that it was not aware of the rejection of its alleged marks by the USPTO until after it filed this action. *See* Case No., 4:19-cv-06104-SBA Doc. No. 34, p. 19. As with its copyright claim, SGC once again seeks to blame its failure in relation to the trademarks on its prior counsel, suggesting that its counsel never communicated the existence of the USPTO's office action, and has therefore waived the attorney-client privilege with respect to any communications with its counsel related to the same. *See Apple, supra*, 306 F.R.D. at 241-42; *Handgards, Inc., supra*, 413 F. Supp. at 929. Even assuming that SGC had not so waived the privilege, it is nevertheless required to produce all responsive, non-privileged documents regardless of its other objections. SGC also cannot escape its production obligation with respect to such documents based on the objection that it no longer has such documents because it is well-settled that the documents if still in the possession of its counsel are within its possession, custody or control. *See Panasonic, supra*, 2014 U.S. Dist. LEXIS 194174, at *171; *Ashman, supra*, 2009 U.S. Dist. LEXIS 57040. Moreover, to the extent that it once had such responsive documents, but no longer does, SGC must explain why that is the case. *See E.D.C. Techs., supra,* 2017 U.S. Dist. LEXIS 133440, at *4-5. SGC is the one seeking to pursue claims for infringement of its purported marks that were rejected by the USPTO, so cannot legitimately

**EXHIBIT 15 PAGE 9**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 10

claim that the request for documents related to the validity of its of its alleged marks (or lack thereof) is unduly burdensome, oppressive or disproportional to the needs of this case. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Request No. 22 again seeks materials that are directly relevant to the validity of SGC's purported trademarks.  The USPTO refused to register SGC's alleged marks on the grounds that they are merely descriptive and not distinctive.  As a result, any documents revealing research or investigations that SGC conducted in formulating the purported marks would shed light on their validity, or the lack thereof.  The request therefore seeks information that is directly relevant to SGC's trademark infringement claim, as well as, to the Falck Parties' defenses to the same.  SGC has, as explained in relation to Request Nos. 20-21, waived the privilege with respect to its attempted registration and can therefore not withhold the relevant responsive documents sought by way of this request on the basis of the attorney-client privilege, and is in any event required to produce all responsive, non-privileged documents regardless of its other objections.  SGC also cannot escape its production obligation with respect to such documents based on the objection that it no longer has such documents because it is well-settled that the documents if still in the possession of its counsel are within its possession, custody or control.  Moreover, to the extent that it once had such responsive documents, but no longer does, SGC must explain why that is the case.  *See E.D.C. Techs., supra,* 2017 U.S. Dist. LEXIS 133440, at *4-5.  SGC is the one seeking to pursue claims for infringement of its purported marks that were rejected by the USPTO, so cannot legitimately claim that the request for documents related to the validity of its alleged marks (or lack thereof) is unduly burdensome, oppressive or disproportional to the needs of this case.  Nor can SGC withhold such relevant materials based on its objection that the request seeks confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered.  *See, e.g.*, *Valdez, supra*, 2013 U.S. Dist. LEXIS 109154, at *19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at *6-7, *Vieste, supra*, 2011 U.S. Dist. LEXIS 29137, at *8.  SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Request Nos. 23-26 and 42-43 ask for documents regarding SGC's use and reach of its alleged marks, and its related marketing plans.  The USPTO refused to register the purported mark on the grounds that the term is merely descriptive and not distinctive.  SGC, however, contends that its marks are enforceable despite the USPTO's rejection because it has acquired common law rights.  As such, the information sought by these requests is directly relevant to

**EXHIBIT 15 PAGE 10**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 11

SGC's trademark infringement claim, as well as, to the Falck Parties' defenses to the same. SGC has, as explained in relation to Request Nos. 20-21, waived the privilege with respect to its attempted registration and can therefore not withhold the relevant responsive documents sought by way of this request on the basis of the attorney-client privilege, and is in any event required to produce all responsive, non-privileged documents regardless of its other objections. SGC is the one seeking to pursue claims for infringement of its purported marks that were rejected by the USPTO, so cannot legitimately claim that the request for documents related to the validity of its alleged marks (or lack thereof) is unduly burdensome, oppressive or disproportional to the needs of this case. SGC's objection regarding the temporal scope of these requests is also without merit, because the requests regarding the validity of its intellectual property rights obviously seek material from its alleged first use in 2013 through the present. The requests do not implicate any confidential, proprietary or trade secret information. Nor can SGC withhold such relevant materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered. If SGC is seeking to withhold any responsive documents based on its objection that they are no longer in its possession, custody or control, it should be noted that any such documents within the possession of its current or prior counsel are indeed within its possession, custody or control, and must be produced. And to the extent that such documents are actually no longer in its possession, custody or control, SGC must specify the documents and explain why. *See E.D.C. Techs., supra,* 2017 U.S. Dist. LEXIS 133440, at *4-5. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, or to specifically identify the subset of documents that it no longer has and explain why (*i.e.*, whether they were destroyed or do not exist in the first place). And, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Requests Nos. 27-30 seek information regarding SGC's use of its alleged marks and the Guide in relation to the emergency medical response industry. These requests are directly relevant to SGC's claim regarding the revenues that it allegedly generates from the industry, and, in particular, its claim that it lost revenue because one of its other clients was not selected in Alameda County, and that its reputation in the industry otherwise suffered. SGC Comp. ¶¶ 13, 58. SGC cannot, on the one hand claim that it has suffered millions in actual damages in pursuit of a claim for more than $93 million (Case No. 19-cv-6104-SBA, Dkt No. 67 at pg. 7), and claim that it earns millions in subscriptions, but then refuse to produce any documents sufficient to allow the Falck Parties to test the veracity of its claims. The requests are not burdensome, oppressive, or disproportionate to the needs of this case, especially, where, as here, SGC is seeking in excess of $93 million. SGC's objection regarding the temporal scope of these requests is also without merit, because the requests regarding the validity of its intellectual property rights obviously seek material from its alleged first use in 2013 through the present. Nor can SGC withhold such

**EXHIBIT 15 PAGE 11**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 12

relevant materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered. SGC's responses to these requests, which merely states "none," is insufficient as it leaves the Falck Parties guessing as to whether it has no responsive documents or whether it is refusing to produce such documents. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, or to state that it has no such documents and explain why (*i.e.*, whether they were destroyed or do not exist in the first place). *See E.D.C. Techs., supra,* 2017 U.S. Dist. LEXIS 133440, at *4-5. And, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Requests Nos. 31-32 seek information regarding the amount, volume and extent of sales attributable to SGC's marks. These requests are directly relevant to the viability of the marks, as well as, the damages that SGC is seeking in relation to the same. While SGC claims that it has suffered millions in actual damages, and is seeking more than $93 million by way of this action, the amounts claimed have no relationship to what it actually charged for its materials, and public information suggests that its total annual revenues (both including and excluding from its alleged SGSC marks) are less than $1 million annually. The requests are not burdensome, oppressive, or disproportionate to the needs of this case, especially, where, as here, SGC is seeking in excess of $93 million. SGC's objection regarding the temporal scope of these requests is also without merit, because the requests obviously cover the time period form its alleged first use in 2013 through the present. Nor can SGC withhold such relevant materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered. *See, e.g., Valdez, supra*, 2013 U.S. Dist. LEXIS 109154, at *19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at *6-7, *Vieste, supra*, 2011 U.S. Dist. LEXIS 29137, at *8. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Requests Nos. 33-35 seek information regarding SGC's licensing and/or contracts/agreements allowing third-parties, including EMS providers, to use its purported marks. These requests are relevant to SGC's use and control over third-party usage of its purported marks, the scope of its rights therein, and channels of trade, classes of customers, purchasing conditions, coexistence of similar marks, and its enforcement and policing efforts as to the marks. This information is directly relevant to SGC's trademark infringement and unfair competition claims, as well as, the Falck Parties' defenses to the same. *See Johnston Pump/General Valve*

**EXHIBIT 15 PAGE 12**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 13

*Inc. v. Chromalloy American Corp.,* 10 USPQ2d 1671, 1675 (T.T.A.B. 1988) (licensing agreements and arrangements between litigant and third parties and amount of sales thereto are relevant); *American Society of Oral Surgeons v. American College of Oral & Maxillofacial Surgeons*, 201 USPQ 531, 533 (T.T.A.B. 1979) (relevant to show admissions against interest, limitations on rights in mark, course of conduct leading to abandonment, that the mark has been carefully policed, etc.).[1]  The documents requested also seek to test the veracity of SGC's damages claims.  For example, SGC claims that it generates millions of dollars in subscriptions and that the Falck Parties' use its Guide and marks has lessened their value (Case No. 19-cv-6104-SBA, Docket No. 35-1: Coffin Dec. ¶ 9, 25), but those claims are inconsistent with what SGC actually charged under the agreement allowing for the use of its materials and are also contradicted by publically reported information, which suggests that SGC earns less than $1 million in annual revenues.  SGC's objection regarding the temporal scope of these requests is also without merit, because the requests obviously cover the time period form its alleged first use in 2013 through the present.  Nor can SGC withhold such relevant materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered.  *See, e.g., Valdez, supra,* 2013 U.S. Dist. LEXIS 109154, at *19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at *6-7, *Vieste, supra*, 2011 U.S. Dist. LEXIS 29137, at *8.  SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Requests Nos. 36-37 and 53-54 seek information regarding SGC's licensing of the Guide to third-party EMS providers, and uses of the Guide by other third parties.  These requests are relevant to SGC's claim that the Falck Parties used the Guide without permission, or that any other customer actually had any greater rights than the Falck Parties to use the Guide, as well as, to SGC's claims about the revenues that it allegedly generates from such third parties.  The question of whether the Guide has been previously published or disseminated is also relevant to establishing whether it is covered by the agreement in the first place.  This information is directly relevant to SGC's infringement and unfair competition claims, as well as, the Falck Parties' defenses to the same. The requests are therefore not burdensome, oppressive, or disproportionate to the needs of this case.  SGC's objection regarding the temporal scope of these requests is also without merit, because the requests obviously cover the time period from the date of it first publication of the Guide through the present.  Nor can SGC withhold such relevant

---

[1] *See also* Trademark Trial and Appeal Board Manual of Procedure 2019 ("TBMP") § 414(9) ("Information concerning a party's awareness of third-party use and/or registration of the same or similar marks for the same or closely related goods or services as an involved mark, is discoverable to the extent that the responding party has actual knowledge thereof (without performing an investigation) and that the information appears to be reasonably calculated to lead to the discovery of admissible evidence.").

**EXHIBIT 15 PAGE 13**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 14

materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered. *See, e.g., Valdez, supra*, 2013 U.S. Dist. LEXIS 109154, at *19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at *6-7, *Vieste, supra,* 2011 U.S. Dist. LEXIS 29137, at *8. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Requests Nos. 38-39 seek information regarding monetary compensation that SGC receives as a result of licensing the use of its purported marks or the Guide to third-parties. These requests are directly relevant to SGC claimed damages in this action, which it asserts is in the millions, despite the fact that its claimed damages have no reasonable relationship to what it actually charged for the materials pursuant to the agreement. SGC cannot, on the one hand claim that it has suffered millions in actual damages in pursuit of a claim for more than $93 million (Case No. 19-cv-6104-SBA, Doc. No. 67 at p. 7), and claim that it earns millions in subscriptions, but then refuse to produce any documents sufficient to allow the Falck Parties to test the veracity of its claims. The requests are not burdensome, oppressive, or disproportionate to the needs of this case, especially, where, as here, SGC is seeking in excess of $93 million. SGC's objection regarding the temporal scope of these requests is also without merit, because the requests obviously cover the time period from the date of it first publication of the Guide through the present. Nor can SGC withhold such relevant materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered. *See, e.g., Valdez, supra*, 2013 U.S. Dist. LEXIS 109154, at *19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at *6-7, *Vieste, supra*, 2011 U.S. Dist. LEXIS 29137, at *8. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Requests Nos. 40-41 seek information regarding the history and various versions of the Guide, including how it was published online. These requests are relevant to SGC's claim that the Guide was used in violation of its copyright, especially in light of the fact that the Guide bears a first publication date of 2015, when, in fact, its copyright was registered in 2014. The request is also relevant to the Falck Parties' defense that the Guide was used in compliance with the agreement, as well as, to their breach of contract claim, since the contract provides that publication of the material by SGC or any other third party exempts it from protection under the

**EXHIBIT 15 PAGE 14**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 15

agreement.  Accordingly, the request is not overly burdensome or disproportionate to the needs of this case.  SGC's objection that the request seeks public information that is equally available to the Falck Parties is similarly without merit because the requests specifically seek documents beyond only documents on file with the US Copyright Office.  SGC's objection regarding the temporal scope of these requests is also without merit, because the requests obviously cover the time period from the date of it first publication of the Guide through the present.  The material requested does not implicate any confidential, proprietary or trade secret information.  Nor can SGC withhold such relevant materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered.  *See, e.g.*, *Valdez, supra*, 2013 U.S. Dist. LEXIS 109154, at *19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at *6-7, *Vieste, supra*, 2011 U.S. Dist. LEXIS 29137, at *8.  SGC must therefore withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Request No. 44 seeks information regarding any other litigation or disputes involving SGC's purported intellectual property at issue.  This request is relevant to SGC's copyright and trademark infringement claims, as well as, to the Falck Parties' defenses to the same.  *See, e.g.*, *J.B. Williams Co. v. Pepsodent GmbH*, 188 USPQ 577, 580-81 (T.T.A.B. 1975) (identity of all civil and USPTO proceedings involving mark is not objectionable); *Johnson & Johnson v. Rexall Drug Co.*, 186 USPQ 167, 172 (TTAB 1975) (contacts with third parties, such as through litigation or agreements, based on pleaded mark for involved goods, are relevant);  *Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*, No. 92-cv-5170, 1994 U.S. Dist. LEXIS 13725, at * 6 (N.D. Ill. Sept. 27, 1994) (information regarding controversies with other parties is relevant to show whether mark-holder adequately policed the mark). The request is not burdensome, oppressive, or disproportionate to the needs of this case, SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Request No. 45, seeks documents regarding any confusion between the Falck Parties and SGC arising out of the Falck Parties' alleged misuse of SGC's alleged marks.  This request is directly relevant to SGC's infringement claims, and, in particular, its claim that the Falck Parties' alleged use of its Guide, which was done in compliance with the agreement, will result in a likelihood of confusion.  *See, e.g.*, SGC Compl., ¶ 84 ("Defendant Falck NorCal's unauthorized use in commerce of the SGCS Marks … is likely to cause confusion among the relevant consuming public."); ¶ 93 ("Defendant Care's and/or Defendant Falck USA's unauthorized use in commerce of the SGCS Marks … is likely to cause confusion among the relevant consuming

**EXHIBIT 15 PAGE 15**

**DORSEY**™
always ahead

Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 16

public."). Accordingly, the request is not burdensome, oppressive, or disproportionate, and is in fact, directly relevant to the needs of this case. The material requested does not implicate any confidential, proprietary or trade secret information. Nor can SGC withhold such relevant materials based on its objection that the request seeks confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered. *See, e.g.*, *Valdez*, *supra*, 2013 U.S. Dist. LEXIS 109154, at \*19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at \*6-7, *Vieste, supra*, 2011 U.S. Dist. LEXIS 29137, at \*8. SGC must therefore withdraw its objections and agree to produce all responsive documents that are in its possession custody of control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Request Nos. 47-50 seeks information regarding the damages SGC claims to have suffered as a result the Falck Parties' alleged misuse of its purported intellectual property. This information is plainly relevant under Fed. R. Civ. P. 26(b)(1); *see also Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939, 2017 U.S. Dist. LEXIS 105394, at \*7 (N.D. Cal. July 7, 2017) (documents relevant to damages must be produced); *Barrous v. BP P.L.C.*, No. 10-cv-02944, 2011 U.S. Dist. LEXIS 42380, at \*10-11 (N.D. Cal. Apr. 14, 2011) (document requests seeking financial records, including accounting records, and income, disbursement, expenses, revenues and sales statements were relevant to plaintiff's extensive damages claim). SGC cannot, on the one hand claim that it has suffered millions in actual damages in pursuit of a claim for more than $93 million (Case No. 19-cv-6104-SBA, Doc. No. 67 at p. 7), and claim that it earns millions in subscriptions, but then refuse to produce any documents sufficient to allow the Falck Parties to test the veracity of its claims. The requests are not burdensome, oppressive, or disproportionate to the needs of this case, especially, where, as here, SGC is seeking in excess of $93 million. Nor can SGC withhold such relevant materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered. *See, e.g.*, *Valdez, supra*, 2013 U.S. Dist. LEXIS 109154, at \*19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at \*6-7, *Vieste, supra*, 2011 U.S. Dist. LEXIS 29137, at \*8. SGC's objection that these requests seek legal conclusions, expert testimony or otherwise violate the Federal Rules are also without merit, as the requests merely seek documents that are kept in the regular course of business, and the fact that such documents may have been provided to counsel or its experts does not make them privileged, but only underscores their relevance. SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

**EXHIBIT 15 PAGE 16**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 17

Request Nos. 51-52 seek SGC's financial statements, revenues, profits and projections. Again, such information is relevant to its damages claim and therefore discoverable.  *See Valdez*, *supra*, 2013 U.S. Dist. LEXIS 109154, at *8 (N.D. Cal. Aug. 2, 2013) ("[B]y claiming 'lost . . . profits,' 'loss of [statutory] benefits,' and 'other consequential damages,' the plaintiffs had 'placed their financial condition at issue" thus making their "financial statements, tax returns," and other "related documents" — such as "profits and loss statements, bank account statements, loan and line of credit statements" — "relevant for purposes of discovery."); *Ajy Int'l, Inc. v. Paldo Co.*, No. 17-cv-00744, 2017 U.S. Dist. LEXIS 131808, at *8-9 (N.D. Cal. Aug. 17, 2017) (finding that "lost-profits allegations make [Plaintiff's] tax returns, bank statements, and balance sheets equally relevant here").[2]  SGC cannot, on the one hand claim that it has suffered millions in actual damages in pursuit of a claim for more than $93 million (Case No. 19-cv-6104-SBA, Doc. No. 67 at p. 7), and claim that it earns millions in subscriptions, but then refuse to produce any documents sufficient to allow the Falck Parties to test the veracity of its claims.  The requests are not burdensome, oppressive, or disproportionate to the needs of this case, especially, where, as here, SGC is seeking in excess of $93 million.  Nor can SGC withhold such relevant materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered.  *See, e.g.*, *Valdez, supra*, 2013 U.S. Dist. LEXIS 109154, at *19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at *6-7, *Vieste, supra*, 2011 U.S. Dist. LEXIS 29137, at *8.  SGC's objection that these requests seek legal conclusions, expert testimony or otherwise violate the Federal Rules are also without merit, as the requests merely seek documents that are kept in the regular course of business, and the fact that such documents may have been provided to counsel or its experts does not make them privileged, but only underscores their relevance.  SGC must accordingly withdraw its objections

---

[2] Similarly, here, SGC has alleged that it lost profits as a result of the Falck Parties' alleged misconduct. *See* Compl., ¶ 18 ("The proprietary, confidential nature of SGCS's copyrighted and trademarked products, including the COLLABORATIVE JUST CULTURE™ SYSTEMS AND BEHAVIORS RESPONSE GUIDE©, is critical to the success of SGCS's business. SGCS realizes gains from the products as well as the accompanying training services SGCS provides in conjunction with its products. Misappropriation of SGCS's products destroys the value of SGCS's products and services, ***damaging SGCS on the level of millions of dollars in lost profits.***") (emphasis added); ¶ 57 ("Thus, while Mr. Hagen, the CEO of Defendant Falck NorCal and Defendant Care, has acknowledged that unauthorized use of SGCS's copyrighted materials and trademarks has occurred in multiple RFPs submitted in California, and has apologized for this behavior and asked what could be done to correct the situation, the involved companies themselves have refused to cease and desist from further unauthorized use of SGCS's materials and marks, ***despite that such use has already led to lost profits for SGCS*** and misinformation being supplied in county bids, and have instead chosen to follow in the Falck Group's company culture of anti-competitiveness by threatening to sue SGCS if it does not acquiesce in "Falck's" demands and allow "Falck" to claim rights in the core of SGCS's business.") (emphasis added).

**EXHIBIT 15 PAGE 17**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 18

and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

Requests Nos. 59-60 seek information regarding any reimbursement, payment of fees or indemnification being provided to SGC for defending/prosecuting these actions.  This information is relevant to SGC's purported request for attorney's fees in relation to its claims (SGC Comp. at p. 24), and in relation to its anti-SLAPP motion (Case No. 19-cv-08171-SBA, Doc. No. 59, p. 22). Accordingly, the documents sought are not beyond "the permissible scope of discovery" and SGC's objections are meritless.  SGC has suggested that the suspicion that it is being reimbursed for its fees is an excuse to expand the scope of relevant discovery (Case No. 19-cv-06104-SBA, Doc. No. 67, p. 9), but now claims that it is not producing documents related to any such arrangement, including on the grounds that the documents requested constitute confidential, proprietary or trade secret information.  SGC has put the material at issue by seeking fees.  SGC cannot accordingly withhold such relevant materials based on its objection that the requests seek confidential, proprietary or trade secret information, especially, where, as here, the Falck Parties are willing to stipulate the Northern District's model form or protective order and are amenable to treatment of the documents in compliance with the same until such time as a protective order is entered.  *See, e.g.*, *Valdez, supra*, 2013 U.S. Dist. LEXIS 109154, at \*19; *Realtek Semiconductor Corp. supra*, 2014 U.S. Dist. LEXIS 123503, at \*6-7, *Vieste, supra*, 2011 U.S. Dist. LEXIS 29137, at \*8.  SGC must accordingly withdraw its objections and agree to produce all responsive documents that are in its possession, custody or control, and, to the extent that it withholds any privileged documents, it must specifically indicate that it is doing so and provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A)(ii).

In addition to the aforementioned deficiencies, and despite not identifying what documents it will actually produce, SGC states that it will produce documents on a "rolling basis."  If SGC is agreeing to produce documents on a rolling basis, it is required to specify date(s) on which it will begin and complete said production(s), but cannot leave the Falck Parties guessing as to whether and when, if at all, it will actually produce any documents.  *See* Advisory Committee Notes to 2015 Rule 34 Amendments ("When it is necessary to make the production in stages the response should specify the beginning and end dates of the production.").  The production should otherwise have been completed on the date specified in the Falck Parties' Requests, and it was not.  *See* Fed. R. Civ. P. 34(b)(2)(B) ("The production must . . . be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.").

Please advise as to whether you will agree to rectify SGC's deficient Responses as requested herein, and whether we can expect to accordingly receive amended responses that comply with Rule 34 and withdraw any inapplicable objections within one week.  If SGC is willing to do so, we would request that SGC also agree to produce all responsive, non-privileged documents and provide a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A)(ii) and

**EXHIBIT 15 PAGE 18**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
June 26, 2020
Page 19

Magistrate Judge Spero's standing order by July 8, 2020, which is 30 days from when you claim the Responses were served.[3]  If SGC fails to respond by indicating whether and to the extent it will agree to rectify its deficient responses within one week, we will have no choice other than to proceed by escalating this matter to Judge Spero in compliance with his Standing Order, and reserve the right to pursue a motion to compel and seek sanctions in connection with the same.

We are also, by way of this letter, once again seeking to meet and confer regarding the scheduling of your client's party witness depositions in compliance with N.D. Cal Local Rule 30-1.  Please provide us with dates in August and September on which the witnesses identified in your initial disclosures (Mr. K. Scott Griffith, Mr. Michael J. Coffin, and Mr. John Paul LeSage) are available to appear in person for their depositions in the Northern District of California.  We believe that, for everyone's convenience, it would be best to proceed by scheduling all of the depositions to take place in a single week.  We would welcome the opportunity to also meet and confer regarding the same in more detail telephonically if needed, but, regardless, are asking that you at least provide us with available dates within one week.

Sincerely,

DORSEY & WHITNEY LLP

Faisal M. Zubairi
Partner

cc: Kent J. Schmidt
     Navdeep K. Singh

---

[3] Judge Spero's standing order requires that "Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege.  *See* Fed. R. Civ. P. 26(b)(5) …. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication, (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication.  Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection."

**EXHIBIT 15 PAGE 19**

# EXHIBIT 16

## Zubairi, Faisal

| | |
|---|---|
| **From:** | Zubairi, Faisal |
| **Sent:** | Friday, July 10, 2020 2:03 PM |
| **To:** | 'delfina@brooksquinn.com'; 'hillary@brooksquinn.com'; 'ryan@tyzlaw.com'; 'sapple@tyzlaw.com' |
| **Cc:** | Schmidt, Kent; Singh, Navdeep; Santos, Maria (Santos.Maria@dorsey.com) |
| **Subject:** | RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |

Dear Counsel,

It has now been two weeks since we sent our detailed meet and confer letter outlining the deficiencies in SG Collaborative's request for production responses in considerable detail, and we have neither received any substantive response to our letter nor any supplemental responses.

Unless supplemental responses that rectify the deficiencies are received via email by Monday, we are hereby demanding a video conference to meet and confer regarding the same in compliance with Judge Spero's Standing Order within 10 calendar days.  Please provide us with dates and times on which you are available for the same. We reserve the right to seek sanctions based on SG Collaborative's failure to comply with its discovery obligations or to engage in the meet & confer process in good faith.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Santos, Maria <Santos.Maria@dorsey.com>
**Sent:** Friday, June 26, 2020 12:11 PM
**To:** 'delfina@brooksquinn.com' <delfina@brooksquinn.com>; 'hillary@brooksquinn.com' <hillary@brooksquinn.com>; 'ryan@tyzlaw.com' <ryan@tyzlaw.com>; 'sapple@tyzlaw.com' <sapple@tyzlaw.com>
**Cc:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

**EXHIBIT 16 PAGE 1**

On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.

Sincerely,

**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**



DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655
**P:** 714.800.1442   **F:** 714.800.1499

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

Please help reduce paper and ink usage. Print only if necessary.

**EXHIBIT 16 PAGE 2**

**Zubairi, Faisal**

| | |
|---|---|
| **From:** | Delfina Homen <delfina@brooksquinn.com> |
| **Sent:** | Friday, July 10, 2020 2:06 PM |
| **To:** | Zubairi, Faisal; Hillary Brooks; ryan@tyzlaw.com; sapple@tyzlaw.com |
| **Cc:** | Schmidt, Kent; Singh, Navdeep; Santos, Maria |
| **Subject:** | [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |

Mr. Zubairi,

We are finalizing a series of documents on this matter that will go out later today.

Thanks,
Delfina



Delfina S. Homen, Partner

6513 132nd Avenue NE #378 Kirkland, Washington 98033
T: (503) 629-1559 • F: (503) 710-9613 • M: (503) 435-8556
www.brooksquinn.com • delfina@brooksquinn.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free since e-mail messages can be intercepted, corrupted, lost, destroyed, arrive late or incomplete. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Friday, July 10, 2020 2:03 PM
**To:** Delfina Homen <delfina@brooksquinn.com>; Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

It has now been two weeks since we sent our detailed meet and confer letter outlining the deficiencies in SG Collaborative's request for production responses in considerable detail, and we have neither received any substantive response to our letter nor any supplemental responses.

1

**EXHIBIT 16 PAGE 3**

Unless supplemental responses that rectify the deficiencies are received via email by Monday, we are hereby demanding a video conference to meet and confer regarding the same in compliance with Judge Spero's Standing Order within 10 calendar days. Please provide us with dates and times on which you are available for the same. We reserve the right to seek sanctions based on SG Collaborative's failure to comply with its discovery obligations or to engage in the meet & confer process in good faith.


Sincerely,


**Faisal M. Zubairi**
Partist

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461    **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Santos, Maria <Santos.Maria@dorsey.com>
**Sent:** Friday, June 26, 2020 12:11 PM
**To:** 'delfina@brooksquinn.com' <delfina@brooksquinn.com>; 'hillary@brooksquinn.com' <hillary@brooksquinn.com>; 'ryan@tyzlaw.com' <ryan@tyzlaw.com>; 'sapple@tyzlaw.com' <sapple@tyzlaw.com>
**Cc:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA


Dear Counsel,


On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.


Sincerely,


**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**




DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655
**P:** 714.800.1442    **F:** 714.800.1499


CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**EXHIBIT 16 PAGE 4**

Please help reduce paper and ink usage. Print only if necessary.

Please help reduce paper and ink usage. Print only if necessary.

**EXHIBIT 16 PAGE 5**

## Zubairi, Faisal

| | |
|---|---|
| **From:** | Zubairi, Faisal |
| **Sent:** | Friday, July 10, 2020 2:11 PM |
| **To:** | 'Delfina Homen'; Hillary Brooks; ryan@tyzlaw.com; sapple@tyzlaw.com |
| **Cc:** | Schmidt, Kent; Singh, Navdeep; Santos, Maria |
| **Subject:** | RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |

Dear Ms. Homen,

The documents without supplemental responses will not be sufficient to address the concerns raised by our letter.  Unless we receive both documents and supplemental responses that rectify the deficiencies, we will still need to proceed with scheduling a video conference.

Sincerely,

**Faisal M. Zubairi**
Partner

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461    **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Delfina Homen <delfina@brooksquinn.com>
**Sent:** Friday, July 10, 2020 2:06 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi,

We are finalizing a series of documents on this matter that will go out later today.

Thanks,
Delfina

1

**EXHIBIT 16 PAGE 6**

# BROOKS QUINN
## INTELLECTUAL PROPERTY ATTORNEYS

## Delfina S. Homen, Partner

6513 132nd Avenue NE #378 Kirkland, Washington 98033
T: (503) 629-1559 • F: (503) 710-9613 • M: (503) 435-8556
www.brooksquinn.com • delfina@brooksquinn.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free since e-mail messages can be intercepted, corrupted, lost, destroyed, arrive late or incomplete. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Friday, July 10, 2020 2:03 PM
**To:** Delfina Homen <delfina@brooksquinn.com>; Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

It has now been two weeks since we sent our detailed meet and confer letter outlining the deficiencies in SG Collaborative's request for production responses in considerable detail, and we have neither received any substantive response to our letter nor any supplemental responses.

Unless supplemental responses that rectify the deficiencies are received via email by Monday, we are hereby demanding a video conference to meet and confer regarding the same in compliance with Judge Spero's Standing Order within 10 calendar days.  Please provide us with dates and times on which you are available for the same. We reserve the right to seek sanctions based on SG Collaborative's failure to comply with its discovery obligations or to engage in the meet & confer process in good faith.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**DORSEY & WHITNEY LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**EXHIBIT 16 PAGE 7**

**From:** Santos, Maria <Santos.Maria@dorsey.com>
**Sent:** Friday, June 26, 2020 12:11 PM
**To:** 'delfina@brooksquinn.com' <delfina@brooksquinn.com>; 'hillary@brooksquinn.com' <hillary@brooksquinn.com>; 'ryan@tyzlaw.com' <ryan@tyzlaw.com>; 'sapple@tyzlaw.com' <sapple@tyzlaw.com>
**Cc:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.

Sincerely,

**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**



DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655
**P:** 714.800.1442   **F:** 714.800.1499

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

**Please help reduce paper and ink usage. Print only if necessary.**

**EXHIBIT 16 PAGE 8**

# EXHIBIT 17



**BROOKS QUINN**
INTELLECTUAL PROPERTY ATTORNEYS

**Hillary A. Brooks**
*Partner*
P: 503-629-1559
F: 503-710-9613
hillary@brooksquinn.com

July 10, 2020

*VIA EMAIL: zubairi.faisal@dorsey.com*

Faisal M. Zubairi
Dorsey & Whitney LLP
600 Anton Boulevard, Ste. 2000
Costa Mesa, CA 92626

RE:    Response to June 26, 2020 Letter, Case Nos. 4:19-cv-08171-SBA, 4:19-cv-06104-SBA
       Our Docket Nos. 0280.0008, 0280.0002

Dear Mr. Zubairi:

This letter is in response to what appear to be the main issues raised in your 19-page-long June 26, 2020 letter. We have made some revisions to the discovery responses at your request and will further address some of the issues you raise in this letter.

First, as we explained previously, SGCS's responses were timely served on June 8, 2020 under the Federal Rules. *See* Fed. R. Civ. P. 5(b)(2)(C) (service by mail "is complete upon mailing"); *see also*, Proof of Service (dated June 8, 2020). You do not supply any authority to the contrary. If you recall, the Falck Entities were asked to consent to email service during the Rule 26(f) conference and they chose to not consent. Accordingly, for non-filed documents such as discovery responses, service by mail is the requirement under the Rules. *See* Fed. R. Civ. 5(b)(2)(E)-(F) (providing for service by electronic means or any other means *if* consented to in writing). If you would like to now consent in writing to email service, we are happy to convert to email service going forward. Please let us know if the Falck Entities would now like consent to email service.

Second, throughout your June 26, 2020 letter, you treat the requests and responses as identical for both cases, while they are demonstrably not. The Falck Entities' many objections to our responses do not specify which case's responses they are referring to. We took the time to respond to the requests individually in each case, and accordingly, for any meet and confer to be meaningful, we ask that the Falck Entities please indicate which responses *in which case* remain at issue after giving due consideration to the claims and defenses in that suit and what the responses in that suit are. For example, there are no trademark claims in the -08171 suit, yet a separate set of requests was propounded for that case seeking discovery into trademark issues. For the -06104 suit, there are no tort claims, yet requests directed to the tort claims from -08171 were served. We responded to the requests individually for each case as they were requested and will continue to do so to conform with the rules of discovery and to prevent confusion.

Third, as you are aware, there is a pending anti-SLAPP motion in the -08171 suit which, if granted, renders many

**EXHIBIT 17 PAGE 1**

Zubairi
Dorsey & Whitney LLP
Page 2

of the requests served in both cases moot. Even should the court not grant the anti-SLAPP motion, the requests still lack relevance pursuant to the litigation privilege and the *Noerr-Pennington* doctrine. *See* Reply ISO Anti-SLAPP Mot. 10 (ECF No. 65, -08171 suit) and its discussion of motive/intent in claims based on privileged conduct. *See also UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 420 F. Supp. 3d 966, 979 (N.D. Cal. Oct. 15, 2019) (litigation privilege test "does not probe the motives, morals, ethics or intent of the person claiming the privilege") and *Niantic, Inc. v. Global++*, No. 19-cv-03425-JST, 2020 WL 2548465, at *4 (N.D. Cal. Jan. 30, 2020) (litigation privilege provides absolute immunity over litigation communications, "even when they involve intentional misconduct").

Fourth, it appears that the Falck Entities made the assumption, without support, that we were not planning to produce any documents. That is not the case. We clearly indicated which requests had no responsive documents. At your request, and with the hope of resolving these issues, we have amended the responses to further indicate the scope of responsive documents that will be produced.

Fifth, it seems that the Falck Entities are objecting to SGCS "holding something back," but we are still in the process of making our initial production. We are not presently withholding any documents on the basis of attorney-client privilege. We would be amenable to agreeing to a date by which the parties exchange a privilege log in the future.

Sixth, regarding the inclusion of general objections, we also set forth specific objections to each request. Accordingly, we do not understand why the Falck Entities raise this issue, particularly since the Falck Entities included general instructions which are themselves improper. While general objections *alone* could potentially be an issue, that is not the situation here, where every response includes objections tailored to the particular request.

Seventh, Fed. R. Civ. P. 26(b)(1) expressly limits the scope of discovery to "any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case." We therefore are uncertain what objection the Falck Entities have to use of the word "relevant" in terms of production. Nevertheless, in addition to addressing some of the issues here we will, as noted below, further specify for each request what the relevance issue is, if any.

Eighth, in the definitions, "communications" include "documents" and "documents" include "communications." These are circular, confusing definitions, and on that basis, render several requests duplicative, hence the objection. Again, there is no basis for the Falck Entities' assumption that SGCS is planning to withhold on this basis.

Turning to the specific requests, for Requests No. 1-4 and 55-48 you indicate the claims relate to diversity jurisdiction. Diversity has never been an issue in the -06104 suit, so the requests are wholly irrelevant to the claims and defenses in that suit. Diversity has not been an issue in the -08171 suit since the Texas court transferred the case pursuant to first to file. We have never taken the position that the Falck claims could not have been brought as counterclaims in the -06104 suit originally (although they would have been subject to anti-SLAPP) or that the court should not consolidate the cases, assuming any portion of the -08171 suit survives. We do not believe there is jurisdiction for the -08171 suit on a stand-alone basis, but in view of the clerk's statement at the last conference, it sounds like that will not continue to be an issue if the suit proceeds. Accordingly, while we have no idea on what basis you think this remains a proper inquiry or warrants any investment of the parties'

EXHIBIT 17 PAGE 2

Zubairi
Dorsey & Whitney LLP
Page 3

or court's time, we will provide some governmental documents that should allay any remaining nagging concerns.

For Requests 5 and 6, we have in no way suggested that we will not be producing documents, and indeed our revisions identify for you what we will be producing.

For Requests 7-11, we disagree that SGCS has in any way placed its relationship with AMR "squarely at the center of this dispute." We are not sure which dispute you are referring to since AMR was not named in the Complaint or the Motion for Preliminary Injunction in the -06104 suit. SGCS is harmed by false association and infringement and the resulting damages, regardless of which, if any, customer is implicated. While we fully appreciate that the Falck Entities would like to turn these cases into a showdown with their primary competitor AMR to attempt to distract from their infringement, this is not the vehicle for it. The Alameda RFP was used on an illustrative basis because it is the one SGCS found out about that gave rise to the suit. We will shortly conduct SGCS's discovery and find out where else the Falck Entities used the materials and how SGCS has been harmed. The measure of damages in the additional infringements may be wholly unrelated to those experienced in Alameda. As regards the -08171 suit, SGCS was privileged to share its cease and desist letter with persons with an interest in the matter. As previously explained, your belief that there was a bad motive/intent is wholly irrelevant to the privilege (whether pursuant to anti-SLAPP/litigation privilege/*Noerr-Pennington*) and accordingly the line of inquiry in these Requests has no potential to lead to discoverable information in either case.

For Requests 12-13, these Requests have no relevance to the -06104 suit. SGCS did not make disparaging statements, it corrected falsehoods made by your client, as it was privileged to do. For the -08171 suit, the requested documents are privileged petitioning activity under anti-SLAPP, the litigation privilege, and the *Noerr-Pennington* doctrine, and accordingly will not be produced. Our responses have been updated to specify that relevancy issue.

For Requests 14-15, SGCS's cease letter is a privileged communication that it had a right to share with persons interested in the matter. Accordingly, as with Requests 7-11, there is no relevant discoverable information and this is a fishing expedition. Nevertheless, we have updated our responses with a level of specificity that should allay what appear to be your concerns.

Request 16 has limited relevance to the -08171 suit; the response has been updated to indicate what documents will be provided. As to the -06104 suit, we have indicated what documents will be provided.

For Request 17 we have revised the responses in both cases to indicate what documents will be produced. *Apple v. Samsung*, *Hangards*, and *Panasonic v. Sharp* do not support waiver of attorney-client privilege as you allege. And, to be clear, though we are not presently withholding any documents on the basis of attorney-client privilege, we will not be producing any attorney-client privileged materials.

Requests 20-21 are not relevant to either suit insofar as SGCS has not alleged infringement of state or federal trademark registrations. To the extent you want to argue that actions issued by the USPTO have some relevance to common law claims, you have equal access to those public documents.

Request 22 has no relevance to the -08171 suit where no trademark claims are asserted. SGCS has revised its response in the -06104 suit.

Zubairi
Dorsey & Whitney LLP
Page 4

Requests 23-26 and 42 have no relevance to the -08171 suit where no trademark claims are asserted. Request 43 is so vague it is unanswerable as to the -06104 suit. Responses 23-26 and 42-43 have been revised to explain the basis of the irrelevance and to indicate what documents, if any, will be produced.

Requests 27-30, which are irrelevant to the -08171 suit, have been answered in full. There are no responsive documents in the -06104 suit. SGCS does not advertise, sell, or offer the services indicated.

Requests 31-32 are irrelevant to the -08171 suit where no trademark claims are asserted. SGCS has revised its response in the -06104 suit.

Requests 33-35 have no relevance to the -08171 suit, which the Falck Entities appear to acknowledge. As regards the -06104 suit, SGCS's responses have been revised to indicate what documents will be produced.

Requests 36-37 and 53-54 are not relevant to the -08171 suit, and the Falck Entities have not articulated any basis that they are. As regards the -06104 suit, SGCS's responses have been revised to indicate what documents will be produced.

Requests 38-39 are not relevant to the -08171 suit, and the Falck Entities have not articulated any basis that they are. As regards the -06104 case, SGCS's responses have been revised to indicate what documents will be produced.

Responses to Requests 40-41 have been revised to indicate what documents will be produced.

Request 44 is not relevant to the -08171 suit and has been fully answered as regards the -06104 suit. There are no responsive documents.

Request 45 is not relevant to the -08171 suit. The response to the -06104 suit has been revised.

Requests 47-50 are not relevant to the -08171 suit. The response to the -06104 suit has been revised.

Requests 51-52 are not relevant to the -08171 suit. The response to the -06104 suit has been revised.

Requests 59-60 are not relevant to the -06104 suit and have been revised to reflect a recent development in the -08171 suit, which will be further reflected in a revision to SGCS's Initial Disclosures in that case.

Given the density of your 19-page long letter, we are certain that there are other points of disagreement, but we are trying to take a reasonable tact with this dispute. The Falck Entities want documents, and we are happy to provide what there is that is relevant and responsive. But to do so, we need to have a protective order in place. There are two protective orders in the N.D. of Cal., which is acknowledged in the Court's order. The parties are to meet and confer on the issue. We have located responsive materials that require the *Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets* with its higher designation level, as we have identified documents that need to be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Your statement in the anti-SLAPP Opposition that the parties are "competitors" warrants a protective order with this higher designation. Additionally, SGCS customers directly compete with the Falck Entities for contracts, and the Falck Entities have requested information that likely implicates those

**EXHIBIT 17 PAGE 4**

Zubairi
Dorsey & Whitney LLP
Page 5

companies' highly confidential and trade secret information, which if Falck obtained could allow them to unfairly compete against those SGCS customers in the bidding process. We anticipate that the Falck Entities will likewise require that higher designation level for their own production. We are enclosing a redline of the Court's *Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets* with the optional matters removed. Once the protective order is in place, we will begin producing documents immediately. Assuming the parties can reach agreement on how documents will be produced by all parties, we are happy to make production either through the mail (barring any agreement), or through an electronic link to responsive documents.

Finally, regarding the depositions of SGCS's members, we are happy to make the witnesses available for deposition where they live in August and September 2020, the timeframe you have requested, or you can conduct video depositions if you prefer. Please provide specific dates on which you would like to take the depositions of each and we will consult with them to find out which of the dates you have requested are available. In view of the ongoing COVID pandemic, we do not know what travel will be permissible, where, and by whom, but we will do our best to accommodate.

Sincerely,

Hillary A. Brooks

Hillary A. Brooks

EXHIBIT 17 PAGE 5

Hillary A. Brooks (*admitted pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (*admitted pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG
Collaborative Solutions, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FALCK NORTHERN CALIFORNIA CORP., CARE AMBULANCE SERVICE, INC., and FALCK USA, INC., <br><br> Defendants. | Case No: 4:19-cv-06104-SBA <br><br> Related to: 4:19-cv-08171-SBA <br><br> **SG COLLABORATIVE SOLUTIONS' OBJECTIONS AND *REVISED* RESPOSNES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

Plaintiff Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC ("Plaintiff") responds as follows to Defendants' Falck Northern California Corp. ("FNC"), Care Ambulance Service, Inc. ("Care"), and Falck USA, Inc. ("FUSA") (collectively, "Defendants") Requests for Production of Documents (Set One).

**GENERAL OBJECTIONS**

1.    Plaintiff objects to the Requests to the extent they seek information protected by privilege, such as attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.

2.    Plaintiff objects to the Requests to the extent they seek to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding.

3.    Plaintiff objects to the Requests to the extent that they seek documents from Plaintiff's customers, which are not parties to this suit, and that therefore the Requests are little more than a fishing expedition, imposed merely for purposes of harassment.

4.    Plaintiff objects to the Requests to the extent that they seek information pertaining to claims or defenses that are not properly before this Court and that are therefore irrelevant, unduly burdensome, oppressive, disproportional to the needs of the case, and imposed merely for purposes of harassment.

5.    Plaintiff objects to the Requests to the extent they seek information that is not in Plaintiff's care, custody, or control.

6.    Plaintiff objects to the Requests to the extent they seek publicly available information, or information which is otherwise equally available to Defendants.

7.    Plaintiff objects to the Requests to the extent they are overly broad, whether as to

an absence of temporal or geographical limitation, overly inclusive, cumulative, unreasonably duplicative, unduly burdensome, oppressive, vague, ambiguous, irrelevant to the present action, and/or disproportional to the needs of the case.

8.  Plaintiff objects to the Requests to the extent they seek expert opinion testimony or call for legal conclusions, legal analysis, and/or trial theories.

9.  Plaintiff objects to the Requests (including discrete subparts) to the extent they exceed the maximum number and/or type of requests permissible under the Federal Rules of Civil Procedure, the Local Rules, and/or other rules or standing orders applicable to this case.

10.  Plaintiff objects to the Requests to the extent they seek production of information prohibited from disclosure by federal statutory and/or regulatory requirements, state privacy laws, and any other provision of law.

11.  Plaintiff objects to general instructions which are not set forth in a given request.

12.  Plaintiff expressly reserves the right to raise objections in the future and/or to object to further discovery requests related to the subjects of any of the Requests.

13.  Plaintiff's responses reflect Plaintiff's present knowledge and are subject to modification based upon further information.

14.  Plaintiff reserves the right to supplement these responses.

**OBJECTIONS TO DEFENDANTS' DEFINITIONS**

15.  Plaintiff objects to Defendants' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as overly broad, unduly burdensome, and disproportional to the needs of the case.  Plaintiff further objects to Defendants' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as attempting to impose burdens on Plaintiff greatly in excess of those permitted under Fed. R. Civ. P. 34.  Plaintiff further objects to Defendants' definition of

"DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" to the extent that, with regard to seeking production of ESI, the definitions result in requests that are not reasonably targeted, clear, or as specific as practicable, in violation of Guideline 1.03 of the Court's *Guidelines for the Discovery of Electronically Stored Information*.

16.    In addition to the specific definitions objected to above, Plaintiff generally objects to Defendants' definitions to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, or seek to alter the requirements outlined in the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, and to the extent that they are vague and/or ambiguous.

## RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

PLAINTIFF'S certificate of formation and company agreement, including any amendments or supplements thereto or restatements thereof.

### OBJECTIONS:

Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendant. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

### RESPONSE:

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented

that this request is relevant to diversity jurisdiction. Diversity jurisdiction has never been at issue in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, no documents will be produced in this suit.

**REQUEST FOR PRODUCTION NO. 2:**

A current list of the full names and last known address of all of PLAINTIFF'S past and present members (i.e., the list required to be maintained under Section 101.501 of the Texas Business Organizations Code).

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction. Diversity jurisdiction has never been at issue in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, no documents will be produced in this suit.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and agreements regarding PLAINITFF'S corporate organizational structure, including documents concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Plaintiff.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction.  Diversity jurisdiction has never been at issue in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, no documents will be produced in this suit.

**REQUEST FOR PRODUCTION NO. 4:**

All communications regarding PLAINTIFF'S corporate organizational structure, including communications concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Plaintiff.

SGCS'S *REVISED* RESPONSES TO DEFENDANTS'
RFPS (SET ONE)                          3                          CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 17 PAGE 11**

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 3.

**RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction. Diversity jurisdiction has never been at issue in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, no communications will be produced in this suit.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between PLAINTIFF, on the one hand, and one or more of the DEFENDANTS, on the other hand.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as

to the subject matter of this dispute, nor an appropriate temporal limitation.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: email, text, and voicemail correspondence dated between October 28, 2015 and September 11, 2019.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between PLAINITFF and any third party concerning any or all of the DEFENDANTS' use of any of Plaintiffs alleged confidential and proprietary information, trademarks, or copyrights.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of communications relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, the following non-

privileged documents will be produced following the entry of a protective order: a public records request and response to and from Alameda County dated September 19, 2019.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between PLAINTIFF and AMR concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claim or defense in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 6.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of communications relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad,

unduly burdensome, oppressive, and disproportionate to the needs of this case, no communications will be produced.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS exchanged between PLAINTIFF and AMR concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of documents relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington*

doctrine, rendering the production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, no documents will be produced.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts or agreements between PLAINTIFF and AMR.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts or agreements between Plaintiff and AMR to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement,

amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between PLAINTIFF and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts or agreements between Plaintiff and AMR to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. To the extent that this request is also seeking communications responsive to Request No. 7, see response to Request 7.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement,

amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS exchanged between PLAINTIFF and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.    Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 7 & 10.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts or agreements between Plaintiff and AMR to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.  To the extent that this request is also seeking documents responsive to Request No. 8, see response to Request 8.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement,

amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between PLAINTIFF and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.   Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of communications relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, no communications will be produced.  The request is also irrelevant because there are no tort claims in this suit and the requested communications do not relate to claims or defenses for infringement of copyright or trademark.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS exchanged between PLAINTIFF and any media or news outlet,

SGCS'S *REVISED* RESPONSES TO DEFENDANTS'
RFPS (SET ONE)                          11                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 17 PAGE 19**

including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 12.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of documents relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, no documents will be produced. The request is also irrelevant because there are no tort claims in this suit and the requested documents do not relate to claims or defenses for infringement of copyright or trademark.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between PLAINTIFF and any of the DEFENDANTS' third-party government regulators, including Alameda County, Los Angeles County, and/or Orange County.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "DEFENDANTS' third-party government regulators" is not a defined phrase, making the request as written vague and ambiguous; for the purpose of attempting to answer this request in good faith, Plaintiff interprets this phrase to mean Alameda, Los Angeles, and Orange County regulators. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Plaintiff and third parties known only to Defendants. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, insofar as there are no tort claims in this case and the requested documents do not relate to the claims or defenses in this case, the requested communications are irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, they will not be produced.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between PLAINTIFF and any of the DEFENDANTS' actual

or potential third-party contract partners, including the City of Colorado Springs.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "DEFENDANTS' actual or potential third-party contract partners" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff interprets this phrase to mean the City of Colorado Springs.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Plaintiff and third parties known only to Defendants.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, insofar as there are no tort claims in this case and the requested documents do not relate to the claims or defenses in this case, the requested communications are irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case.

**REQUEST FOR PRODUCTION NO. 16:**

All contracts or agreements between PLAINTIFF and any third party concerning the licensing, copying, display, reproduction, or use of any of Plaintiffs alleged confidential and proprietary information, trademarks, or copyrights, including, but not limited to, the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged confidential and proprietary information" is not a defined phrase, making the request as written vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts or agreements between Plaintiff and third parties concerning the licensing, copying, display, reproduction, and use of Plaintiff's pled trademarks and Plaintiff's copyrighted Collaborative Just Culture Systems and Behaviors Response Guide in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning the alleged registration of PLAINTIFF'S copyright in the Collaborative Just Culture Systems and Behaviors Response Guide, including the underlying application for U.S. Copyright Reg. No. VA0001919579, copies of any work or works deposited in connection therewith, and any related correspondence and communications with the United States Copyright Office.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that there is no "alleged registration," there is a registration, Reg. No. VA0001919579, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff interprets the phrase to mean Reg. No. VA0001919579. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks information which was previously in Plaintiff's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: the deposit material for Reg. No. VA0001919579 and documents obtained through the United States Copyright Office.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Plaintiff is unable to make a good faith attempt to respond. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

**RESPONSE:**

Plaintiff relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Plaintiff is unable to make a good faith attempt to respond. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the

claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 18.

**RESPONSE:**

Plaintiff relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning PLAINTIFF'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

**RESPONSE:**

Plaintiff relies on the foregoing objections.  In particular, Plaintiff has not asserted any Texas or federal trademark registrations in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent, if any, that responsive, non-privileged documents exist and are within Plaintiff's possession, custody, or control, they will not be produced.  In any event, to the extent Defendants

desire to raise arguments based on attempted federal registration, despite that no federal registrations are asserted, those documents are equally and publicly available to Defendants.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS concerning PLAINTIFF'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 20.

**RESPONSE:**

Plaintiff relies on the foregoing objections. In particular, Plaintiff has not asserted any Texas or federal trademark registrations in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent, if any, that responsive, non-privileged communications exist and are within Plaintiff's possession, custody, or control, they will not be produced. In any event, to the

extent Defendants desire to raise arguments based on attempted federal registration, despite that no federal registrations are asserted, those documents are equally and publicly available to Defendants.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS concerning PLAINTIFF'S selection, adoption, and clearance of the SGCS MARKS, including, but not limited to, searches, investigations, reports, and opinions.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs have conducted a reasonable search for responsive, non-privileged documents, but none have been found to date and are believed to have never existed.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS concerning the duration, extent, and geographic reach of PLAINTIFF'S Advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of

confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: documents concerning advertising and publicity of the pled marks in the United States, such as a list of engagements promoting the pled marks, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS concerning the duration, extent, and geographic reach of PLAINTIFF'S advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the

extent that it is cumulative and unreasonably duplicative of Request No. 23.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: documents concerning advertising and publicity of the pled marks in the United States, such as a list of engagements promoting the pled marks, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS referring or relating to PLAINTIFF'S plans for marketing and promoting its products and services under the SGCS MARKS in the United States, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal limitation.

**RESPONSE:**

Subject to the foregoing objections, no responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS referring or relating to PLAINTIFF'S plans for marketing and promoting its products and services using the Collaborative Just Culture Systems and Behaviors Response Guide, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, no responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing PLAINTIFF'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or

geographic limitation.

**RESPONSE:**

There are no documents responsive to this Request. Plaintiff does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS evidencing PLAINTIFF'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 27.

**RESPONSE:**

There are no communications responsive to this Request. Plaintiff does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive communications are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 29:**

All documents evidencing PLAINTIFF'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

There are no documents responsive to this Request. Plaintiff does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS evidencing PLAINTIFF'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 29.

**RESPONSE:**

There are no communications responsive to this Request. Plaintiff does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive communications are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS concerning the amount, volume, and extent of PLAINTIFF'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: documents concerning Plaintiff's sales in the United States attributable to the pled marks, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS concerning the amount, volume, and extent of PLAINTIFF'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 31.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: documents concerning Plaintiff's sales in the United States attributable to the pled marks, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All contracts or agreements between PLAINTIFF and any third party concerning the licensing, copying, display, reproduction, or use of any of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and Plaintiff or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the

needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts, agreements, and certifications between Plaintiff and third parties concerning the licensing, copying, display, reproduction, or use of the pled marks in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing PLAINTIFF'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 33.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts and agreements between Plaintiff and third parties concerning licensing to use the pled marks in relation to emergency medical services, ambulance services, or paramedic services in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS evidencing PLAINTIFF'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 33-34.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be

produced following the entry of a protective order: contracts and agreements between Plaintiff and third parties concerning licensing to use the pled marks in relation to emergency medical services, ambulance services, or paramedic services in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS evidencing PLAINTIFF'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts and agreements between Plaintiff and third parties concerning licensing to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS evidencing PLAINTIFF'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 36.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts and agreements between Plaintiff and third parties concerning licensing to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

SGCS's *Revised* Responses to Defendants'
RFPs (Set One)                    31                    Case No. 4:19-cv-06104-SBA

**EXHIBIT 17 PAGE 39**

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that Plaintiff charges in exchange for providing any goods or services under the SGCS MARKS in the United States, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts and agreements between Plaintiff and third parties concerning goods and services under the pled marks in the United States, pricing schedules, and preliminary damages calculations.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that Plaintiff charges in exchange for use of the Collaborative Just Culture Systems and Behaviors Response Guide, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-

SGCS's *REVISED* RESPONSES TO DEFENDANTS'
RFPs (SET ONE)                    32                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 17 PAGE 40**

client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts and agreements between Plaintiff and third parties concerning use of the Collaborative Just Culture Systems and Behaviors Response Guide in the United States, pricing schedules, and preliminary damages calculations.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and/or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including documents regarding how and when the document was created, when it was first published, and when it first became available online.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants.  Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.

Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information which was previously in Plaintiff's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide and documents regarding how and when the Collaborative Just Culture Systems and Behaviors Response was created.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including communications regarding how and when the document was created, when it was first published, and when it first became available online.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome,

oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information which was previously in Plaintiff's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 40.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide and documents regarding how and when the Collaborative Just Culture Systems and Behaviors Response was created.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All market research, including customer surveys, customer reviews, and expert reports, demonstrating that consumers have come to identify PLAINTIFF as the source of products and services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.   Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time

for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**RESPONSE:**

Subject to the foregoing objections, to the extent that this Request seeks production of expert reports discoverable under the Federal Rules of Civil Procedure in this proceeding, Plaintiff will produce non-privileged, responsive documents at the appropriate time. Otherwise, no responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 43:**

All media reports relating to, referring to, or otherwise mentioning PLAINTIFF and any goods or services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "media reports" is not a defined phrase, making the request as written vague and ambiguous and Plaintiff is unable to make a good faith attempt to respond. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants.

**RESPONSE:**

Plaintiff relies on the foregoing objections. In particular, owing to the vagueness of "media reports," Plaintiff is unable to respond to this Request.

SGCS's *Revised* Responses to Defendants'
RFPs (Set One)                    36                    Case No. 4:19-cv-06104-SBA

**EXHIBIT 17 PAGE 44**

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS from any trademark and/or copyright disputes between PLAINTIFF and any third party relating in any way to the SGCS MARKS and/or the Collaborative Just Culture Systems and Behaviors Response Guide, including without limitation civil litigation, administrative proceedings, alternative dispute resolution such as arbitration or mediation, or demands to cease and desist.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

No responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS reflecting any instances of actual confusion between PLAINTIFF, the SGCS MARKS, or Plaintiffs goods or services, on the one hand, and one or more of the DEFENDANTS, their marks, and/or their goods or services, on the other hand, including but not limited to any inquiries as to  whether the goods offered in connection with the SGCS Marks are associated with, sponsored by, or in  any manner connected to Defendants, or vice versa.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-

client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: the Alameda County, Los Angeles County, and Orange County RFPs.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS reviewed, exchanged with, sent to, or relied upon by any expert designated to testify or provide expert opinions in this case, including experts designated to testify or provide expert opinions on PLAINTIFF'S claims or defenses in this action.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses,

fact witnesses, and related documents has not yet come to pass.

**RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged, responsive documents at the appropriate time.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: pricing schedules, preliminary damages and profits calculations, and materials supporting those calculations.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 47.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: pricing schedules, preliminary damages and profits calculations, and materials supporting those calculations.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or

immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: pricing schedules, preliminary damages and profits calculations, and materials supporting those calculations.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents

has not yet come to pass.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 49.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: pricing schedules, preliminary damages and profits calculations, and materials supporting those calculations.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS concerning PLAINTIFF'S financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.   Plaintiff further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in

addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: third party contracts, pricing schedules, and preliminary damages calculations. To the extent this request is intended to discover information supporting Plaintiff's claim for damages, the measure of damages is actual damages and Defendants' profits, the documentation of which is in Defendants' possession, custody, or control, not Plaintiff's profits and revenues, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that documents pertaining to Plaintiff's profits and revenues will not be produced.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS concerning PLAINTIFF'S financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject

SGCS'S *REVISED* RESPONSES TO DEFENDANTS'
RFPS (SET ONE)                    43                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 17 PAGE 51**

matter of this dispute, nor an appropriate temporal limitation.   Plaintiff further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 51.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: third party contracts, pricing schedules, and preliminary damages calculations.  To the extent this request is intended to discover information supporting Plaintiff's claim for damages, the measure of damages is actual damages and Defendants' profits, the documentation of which is in Defendants' possession, custody, or control, not Plaintiff's profits and revenues, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that communications pertaining to Plaintiff's profits and revenues will not be produced.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS concerning the use of the Collaborative Just Culture Systems and

SGCS'S *REVISED* RESPONSES TO DEFENDANTS'
RFPs (SET ONE)                                      44                        CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 17 PAGE 52**

Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts or agreements between Plaintiff and third parties concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement,

amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 53.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be

produced following the entry of a protective order: contracts or agreements between Plaintiff and third parties concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS concerning the residence of the PLAINTIFF'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this

proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.   Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction.  Diversity jurisdiction has never been at issue in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, no documents will be produced in this suit.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS concerning the residence of the PLAINTIFF'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage.  Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in

this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 55.

**RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction.  Diversity jurisdiction has never been at issue in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, no documents will be produced in this suit.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS concerning the residence of any of PLAINTIFF'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith,

SGCS'S *REVISED* RESPONSES TO DEFENDANTS'
RFPS (SET ONE)                    49                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 17 PAGE 57**

Michael J. Coffin, and John P. LeSage. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 55-56.

**RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction. Diversity jurisdiction has never been at issue in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, no documents will be produced in this suit.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS concerning the residence of any of PLAINTIFF'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative

and unreasonably duplicative of Request Nos. 55-57.

**RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction. Diversity jurisdiction has never been at issue in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, no documents will be produced in this suit.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS concerning or relating to any reimbursement, payment, or indemnification of costs, attorney's fees or fees of any other kind being incurred by PLAINTIFF as a result of prosecuting this ACTION.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request as beyond the scope of permissible discovery.

**RESPONSE:**

Subject to the foregoing objections, no responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS concerning or relating to any reimbursement, payment or indemnification of costs, attorney's fees or fees of any other kind being incurred by Plaintiff as a result of prosecuting this ACTION.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request as beyond the scope of permissible discovery.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 59.

**RESPONSE:**

Subject to the foregoing objections, no responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed

Dated: _July 10, 2020                         Respectfully submitted,

                                              _/s/ Hillary A. Brooks_
                                              Hillary A. Brooks

                                              Attorney for SCOTT GRIFFITH
                                              COLLABORATIVE SOLUTIONS, LLC
                                              d/b/a SG Collaborative Solutions, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 10, 2020, via U.S. Mail to counsel of record for Plaintiffs, by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

Faisal M. Zubairi, Kent Jeffrey Schmidt, & Navdeep K. Singh
Dorsey & Whitney LLP
600 Anton Boulevard, Ste. 2000
Costa Mesa, CA 92626

J. Michael Keyes
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043

Brian E. Mason & J. Brian Vanderwoude
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201

_/s/ Delfina S. Homen_
Delfina S. Homen

Attorney for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

SGCS'S *REVISED* RESPONSES TO DEFENDANTS'
RFPS (SET ONE)                              CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 17 PAGE 62**

Hillary A. Brooks (admitted *pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (admitted *pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG
Collaborative Solutions, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CARE AMBULANCE SERVICE, INC., FALCK USA, INC., FALCK NORTHERN CALIFORNIA CORP., and FALCK ROCKY MOUNTAIN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC, <br><br> Defendant. | Case No: 4:19-cv-08171-SBA <br><br> Related to: 4:19-cv-06104-SBA <br><br> **SG COLLABORATIVE SOLUTIONS' OBJECTIONS AND *REVISED* RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

**EXHIBIT 17 PAGE 63**

Defendant Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC ("Defendant") responds as follows to Plaintiffs' Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("FUSA"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, "Plaintiffs") Requests for Production of Documents (Set One).

## GENERAL OBJECTIONS

1.      Defendant objects to the Requests to the extent they seek information protected by privilege, such as attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.

2.      Defendant objects to the Requests to the extent they seek to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding.

3.      Defendant objects to the Requests to the extent that they seek documents from Defendant's customers, which are not parties to this suit, and that therefore the Requests are little more than a fishing expedition, imposed merely for purposes of harassment.

4.      Defendant objects to the Requests to the extent that they seek information pertaining to claims or defenses that are not properly before this Court and that are therefore irrelevant, unduly burdensome, oppressive, disproportional to the needs of the case, and imposed merely for purposes of harassment.

5.      Defendant objects to the Requests to the extent they seek information that is not in Defendant's care, custody, or control.

6.      Defendant objects to the Requests to the extent they seek publicly available information, or information which is otherwise equally available to Plaintiffs.

7.      Defendant objects to the Requests to the extent they are overly broad, whether as

to an absence of temporal or geographical limitation, overly inclusive, cumulative, unreasonably duplicative, unduly burdensome, oppressive, vague, ambiguous, irrelevant to the present action, and/or disproportional to the needs of the case.

8.    Defendant objects to the Requests to the extent they seek expert opinion testimony or call for legal conclusions, legal analysis, and/or trial theories.

9.    Defendant objects to the Requests (including discrete subparts) to the extent they exceed the maximum number and/or type of requests permissible under the Federal Rules of Civil Procedure, the Local Rules, and/or other rules or standing orders applicable to this case.

10.    Defendant objects to the Requests to the extent they seek production of information prohibited from disclosure by federal statutory and/or regulatory requirements, state privacy laws, and any other provision of law.

11.    Defendant objects to general instructions which are not set forth in a given request.

12.    Defendant expressly reserves the right to raise objections in the future and/or to object to further discovery requests related to the subjects of any of the Requests.

13.    Defendant's responses reflect Defendant's present knowledge and are subject to modification based upon further information.

14.    Defendant reserves the right to supplement these responses.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS

15.    Defendant objects to Plaintiffs' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as overly broad, unduly burdensome, and disproportional to the needs of the case.  Defendant further objects to Plaintiffs' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as attempting to impose burdens on Defendant greatly in excess of those permitted under Fed. R. Civ. P. 34.  Defendant further objects to Plaintiffs' definition of

"DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" to the extent that, with regard to seeking production of ESI, the definitions result in requests that are not reasonably targeted, clear, or as specific as practicable, in violation of Guideline 1.03 of the Court's *Guidelines for the Discovery of Electronically Stored Information*.

16.     Defendant objects to Plaintiffs' definition of "SGCS MARKS" because there are no claims in this suit relating to the marks identified in the definition, such that the definition is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this case, and is not tailored to seeking discovery of documents relevant to any of the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

17.     In addition to the specific definitions objected to above, Defendant generally objects to Plaintiffs' definitions to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, or seek to alter the requirements outlined in the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, and to the extent that they are vague and/or ambiguous.

## RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

DEFENDANT'S certificate of formation and company agreement, including any amendments or supplements thereto or restatements thereof.

### OBJECTIONS:

Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not

relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced following the entry of a protective order: documents obtained through the Texas Secretary of State's Office.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

A current list of the full names and last known address of all of DEFENDANT'S past and present members (i.e., the list required to be maintained under Section 101.501 of the Texas Business Organizations Code).

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs.  Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request as little more than a fishing expedition, imposed

SGCS'S *Revised* Responses to Plaintiffs'
RFPs (Set One)                3                CASE No. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 67**

merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced following the entry of a protective order: documents obtained through the Texas Secretary of State's Office and documents pertaining to Defendant's S-corp election.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and agreements regarding DEFENDANT'S corporate organizational structure, including documents concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced following the entry of a protective order: documents obtained through the Texas Secretary of

State's Office and documents pertaining to Defendant's S-corp election.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS regarding DEFENDANT'S corporate organizational structure, including communications concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 3.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced following the entry of a protective order: documents obtained through the Texas Secretary of State's Office and documents pertaining to Defendant's S-corp election.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between DEFENDANT, on the one hand, and one or more of the PLAINTIFFS, on the other hand.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: email, text, and voicemail correspondence dated between October 28, 2015 and September 11, 2019.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between DEFENDANT and any third party concerning any or all of the PLAINTIFFS' use of any of DEFENDANT'S alleged confidential and proprietary information, trademarks, or copyrights.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or

defenses involved in this suit.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of communications relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, the following non-privileged documents will be produced following the entry of a protective order: a public records request and response to and from Alameda County dated September 19, 2019.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between DEFENDANT and AMR concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claim or defense in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible

evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 6.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of communications relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, no communications will be produced.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS exchanged between DEFENDANT and AMR concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive,

SGCS's *Revised* Responses to Plaintiffs'
RFPs (Set One)                    8                    Case No. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 72**

and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of documents relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, no documents will be produced.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts or agreements between DEFENDANT and AMR.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding

by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, any relevance to this Request would be in association with the -06104 suit, rendering the requested contracts and agreements irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case and, on that basis, no documents will be produced in this suit.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between DEFENDANT and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition,

SGCS'S *REVISED* RESPONSES TO PLAINTIFFS'
RFPS (SET ONE)                    10                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 74**

imposed merely for purposes of harassment and burden.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of communications relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, no communications will be produced.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS exchanged between DEFENDANT and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes

of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 7 & 10.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of documents relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, and in further view of the lack of relevance to this suit, rendering the production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, no documents will be produced.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between DEFENDANT and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of communications relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad,

unduly burdensome, oppressive, and disproportionate to the needs of this case, no communications will be produced.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS exchanged between DEFENDANT and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 12.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of documents relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, no documents will be produced.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between DEFENDANT and any of the PLAINTIFFS' third-party government regulators, including Alameda County, Los Angeles County, and/or Orange County.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "PLAINTIFFS' third-party government regulators" is not a defined phrase, making the request as written vague and ambiguous; for the purpose of attempting to answer this request in good faith, Defendant interprets this phrase to mean Alameda, Los Angeles, and Orange County regulators.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Defendant and third parties known only to Plaintiffs. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: a public records request and response to and from Alameda County dated September 19, 2019.  No other responsive documents have been located after a reasonable search as no other responsive documents are believed to have ever existed.

Defendant's investigation into this matter is ongoing, and it reserves the right to

SGCS'S *REVISED* RESPONSES TO PLAINTIFFS'
RFPS (SET ONE)                          14                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 78**

supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between DEFENDANT and any of the PLAINTIFFS' actual or potential third-party contract partners, including the City of Colorado Springs.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "PLAINTIFFS' actual or potential third-party contract partners" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant interprets this phrase to mean the City of Colorado Springs.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Defendant and third parties known only to Plaintiffs. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

No responsive documents have been located after a reasonable search as no responsive

documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 16:**

All contracts or agreements between DEFENDANT and any third party concerning the licensing, copying, display, reproduction, or use of any of DEFENDANT'S alleged confidential and proprietary information, trademarks, or copyrights, including, but not limited to, the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged confidential and proprietary information" is not a defined phrase, making the request as written vague and ambiguous. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Subject to the foregoing objections, insofar as Defendant has no affirmative claims relating to infringement of copyrights or trademarks in the case, and Plaintiffs allege only a copyright invalidity defense, for which the requested documents are not relevant, no documents relevant to this suit have been identified, rendering the production of such documents irrelevant,

overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case, such that no documents will be produced.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning the alleged registration of DEFENDANT'S copyright in the Collaborative Just Culture Systems and Behaviors Response Guide, including the underlying application for U.S. Copyright Reg. No. VA0001919579, copies of any work or works deposited in connection therewith, and any related correspondence and communications with the United States Copyright Office.

**OBJECTIONS:**

Defendant objects to this request to the extent that there is no "alleged registration," there is a registration, Reg. No. VA0001919579, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant interprets the phrase to mean Reg. No. VA0001919579. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be

produced following the entry of a protective order: the deposit material for Reg. No. VA0001919579 and documents obtained through the United States Copyright Office.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Defendant is unable to make a good faith attempt to respond.  Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Defendant is unable to

make a good faith attempt to respond.  Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 18.

**RESPONSE:**

Defendant relies on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning DEFENDANT'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly

burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS concerning DEFENDANT'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the

extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 20.

**RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS concerning DEFENDANT'S selection, adoption, and clearance of the SGCS MARKS, including, but not limited to, searches, investigations, reports, and opinions.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it seeks

SGCS'S *REVISED* RESPONSES TO PLAINTIFFS'
RFPS (SET ONE)                    21                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 85**

information that is not in Defendant's care, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS concerning the duration, extent, and geographic reach of DEFENDANT'S advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal

or geographic limitation.   Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS concerning the duration, extent, and geographic reach of DEFENDANT'S advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.   Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.   Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.   Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Defendant further objects to this request as little

more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 23.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS referring or relating to DEFENDANT'S plans for marketing and promoting its products and services under the SGCS MARKS in the United States, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS referring or relating to DEFENDANT'S plans for marketing and promoting its products and services using the Collaborative Just Culture Systems and Behaviors Response Guide, including, but not limited  to marketing  plans, advertising  plans, strategic business plans, and market research.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic

limitation.    Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in this suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing DEFENDANT'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.    Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims

or defenses in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case.  In any event, Defendant does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS evidencing DEFENDANT'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation.   Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 27.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested communications irrelevant, overbroad, unduly

burdensome, oppressive, and disproportionate to the needs of this case.  In any event, Defendant does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive communications are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS evidencing DEFENDANT'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. Defendant does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS evidencing DEFENDANT'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant

further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 29.

**RESPONSE:**

Defendant relies on the foregoing objections. Defendant does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive communications are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS concerning the amount, volume, and extent of DEFENDANT'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested documents irrelevant, overbroad, unduly

burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS concerning the amount, volume, and extent of DEFENDANT'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 31.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any

responsive, non-privileged communications exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 33:**

All contracts or agreements between DEFENDANT and any third party concerning the licensing, copying, display, reproduction, or use of any of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing DEFENDANT'S licensing of third parties to use the SGCS

SGCS'S *REVISED* RESPONSES TO PLAINTIFFS'
RFPS (SET ONE)                    32                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 96**

MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 33.

**RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS evidencing DEFENDANT'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic

services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 33-34.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS evidencing DEFENDANT'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency

medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in this suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS evidencing DEFENDANT'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 36.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in this suit is a copyright invalidity claim, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that DEFENDANT charges in exchange for providing any goods or services under the SGCS MARKS in the United States, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation

that DEFENDANT charges in exchange for use of the Collaborative Just Culture Systems and Behaviors Response Guide, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in this suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and/or agreements concerning the Collaborative Just Culture Systems

and Behaviors Response Guide, including documents regarding how and when the document was created, when it was first published, and when it first became available online.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide and documents regarding how and when the Collaborative Just Culture Systems and Behaviors Response was created.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including communications regarding how and when the

communication took place, when it was first published, and when it first became available online.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications between Defendant and parties known only to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 40.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: contracts or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide and documents regarding how and when the Collaborative Just Culture Systems and Behaviors Response was created.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All market research, including customer surveys, customer reviews, and expert reports, demonstrating that consumers have come to identify DEFENDANT as the source of products and services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.  Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 43:**

All media reports relating to, referring to, or otherwise mentioning DEFENDANT as the source of the products, goods or services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "media reports" is not a defined phrase, making the request as written vague and ambiguous. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case. In any event, even if there were trademark claims or defenses in this suit, owing to the vagueness of "media reports," Defendant would not be able to respond to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS from any trademark and/or copyright disputes between DEFENDANT and any third party relating in any way to the SGCS MARKS and/or the Collaborative Just Culture Systems and Behaviors Response Guide, including without limitation civil litigation, administrative proceedings, alternative dispute resolution such as arbitration or mediation, or demands to cease and desist.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.

**RESPONSE:**

No responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS reflecting any instances of actual confusion between DEFENDANT,

the SGCS MARKS, or Defendant's goods or services, on the one hand, and one or more of the PLAINTIFFS' marks, and/or their goods or services, on the other hand, including but not limited to any inquiries as to whether the goods offered in connection with the SGCS MARKS are associated with sponsored by, or in any manner connected to Plaintiffs, or vice versa.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS reviewed, exchanged with, sent to, or relied upon by any expert designated to testify or provide expert opinions in this case, including experts designated to testify or provide expert opinions on DEFENDANT'S claims or defenses in this action.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**RESPONSE:**

Subject to the foregoing objections, Defendant will produce non-privileged, responsive documents at the appropriate time.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of

confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in this suit and Defendant does not seek damages in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those

required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 47.

**RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in this suit and Defendant does not seek damages in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced in this suit.


**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request

to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, Defendant has no affirmative copyright claims in this suit and does not seek damages in this suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged,

admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 49.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, Defendant has no affirmative copyright claims in this suit and does not seek damages in this suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS concerning DEFENDANTS' financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking

"all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, Defendant does not seek damages in this suit and even if it did, the measure of damages is actual damages and Plaintiffs' profits, the documentation of which is in Plaintiffs' possession, custody, or control, not Defendant's profits and revenues, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS concerning DEFENDANT'S financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege

SGCS'S *REVISED* RESPONSES TO PLAINTIFFS'
RFPS (SET ONE)                    50                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 114**

or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 51.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, Defendant does not seek damages in this suit and even if it did, the measure of damages is actual damages and Plaintiffs' profits, the documentation of which is in Plaintiffs' possession, custody, or control, not Defendant's profits and revenues, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the

extent any responsive, non-privileged communications exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and

burden.

**RESPONSE:**

Defendant relies on the foregoing objections.  In particular, the only copyright claim in this suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Defendant further objects to this request to the extent that it seeks information that is not in

SGCS'S *REVISED* RESPONSES TO PLAINTIFFS'
RFPS (SET ONE)                53                CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 117**

Defendant's care, custody, or control. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 53.

**RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in this suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in this suit.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS concerning the residence of the DEFENDANT'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or

any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced following the entry of a protective order: documents obtained through the Texas Secretary of State's Office and copies of governmental materials establishing residency.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS concerning the residence of the DEFENDANT'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs.

Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications.   Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 55.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced following the entry of a protective order: documents obtained through the Texas Secretary of State's Office and copies of governmental materials establishing residency.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS concerning the residence of any of DEFENDANT'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 55-56.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced following the entry of a protective order: documents obtained through the Texas Secretary of State's Office and copies of governmental materials establishing residency.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS concerning the residence of any of DEFENDANT'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects

to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications.   Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 55-57.

**RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced following the entry of a protective order: documents obtained through the Texas Secretary of State's Office and copies of governmental materials establishing residency.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS concerning or relating to any reimbursement, payment, or indemnification of costs, attorney's fees or fees of any other kind being incurred by DEFENDANT as a result of defending this ACTION.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this

litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request as beyond the scope of permissible discovery.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be produced following the entry of a protective order: documents concerning or relating to insurance coverage.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS concerning or relating to any reimbursement, payment or indemnification of costs, attorney's fees or fees of any other kind being incurred by DEFENDANT as a result of defending this ACTION.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request as beyond the scope of permissible discovery. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 59.

**RESPONSE:**

Subject to the foregoing objections, the following non-privileged documents will be

SGCS'S *REVISED* RESPONSES TO PLAINTIFFS'
RFPS (SET ONE)                    60                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 124**

produced following the entry of a protective order: documents concerning or relating to insurance coverage.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

Dated: July 10, 2020                                Respectfully submitted,

                                                    */s/ Hillary A. Brooks*
                                                    Hillary A. Brooks

                                                    Attorney for SCOTT GRIFFITH
                                                    COLLABORATIVE SOLUTIONS, LLC
                                                    d/b/a SG Collaborative Solutions, LLC

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 10, 2020, via U.S. Mail to counsel of record for Plaintiffs, by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

Faisal M. Zubairi, Kent Jeffrey Schmidt, & Navdeep K. Singh
Dorsey & Whitney LLP
600 Anton Boulevard, Ste. 2000
Costa Mesa, CA 92626

J. Michael Keyes
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043

Brian E. Mason & J. Brian Vanderwoude
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201

*/s/ Delfina S. Homen*
Delfina S. Homen

Attorney for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

Hillary A. Brooks (admitted *pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (admitted *pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG
Collaborative Solutions, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC,<br>            Plaintiff,<br><br>        v.<br><br>FALCK NORTHERN CALIFORNIA CORP., CARE AMBULANCE SERVICE, INC., and FALCK USA, INC.,<br>            Defendants. | Case No: 4:19-cv-06104-SBA<br><br>Related to: 4:19-cv-08171-SBA<br><br>**SG COLLABORATIVE SOLUTIONS'** *REVISED* **INITIAL DISCLOSURES** |
| CARE AMBULANCE SERVICE, INC., FALCK USA, INC., FALCK NORTHERN CALIFORNIA CORP., and FALCK ROCKY MOUNTAIN, INC.,<br>            Plaintiffs,<br><br>        v.<br><br>SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC,<br>            Defendant. | Case No: 4:19-cv-08171-SBA<br><br>Related to: 4:19-cv-06104-SBA<br><br>**SG COLLABORATIVE SOLUTIONS'** *REVISED* **INITIAL DISCLOSURES** |

SGCS'S *REVISED* INITIAL DISCLOSURES                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 127**

### *REVISED* INITIAL DISCLOSURES

Scott Griffith Collaborative Solutions, LLC dba SG Collaborative Solutions, LLC ("SGCS") submits the following *Revised* Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

### General Matters

By identifying certain individuals and categories of documents, ESI, and tangible things, SGCS does not waive or intend to waive, but rather preserves and intends to preserve, all information, documents, ESI, and tangible things that are subject to an applicable privilege, including the attorney-client privilege and the work product doctrine, available under federal or state, statutory, constitutional, or common law.  SGCS's disclosures are based on information presently available to SGCS.  SGCS reserves the right to supplement these disclosures as discovery progresses, and as the cases progress, including but not limited to as pleadings in the cases are amended or filed.

"FNC" means Falck Northern California Corp., a defendant in Case No. 4:19-cv-06104-SBA and a plaintiff in Case No. 4:19-cv-08171-SBA.

"Care" means Care Ambulance Service, Inc., a defendant in Case No. 4:19-cv-06104-SBA and a plaintiff in Case No. 4:19-cv-08171-SBA.

"FUSA" means Falck USA, Inc., a defendant in Case No. 4:19-cv-06104-SBA and a plaintiff in Case No. 4:19-cv-08171-SBA.

"FRM" means Falck Rocky Mountain, Inc., a plaintiff in Case No. 4:19-cv-08171-SBA.

The "Falck Entities" means FNC, Care, FUSA, and FRM, collectively.

The "First Suit Defendants" means FNC, Care, and FUSA, collectively.

The "Response Guide" means SGCS's *Collaborative Just Culture Systems and Behaviors Response Guide*.

The "Copyright Registration" means U.S. Copyright Reg. No. VA0001919579.

**EXHIBIT 17 PAGE 128**

The "SGCS Marks" means the marks COLLABORATIVE JUST CULTURE and COLLABORATIVE CULTURE OF SAFETY.

The "Care Contract" means the August 2015 contract by and between SGCS and Care, attached to the First Amended Complaint (ECF No. 11, Case No. 4:19-cv-08171-SBA) as Exhibit A.

The "May 2016 Emails" means the May 2016 email thread between Care and SGCS in which Care sought SGCS's permission to share SGCS's Response Guide with regulators running the Los Angeles County RFP.

The "contemplated RRUA" or "RRUA" means the proposed Right of Restricted Use Agreement between Care and SGCS, attached to the First Amended Complaint (ECF No. 11, Case No. 4:19-cv-08171-SBA) as Exhibit B.

### Disclosures under Rule 26(a)(1)(A)(i)

In accordance with Fed. R. Civ. P. 26(a)(1)(A)(i), the following list of individuals may possess information that SGCS may rely upon to support its claims or defenses:

1.    **K. Scott Griffith, Founding Partner, Principal Collaborator, and Member/Owner of SGCS** (contact through counsel for SGCS), is likely to have information regarding SGCS's creation of its method, its copyrighted content including the Response Guide, and its trademarks including the SGCS Marks; SGCS's protection of its method, its copyrighted content including the Copyright Registration, and its trademarks; SGCS's prior relationship with Care and lack of prior relationship with any of the other Falck Entities; and the Care Contract, the May 2016 Emails, and the contemplated RRUA, and the circumstances surrounding the same.

2.    **Michael J. Coffin, COO, CTO, and Member/Owner of SGCS** (contact through counsel for SGCS), is likely to have information regarding SGCS's method, copyrighted content including the Response Guide, and trademarks including the SGCS Marks; SGCS's protection of

**EXHIBIT 17 PAGE 129**

its method, its copyrighted content including the Copyright Registration, and its trademarks; SGCS's discovery of FNC's unauthorized use of the Response Guide and the SGCS Marks in the Alameda County RFP; SGCS's discovery of Care's and/or FUSA's unauthorized use of the Response Guide and the SGCS Marks in the Los Angeles County and Orange County RFPs; SGCS's correspondence with FNC and FUSA leading up to SGCS's filing of Case No. 4:19-cv-06104-SBA; SGCS's lack of correspondence with or about FRM leading up to SGCS's filing of said suit; SGCS's cease and desist letter and media response that form the gravamen of the Falck Entities' Case No. 4:19-cv-08171-SBA; the typical profits SGCS normally realizes when its content, including its Response Guide and the SGCS Marks, are used with SGCS's authorization; and the harm to SGCS from the First Suit Defendants' unauthorized use of SGCS's Response Guide and the SGCS Marks and their unfair competition with SGCS.

3.      **John Paul LeSage, Senior Analyst and Member/Owner of SGCS** (contact through counsel for SGCS), is likely to have information regarding SGCS's method and SGCS's training services.

### Disclosures under Rule 26(a)(1)(A)(ii)

In accordance with Fed. R. Civ. P. 26(a)(1)(A)(ii), a copy or description by category of all documents, ESI, and tangible things in SGCS's possession, custody or control that SGCS may use to support its claims or defenses: the Care Contract, the May 2016 Emails, and the contemplated RRUA; the Alameda County RFP (redacted); the Los Angeles County RFP (redacted); the Response Guide and the Copyright Registration; documents, ESI, and/or tangible things concerning SGCS's correspondence with the Falck Entities (or lack thereof) leading up to and during both cases.

### Disclosures under Rule 26(a)(1)(A)(iii)

In accordance with Fed. R. Civ. P. 26(a)(1)(A)(iii), a computation of each category of

SGCS'S *REVISED* INITIAL DISCLOSURES          3          CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 130**

damages claimed by the disclosing party:

With respect to Case No. 4:19-cv-06104-SBA, SGCS seeks:

a.  An award of damages, in an amount to be proven at trial, for the First Suit Defendants' infringement of SGCS's copyrights and trademarks, the damages including SGCS's actual damages, the First Suit Defendants' profits attributable to the infringement, SGCS's costs including a reasonable attorneys' fee, and any enhancements the Court finds reasonable;

b.  An award of damages to compensate for the First Suit Defendants' unfair competition in an amount to be proven at trial, including SGCS's actual damages and the First Suit Defendants' profits attributable to the unfair competition, and any enhancements the Court finds reasonable;

c.  An order awarding SGCS punitive damages on account of the First Suit Defendants' willful violations of law; and

d.  An order awarding SGCS prejudgment and post judgment interest.

With respect to both cases, SGCS expressly reserves the right to seek its attorneys' fees, costs, and expenses under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, 17 U.S.C. § 505, and any and all other applicable rules and law, to be calculated under the lodestar method or other similar, acceptable method for calculating attorneys' fees awards.

### Disclosures under Rule 26(a)(1)(A)(iv)

In accordance with Fed. R. Civ. P. 26(a)(1)(A)(iv), any insurance agreement under which an insurance business may be liable: as to the -06104 suit, none; as to the -08171 suit, non-privileged documents concerning or relating to insurance coverage will be produced following the entry of a protective order.

Dated: July 10, 2020                              Respectfully submitted,

                                                  /s/ Hillary A. Brooks
                                                  Hillary A. Brooks

                                                  Attorney for SCOTT GRIFFITH
                                                  COLLABORATIVE SOLUTIONS, LLC
                                                  d/b/a SG Collaborative Solutions, LLC

**EXHIBIT 17 PAGE 132**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 10, 2020, via U.S. Mail to counsel of record for Plaintiffs, by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

Faisal M. Zubairi, Kent Jeffrey Schmidt, & Navdeep K. Singh
Dorsey & Whitney LLP
600 Anton Boulevard, Ste. 2000
Costa Mesa, CA 92626

J. Michael Keyes
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043

Brian E. Mason & J. Brian Vanderwoude
Dorsey & Whitney LLP
300 Crescent Court, Suite 400
Dallas, TX 75201

_/s/ Delfina S. Homen_
Delfina S. Homen

Attorney for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

**EXHIBIT 17 PAGE 133**

Hillary A. Brooks (admitted *pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (admitted *pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC,<br>Plaintiff,<br><br>v.<br><br>FALCK NORTHERN CALIFORNIA CORP., CARE AMBULANCE SERVICE, INC., and FALCK USA, INC.,<br>Defendants. | Case No: 4:19-cv-06104-SBA<br><br>Related to: 4:19-cv-08171-SBA<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |
| CARE AMBULANCE SERVICE, INC., FALCK USA, INC., FALCK NORTHERN CALIFORNIA CORP., and FALCK ROCKY MOUNTAIN, INC.,<br>Plaintiffs,<br><br>v.<br><br>SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC,<br>Defendant. | Case No: 4:19-cv-08171-SBA<br><br>Related to: 4:19-cv-06104-SBA<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

STIPULATED PROTECTIVE ORDER                     CASE NO. 4:19-cv-06104-SBA
                                                CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 134**

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

I.    2.    **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

[2.4    *Optional*: Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"].

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or

**EXHIBIT 17 PAGE 135**

manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

[2.9     Optional: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.]

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

STIPULATED PROTECTIVE ORDER                                          CASE NO. 4:19-cv-06104-SBA
                                                                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 136**

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." [*Optional:* or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## II.    3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## III.    4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 137**

motions or applications for extension of time pursuant to applicable law.

**IV.    5.        DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing

STIPULATED PROTECTIVE ORDER                                    CASE NO. 4:19-cv-06104-SBA
                                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 138**

Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE]) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only**

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 139**

**authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.**

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**V.    6.        CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 140**

is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality

---

[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

EXHIBIT 17 PAGE 141

designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**VI.   7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

---

[2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 142**

hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: and "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

[(b) *Optional as deemed appropriate in case-specific circumstances:* Designated House

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 143**

Counsel of the Receiving Party[3] (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];[4]

(be) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(cd) the court and its personnel;

(de) court reporters and their staff, professional jury or trial consultants,[5] and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(ef) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items to Designated House Counsel[6] or Experts.[7]

---

[3] It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate under certain circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.

[5] *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

[6] *Alternative*: The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.

[7] *Alternative:* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of

**EXHIBIT 17 PAGE 144**

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.[8]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[9] and (6) identifies (by name and number of the

the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

[8] It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

[9] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

**EXHIBIT 17 PAGE 145**

case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[10]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the ~~identified Designated House Counsel or~~ Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to ~~Designated House Counsel or~~ the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to ~~Designated House Counsel or~~ the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to ~~Designated House Counsel or~~ the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its ~~Designated House Counsel or~~ Expert.

---

[10] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 146**

VII.    8.    **PROSECUTION BAR [*OPTIONAL*]**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information shall not be involved in the prosecution of patents or patent applications relating to [insert subject matter of the invention and of highly confidential technical information to be produced], including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[11] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[12] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information is first received by the affected individual and shall end two (2) years after final termination of this action.[13]

VIII.    9.    **SOURCE CODE [*OPTIONAL*]**

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

---

[11] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

[12] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[13] *Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" technical or source code information pursuant to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information,

STIPULATED PROTECTIVE ORDER            CASE NO. 4:19-cv-06104-SBA
                                       CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 147**

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[14]

(c) Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.[15] The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[16]

(d) The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing

[14] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including "HIGHLY CONFIDENTIAL – SOURCE CODE" information, such as exhibits to motions or expert reports,

[15] *Alternative*: Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party.

[16] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 148**

Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[17]

IX.VII. **10.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this

---

[17] The nature of the source code at issue in a particular case may warrant additional protections or restrictions, For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

**EXHIBIT 17 PAGE 149**

Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[18]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**X.VIII. 11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in

---

[18] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 150**

this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[19] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XI.IX.  12.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**XII.X.  13.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[20] This provision is not intended

---

[19] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[20] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting"

STIPULATED PROTECTIVE ORDER                          CASE NO. 4:19-cv-06104-SBA
                                                     CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 151**

to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

XIII.XI.      **14.**      **MISCELLANEOUS**

14.1      Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2      Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

[14.3 *Optional:* Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.]

14.43      Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule

the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.

An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim."

**EXHIBIT 17 PAGE 152**

79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

XIV.XII.    **15.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____  _____
                                          Attorneys for Plaintiff


DATED: _____  _____
                                          Attorneys for Defendant



STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 153**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____ _____

[Name of Judge]HON. SAUNDRA B. ARMSTRONG
United States District/Magistrate Judge

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 17 PAGE 154**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date]_____, 2020 in the cases of *Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC v. Falck Northern California Corp. et al.*, Case No. 4:19-cv-06104-SBA and _____ *Care Ambulance Service, Inc. et al. v. Scott Griffith Collaborative Solutions, LLC d/b/a SG COLLABORATIVE SOLUTIONS, LLC*, Case No. 4:19-cv-08171-SBA (Related Case No. 4:19-cv-06104-SBA) [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
        [printed name]

Signature: _____

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA
                                               CASE NO. 4:19-cv-08171-SBA

**Formatted:** Font: Italic

**EXHIBIT 17 PAGE 155**

[signature]

EXHIBIT 17 PAGE 156

# EXHIBIT 18



**DORSEY**
always **ahead**

FAISAL M. ZUBAIRI
Partner
(714) 800-1461
FAX (714) 464-5353
zubairi.faisal@dorsey.com

July 21, 2020

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Hillary A. Brooks
Delfina S. Homen
BROOKS QUINN, LLC
6513 132nd Avenue NE, Suite 378
Kirkland, WA 98033

Ryan Tyz
Sean Apple
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111

Re: *Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC,*
Case No. 4:19-cv-08171-SBA and *Scott Griffith Collaborative Solutions, LLC v.
Falck Northern California Corp.*, et al., Case No. 4:19-cv-06104-SBA

Dear Counsel:

As you know, we represent Plaintiffs Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, the "Falck Parties") in relation to Case No. 4:19-cv-08171-SBA, which was filed against your client Scott Griffith Collaborative Solutions, LLC dba SG Collaborative Solutions, LLC ("SGC"). We also represent Care, Falck and FNC as defendants in relation to the lawsuit filed by SGC, which is currently pending as case No. 4:19-cv-06104-SBA. We are in receipt of your July 10, 2020 correspondence and supplemental responses, which purport to address various of the issues raised by our June 26, 2020 letter, but the responses remain deficient for the reasons set forth below and fail to comply with the federal rules. We are accordingly once again writing to meet and confer regarding SGC's deficient objections and responses to the identical Requests for Production of Documents (Set One) that were served by the Falck Parties in relation to both actions (collectively the "Requests") in good faith in the hopes of avoiding unnecessary motion practice. It has now been more than a month since SGC's original responses were first due, and SGC has not yet produced a single document or provided sufficient responses. We are therefore requesting that SGC advise by Friday, July 24, 2020, whether it will accept the compromise resolution regarding the protective order proposed below, and agree to also supplement its responses, produce documents, and provide a privilege log as requested herein by July 31, 2020. If SGC fails to respond by July 24, 2020, including by confirming that it will rectify its deficient responses and production by July 31, 2020, then we will have no choice other than to proceed by scheduling a meet and confer in compliance with Judge Spero's standing order and to seek judicial intervention.

We disagree that this dispute calls for the use of the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "N.D. Cal. Patent Protective Order"). Your letter, on the one hand claims that the heightened protection provided or by the N.D. Cal. Patent Protective Order is appropriate because the

**EXHIBIT 18 PAGE 1**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 2

Requests require the production of highly confidential and trade secret information of SGC's customers who directly compete with the Falck Parties, but SGC's Responses, on the other hand, refuse to produce any documents that relate to its customers or any other third parties. *See* SGC's Supplemental Responses to Request No. 6 (communications with third parties regarding the Falck Parties), Request Nos. 7-11 (which seek information regarding SGC's relationship and exchanges with AMR, Request Nos. 12-13 (which seek documents and communications exchanged between SGC and various media outlets regarding the Falck Parties), Request Nos. 14-15 (which seek communications and documents exchanged between SGC and the Falck Parties' government regulators and potential other customers), Request No. 16 (which seek all contracts and agreements concerning the use of SGC's allegedly confidential and proprietary information, trademarks and copyrights, including its Guide), Request Nos. 18-19 (documents regarding how much SGC charges for the use of the Guide), Request Nos. 31-32 (documents concerning SGC's sales), Request Nos. 33-37 and 53-54 (agreements between SGC and third parties regarding their use of its alleged marks and the Guide, and related documents and communications), Request No. 38-39 (which request all documents and communications regarding the prices, pricing plans and monetary compensation in relation to the SGC Marks and the Guide). The material sought by way of such Requests, which is directly relevant to SGC's claims regarding the alleged misuse of its materials and the losses that it has purportedly suffered, as well as, to the Falck Parties' breach of contract, libel, disparagement and interference claims, do not actually seek any trade secret or highly confidential competitive information. Moreover, the N.D. Cal. Form of Protective Order for Standard Litigation, which this is, already incorporates protection confidential information.

Although this lawsuit does not involve the type of information contemplated by the N.D. Cal. Patent Protective Order, we will nevertheless, as a compromise and in order to avoid unnecessary motion practice, agree to the entry of the same with the minor edits shown by way of the enclosed redline, if SGC will, in turn, agree to produce all responsive documents in relation to Requests Nos. 6-16, 18-19, 31-39, and 47-54.[1] It is, however, highly improper for SGC to further delay its production of items that cannot plausibly be deemed confidential until the entry of a protective order, such as its communications with the Plaintiffs in response to Request No. 5 or with Alameda County in Response to Request No. 6. Section 5.1 of SGC's own proposed form of protective order requires the parties to exercise restraint with respect to designations, and, even assuming any such items require a confidentiality designation, SGC indicated that it would be producing documents pending the entry of a stipulated protective order pursuant to the standard model N.D. Cal Order (*See* Case 4:19-cv-06104-SBA, Doc. No. 67, p. 6), and the Falck Parties have indicated that they are amenable to such treatment. SGC must therefore proceed by promptly producing the overdue documents as required by the federal rules.

---

[1] Since the matters have not been consolidated for all purposes, we have accordingly created two identical forms of protective order with the correct caption for each case.

**EXHIBIT 18 PAGE 2**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 3

With respect to point one in your July 10, 2020 letter, SGC's contention that the responses were timely despite the fact that they were not received until after our meet and confer letter does not excuse the various deficiencies.[2] With respect to your second point, the Requests are all equally relevant with respect to both lawsuits, which have, in any event, been consolidated for discovery. For example, while your letter claims that the trademark requests are not relevant to Case No. 8171 because that action does not assert any trademark claims, your letter nevertheless acknowledges that the requests are relevant to Case No. 6104. So long as SGC acknowledges that the Requests ask for material that is relevant to either action (and, in fact the requests all seek information that is relevant to both), then it is improper to withhold documents based on a relevance objection. Moreover, although your trademark infringement claim was only asserted in Case No. 6104, discovery regarding the alleged marks is nevertheless relevant to SGC's breach of the agreement allowing for the use of its purportedly trademarked materials and to the Falck Parties' disparagement and interference claims, which are, *inter alia*, based on SGC's misrepresentation of its nonexistent intellectual property rights in Case No. 8171.

With respect to your third point, the pendency of the anti-SLAPP motion does not render the requests irrelevant, and is no excuse for SGC's failure to comply with its discovery obligations. *See Ramachandran v. City of Los Altos*, No. 18-cv-01223, 2019 U.S. Dist. LEXIS 24541, at *3-4 (N.D. Cal. Feb. 13, 2019) (confirming that the filing of an anti-SLAPP motion does not stay discovery in federal court); *Prasad v. County of Sutter*, No. 12-cv-00592, 2013 U.S. Dist. LEXIS 100085, at *5 (E.D. Cal. July 17, 2013) (holding that a motion challenging the pleadings does not exempt a party from discovery). Nor does SGC's claim of a yet to be asserted but inapplicable legal defense (*i.e.*, the *Noerr-Pennington* Doctrine) render the requests irrelevant. Leaving aside its inapplicability to SGC, "the *Noerr-Pennington* [doctrine] is by definition an exemption from anti-trust liability, and **not a bar to discovery of evidence**." *Wal-Mart Stores, Inc. v. City of Turlock*, No. 04-cv-5278, 2005 U.S. Dist. LEXIS 55572, at *9 (E.D. Cal. Jan. 28, 2005) (emphasis added) (overruling objections to document production requests on basis of *Noerr-Pennington* doctrine); *Associated Container Transp. Ltd v. U.S.*, 705 F.2d 53, 59-60 (2d Cir. 1983) (finding that the discovery requests are "reasonably calculated to produce admissible evidence regardless of possible Noerr-Pennington immunity that may shield some of appellees' activity."). SCG's reliance on an inapplicable defense as a basis to object to discovery is only underscores the relevance of the requests.

With respect to your fourth and seventh points, the concern in our prior letter was the ambiguity of your responses, which only agree to produce information that SGC deems relevant without confirming whether that would include all responsive documents requested, or whether any documents are being withheld on the basis of any objections. Fed. R. Civ. P. 34 requires

---

[2] We are amenable to electronic service of non-filed documents in the future provided that transmission before midnight shall constitute timely service on any particular date. Please confirm that we have an agreement to electronic service, and, if so, we would request that you provide courtesy copies of any documents that have been served in the traditional method since July 10, 2020 by electronic mail as well.

**EXHIBIT 18 PAGE 3**

**DORSEY**
always ahead

Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 4

SGC to specify whether all documents requested are being produced, or to describe what subset is being withheld on the basis of any objection.  None of the responses clearly indicated that SGC was not in possession of any responsive documents, or whether all documents requested are being produced. As explained in relation to the individual specific requests below, while various of the responses have been amended, they still remain deficient and fail to comply with the federal rules, and the amended responses, which largely refuse to produce relevant information, lay bare SGC's obstructionist approach to discovery.

With respect to your fifth point, while the letter claims that nothing is being withheld on the basis of privilege or otherwise, as acknowledged by your letter, nothing has so far been produced. Nor has SGC indicated when any documents will be produced.  As set forth in our June 26, 2020 letter, Fed. R. Civ. P. 34(b)(2)(B) requires production at the time set forth in the Requests, and, to the extent that SGC claims that it will produce on a rolling basis, SGC was required to specify the dates on which the said production(s) will begin and be completed. *See* Advisory Committee Notes to 2015 Rule 34 Amendments. There is no excuse for SGC to continue to withhold documents with respect to responses that were due more than one month ago.  SGC's contention that it is not withholding any documents on the basis of privilege is also inconsistent with its offer to "exchange  privilege log trade privilege logs," which offer makes no sense, when, in fact, SGC has not yet propounded any discovery requests.  In addition to rectifying its deficient responses, SGC must therefore proceed by promptly producing documents and providing a privilege log in compliance with  Fed. R. Civ. P. 26(b)(5)(A)(ii).

With respect to your eighth point, while the definitions of the term communications and document may, when used in certain contexts, require the production of overlapping documents, that is not a legitimate basis upon which to withhold production.  We appreciate your confirmation that no material will be withheld on the basis of your objection to these definitions. If we misunderstand your letter in that regard, then SGC must specifically identify what, if anything, it is planning to withhold.

With respect to Request Nos. 1-4 and 55-58, SGC's revision of its responses in Case No. 8171 from only objections, including on the grounds that the records requested are available from public resources, to merely an agreement to produce records that are available from the Texas Secretary of State is entirely insufficient.  Your letter incorrectly claims that diversity has not been an issue since this matter was transferred.  SGC's own recent filings confirm otherwise.  *See* Case No. 8171, Dkt No. 57 at p 1, lines 15-16. SGC therefore cannot hide behind its other inapplicable objections with respect to these requests, which are directly relevant to its defense. The requests are also relevant to test the credibility of its corporate witnesses, whose prior declarations regarding the lack of diversity, appear to contradict publically available information, and, in that regard, the requests are equally relevant to both Case Nos. 6104 and 8171.  SGC's agreement to merely produce records that are available from the Texas Secretary of State is insufficient, because, as set forth in our June 26, 2020 letter, we are already in possession of

**EXHIBIT 18 PAGE 4**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 5

such records.  The records contradict SGC's claim that one of its members is a California resident, and merely list Mr. Coffin as a Director.  These requests, which ask for the certificate of formation and company agreements/amendments, a full list of past and present members as required to be maintained (but not filed with the Secretary of State) by Section 101.501 of the Texas Business Organizations Code, documents concerning the various interests in SGC and relevant communications, and documents regarding the residence of its members, therefore properly seek information regarding the alleged members and corporate structure beyond what is publically available.  SGC cannot claim lack of diversity, but then withhold documents that are required to test, and, in this case, will likely disprove, the legitimacy of its defense.

With respect to Request No. 5, SGC's revision of its responses to only correspondence between October 28, 2015 and September 11, 2019 is improper, because the subject agreement between the parties was entered in August 2015, and there is no reason for why the requested communications leading up to that agreement, or since the execution of the agreement until October 28, 2015 are being withheld.  Nor is there any justification for SGC to withhold documents since September 11, 2019 to the extent that any such documents, which were not exchanged between counsel, exist. SGC's attempt to expand the scope of its objections to ones that were not previously asserted is improper. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (objections not timely asserted are waived). The previously asserted objections, as set forth in our June 26, 2020 letter are without merit, and there is no basis to withhold documents previously exchanged with the Plaintiffs until the entry of a protective order. SGC must therefore amend its response to indicate that it will produce all responsive documents in response to this request.

With respect to Request No. 6, SGC's refusal to produce third party communications regarding the Falck Parties' alleged use of its confidential and proprietary materials, except for some limited communications with Alameda County is without merit.  The crux of SGC's claims is that the Falck Parties used its materials without permission.   SGC has disavowed the existence of an agreement allowing for the use of its materials (*See* Case No.  4:19-cv-08171-SBA, Dkt. No. 1 ("SGC Compl." ¶¶24, 30-32)), and has therefore put these communications at issue.  The requests are also highly relevant to the Falck Parties' breach of contract, declaratory relief, libel, disparagement and interference claims, as the documents requested will demonstrate the extent of SGC's dissemination of its false and disparaging statements and interference with the Falck Parties' business relationships.  SGC's attempt to expand the scope of its objections to ones that were not previously asserted is improper. *See Richmark*, 959 F.2d at 1473 (objections not timely asserted are waived).  And the pendency of the anti-SLAPP motion does not render the requests irrelevant, and is no excuse for SGC's failure to comply with its discovery obligations. *See Ramachandran*, 2019 U.S. Dist. LEXIS 24541, at *3-4 (confirming that the filing of an anti-SLAPP motion does not stay discovery in federal court); *Prasad*, 2013 U.S. Dist. LEXIS 100085, at *5 (holding that a motion challenging the pleadings does not exempt party from discovery).  Nor does SGC's claim of a yet to be asserted but inapplicable legal defense (*i.e.*, the *Noerr-Pennington*

**EXHIBIT 18 PAGE 5**



always ahead

Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 6

doctrine) render the requests irrelevant, as the material sought is relevant to both SGC's own affirmative claims, and, regardless of any legal defense that SGC intends to assert, that does not change the fact that the information is relevant to the Falck Parties' affirmative claims. *See Wal-Mart*, 2005 U.S. Dist. LEXIS 55572, at *9 (overruling objections to document production requests on basis of *Noerr-Pennington* doctrine); *Associated Container Transp.*, 705 F.2d at 59-60 (finding that the discovery requests are "reasonably calculated to produce admissible evidence regardless of possible Noerr-Pennington immunity that may shield some of appellees' activity."). SGC must therefore amend its response to state that it will produce all responsive documents, and must proceed by actually doing so.

With respect to Request Nos. 7-11, SGC does not dispute that its own complaint does in fact refer to AMR, when alleging that the Falck Parties utilized the guide "in order to falsely claim equivalency with an[other] SGCS client in" Alameda County, and since FNC was selected over its other client, it has lost revenues provided for by the pre-existing contract with its other customer. SGC Comp. ¶¶ 36-38, 58. SGC cannot, on the one hand claim that its third party customers, and, in particular, AMR, had a greater right to use its materials than the Falck Parties, or that it has suffered losses arising from its pre-existing agreement with AMR, but then withhold materials that are required to test, and are likely to disprove, its claims. The material is equally relevant to the Falck Parties' breach of contract, libel, disparagement and interference claims. In fact, SGC has sought to defend itself against such claims by asserting that, while it did provide its disparaging letter to its other customer (Case No. 19-cv-08171, Dkt No. 46-1: Coffin Dec. ¶ 7), SGC is not the one who disseminated the letter to the media. See 4:19-cv-08171-SBA, Doc. No. 65, pp. 9-10. Despite closely collaborating with AMR in order to disparage the Falck Parties' and interfere with their business relationships, SGC alleges that its other client (referring to AMR), has lost multiple bids to Falck, and, as a result, it has lost sales and stands to lose the customer altogether. SGC Comp.¶ 58. SGC cannot legitimately dispute the relevance of these requests, which seek information regarding its relationship and exchanges with AMR. And the pendency of the anti-SLAPP motion does not render the requests irrelevant, and is no excuse for SGC's failure to comply with its discovery obligations. *See Ramachandran*, 2019 U.S. Dist. LEXIS 24541, at *3-4 (confirming that the filing of an anti-SLAPP motion does not stay discovery in federal court); *Prasad*, 2013 U.S. Dist. LEXIS 100085, at *5 (holding that a motion challenging the pleadings does not exempt party from discovery). Nor does SGC's claim of a yet to be asserted but inapplicable legal defense (*i.e.*, the *Noerr-Pennington* doctrine) render the requests irrelevant, as the material sought is relevant to both SGC's own affirmative claims, and, regardless of any legal defense that SGC intends to assert, that does not change the fact that the information is relevant to the Falck Parties' affirmative claims. *See Wal-Mart*, 2005 U.S. Dist. LEXIS 55572, at *9 (overruling objections to document production requests on basis of *Noerr-Pennington* doctrine); *Associated Container Transp.*, 705 F.2d at 59-60 (finding that the discovery requests are "reasonably calculated to produce admissible evidence regardless of possible Noerr-Pennington immunity that may shield some of appellees' activity."). SGC must therefore amend its response to state that it will produce all responsive documents, and must proceed by actually doing so.

**EXHIBIT 18 PAGE 6**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 7

Requests Nos. 12-13, which seek documents and communications exchanged between SGC and various media outlets regarding the Falck Parties are in fact relevant to both Case Nos. 6104 and 8171. SGC cannot overcome its specific allegations regarding its media communications by summarily claiming that the material is irrelevant to its own claims, nor can it legitimately obstruct discovery based on the pendency of its Anti-SLAPP motion or based on the inapplicable *Noerr-Pennington* doctrine. *See Ramachandran*, 2019 U.S. Dist. LEXIS 24541, at *3-4 (confirming that the filing of an anti-SLAPP motion does not stay discovery in federal court); *Prasad*, 2013 U.S. Dist. LEXIS 100085, at *5 (holding that a motion challenging the pleadings does not exempt party from discovery); *see also Wal-Mart*, 2005 U.S. Dist. LEXIS 55572, at *9 (overruling objections to document production requests on basis of *Noerr-Pennington* doctrine); *Associated Container Transp.*, 705 F.2d at 59-60 (requiring responses despite the possibility that the Noerr-Pennington doctrine may shield some of the defendant appellee's activity). SGC must therefore amend its responses to state that it will produce all responsive documents with respect to these requests, and must proceed by actually doing so.

Request Nos. 14 and 15, which seek communications and documents exchanged between SGC and the Falck Parties' government regulators and potential other customers, also seek information that is highly relevant to the parties' claims and defenses. The specific paragraphs that implicate such documents in SGC's own complaint are referenced in our June 26, 2020 letter, and the documents are equally relevant to the Falck Parties' breach of contract, libel, disparagement and interference claims. Regardless of whether SGC believes its disparaging statement was justified, its beliefs do not impinge upon the relevance of the information, and the balance of the inapplicable objections are insufficient to overcome its obligation to produce such materials. SGC must therefore amend its response to state that it will produce all responsive documents, and must proceed by actually doing so.

SGC's response to Request No. 16, which seeks all contracts and agreements concerning the use of its allegedly confidential and proprietary information, trademarks and copyrights (including its Guide), are relevant to both actions. As acknowledged by SGC, they are relevant to its affirmative claims in Case 6104, but they are also relevant to the Falck Parties' claims as they will show that, despite SGC's attempts to disavow the agreement, no one else had any greater rights use SGC's materials, and its statements about the alleged misuse were intentionally false. Moreover, even though SGC agrees to produce "contracts and agreements" regarding use of its alleged trademarks and allegedly copyrighted Guide, the response fails to disclose whether it will be producing all such agreements, and then inexplicably suggests that such records may not exist within its possession, custody or control. SGC must therefore amend its responses in relation to both actions to state whether it will produce *all* such records. *See* Fed. R. Civ. P. 34(b)(2)(C). And to the extent that such documents are no longer within its possession, custody or control, it must explain why. *See E.D.C. Techs., Inc. v. Seidel*, No. 16-cv-03316, 2017 U.S. Dist. LEXIS 133440, at *4-5 (N.D. Cal. Aug. 21, 2017) ("If Responding Parties had possession,

**EXHIBIT 18 PAGE 7**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 8

custody, or control of responsive documents at one time, but contend that they no longer have possession, custody, or control of them, they must provide a verified statement that explains the circumstances and approximate date of their loss of possession, custody, or control to the best of Responding Parties' knowledge.").

With respect to Request No. 17, which asks for documents concerning its alleged copyright registration and related correspondence, SGC's offer to only produce publically available documents is once again entirely insufficient. SGC claims that its 2015 Guide is subject to protection by its alleged 2014 copyright registration, when, in fact, the certified deposit copy of the material on file with the US Copyright office bears no resemblance to the Guide that it claims was copied in violation of the same. SGC has put the documents related to its registration, including records that are not on file with the US Copyright Office and any surrounding correspondence, directly at issue by claiming that the discrepancy was the fault of its intellectual property counsel (Case No. 4:19-cv-6104-SBA, Doc. 43-2: Griffith Dec. ¶10), and has accordingly waived the attorney-client privilege with respect to such records. *See Apple v. Samsung*, 306 F.R.D. 234, 241-42 (N.D. Cal. 2015) (finding that defendant waived attorney-client privilege where it placed subject-matter of documents directly at issue); *Handgards, Inc. v. Johnson & Johnson*, 413 F. Supp. 926, 929 (N.D. Cal. 1976) (holding that the "deliberate injection of the advice of counsel into a case waives" the privilege). Despite SGC's attempt to claim that it may no longer have such documents because of the passage of time, it is well-settled that the documents if still in the possession of its counsel are within its possession, custody or control. *See Panasonic v. Sharp (In re Cathode Ray Tube Antitrust Litig.)*, No. 07-cv-05944, 2014 U.S. Dist. LEXIS 194174, at *171 (N.D. Cal. Nov. 13, 2014); *Ashman v. Solectron Corp.*, No. 08-cv-01430, 2009 U.S. Dist. LEXIS 57040, at *12 (N.D. Cal. June 12, 2009) ("documents in the possession of a party's **current or former counsel** are deemed to be within that party's 'possession, custody or control") (emphasis added). Moreover, to the extent that it once had such responsive documents, but no longer does, SGC must explain why that is the case. *See E.D.C. Techs.*, 2017 U.S. Dist. LEXIS 133440, at *4-5. SGC must therefore amend its responses in both actions to state whether it will produce all such records incompliance with Fed. R. Civ. P. 34. And to the extent that such documents are no longer within its possession, custody or control, it must explain why.

With respect to Request Nos. 18 and 19, SGC's insistence upon not producing any documents whatsoever regarding the alleged value of its Guide, including how much it charges for the use of the Guide, when, in fact, its entire lawsuit is predicated on a claim for damages based on the alleged misuse of its Guide, is improper. SGC must agree to produce such records.

With respect to Request Nos. 20 and 21, SGC's refusal to produce any documents regarding its attempted registration of the very same marks that are the subject of its lawsuit is highly improper. The USPTO's rejection of its mark militates against any common law protection, and is therefore highly relevant to its alleged common law rights. *See Home Decor Ctr., Inc. v. Google, Inc.*, No. 12-cv-5706, 2013 U.S. Dist. LEXIS 185298, at *12 (C.D. Cal. May 9, 2013)

**EXHIBIT 18 PAGE 8**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 9

(recognizing the USPTO's rejection of a trademark application as "persuasive authority indicating that the mark is not protectable"). Moreover, although SGC's trademark infringement claim was only asserted in Case No. 6104, discovery regarding the alleged marks is nevertheless relevant to SGC's breach of the agreement allowing for the use of its purportedly trademarked materials and to the Falck Parties' disparagement and interference claims, which are, *inter alia*, based on SGC's misrepresentation of its nonexistent intellectual property rights in Case No. 8171. The non-public records that relate to its attempted registration of the alleged marks, including the surrounding communications, which would shed light on why it chose to abandon the marks are highly relevant. Moreover, in an effort to create plausible deniability regarding the lack of evidentiary support for its claims, SGC has indicated that it was not aware of the rejection of its alleged marks by the USPTO until after it filed this action. *See* Case No., 4:19-cv-06104-SBA Doc. No. 34, p. 19. As with its copyright claim, SGC once again seeks to blame its failure in relation to the trademarks on its prior counsel, suggesting that its counsel never communicated the existence of the USPTO's office action, and has therefore waived the attorney-client privilege with respect to any communications with its counsel related to the same. *See Apple, supra*, 306 F.R.D. at 241-42; *Handgards, Inc., supra*, 413 F. Supp. at 929. Despite SGC's attempt to claim that it may no longer have such documents because of the passage of time, it is well-settled that the documents if still in the possession of its counsel are within its possession, custody or control. *See Panasonic*, 2014 U.S. Dist. LEXIS 194174, at *171; *Ashman*, 2009 U.S. Dist. LEXIS 57040, at *12 (N.D. Cal. June 12, 2009) ("documents in the possession of a party's **current or former counsel** are deemed to be within that party's 'possession, custody or control") (emphasis added). Moreover, to the extent that it once had such responsive documents, but no longer does, SGC must explain why that is the case. *See E.D.C. Techs.*, 2017 U.S. Dist. LEXIS 133440, at *4-5. SGC must therefore amend its responses in both actions to state whether it will produce all such records incompliance with Fed. R. Civ. P. 34. And to the extent that such documents are no longer within its possession, custody or control, it must explain why.

With respect to Request No. 22, 25 and 26, SGC's response in Case No. 6104 suggests that it has no responsive documents because such documents never existed. SGC must revise its responses to unequivocally say so if that is in fact the case. Moreover, although SGC's trademark infringement claim was only asserted in Case No. 6104, discovery regarding the alleged marks is nevertheless relevant to SGC's breach of the agreement allowing for the use of its purportedly trademarked materials and to the Falck Parties' disparagement and interference claims, which are, *inter alia*, based on SGC's misrepresentation of its nonexistent intellectual property rights in Case No. 8171. SGC must therefore provide a responses with respect to these request in relation to both lawsuits.

With respect to Request Nos. 23 and 24, it is unclear whether the material that SGC is agreeing to produce in response to Case No. 6104 will include all responsive documents, or if any subset of documents is being withheld on the basis of any objection. Moreover, although SGC's trademark infringement claim was only asserted in Case No. 6104, discovery regarding the

**EXHIBIT 18 PAGE 9**

Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 10

alleged marks is nevertheless relevant to SGC's breach of the agreement allowing for the use of its purportedly trademarked materials and to the Falck Parties' disparagement and interference claims, which are, *inter alia*, based on SGC's misrepresentation of its nonexistent intellectual property rights in Case No. 8171. SGC must therefore provide amended responses with respect to these request in relation to both lawsuits by agreeing to produce all responsive documents requested.

With respect to Request Nos. 31 and 32, it is unclear whether the material that SGC is agreeing to produce in response to Case No. 6104 will include all responsive documents, or if any subset of documents is being withheld on the basis of any objection. Moreover, although SGC's trademark infringement claim was only asserted in Case No. 6104, discovery regarding the alleged marks is nevertheless relevant to SGC's breach of the agreement allowing for the use of its purportedly trademarked materials and to the Falck Parties' disparagement and interference claims, which are, *inter alia*, based on SGC's misrepresentation of its nonexistent intellectual property rights in Case No. 8171. SGC must therefore provide amended responses with respect to these request in relation to both lawsuits by agreeing to produce all responsive documents as requested.

With respect to Request Nos. 33-37 and 53-54, regarding agreements between SGC and third parties regarding their use of its alleged marks and the Guide, and related other documents and communications, it is unclear whether the material that SGC is agreeing to produce in response to Case No. 6104 will include all responsive documents, or if any subset of documents is being withheld on the basis of any objection. At a minimum, SGC must agree, in relation to Request Nos. 34, 35, 36, 37 to also produce related documents and communications that shed light on the allowable scope of such use. In fact, SGC's responses are ambiguous as to whether all such contracts and agreements will even be produced, and therefore must also be amended to clearly say so. Moreover, although SGC's trademark infringement claim was only asserted in Case No. 6104, discovery regarding the alleged marks is nevertheless relevant to SGC's breach of the agreement allowing for the use of its purportedly trademarked materials and to the Falck Parties' disparagement and interference claims, which are, *inter alia*, based on SGC's misrepresentation of its nonexistent intellectual property rights in Case No. 8171. And there is no dispute that the information regarding its allegedly copyrighted Guide is equally relevant to both actions, since Case No. 8171 also seeks a declaration of invalidation. SGC must therefore provide amended responses with respect to these request in relation to both lawsuits by agreeing to produce all responsive documents as requested..

With respect to Request Nos. 38-39, which request all documents and communications regarding the prices, pricing plans and monetary compensation in relation to the SGC Marks and the Guide, it is unclear whether SGC is agreeing to produce all documents requested or is withholding any subset of documents based on its objections in relation to Case No. 6104. Moreover, the request is equally relevant to Case No. 8107, as it will demonstrate that its material

**EXHIBIT 18 PAGE 10**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 11

was used in compliance with the agreement, and is therefore relevant to SGC's attempts to disparage and interfere with the Falck Parties' business relationships by claiming otherwise. SGC must therefore provide amended responses with respect to these request in relation to both lawsuits by agreeing to produce all responsive documents as requested.

With respect to request Nos. 40 and 41, the responses fail to indicate whether SGC is planning to produce all responsive documents requested or is planning to withhold any on the basis of an objection. SGC must therefore amend its response to indicate whether it intends to produce all such documents.

With respect to request Nos. 42 and 43, the responses with respect to Case No. 6104 state both that documents will be produced at the relevant time, but then also indicate that SGC believes that no such documents have ever existed. SGC must clarify to indicate whether no such documents exist and why (*See E.D.C. Techs.,* 2017 U.S. Dist. LEXIS 133440, at \*4-5), or must alternatively indicate whether it is withholding or actually plans to produce such documents. Moreover, although SGC's trademark infringement claim was only asserted in Case No. 6104, discovery regarding the alleged marks is nevertheless relevant to SGC's breach of the agreement allowing for the use of its purportedly trademarked materials and to the Falck Parties' disparagement and interference claims, which are, *inter alia*, based on SGC's misrepresentation of its nonexistent intellectual property rights in Case No. 8171. SGC must therefore provide amended responses with respect to these request in relation to both lawsuits.

With respect to request No. 46, SGC must produce all non-privileged responsive documents, as the Falck Parties are entitled to the information sought pursuant to Fed. R. Civ. P. 26(a)(2), and must otherwise also provide a privilege log with respect to any privilege documents that it is planning to withhold.

With respect to Requests Nos. 47-50, SGC's responses with respect to Case No. 6104 are vague and ambiguous, as it is unclear whether SGC is agreeing to produce all responsive documents, or is withholding a subset on the basis of any objection. SGC must therefore amend its responses to indicate whether it is agreeing to produce all responsive documents, or is withholding any on the basis of any objection.

With respect to Requests Nos. 51 and 52, the information sought is highly relevant and proportional to the needs of the case, in particular its damages claims in Case No. 6104, and must therefore be produced. SGC cannot withhold the requested information while at the same time pursuing its claims for more than $93 million where publicly available information suggests that its total revenues are nowhere in the same stratosphere as that amount. By claiming damages and lost profits, SGC has placed this information at issue and it is discoverable. *See Valdez v. Travelers Indem. Co.*, No. 12-cv-04307, 2013 U.S. Dist. LEXIS 109154, at \*8 (N.D. Cal. Aug. 2, 2013) ("[B]y claiming 'lost … profits,' 'loss of [statutory] benefits,' and 'other consequential

**EXHIBIT 18 PAGE 11**

**DORSEY**™
always ahead

Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 12

damages,' the plaintiffs had 'placed their financial condition at issue" thus making their "financial statements, tax returns," and other "related documents" — such as "profits and loss statements, bank account statements, loan and line of credit statements" — "relevant for purposes of discovery."); *Ajy Int'l, Inc. v. Paldo Co.*, No. 17-cv-00744, 2017 U.S. Dist. LEXIS 131808, at *8-9 (N.D. Cal. Aug. 17, 2017) (finding that "lost-profits allegations make [Plaintiff's] tax returns, bank statements, and balance sheets equally relevant here"). SGC's complaint, which alleges that it has suffered millions of dollars in lost profits, is contradicted by publically available information. SGC cannot allege facts, but continue to withhold information that is required to test its veracity. SGC must therefore agree to produce all responsive documents in response to these requests.

With respect to Requests Nos. 59-60, SGC states that it will produce documents limited to insurance coverage. This is insufficient. The requests seek information for reimbursement and payment from all sources, not limited to insurance providers. This information is relevant to SGC's purported request for attorney's fees in relation to its claims (SGC Comp. at p. 24), and in relation to its anti-SLAPP motion (Case No. 19-cv-08171-SBA, Doc. No. 59, p. 22). SGC has suggested that the suspicion that it is being reimbursed for its fees is an excuse to expand the scope of relevant discovery (Case No. 19-cv-06104-SBA, Doc. No. 67, p. 9), but now claims that it is not producing documents related to any such arrangement, including on the grounds that the documents requested constitute confidential, proprietary or trade secret information. SGC has put the material at issue by seeking fees, and must therefore produce all non-privileged responsive documents.

SGC must accordingly further amend its responses, which remain non-complaint with the federal rules, as requested above. And while we disagree that that the N.D. Cal. Patent Protective Order applies to this case, we will nevertheless, as a compromise and in order to avoid unnecessary motion practice, agree to the entry of the same with the minor edits as shown in redline by way of the enclosed, if SGC will, in turn, agree to produce all responsive documents in relation to Requests Nos. 6-16, 18-19, 31-39, and 47-54. Please advise by July 24, 2020, as to whether SGC is willing to accept this compromise proposal with respect to the protective order, and whether SGC will also agree to rectify the balance of the deficiencies in its responses and production as requested hereinabove by July 31, 2020. If SGC fails to respond by July 24, 2020, including by confirming that it will rectify its deficient responses and production by July 31, 2020, then we will have no choice other than to proceed by scheduling a meet and confer in compliance with Judge Spero's standing order and to seek judicial intervention.

Finally, we are also, by way of this letter, again seeking to meet and confer to schedule the SGC depositions in compliance with N.D. Cal. Local Rule 30-1. While your letter suggests your office is willing to cooperate to schedule depositions where the various witnesses live or by video, you have yet to provide us with any dates. Furthermore, there is no legitimate basis for SGC to object to proceeding with its party witness depositions in the Northern District of California, including because that is where SGC chose to file its own claims (Case No. 6104), and SGC is

**EXHIBIT 18 PAGE 12**



always ahead

Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 21, 2020
Page 13

also the one who sought and obtained a transfer of the Falck Parties' claims (Case No. 8171) to the Northern District of California from Texas, where its key witness is based. *See Jones v. Nutiva, Inc.*, No. 16-cv-00711, 2017 U.S. Dist. LEXIS 126473, at *3, 7 (N.D. Cal. Aug. 9, 2017) (plaintiff's choice of the N.D. Cal. Forum operates as a consent to proceed with its party witness depositions there); *Rulo v. Ricoh Ams. Corp.*, No. 15-cv-00736, 2015 U.S. Dist. LEXIS 153432, at *4 (N.D. Cal. Nov. 12, 2015) ("Plaintiff's strategic choice ultimately led to this Court's jurisdiction and, accordingly, to this District being the presumptive location for his deposition . . . . Thus, the Court presumes that deposition in San Francisco, the heart of the Northern District of California and where Plaintiff initially filed suit, is reasonable."). We appreciate that the pandemic has created challenges, which is why we have since June been asking for dates in August or September, as restrictions are likely to be further eased if not entirely lifted by then. Moreover, despite the ongoing pandemic, courts have continued to order important depositions to proceed in person. And since the month of August is so quickly approaching, SGC's deficient responses and delinquent production make it unlikely that we will be able to proceed in August. We are therefore asking for dates in September and October on which your identified party witnesses are available to proceed with their depositions in person in the Northern District of California.

Sincerely,

DORSEY & WHITNEY LLP

Faisal M. Zubairi
Partner

Enclosures

cc: Kent J. Schmidt
    Navdeep K. Singh

**EXHIBIT 18 PAGE 13**

Hillary A. Brooks (admitted *pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (admitted *pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC,<br>        Plaintiff,<br><br>    v.<br><br>FALCK NORTHERN CALIFORNIA CORP., CARE AMBULANCE SERVICE, INC., and FALCK USA, INC.,<br>        Defendants. | Case No: 4:19-cv-06104-SBA<br><br>Related to: 4:19-cv-08171-SBA<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

**EXHIBIT 18 PAGE 14**

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**I.    2.    DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

[2.4    *Optional*: Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"].

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 15**

manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

[2.9    *Optional*: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.]

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

EXHIBIT 18 PAGE 16

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." [Optional: or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]

2.17   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## II.   3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## III.   4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 17**

motions or applications for extension of time pursuant to applicable law.

**IV.    5.        DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing

STIPULATED PROTECTIVE ORDER                                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 18**

Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE]) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized

**Formatted:** Font: Not Bold, No underline

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 19**

individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

V.    6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 20**

designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be

---

[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

EXHIBIT 18 PAGE 21

accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**VI.   7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving

---

[2] ~~It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.~~

**EXHIBIT 18 PAGE 22**

Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: and "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] only to:

(a) the Receiving Party's House Counsel and Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

[(b) Optional as deemed appropriate in case-specific circumstances: Designated House

STIPULATED PROTECTIVE ORDER                              CASE NO. 4:19-cv-06104-SBA

**Formatted:** Font: Not Bold, No underline

**EXHIBIT 18 PAGE 23**

~~Counsel of the Receiving Party³ (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];⁴~~

(b~~e~~) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed~~]~~;

(c~~d~~) the court and its personnel;

(d~~e~~) court reporters and their staff, professional jury or trial consultants,⁵ and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e~~f~~) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ~~[*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]~~ Information or Items to ~~Designated House Counsel⁶ or~~ Experts.⁷

---

³ ~~It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.~~

⁴ ~~This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate under certain circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.~~

⁵ ~~*Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.~~

⁶ ~~*Alternative*: The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.~~

⁷ ~~*Alternative:* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of~~

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 24**

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.[8]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[9] and (6) identifies (by name and number of the

the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

[8] It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

[9] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

**EXHIBIT 18 PAGE 25**

case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[10]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the ~~identified Designated House Counsel or~~ Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to ~~Designated House Counsel or~~ the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to ~~Designated House Counsel or~~ the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to ~~Designated House Counsel or~~ the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its ~~Designated House Counsel or~~ Expert.

---

[10] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

STIPULATED PROTECTIVE ORDER                                        CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 26**

VII.    8.    **PROSECUTION BAR [*OPTIONAL*]**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information shall not be involved in the prosecution of patents or patent applications relating to [insert subject matter of the invention and of highly confidential technical information to be produced], including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[11] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[12] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information is first received by the affected individual and shall end two (2) years after final termination of this action.[13]

VIII.    9.    **SOURCE CODE [*OPTIONAL*]**

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

---

[11] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

[12] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[13] *Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" technical or source code information pursuant to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information,

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 27**

(b)      Protected Material designed as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[14]

(c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.[15] The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[16]

(d)      The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing

[14] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including "HIGHLY CONFIDENTIAL – SOURCE CODE" information, such as exhibits to motions or expert reports,

[15] *Alternative*: Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party.

[16] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

EXHIBIT 18 PAGE 28

Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)   The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[17]

IX.VII. 10.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this

---

[17] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

**EXHIBIT 18 PAGE 29**

Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[18]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**X.VIII. 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

---

[18] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 30**

this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[19] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XI.IX. 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**XII.X. 13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[20] This provision is not intended

---

[19] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[20] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting"

STIPULATED PROTECTIVE ORDER                     CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 31**

to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

XIII.XI.     **14.     MISCELLANEOUS**

14.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

[14.3 *Optional:* Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.]

14.43     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule

---

the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.

An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim."

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 32**

79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

XIV.XII.      **15.      FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____ _____
                                                    Attorneys for Plaintiff


DATED: _____ _____
                                                    Attorneys for Defendant


STIPULATED PROTECTIVE ORDER                          CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 33**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____ _____
[Name of Judge]HON. SAUNDRA B. ARMSTRONG
United States District/Magistrate Judge

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

EXHIBIT 18 PAGE 34

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date]_____, 2020 in the cases of *Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC v. Falck Northern California Corp. et al.*, Case No. 4:19-cv-06104-SBA and ,_____*Care Ambulance Service, Inc. et al. v. Scott Griffith Collaborative Solutions, LLC d/b/a SG COLLABORATIVE SOLUTIONS, LLC*, Case No. 4:19-cv-08171-SBA (Related Case No. 4:19-cv-06104-SBA) [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**Formatted:** Font: Italic

**EXHIBIT 18 PAGE 35**

[signature]

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 18 PAGE 36**

Hillary A. Brooks (admitted *pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (admitted *pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CARE AMBULANCE SERVICE, INC., FALCK USA, INC., FALCK NORTHERN CALIFORNIA CORP., and FALCK ROCKY MOUNTAIN, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC, <br><br> Defendant. | Case No: 4:19-cv-08171-SBA <br><br> Related to: 4:19-cv-06104-SBA <br><br> **STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

STIPULATED PROTECTIVE ORDER                                 CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 37**

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

I.    2.    **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

[2.4    *Optional*: Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"].

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 38**

manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

[2.9    Optional: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.]

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

STIPULATED PROTECTIVE ORDER                                CASE NO. 4:19-cv-08171-SBA

EXHIBIT 18 PAGE 39

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." [Optional: or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## II.    3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## III.    4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

STIPULATED PROTECTIVE ORDER                              CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 40**

motions or applications for extension of time pursuant to applicable law.

**IV.  5.  DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing

STIPULATED PROTECTIVE ORDER                               CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 41**

Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE]) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized

STIPULATED PROTECTIVE ORDER                                    CASE NO. 4:19-cv-08171-SBA

**Formatted:** Font: Not Bold, No underline

**EXHIBIT 18 PAGE 42**

individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

V.    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

STIPULATED PROTECTIVE ORDER                                CASE NO. 4:19-cv-08171-SBA

EXHIBIT 18 PAGE 43

designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.[1] Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be

---

[1] Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

STIPULATED PROTECTIVE ORDER                                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 44**

accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**VI.    7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving

---

[2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

STIPULATED PROTECTIVE ORDER                                CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 45**

Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: and "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] only to:

(a) the Receiving Party's House Counsel and Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

[(b) Optional as deemed appropriate in case-specific circumstances: Designated House

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

> **Formatted:** Font: Not Bold, No underline

**EXHIBIT 18 PAGE 46**

Counsel of the Receiving Party[3] (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed];[4]

(be) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(cd) the court and its personnel;

(de) court reporters and their staff, professional jury or trial consultants,[5] and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(ef) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items to Designated House Counsel[6] or Experts.[7]

---

[3] It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.

[4] This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate under certain circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.

[5] *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

[6] *Alternative*: The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.

[7] *Alternative:* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

EXHIBIT 18 PAGE 47

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.[8]

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[9] and (6) identifies (by name and number of the

the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

[8] It may be appropriate in certain circumstances to require any Designated House Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information pursuant to this Order to disclose any relevant changes in job duties or responsibilities prior to final disposition of the litigation to allow the Designating Party to evaluate any later-arising competitive decision-making responsibilities.

[9] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

EXHIBIT 18 PAGE 48

case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[10]

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the ~~identified Designated House Counsel or~~ Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to ~~Designated House Counsel or~~ the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to ~~Designated House Counsel or~~ the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to ~~Designated House Counsel or~~ the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its ~~Designated House Counsel or~~ Expert.

---

[10] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

EXHIBIT 18 PAGE 49

VII.   8.      **PROSECUTION BAR [*OPTIONAL*]**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information shall not be involved in the prosecution of patents or patent applications relating to [insert subject matter of the invention and of highly confidential technical information to be produced], including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[11] For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[12] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] information is first received by the affected individual and shall end two (2) years after final termination of this action.[13]

VIII.   9.      **SOURCE CODE [*OPTIONAL*]**

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

[11] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

[12] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[13] *Alternative:* It may be appropriate for the Prosecution Bar to apply only to individuals who receive access to another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" technical or source code information pursuant to this Order, such as under circumstances where one or more parties is not expected to produce "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that is technical in nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information,

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 50**

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information [*Optional*: including the Prosecution Bar set forth in Paragraph 8], and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[14]

(c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.[15] The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[16]

(d)      The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing

[14] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including "HIGHLY CONFIDENTIAL – SOURCE CODE" information, such as exhibits to motions or expert reports;

[15] *Alternative*: Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party.

[16] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

EXHIBIT 18 PAGE 51

Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[17]

### IX.VII. 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this

---

[17] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

STIPULATED PROTECTIVE ORDER                              CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 52**

Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[18]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**X.VIII. 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

---

[18] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

STIPULATED PROTECTIVE ORDER                                      CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 53**

this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

          3.   make the information requested available for inspection by the Non-Party.

      (c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[19] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**XI.IX.  12.**     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**XII.X.  13.**     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[20] This provision is not intended

---

[19] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

[20] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting"

STIPULATED PROTECTIVE ORDER             CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 54**

to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

XIII.XI.      **14.      MISCELLANEOUS**

14.1      Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2      Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

[14.3 *Optional:* Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.]

14.43      Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule

---

the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.

An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim."

STIPULATED PROTECTIVE ORDER                                        CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 55**

79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

XIV.XII.     **15.     FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____ _____
                                    Attorneys for Plaintiff

DATED: _____ _____
                                    Attorneys for Defendant

STIPULATED PROTECTIVE ORDER                         CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 56**

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____ _____
                                       [Name of Judge]HON. SAUNDRA B. ARMSTRONG
                                       United States District/Magistrate Judge

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 57**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date]_____, 2020 in the cases of *Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC v. Falck Northern California Corp. et al.*, Case No. 4:19-cv-06104-SBA and *Care Ambulance Service, Inc. et al. v. Scott Griffith Collaborative Solutions, LLC d/b/a SG COLLABORATIVE SOLUTIONS, LLC*, Case No. 4:19-cv-08171-SBA (Related Case No. 4:19-cv-06104-SBA) [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

**Formatted:** Font: Italic

EXHIBIT 18 PAGE 58

Signature: _____
                    [signature]

STIPULATED PROTECTIVE ORDER                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 18 PAGE 59**

# EXHIBIT 19

# BROOKS QUINN
## INTELLECTUAL PROPERTY ATTORNEYS

**Hillary A. Brooks**
*Partner*
P: 503-629-1559
F: 503-710-9613
hillary@brooksquinn.com

July 23, 2020

*VIA EMAIL: zubairi.faisal@dorsey.com*

Faisal M. Zubairi
Dorsey & Whitney LLP
600 Anton Boulevard, Ste. 2000
Costa Mesa, CA 92626

RE:    Response to July 21, 2020 Letter, Case Nos. 4:19-cv-08171-SBA, 4:19-cv-06104-SBA
          Our Docket Nos. 0280.0008, 0280.0002

Dear Mr. Zubairi:

We are in receipt of your July 21, 2020, 13-page letter concerning SGCS's Revised Responses to the Falck Entities' Requests for Production.  We would like to dispel some of the Falck Entities' remaining concerns and focus on any real, rather than hypothetical, issues that remain.

While it had been our hope that the parties would quickly reach agreement on the protective order so that the initial production could be made in one go, from the Falck Entities' proposed revisions, that appears not to be the case.  The Court has been quite clear that it will not entertain competing protective orders and we think the best approach here is to simply go with the non-optional language that comprises the district's standard order with the highly confidential designation, namely the *Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets*.  We are not interested in protracted battles over optional or added language in view of the Court's directive and would prefer to resolve these issues and get on with production to get to the merits of the case.

While the Falck Entities may believe that they have not requested any materials warranting HIGHLY CONFIDENTIAL treatment and may not be concerned about their own designation of materials when SGCS issues its discovery requests, as previously explained, in reviewing its own materials SGCS has identified materials that can only be turned over relative to a HIGHLY CONFIDENTIAL designation.  These include:

1.    Proprietary customer contracts;
2.    Proprietary pricing schedules and sales data; and
3.    Damages calculations.

However, as a showing of good faith,  we are producing concurrently herewith all but the HIGHLY CONFIDENTIAL materials that would be governed by the heightened protective order, including materials that are CONFIDENTIAL under both of the District's standard protective orders, the latter with the understanding

**EXHIBIT 19 PAGE 1**

Zubairi
Dorsey & Whitney LLP
Page 2

that the Falck Entities and their counsel will respect the CONFIDENTIAL designation even without a protective order officially entered in the case.

As to the Falck Entities' questions regarding production generally:

1.  SGCS has not withheld production of any materials on the basis of the Falck Entities' overlapping definitions of "DOCUMENTS" and "COMMUNICATIONS."   Throughout the responses SGCS has endeavored to discern what the intent of the request was and has relied on objections only in those instances where the meaning cannot be discerned with any reasonable certainty.  SGCS has been clear in each instance what meaning it applied and where it was relying on objections.

2.  SGCS is producing secretary of state and tax records, as well as personal identity records which confirm the membership and addresses of its members.  To the extent the Falck Entities believe Section 101.501 requires some specific list (other than, for example, an S-corp. designation that clearly designates the members of the LLC and their respective ownership percentages), then we ask that you share the basis for that belief.  We are aware of no such requirement.

3.  The date range for communications between the Falck Entities and SGCS was applied to cover the first date of an identified document and the last date of an identified document.  No communications are being withheld because they fall outside that range.   That range may change if further responsive documents are identified.

4.  All responsive documents regarding regulators have been identified and are being produced.  SGCS is not holding back any communications with regulators.

5.  Upon entry of the heightened protective order, SGCS will produce contracts relative to its claim for damages and has indicated why those documents are not relevant to the Falck Entities' claims.  As previously explained, the contracts are not relevant to damage the Falck Entities claim to have suffered by the publication of the *Colorado Independent* article.  That damage would be based on the Falck Entities' losses, not contracts held by SGCS, and certainly not by SGCS's revenue.

6.  For Requests 18 and 19, the Falck Entities asked about "publication rights."  As stated in the objections, SGCS does not know what "publication rights" are in the context of the pled claims and therefore cannot answer the request.  Perhaps if the Falck Entities clarified what it believes the "publication rights" are or how they relate to the pled causes of action, SGCS could answer these requests.

7.  The federal trademark application has not been pled and therefore is not relevant.  Regardless, the Falck Entities are demonstrably in possession of the public record of the trademark application, the office action, and the current status of the application, and are free to argue whatever they want as a result.  There are no non-privileged materials in SGCS's possession, custody, or control that are relevant to Requests 20 and 21.

EXHIBIT 19 PAGE 2

Zubairi
Dorsey & Whitney LLP
Page 3

8. For Requests 22, 25, and 26, SGCS specifically stated that no responsive documents are believed to have ever existed.  It cannot be clearer than that.

9. For Requests 23 and 24, the responsive documents have been identified and are being produced.  No responsive documents are being held back.

10. For Requests 31 and 32, no responsive documents are being held back.  However, the responsive documents are HIGHLY CONFIDENTIAL and accordingly will not be produced absent entry of the heightened protective order.

11. For Requests 33-37, no responsive documents are being held back.  However, the responsive documents are HIGHLY CONFIDENTIAL and accordingly will not be produced absent entry of the heightened protective order.

12. For Requests 53 and 54, SGCS does not dispute the relevance to the -06104 case of the documents identified in its responses, and those documents are not being held back.  However, the documents identified in SGCS's responses are HIGHLY CONFIDENTIAL and accordingly will not be produced absent entry of the heightened protective order.

13. For Requests 38 and 39, SGCS does not dispute the relevance to the -06104 case of the documents identified in its responses, and those documents are not being held back.  However, the documents identified in SGCS's responses are HIGHLY CONFIDENTIAL and accordingly will not be produced absent entry of the heightened protective order.

14. For Requests 42 and 46, the Falck Entities have asked about expert reports that are not yet in existence and which are not due until January 4, 2021.  Therefore, SGCS cannot produce them now, but may in the future if they come to exist.  Until that time, no responsive documents have been identified.

15. For Request 43, the Falck Entities asked about media reports.  As stated in the objections, SGCS does not know what a "media report" is and therefore cannot answer the request.  Perhaps if the Falck Entities clarified what a "media report" is, SGCS could answer the request.

16. For Requests 47-50, SGCS clearly indicated the types of materials that will be produced, and some of those materials are being produced herewith.  SGCS has not indicated there is anything it is not producing, although some of the documents identified in SGCS's responses are HIGHLY CONFIDENTIAL and accordingly will not be produced absent entry of the heightened protective order.

17. For Requests 51 and 52, we addressed this issue in our prior correspondence.  The measure of damages is actual damages experienced by SGCS (which is not revenue or profits, but rather lost sales) and the Falck Entities' profits.  Therefore the $93 million relates to published reports regarding the Falck Entities' profits and that information is in Falck's possession, custody, and control.  *See* 17 U.S.C. § 504(a),15 U.S.C. § 1117(a) (both providing for actual damages and defendant's (meaning the Falck

**EXHIBIT 19 PAGE 3**

Zubairi
Dorsey & Whitney LLP
Page 4

Entities') profits).  The documents identified in SGCS's responses are HIGHLY CONFIDENTIAL and accordingly will not be produced absent entry of the heightened protective order.

18. For Requests 59 and 60, in no way did SGCS say it would produce documents "limited to insurance coverage."  To the contrary, it said it would produce: "documents concerning or relating to insurance coverage."  Those documents are being produced concurrently herewith.

In sum, here are the only responsive documents of which we are presently aware that are not being produced:

1. SGCS is not concurrently producing HIGHLY CONFIDENTIAL documents for the reasons set forth above, but will produce such documents when the heightened protective order is entered.

2. SGCS will not produce any attorney-client communications, including those relating to any federal trademark applications which have not been relied on in this case.  I reviewed the case law you cited, including *Apple*, *Handgards*, *Panasonic*, and *Ashman*, and none of those cases support waiver here. Stating that a party was not aware of an event and could not take action in response to it is not waiver of privilege.

3. SGCS will not produce the contents of any communication with counsel regarding the copyright registration. However, SGCS is producing concurrently herewith the materials that it provided as the deposit material for the copyright registration, as well the copy of the deposit material that we were provided by the Copyright Office.

4. SGCS will not produce documents identifying any specific customers with whom SGCS shared its cease and desist letter.  In its responses to the Falck Entities' interrogatories, SGCS provided the date and circumstances under which SGCS became aware of the infringement and what it did in response to that information.  The customer names have no bearing on this case, are irrelevant owing to anti-SLAPP, the litigation privilege, and *Noerr-Pennington*, and would be used to harass and expand the lawsuit in a manner disproportionate to the needs of the case.  The inapplicability of the cited cases is discussed below.

5. SGCS has not placed AMR in controversy, as previously explained, but SGCS will turn over relevant documents relating to actual damages suffered by SGCS when the heightened protective order is entered, as indicated responsive to Request for Production Nos. 47-50 in the -06104 case, which include materials relevant to AMR.

6. SGCS will not turn over any communications with media outlets, as these documents are privileged petitioning activity.  The Falck Entities are in possession of the published version of SGCS's response to the *Colorado Independent* and can argue whatever they would like about it.

Regarding the cited cases, SGCS has not argued that discovery is stayed in view of anti-SLAPP, so *Prasad* is not relevant; instead SGCS has cited the irrelevant nature of the Falck Entities' requests under the relevant case law

**EXHIBIT 19 PAGE 4**

Zubairi
Dorsey & Whitney LLP
Page 5

and privileges and immunities at play, as well as the disproportionality to the case.  The Rule 26 standard has changed.  *Ramachandran* provided that in a Rule 56 or factual inquiry discovery can go forward.  This, however, is a 12(b) facial inquiry, so *Ramachandran* does not support the Falck Entities' position.  The discovery sought in *Wal-Mart* was not directed to the petitioning activity as it is here, so *Wal-Mart* is factually disparate. *Associated Container* does not support the argument made and is a highly specific inquiry in a much different case.   We previously suggested you read *UCP*, a very recent case out of the Northern District of California that discusses the interplay between anti-SLAPP, the litigation privilege, and *Noerr-Pennington* under the types of causes of action presented in this case.  Each of these various ways of claiming First Amendment privilege and immunity were raised at different points in the litigation and SGCS has been clear since the outset of the -08171 case that it would be relying on these principles.

Regarding service, we appreciate that you are now apparently agreeing to electronic service of non-filed documents by midnight on the date served, and unless required by the Court or another rule to make an earlier service, we likewise agree to electronic service of materials by midnight on the date service is required.  We will agree to produce any documents electronically that previously were not so produced if you will do the same.

Finally, as to your deposition requests:

1.  SGCS will not provide 60 days' worth of availability for three separate witnesses (spanning all of August and September, or now, all of September and October).  We have asked you to propose dates within that period.  We will promptly respond to any requests raised by you for specific dates for each deposition.

2.  The Falck Entities are not burdened by a deposition in Texas when the Falck Entities filed suit in Texas and attorneys of record in this case are located in Texas.  SGCS is a three member LLC, not a huge, multi-national corporation, and these are unprecedented times.  To impose unnecessary burdens on SGCS under the circumstances is not acceptable.  If you do not wish to travel to where the witnesses are located, we have offered the availability of video depositions, which we have used during this pandemic in other cases and are informed are now a regular part of legal practice.  Similarly, the remaining witnesses are north and south of the Bay Area and can be deposed where they reside, or by video.  The Falck Entities are in a better position to travel for those depositions if they insist on non-virtual attendance.

Sincerely,

*Hillary A. Brooks*

Hillary A. Brooks

**EXHIBIT 19 PAGE 5**

| Bates No. | Document Type | Date of Document | Author(s) | Recipient | Subject Matter | Steps Taken to Ensure Confidentiality | Category of Privilege |
|---|---|---|---|---|---|---|---|
| SGCS000362 – SGCS000367 | Email | June 24, 2014 | Rachel Saldana (attorney) | K. Scott Griffith (SGCS) | Federal trademark application | Email not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS000368 | Email | May 16, 2014 | Rachel Saldana (attorney) | K. Scott Griffith (SGCS) | Federal trademark application | Email not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS000369 – SGCS000370 | Attachment to email (SGCS000368) | May 16, 2014 | Rachel Saldana (attorney) | K. Scott Griffith (SGCS) | Federal trademark application | Attachment not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001541 – SGCS001542 | Email thread | May 28, 2014 | K. Scott Griffith (SGCS); Roxanne Edwards (attorney); Rachel Saldana (attorney) | Roxanne Edwards (attorney); K. Scott Griffith (SGCS); Rachel Saldana (attorney); Jon Paul LeSage (SGCS) | Federal copyright application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001543 – SGCS001549 | Email thread | July 2, 2014; July 3, 2014; July 12, 2014; July 14, 2014 | Lacy Kinsey (attorney's employee); K. Scott Griffith (SGCS); Rachel Saldana (attorney) | K. Scott Griffith (SGCS); Lawrence Brown (attorney); Rachel Saldana (attorney); | Federal copyright application & other legal matters | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |

**EXHIBIT 19 PAGE 6**

# EXHIBIT 20



**FAISAL M. ZUBAIRI**
**Partner**
**(714) 800-1461**
**FAX (714) 464-5353**
**zubairi.faisal@dorsey.com**

July 27, 2020

<u>**VIA ELECTRONIC AND FIRST CLASS MAIL**</u>

Hillary A. Brooks                        Ryan Tyz
Delfina S. Homen                     Sean Apple
BROOKS QUINN, LLC            TYZ LAW GROUP PC
6513 132nd Avenue NE, Suite 378    4 Embarcadero Center, 14th Floor
Kirkland, WA 98033                 San Francisco, CA 94111

**Re:**    ***Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC***,
**Case No. 4:19-cv-08171-SBA and *Scott Griffith Collaborative Solutions, LLC v.
Falck Northern California Corp.*, et al., Case No. 4:19-cv-06104-SBA**

Dear Counsel:

As you know, we represent Plaintiffs Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, the "Falck Parties") in relation to Case No. 4:19-cv-08171-SBA, which was filed against your client Scott Griffith Collaborative Solutions, LLC dba SG Collaborative Solutions, LLC ("SGC"). We also represent Care, Falck and FNC as defendants in relation to the lawsuit filed by SGC, which is currently pending as case No. 4:19-cv-06104-SBA. We are in receipt of your July 23, 2020 correspondence, which refuses to accept our reasonable compromise in relation to the protective order, and insists upon withholding highly relevant documents on the basis inapplicable objections despite our willingness to treat such documents as confidential. **We are hereby demanding a video conference to meet and confer regarding your deficient responses and production in compliance with Judge Spero's Standing Order within 10 calendar days. Please provide us with dates and times on which you are available for the same.**

We believe that the N.D. Cal. Form of Protective Order for Standard Litigation, which these cases are, already incorporates protection for the type of confidential information at issue in this litigation. These related actions do not involve any patents, trade secrets, or any other highly confidential competitive information. Your responses and letter largely refuse to produce the requested third-party information, but nevertheless insist upon the entry of the Stipulated Protective Order for Litigation Involving Patents Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "N.D. Cal. Patent Protective Order"). The third-party information requested includes documents regarding the Falck Parties, which cannot possibly be confidential, or the scope of allowable use by third parties of the very same SGC materials that are already at issue in this dispute. Although the information is therefore not the type of highly sensitive information contemplated by the N.D. Cal. Patent Protective Order, we are nevertheless, as a compromise, willing to accept the N.D. Cal. Patent Protective Order. We cannot, however,

**EXHIBIT 20 PAGE 1**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 27, 2020
Page 2

agree to your proposed redline revisions that are designed to make the N.D. Cal. Patent Protective Order even more restrictive than is contemplated by Patent Local 2-2 by entirely excluding access by in-house counsel.  We are not proposing the submission of competing orders, and are in fact accepting your proposed form of order, with one change, which is to allow access by in-house counsel provided that they sign off on the confidentiality acknowledgment, agreeing to not share the marked information or to use it for any purpose other than this litigation.  If your proposal is for the Falck Parties to either accept your more restrictive form of protective order without compromise or to entirely forego the production of documents that you claim are highly confidential, then we will have no choice other than to seek judicial intervention.  Moreover, in light of our assent to this heightened level of protection, we are once again requesting SGC to reconsider its refusal to provide all documents in response to Requests Nos. 6-16, 18-19, 31-39, and 47-54.

With respect to Request Nos. 1-4, the issue is not the scope of what SGC is required to maintain under Section 101.501.  Rather, the issue that SGC is not agreeing to produce all responsive documents either in response to Request No. 3 (which asks for the material required by 101.501) or in response to the other requests, which seek the certificate of formation, company agreement and any amendments; all documents, communications and agreements concerning the organizational structure of SGC and its alleged membership.  With respect to Request Nos. 55-58, the agreement to only provide government issued identification without documents or communications relating to the presence of its alleged members in Texas is insufficient.  SGC cannot withhold highly relevant emails or agreements that would shed light on whether its members do or are required to conduct SGC business from Texas. SGC must accordingly amend its responses to indicate that it will produce all requested records, as opposed to just ones from the secretary of state.

With respect to Request No. 5, while your response seeks to unilaterally impose a temporal limitation, your letter claims that all responsive documents will nevertheless be produced.  The responses must accordingly be amended to say so.

Your explanation with respect to Request No. 6, which presumably also applies to Request Nos. 14-15, that all responsive documents regarding regulators will be produced, despite the fact that the responses say that only certain such records will be provided, is insufficient.  With respect to No. 6, there is no legitimate basis upon which to withhold communications with *all* third parties, regardless of whether they are regulators or not, that concern the Falck Parties' use of the SGC's alleged confidential and proprietary information, trademark and copyrights.  And there is no plausible basis to withhold the Falck Parties' regulators and third-party contract partners, as requested by Request Nos. 14 and 15.  As explained by our prior letter, the requests are equally relevant to both Case No. 06104 and 08171, and as also explained in our prior letter, the pendency of an anti-SLAPP motion, the *Noerr-Pennington* doctrine, or any other contemplated defense is not a legitimate basis to withhold relevant information. *See Ramachandran v. City of*

**EXHIBIT 20 PAGE 2**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 27, 2020
Page 3

*Los Altos*, No. 18-cv-01223, 2019 U.S. Dist. LEXIS 24541, at *3-4 (N.D. Cal. Feb. 13, 2019) (confirming that the filing of an anti-SLAPP motion does not stay discovery in federal court); *Prasad v. County of Sutter*, No. 12-cv-00592, 2013 U.S. Dist. LEXIS 100085, at *5 (E.D. Cal. July 17, 2013) (holding that a motion challenging the pleadings does not exempt a party from discovery); *see also  Wal-Mart Stores, Inc. v. City of Turlock*, No. 04-cv-5278, 2005 U.S. Dist. LEXIS 55572, at *9 (E.D. Cal. Jan. 28, 2005) ("the *Noerr-Pennington* [doctrine] is by definition an exemption from anti-trust liability, and not a bar to discovery of evidence."); *Associated Container Transp. Ltd v. U.S.*, 705 F.2d 53, 59-60 (2d Cir. 1983) (finding that the discovery requests are "reasonably calculated to produce admissible evidence regardless of possible Noerr-Pennington immunity that may shield some of appellees' activity."). We have also reviewed *UCP Int'l Co. v. Balsam Brands Inc.*, No.18-cv-07579, 2019 U.S. Dist. LEXIS 182285 (N.D. Cal. Oct. 15, 2019), and the case is inapposite, as it did not deal with discovery in the first place nor does it support the position for which it is cited in your letter. SGC must therefore amend its responses to state that it will produce all responsive documents, and must proceed by actually doing so, or we will be seeking judicial intervention.

With respect to Requests Nos. 7-11, the information regarding AMR is highly relevant to both cases as explained in our prior correspondence. Despite closely collaborating with AMR in order to disparage the Falck Parties' and interfere with their business relationships, SGC alleges that its other client (referring to AMR), has lost multiple bids to Falck, and, as a result, it has lost sales and stands to lose the customer altogether. SGC Comp.¶ 58. SGC cannot legitimately dispute the relevance of these requests to specific allegations in both actions. There is no legitimate basis for SGC to withhold these documents, which we are amenable to treating as confidential, and the pendency of the anti-SLAPP motion and a contemplated *Noerr-Pennington* defense does not shield the materials from discovery. As explained by our prior letters, the request is equally relevant to both Case No. 06104 and 08171, and (as also explained by our prior letter and pursuant to the case law cited in relation to Request No. 6 above) the pendency of an anti-SLAPP motion, the *Noerr-Pennington* doctrine, or any other contemplated defense is not a legitimate basis to withhold relevant information. SGC must therefore amend its responses to state that it will produce all responsive documents, and must proceed by actually doing so, or we will have no choice other than to seek judicial intervention.

Requests Nos. 12-13, which seek documents and communications exchanged between SGC and various media outlets regarding the Falck Parties are in fact relevant to both Case Nos. 6104 and 8171. SGC cannot overcome its specific allegations regarding its media communications by summarily claiming that the material is irrelevant to its own claims, nor (as was explained in our prior letter and pursuant to the case law cited in relation to Request No. 6 above), can SGC obstruct discovery based on the pendency of its Anti-SLAPP motion or based on the inapplicable *Noerr-Pennington* doctrine. SGC must therefore amend its responses to state that it will produce all responsive documents, and must proceed by actually doing so, or we will have no choice other than to seek judicial intervention.

**EXHIBIT 20 PAGE 3**

**DORSEY**
always ahead

Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 27, 2020
Page 4

SGC's response to Request No. 16, which seeks all contracts and agreements concerning the use of its allegedly confidential and proprietary information, trademarks and copyrights (including its Guide), are relevant to both actions. As acknowledged by SGC, they are relevant to its affirmative claims in Case 06104, but they are also relevant to the Falck Parties' claims as they will show that, despite SGC's attempts to disavow the agreement, no one else had any greater rights to use SGC's materials, and its statements about the alleged misuse were intentionally false. Moreover, even though SGC agrees to produce "contracts and agreements" regarding use of its alleged trademarks and allegedly copyrighted Guide, the response fails to disclose whether it will be producing all such agreements, and then inexplicably suggests that such records may not exist within its possession, custody or control. SGC must therefore clarify its responses to confirm whether it plans to produce all such records in both actions.

With respect to Request No. 17, while your letter limits the meet & confer discussion to insist that no privileged documents will be produced despite SGC's waiver of the privilege by seeking to blame its prior counsel for a discrepancy in the deposit material, the responses are deficient for various other reasons. While SGC acknowledges the relevance of the request by agreeing to produce the deposit material, there is no legitimate basis for its refusal to produce the balance of the records requested, including its application of the subject copyright, as well as, any related correspondence. SGC, cannot on the one hand, claim there is discrepancy between what it provided counsel to deposit and what was actually deposited, while, at the same time, withholding the correspondence required to test the veracity of its unusual position. SGC must therefore revise its responses to confirm that it will produce all such records.

With respect to Request Nos. 18 and 19, we have repeatedly explained that the definition of the term "publication rights," as used by the requests, should be read in line with its plain meaning, and, in order to avoid any confusion, the requests documents and communications regarding the value (*i.e.*, how much SGC has charged) for the use of its Guide over the relevant time period. SGC's decision to ignore the requests and stand by its objections despite this explanation is further evidence of its obstructionism. SGC cannot, based on the foregoing, legitimately continue to withhold production and must accordingly provide responses to these straightforward requests.

With respect Request Nos. 20 and 21, while your letter limits the meet & confer discussion to insist that no privileged documents will be produced despite SGC's waiver of the privilege by seeking to blame its prior counsel for not learning about the rejection of its trademark applications, the responses are deficient because they refuse to produce any documents whatsoever. As explained by our prior letters, the USPTO's rejection of SGC's trademark applications for the very same marks as are at issue in this dispute is highly relevant its common law claims for infringement of those very same marks. *See Home Decor Ctr., Inc. v. Google, Inc.*, No. 12-cv-5706, 2013 U.S. Dist. LEXIS 185298, at *12 (C.D. Cal. May 9, 2013). The requests are also

**EXHIBIT 20 PAGE 4**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 27, 2020
Page 5

equally relevant to the Falck Parties' affirmative claims regarding SGC's breach of the agreement allowing for the use of its purportedly trademarked materials and to the Falck Parties' disparagement and interference claims, which are, *inter alia*, based on SGC's misrepresentation of its nonexistent intellectual property rights in Case No. 8171.  SGC must therefore revise its responses to confirm that it will produce all such records.

With respect to Request Nos. 23 and 24, while we appreciate that SGC has identified the responsive documents that it does plan to produce in relation to Case No. 6104, SGC's response leaves the Falck Parties' guessing as to whether the documents that SGC is agreeing to produce include the entire set of documents requested, or is withholding a subset or any responsive materials on the basis of any objections.  Moreover, as explained by our prior letter, the requests are equally relevant to both cases.  SGC must therefore revise its responses to confirm that it will produce all such records.

With respect to Request Nos. 31 and 32, while your letter claims that no responsive documents regarding the amount, volume and extent of SGC's sales attributable to the SGC marks will be held back, SGC's responses are unclear because they fail to indicate whether all such records will be produced.  SGC must accordingly amend its responses by providing response that comport with Fed. R. Civ. P. 34 by clearly indicating whether that is the case.  Moreover, as explained by our prior letter, the requests are equally relevant to both lawsuits.

With respect to Request Nos. 33-37, while your letter claims that no responsive documents are being held back, SGC's responses are noncompliant because they fail to indicate whether all such records will be produced.  For example, while SGC agrees to produce contracts, agreements and certifications in response to Request No. 33 in relation to Case No. 6104, it fails to indicate whether it will produce all of the requested contracts, agreements and certifications.  And while Request Nos. 34-37 ask for all documents and communications regarding the use of the SGC Marks and Guide beyond just contracts and agreements (including, for example, communications regarding the allowable scope of such use), SGC merely responds by agreeing to produce contracts and agreements. Moreover, as explained by our prior letter, the requests are equally relevant to both lawsuits.  SGC must accordingly amend its responses by providing response that comport with Fed. R. Civ. P. 34 by clearly indicating whether it will produce all of the requested documents.

With respect to Request Nos. 38 and 39, while your letter claims that no responsive documents are being held back, SGC's responses are noncompliant because they fail to indicate whether all such records will be produced. While SGC agrees to produce contracts, agreements and pricing plans in relation to Case No. 6104, it fails to specify whether it will produce all such records. Moreover, as explained by our prior letter, the requests are equally relevant to both lawsuits.  SGC must accordingly amend its responses by providing response that comport with Fed. R. Civ. P. 34 by clearly indicating that it will produce all of the requested documents.

**EXHIBIT 20 PAGE 5**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 27, 2020
Page 6

With respect to Request Nos. 40 and 41, while your letter does not respond to our letter with respect to these requests, SGC's responses are noncompliant because they fail to indicate whether all such records will be produced. While SGC agrees to produce contracts, agreements and documents regarding how and when its Guide was created, SGC fails to specify whether it will produce all such records. SGC must accordingly amend its responses by providing response that comport with Fed. R. Civ. P. 34 by clearly indicating that it will produce all of the requested documents.

With request to Request No. 43 – the phrase "media reports" means what it says – any reports issued by any media outlet.  There is no question about the relevance of the request as to both lawsuits, and, in light of this explanation of the already evident meaning of the phrase as used, SGC cannot legitimately claim that it is unable to discern the meaning of the request.  SGC must accordingly amend its responses in relation to the same.

With respect to Request No. 45, SGC's response that it will withhold the Falck Parties' own RFP response until such time as a protective order is in place makes no sense.  If SGC has not already produced such records it must proceed by immediately doing so.  Moreover, the request is equally relevant to both cases, and SGC's response in Case No. 8171 must accordingly be amended to comply.

With respect to Requests Nos. 47-50, although your letter indicates that no responsive documents will be withheld, the responses provide a list of documents that will be produced as opposed to confirming that all requested documents are being produced or if any subset is being withheld on the basis of any objection.  SGC must accordingly revise its responses to indicate whether all responsive documents being requested will be produced.

With respect to Requests Nos. 51 and 52, the information sought is highly relevant and proportional to the needs of the case, in particular to SGC's damages claims in Case No. 6104, and must therefore be produced.  SGC's belated attempt to shift focus onto the Falck Parties' profits, despite claiming millions of dollars in lost profits, is insufficient to overcome the relevance of this information.  *See Valdez v. Travelers Indem. Co.*, No. 12-cv-04307, 2013 U.S. Dist. LEXIS 109154, at *8 (N.D. Cal. Aug. 2, 2013) ("[B]y claiming 'lost … profits,' 'loss of [statutory] benefits,' and 'other consequential damages,' the plaintiffs had 'placed their financial condition at issue" thus making their "financial statements, tax returns," and other "related documents" — such as "profits and loss statements, bank account statements, loan and line of credit statements" — "relevant for purposes of discovery."); *Ajy Int'l, Inc. v. Paldo Co.*, No. 17-cv-00744, 2017 U.S. Dist. LEXIS 131808, at *8-9 (N.D. Cal. Aug. 17, 2017) (finding that "lost-profits allegations make [Plaintiff's] tax returns, bank statements, and balance sheets equally relevant here").  SGC must therefore agree to produce all responsive documents in response to these requests, or we will have no choice other than to seek judicial intervention.

**EXHIBIT 20 PAGE 6**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 27, 2020
Page 7

With respect to Request Nos. 53-54, regarding documents and communications concerning the use of the Guide by any third parties, while your letter acknowledges the relevance of these requests and claims that none of the requested documents are being withheld in relation to Case No. 6014, the responses indicate that only contracts and agreements with third parties, and no other documents, such as communications or consents allowing for the use of the Guide, will be produced. Moreover, as explained by our prior letter, the requests are equally relevant to both lawsuits. SGC must accordingly amend its responses by providing response that comport with Fed. R. Civ. P. 34 by clearly indicating whether it will produce all of the requested documents.

With respect to Requests Nos. 59-60, SGC must produce more than just "documents related to or concerning insurance coverage." The requests seek information for reimbursement and payment from all sources, not simply information related to or concerning insurance coverage. This information is relevant to SGC's purported request for attorney's fees in relation to its claims (SGC Comp. at p. 24), and in relation to its anti-SLAPP motion (Case No. 19-cv-08171-SBA, Doc. No. 59, p. 22). SGC has suggested that the suspicion that it is being reimbursed for its fees is an excuse to expand the scope of relevant discovery (Case No. 19-cv-06104-SBA, Doc. No. 67, p. 9), but now claims that it is not producing documents related to any such arrangement, including on the grounds that the documents requested constitute confidential, proprietary or trade secret information. SGC has put the material at issue by seeking fees, and must therefore produce all non-privileged responsive documents.

\* \* \*

In addition to the ongoing insufficiency of the responses as outlined above, your letter indicates that the documents produced on July 23, 2020 constitute SGC's initial production of documents excluding items that SGC considers to be highly confidential. The letter suggests that SGC still plans to produce other items that it does not consider to be highly confidential in a follow-on production, but fails to indicate when it plans on doing so. As set forth in our prior letter, SGC must proceed by now producing such records. *See* Advisory Committee Notes to 2015 Rule 34 Amendment (requiring production at the time set forth in the Requests, and, to the extent that SGC claims that it will produce on a rolling basis, SGC was required to specify the dates on which the said production(s) will begin and be completed).

With respect to the location of depositions, we have outlined the case law which requires a party to produce its witnesses in the district where it chooses to litigate. While your letter claims that proceeding with depositions in the Northern District of California (where SGC filed its affirmative claims) would "impose unnecessary burdens" on SGC, SGC admitted that the Northern District was in fact a convenient forum for its witnesses when arguing for transfer of Case No. 8171. In order to reasonably account for challenges created by COVID, and in order to accommodate the schedule of your witnesses, we provided you with a 60-day window to provide us with possible deposition dates of your client witnesses. While there is currently no restriction

**EXHIBIT 20 PAGE 7**



Hillary A. Brooks
Delfina S. Homen
Ryan Tyz
Sean Apple
July 27, 2020
Page 8

on travel from where your client witnesses are based to the Northern District of California, and we could accommodate their depositions in the Northern District of California while implementing social distancing, we are nevertheless willing to wait until October to proceed with their depositions, which coincides with when the Northern District of California intends to resume jury trials pursuant to General Order 72-5, if you will agree to produce them in person. However, if SGC is simply unwilling to produce its witnesses in the Northern District of California, irrespective of any travel restrictions or applicable state or county orders that preclude the depositions from proceeding in person, then we will have no choice other than to seek judicial intervention.

Finally, despite claiming that the original requests for production responses were not provided by email (as had previously been the practice of the parties with respect to the exchange of all documents) because our office had not yet consented to email service, your letter ignores our request for consent to email service, and we have yet to receive SGC's interrogatory and request for admission responses in my office, which were due last week. Please advise as to whether SGC is amenable to email service of documents, and, if so, we would request that SGC provide us with email courtesy copies any documents that have been served in the interim by any other form of delivery. It is disingenuous for SGC to cite the pandemic to obstruct depositions, but to continue to serve documents by mail despite the current delays at the post office.

Sincerely,

DORSEY & WHITNEY LLP

Faisal M. Zubairi
Partner

cc: Kent J. Schmidt
    Navdeep K. Singh

**EXHIBIT 20 PAGE 8**

# EXHIBIT 21

## Zubairi, Faisal

| | |
|---|---|
| **From:** | Hillary Brooks <hillary@brooksquinn.com> |
| **Sent:** | Tuesday, July 28, 2020 12:35 PM |
| **To:** | Santos, Maria; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen |
| **Cc:** | Zubairi, Faisal; Schmidt, Kent; Singh, Navdeep |
| **Subject:** | [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |

Mr. Zubairi:

In response to your letter, we can be available for a video conference on August 6, 2020, beginning at 10 am and would prefer to do it earlier in the day rather than later, if that time doesn't work for you.

**From:** Santos.Maria@dorsey.com <Santos.Maria@dorsey.com>
**Sent:** Monday, July 27, 2020 4:46 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** zubairi.faisal@dorsey.com; Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.

Sincerely,

**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**



DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655
**P:** 714.800.1442   **F:** 714.800.1499

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*
*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received*
*this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments,*
*including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.*
*Thank you.*

**Please help reduce paper and ink usage. Print only if necessary.**

**EXHIBIT 21 PAGE 1**

## Zubairi, Faisal

| | |
|---|---|
| **From:** | Zubairi, Faisal |
| **Sent:** | Tuesday, July 28, 2020 3:33 PM |
| **To:** | 'Hillary Brooks'; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen |
| **Cc:** | Schmidt, Kent; Singh, Navdeep; Santos, Maria (Santos.Maria@dorsey.com) |
| **Subject:** | RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |

Dear Ms. Brooks,

We are available to participate on August 6, 2020 at 11 am, and will send out a zoom video link for that time.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Tuesday, July 28, 2020 12:35 PM
**To:** Santos, Maria <Santos.Maria@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

In response to your letter, we can be available for a video conference on August 6, 2020, beginning at 10 am and would prefer to do it earlier in the day rather than later, if that time doesn't work for you.

---

**From:** Santos.Maria@dorsey.com <Santos.Maria@dorsey.com>
**Sent:** Monday, July 27, 2020 4:46 PM

**EXHIBIT 21 PAGE 2**

**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** zubairi.faisal@dorsey.com; Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.

Sincerely,

**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**



DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655
**P:** 714.800.1442    **F:** 714.800.1499

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.
Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received
this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments,
including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.
Thank you.*

Please help reduce paper and ink usage. Print only if necessary.

2

**EXHIBIT 21 PAGE 3**

# EXHIBIT 22

**Zubairi, Faisal**

| | |
|---|---|
| **From:** | Hillary Brooks <hillary@brooksquinn.com> |
| **Sent:** | Thursday, August 6, 2020 3:14 PM |
| **To:** | Zubairi, Faisal; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen |
| **Cc:** | Schmidt, Kent; Singh, Navdeep; Santos, Maria |
| **Subject:** | RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |

Mr. Zubairi:

Thank you for your email below.  We also agreed that you would send a template of what the issues are following the call on Tuesday so that we can have something to which we are responding.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Thursday, August 6, 2020 1:06 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

As a follow-up to our meet and confer videoconference that took place earlier today, we have agreed to hold a follow-up videoconference on Tuesday to see if we can further narrow the issues in dispute and to file our joint letter with the Court by Friday, and that the parties will endeavor to trade their respective sections of the joint letter by the close of business on Thursday.

We are available to proceed with the videoconference on Tuesday at 11 am, and will shortly circulate a zoom video link for the same.

Please also allow this to confirm that the parties have agreed to electronic services for this case, and service shall be timely if made by midnight unless the Court orders otherwise.

Finally, we understand that SGC will consider amending various of its responses and report back on whether it is willing to do so on Tuesday, and that SGC is now consenting to use of the ND Cal  Model Form of Protective Order for standard litigation.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353

1

**EXHIBIT 22 PAGE 1**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Zubairi, Faisal
**Sent:** Tuesday, July 28, 2020 3:33 PM
**To:** 'Hillary Brooks' <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria (Santos.Maria@dorsey.com) <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Ms. Brooks,

We are available to participate on August 6, 2020 at 11 am, and will send out a zoom video link for that time.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Tuesday, July 28, 2020 12:35 PM
**To:** Santos, Maria <Santos.Maria@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

2

**EXHIBIT 22 PAGE 2**

In response to your letter, we can be available for a video conference on August 6, 2020, beginning at 10 am and would prefer to do it earlier in the day rather than later, if that time doesn't work for you.

**From:** Santos.Maria@dorsey.com <Santos.Maria@dorsey.com>
**Sent:** Monday, July 27, 2020 4:46 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** zubairi.faisal@dorsey.com; Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.

Sincerely,

**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**



DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655
**P:** 714.800.1442   **F:** 714.800.1499

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

Please help reduce paper and ink usage. Print only if necessary.

**EXHIBIT 22 PAGE 3**

# EXHIBIT 23

**Zubairi, Faisal**

---

| | |
|---|---|
| **From:** | Zubairi, Faisal |
| **Sent:** | Monday, August 10, 2020 5:24 PM |
| **To:** | 'Hillary Brooks'; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen |
| **Cc:** | Schmidt, Kent; Singh, Navdeep; Santos, Maria |
| **Subject:** | RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |

Dear Hillary,

We disagree that it is reasonable to expect us to share a draft of our section of the letter in less than 24 hours of the follow-up meet & confer that is scheduled for tomorrow to see what, if anything, SGC is willing to supplement. We agreed to the follow-up meet and confer video call in order to allow SGC a sufficient opportunity to consider the issues articulated in our prior letters and restated during our video call.  While SGC therefore knows our posture with respect to its existing responses, we have yet to see what SGC is planning to supplement with.

We are trying to reasonably give SGC an opportunity to respond to our section by agreeing to trade drafts on Thursday, and incorporate any revisions you have based on our section and that we have based on your section thereafter, by the close of business on Friday.  This is why we proposed that we provide a list of the issues that remain in dispute after our call and trade sections on Thursday as opposed to Friday.  We, at no point, indicated that the plan to trade drafts on Thursday was meant to preclude any further revisions.  If we are nevertheless forced to stick with the draft sections as exchanged, without any revisions, then we will need to make note of the same in the letter.

Your email below indicates that you will be supplementing responses tomorrow, which we hope happens sufficiently in advance of the scheduled call in order to allow for a more productive meet and confer.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*
*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received*
*this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments,*
*including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*
*Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 3:09 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>

1

**EXHIBIT 23 PAGE 1**

**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

I beg to differ, we agreed to a simultaneous exchange after you expressly refused to participate in the responsive process which appears to us to be required by the rule.  There is no mention of edits or revisions in your email on the proposed simultaneous exchange, as you are aware, and that would be contrary to what was discussed and contrary to the very notion of a simultaneous exchange.

We are allowing you to choose.  You can either agree to a responsive process as I proposed that begins with you sending us your detailed position (which is what we think is required by the judge's rule—how else could we provide "a detailed summary of each party's final substantive position and their final proposed compromise on each issue" if we have not seen the details of what you are moving on) or stick with a simultaneous exchange with no changes after exchange.  Either way is fine with us, but you do not get to change the proposal at this point to allow you to make edits to your position after seeing ours.

It is not sufficient to say we know what's in your letters.  The point is to narrow the issues and submit only those on which the parties have not reached an accommodation.  We have no idea what you will ultimately submit in your 2.5 pages (which is significantly less than 19, 13, and 8 page letters you have sent), what cases you will cite in support (since you said you will cite new ones, etc.), what your compromise position is, or what relief you will seek.

I hope you will see from your own desire to reconsider your positions after seeing ours, and a review of the judge's order, which I see you don't respond to, that the process you have demanded is not reasonable, not in compliance with the Judge's standing order, and will not frame the issues for the court.  There is enough to debate about the merits of this suit without turning every single conferral into this type of process.  It really is unnecessary and unproductive.

As to your comment below on letters, you may want to take a look at Judge Spero's order again, which specifically discusses letters in the context of conferral.  (I'll also point out that we asked for case law on that point and have not yet seen it).  Nevertheless, we will be sending an amended response prior to the call that we hope will address the majority of your ongoing concerns with all but the clearly irrelevant and privileged materials you are attempting to seek.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 2:44 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

We already had this debate and agreed to the process set forth in my email from 12:57 pm, which was confirmed by our email exchange from last week.   If SGC is unwilling to abide by that agreement, we can take it up in the letter.

This is also why we cannot agree to accept the positions set forth in your letters in lieu of more formal supplemental discovery responses.

Sincerely,

**EXHIBIT 23 PAGE 2**

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461    **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 1:58 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

I think that is the issue.  On the one hand, you are not allowing us to see your framing of the dispute, to which we can respond in our portion of the letter, but then you want to make edits to your position based on our response.  There is an inherent unfairness to that which we cannot support and there was no discussion of edits or changes to the simultaneous exchange.  We are willing to make this a process that is completely responsive, as I indicated in my earlier email and what I believe the court is actually looking for, or a simultaneous exchange with absolutely no changes made to each party's position if that is what you insist upon, but we cannot support some undefined and last minute process where you get to make revisions and we don't that will cause the same chaos we experienced in the past.  If you see anything in the Judge's rule that supports what it is you are requesting, then we would appreciate knowing what that is.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 1:48 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Our proposal anticipates exchange on Thursday in order to allow for incorporation of any edits by either side before filing of the joint letter by the close of business on Friday.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD

3

**EXHIBIT 23 PAGE 3**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 1:45 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

If the positions are not to be changed in any fashion once submitted to one-another, what purpose is there to an exchange in advance of the deadline?

I will save discussion on the merits for our conferral and the briefing.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 12:57 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

We prefer to stick with our original agreement, which was to have a call tomorrow to see what, if any, additional issues SGC is willing to compromise on, for us to then circulate a shell of the letter that includes a list of the topics that remain in dispute along with exhibits, for us to then exchange our respective sections regarding those topics by Thursday, and to then file the joint letter with any edits by either side upon exchange by the close of business on Friday.

The meet & confer and joint letter process does not contemplate an opposition and reply because it envisions that the parties will in good faith seek to work their issues out and therefore be reasonably familiar with the issues that remain in dispute so that they can both simultaneously work on the joint submission.

We have extensively met and conferred regarding the issues we plan to pursue with the Court if not agreed upon by SGC, including during our videoconference last week. We are willing to meet & confer in more detail during our call tomorrow, but do not currently know the scope of what SGC is planning to insist upon withholding, so cannot commit to

4

**EXHIBIT 23 PAGE 4**

an arbitrary deadline of less than 24 hours after your suggested follow-up call to provide a draft of our section of the letter.

We look forward to our discussion tomorrow, and hope that SGC will reconsider its insistence upon withholding the relevant materials that we are seeking.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 12:26 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

We have had a little time to consider this proposal.  While we still believe the most sensible way to approach this is for you to give us your draft of your 2.5 pages by Wednesday COB, we would give our response by Thursday COB, and you could reply accordingly and file on Friday at noon as discussed (or we could discuss a longer schedule past Friday if you wish, since the goal is to frame the issues in the way most helpful to the court).  Given your prior position that you do not wish to proceed in this manner, and prefer a simultaneous exchange, we do not see the need for an exchange of positions by Thursday, given that no editing of either party's position should occur following such a mutual exchange, and could therefore simultaneously exchange Friday at noon since it would just involve cutting and pasting our 2.5 pages onto yours for filing.  Again, we think the better approach is for you to state your position in your 2.5 pages to us, for us to respond to that position in 2.5 pages, and for you to reply within your 2.5 pages if you wish (in the same way briefing on an actual motion to compel would occur).

Please let me know if you would like to consider a position/response/reply procedure as I have proposed, or whether you wish to stick with a simultaneous exchange on Friday at noon (with you giving us, at a minimum, topics for your letter by COB Tuesday following our conferral so that we have some idea of what the remaining issues that we are responding to are).

Thank you.

5

**EXHIBIT 23 PAGE 5**

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Thursday, August 6, 2020 1:06 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

As a follow-up to our meet and confer videoconference that took place earlier today, we have agreed to hold a follow-up videoconference on Tuesday to see if we can further narrow the issues in dispute and to file our joint letter with the Court by Friday, and that the parties will endeavor to trade their respective sections of the joint letter by the close of business on Thursday.

We are available to proceed with the videoconference on Tuesday at 11 am, and will shortly circulate a zoom video link for the same.

Please also allow this to confirm that the parties have agreed to electronic services for this case, and service shall be timely if made by midnight unless the Court orders otherwise.

Finally, we understand that SGC will consider amending various of its responses and report back on whether it is willing to do so on Tuesday, and that SGC is now consenting to use of the ND Cal Model Form of Protective Order for standard litigation.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Zubairi, Faisal
**Sent:** Tuesday, July 28, 2020 3:33 PM
**To:** 'Hillary Brooks' <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria (Santos.Maria@dorsey.com) <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No.

**EXHIBIT 23 PAGE 6**

4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Ms. Brooks,

We are available to participate on August 6, 2020 at 11 am, and will send out a zoom video link for that time.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Tuesday, July 28, 2020 12:35 PM
**To:** Santos, Maria <Santos.Maria@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

In response to your letter, we can be available for a video conference on August 6, 2020, beginning at 10 am and would prefer to do it earlier in the day rather than later, if that time doesn't work for you.

---

**From:** Santos.Maria@dorsey.com <Santos.Maria@dorsey.com>
**Sent:** Monday, July 27, 2020 4:46 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** zubairi.faisal@dorsey.com; Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.

**EXHIBIT 23 PAGE 7**

Sincerely,

**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**



DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655
**P:** 714.800.1442   **F:** 714.800.1499

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*
*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received*
*this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments,*
*including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof.*
*Thank you.*

**Please help reduce paper and ink usage. Print only if necessary.**

8

**EXHIBIT 23 PAGE 8**

# EXHIBIT 24

**Zubairi, Faisal**

| | |
|---|---|
| **From:** | Delfina Homen <delfina@brooksquinn.com> |
| **Sent:** | Monday, August 10, 2020 11:57 PM |
| **To:** | Zubairi, Faisal; Schmidt, Kent; Singh, Navdeep; Keyes, Mike; Mason, Brian; Vanderwoude, Brian |
| **Cc:** | Hillary Brooks; Ryan Tyz; Sean Apple |
| **Subject:** | [EXTERNAL] SGCS's Second Amended Responses to RFPs (Our Dkt. Nos. 0280.0002, 0280.0008) |
| **Attachments:** | SGCS's Second Amended Responses to Plaintiffs' First RFPs_06104 Suit.pdf; SGCS's Second Amended Responses to Plaintiffs' First RFPs_08171 Suit.pdf; PRIVILEGE LOG_08.10.2020.pdf |

Counsel,

Attached please find service copies of SGCS's Second Amended Responses to the Falck Entities' RFPs.

Thanks,
Delfina



## Delfina S. Homen, Partner

6513 132ⁿᵈ Avenue NE #378 Kirkland, Washington 98033
T: (503) 629-1559 • F: (503) 710-9613 • M: (503) 435-8556
www.brooksquinn.com • delfina@brooksquinn.com

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free since e-mail messages can be intercepted, corrupted, lost, destroyed, arrive late or incomplete. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**EXHIBIT 24 PAGE 1**

Hillary A. Brooks (*admitted pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (*admitted pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG
Collaborative Solutions, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FALCK NORTHERN CALIFORNIA CORP., CARE AMBULANCE SERVICE, INC., and FALCK USA, INC., <br><br> Defendants. | Case No: 4:19-cv-06104-SBA <br><br> Related to: 4:19-cv-08171-SBA <br><br> **SG COLLABORATIVE SOLUTIONS' OBJECTIONS AND SECOND *AMENDED* RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

Plaintiff Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC ("Plaintiff") responds as follows to Defendants' Falck Northern California Corp. ("FNC"), Care Ambulance Service, Inc. ("Care"), and Falck USA, Inc. ("FUSA") (collectively, "Defendants") Requests for Production of Documents (Set One).

**GENERAL OBJECTIONS**

1.    Plaintiff objects to the Requests to the extent they seek information protected by privilege, such as attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.

2.    Plaintiff objects to the Requests to the extent they seek to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding.

3.    Plaintiff objects to the Requests to the extent that they seek documents from Plaintiff's customers, which are not parties to this suit, and that therefore the Requests are little more than a fishing expedition, imposed merely for purposes of harassment.

4.    Plaintiff objects to the Requests to the extent that they seek information pertaining to claims or defenses that are not properly before this Court and that are therefore irrelevant, unduly burdensome, oppressive, disproportional to the needs of the case, and imposed merely for purposes of harassment.

5.    Plaintiff objects to the Requests to the extent they seek information that is not in Plaintiff's care, custody, or control.

6.    Plaintiff objects to the Requests to the extent they seek publicly available information, or information which is otherwise equally available to Defendants.

7.    Plaintiff objects to the Requests to the extent they are overly broad, whether as to

an absence of temporal or geographical limitation, overly inclusive, cumulative, unreasonably duplicative, unduly burdensome, oppressive, vague, ambiguous, irrelevant to the present action, and/or disproportional to the needs of the case.

8.    Plaintiff objects to the Requests to the extent they seek expert opinion testimony or call for legal conclusions, legal analysis, and/or trial theories.

9.    Plaintiff objects to the Requests (including discrete subparts) to the extent they exceed the maximum number and/or type of requests permissible under the Federal Rules of Civil Procedure, the Local Rules, and/or other rules or standing orders applicable to this case.

10.    Plaintiff objects to the Requests to the extent they seek production of information prohibited from disclosure by federal statutory and/or regulatory requirements, state privacy laws, and any other provision of law.

11.    Plaintiff objects to general instructions which are not set forth in a given request.

12.    Plaintiff expressly reserves the right to raise objections in the future and/or to object to further discovery requests related to the subjects of any of the Requests.

13.    Plaintiff's responses reflect Plaintiff's present knowledge and are subject to modification based upon further information.

14.    Plaintiff reserves the right to supplement these responses.

**OBJECTIONS TO DEFENDANTS' DEFINITIONS**

15.    Plaintiff objects to Defendants' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as overly broad, unduly burdensome, and disproportional to the needs of the case.  Plaintiff further objects to Defendants' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as attempting to impose burdens on Plaintiff greatly in excess of those permitted under Fed. R. Civ. P. 34.  Plaintiff further objects to Defendants' definition of

"DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" to the extent that, with regard to seeking production of ESI, the definitions result in requests that are not reasonably targeted, clear, or as specific as practicable, in violation of Guideline 1.03 of the Court's *Guidelines for the Discovery of Electronically Stored Information*.

16.     In addition to the specific definitions objected to above, Plaintiff generally objects to Defendants' definitions to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, or seek to alter the requirements outlined in the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, and to the extent that they are vague and/or ambiguous.

## RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

PLAINTIFF'S certificate of formation and company agreement, including any amendments or supplements thereto or restatements thereof.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendant. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented

that this request is relevant to diversity jurisdiction. Diversity jurisdiction has never been at issue in -06104 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit and, on that basis, no documents will be produced in the -06104 suit.

**REQUEST FOR PRODUCTION NO. 2:**

A current list of the full names and last known address of all of PLAINTIFF'S past and present members (i.e., the list required to be maintained under Section 101.501 of the Texas Business Organizations Code).

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction. Diversity jurisdiction has never been at issue in -06104 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit and, on that basis, no documents will be produced in the -06104 suit.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and agreements regarding PLAINITFF'S corporate organizational structure, including documents concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Plaintiff.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction.  Diversity jurisdiction has never been at issue in -06104 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit and, on that basis, no documents will be produced in the -06104 suit.

**REQUEST FOR PRODUCTION NO. 4:**

All communications regarding PLAINTIFF'S corporate organizational structure, including communications concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Plaintiff.

SGCS'S SECOND *AMENDED* RESPONSES
TO DEFENDANTS' RFPs (SET ONE)          3          CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 24 PAGE 7**

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 3.

**AMENDED RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction.  Diversity jurisdiction has never been at issue in -06104 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit and, on that basis, no communications will be produced in the -06104 suit.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between PLAINTIFF, on the one hand, and one or more of the DEFENDANTS, on the other hand.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as

to the subject matter of this dispute, nor an appropriate temporal limitation.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all communications between Plaintiff and one or more of the Defendants.  Plaintiff is not withholding any communications that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between PLAINITFF and any third party concerning any or all of the DEFENDANTS' use of any of Plaintiffs alleged confidential and proprietary information, trademarks, or copyrights.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such communications to the claims and defenses of this suit,  particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine rendering the production of such communications irrelevant, overbroad, unduly burdensome,

oppressive, and disproportionate to the needs of this case on that basis (*see, e.g.*, *Gilead Sci., Inc. v. Merck & Co., Inc.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *1-2 (N.D. Cal. Jan. 13, 2016) (discovery must be proportional); *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 420 F. Supp. 3d 966, 979 (N.D. Cal. 2019) (explaining litigation privilege and lack of relevance of motive and intent to the same); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.* ("*PRE I*"), 944 F.2d 1525, 1532-33 (9th Cir. 1991) (holding district court did not abuse discretion in denying discovery into intent because "even if the [plaintiffs] had an anticompetitive intent in bringing the action, they did not lose their *Noerr-Pennington* immunity"); *Redbox Automated Retail, LLC v. Buena Vista Home Entm't*, 399 F. Supp. 3d 1018, 1033-34 (C.D. Cal. 2019) (explaining *Noerr-Pennington* doctrine); *Theme Promotions, Inc. v. News Am. Mktng. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (explaining that *Noerr-Pennington* doctrine is a principle of statutory construction rather than a privilege and holding the doctrine and California privilege law may both be applied): Plaintiff believes that the mere identification of whether such communications exist is not relevant to any claim or defense and Plaintiff therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same.  Plaintiff will produce only those communications between Plaintiff and a third party which do not implicate petitioning activity.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between PLAINTIFF and AMR concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such

communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claim or defense in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 6.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such communications to the claims and defenses of this suit, particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case on that basis (*see, e.g.*, *Gilead*, 2016 WL 146574, at \*1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d at 1033-34; *Theme Promotions*, 546 F.3d at 1007): Plaintiff believes that the mere identification of whether such communications exist is not relevant to any claim or defense and Plaintiff therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS exchanged between PLAINTIFF and AMR concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such documents to the claims and defenses of this suit, particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case on that basis (*see, e.g.*, *Gilead*, 2016 WL 146574, at *1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d at 1033-34; *Theme Promotions*, 546 F.3d at 1007): Plaintiff believes that the mere identification of whether

such documents exist is not relevant to any claim or defense and Plaintiff therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts or agreements between PLAINTIFF and AMR.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, and based on Plaintiff's understanding that this Request relates to contracts or agreements for consulting services to be performed by Plaintiff for AMR, Plaintiff will produce all such contracts or agreements between Plaintiff and AMR to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its

response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between PLAINTIFF and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**AMENDED RESPONSE:**

Subject to the foregoing objections, and based on Plaintiff's understanding that this Request relates to contracts or agreements for consulting services to be performed by Plaintiff for AMR, Plaintiff will produce all such contracts or agreements between Plaintiff and AMR to the extent such documents exist within Plaintiff's possession, custody, or control and are located after

a reasonable search.  Plaintiff is not withholding any documents that fall within the scope of its response to this request.  To the extent that this request is also seeking communications responsive to Request No. 7, see response to Request 7.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS exchanged between PLAINTIFF and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.   Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 7 & 10.

**AMENDED RESPONSE:**

Subject to the foregoing objections, and based on Plaintiff's understanding that this Request relates to contracts or agreements for consulting services to be performed by Plaintiff for

AMR, Plaintiff will produce all such contracts or agreements between Plaintiff and AMR to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.  Plaintiff is not withholding any documents that fall within the scope of its response to this request.  To the extent that this request is also seeking documents responsive to Request No. 8, see response to Request 8.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between PLAINTIFF and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.   Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such communications to the claims and defenses of this suit, particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case on that basis (*see, e.g.*, *Gilead*, 2016 WL 146574, at *1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d

at 1033-34; *Theme Promotions*, 546 F.3d at 1007): Plaintiff believes that the mere identification of whether such documents exist is not relevant to any claim or defense and Plaintiff therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same. Plaintiff will produce any statements that have been published by any Colorado Springs media or media outlet to the extent it is aware of the same

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS exchanged between PLAINTIFF and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the DEFENDANTS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 12.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such documents to the claims and defenses of this suit, particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and

disproportionate to the needs of this case on that basis (*see, e.g.*, *Gilead*, 2016 WL 146574, at *1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d at 1033-34; *Theme Promotions*, 546 F.3d at 1007): Plaintiff believes that the mere existence of whether such documents exist is not relevant to any claim or defense and Plaintiff therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same. Plaintiff will produce any statements that have been published by any Colorado Springs media or media outlet to the extent it is aware of the same.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between PLAINTIFF and any of the DEFENDANTS' third-party government regulators, including Alameda County, Los Angeles County, and/or Orange County.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "DEFENDANTS' third-party government regulators" is not a defined phrase, making the request as written vague and ambiguous; for the purpose of attempting to answer this request in good faith, Plaintiff interprets this phrase to mean Alameda, Los Angeles, and Orange County regulators. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request to the extent that

it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Plaintiff and third parties known only to Defendants.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, insofar as there are no tort claims in the -06104 suit and the requested documents do not relate to the claims or defenses in the -06104 suit, the requested communications are irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit and, on that basis, they will not be produced.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between PLAINTIFF and any of the DEFENDANTS' actual or potential third-party contract partners, including the City of Colorado Springs.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "DEFENDANTS' actual or potential third-party contract partners" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff interprets this phrase to mean the City of Colorado Springs.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent

that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Plaintiff and third parties known only to Defendants. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, insofar as there are no tort claims in the -06104 suit and the requested documents do not relate to the claims or defenses in the -06104 suit, the requested communications are irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit.

**REQUEST FOR PRODUCTION NO. 16:**

All contracts or agreements between PLAINTIFF and any third party concerning the licensing, copying, display, reproduction, or use of any of Plaintiffs alleged confidential and proprietary information, trademarks, or copyrights, including, but not limited to, the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged confidential and proprietary information" is not a defined phrase, making the request as written vague and ambiguous. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged,

admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services that concern the licensing, copying, display, reproduction, and use of Plaintiff's pled trademarks and Plaintiff's copyrighted Collaborative Just Culture Systems and Behaviors Response Guide in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.  Plaintiff is not withholding any contracts or agreements that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning the alleged registration of PLAINTIFF'S copyright in the Collaborative Just Culture Systems and Behaviors Response Guide, including the underlying application for U.S. Copyright Reg. No. VA0001919579, copies of any work or works deposited in connection therewith, and any related correspondence and communications with the United States Copyright Office.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that there is no "alleged registration," there is a registration, Reg. No. VA0001919579, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff interprets the phrase to mean Reg. No. VA0001919579.  Plaintiff further objects to this request to the extent that it seeks

information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks information which was previously in Plaintiff's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all non-privileged, registration-related documents pertaining to Reg. No. VA0001919579 that are within its possession, custody, and control, including the deposit materials. Plaintiff is not withholding any non-privileged documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Plaintiff is unable to make a good faith attempt to respond.  Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims

or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

**AMENDED RESPONSE:**

Subject to the foregoing objections, to the extent Defendants have suggested that "the value of the publication rights" involve how much Plaintiff charges for use of the Collaborative Just Culture Systems and Behaviors Response Guide, interpreting it to refer to training and certification services pertaining to the Collaborative Just Culture Systems and Behaviors Response Guide, Plaintiff will produce non-privileged documents sufficient to demonstrate how much Plaintiff charges for use of the Collaborative Just Culture Systems and Behaviors Response Guide in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Plaintiff is unable to make a good faith attempt to respond. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of

relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 18.

**AMENDED RESPONSE:**

Subject to the foregoing objections, to the extent Defendants have suggested that "the value of the publication rights" involve how much Plaintiff charges for use of the Collaborative Just Culture Systems and Behaviors Response Guide, interpreting it to refer to training and certification services pertaining to the Collaborative Just Culture Systems and Behaviors Response Guide, Plaintiff will produce non-privileged documents sufficient to demonstrate how much Plaintiff charges for use of the Collaborative Just Culture Systems and Behaviors Response Guide in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning PLAINTIFF'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the

extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

**AMENDED RESPONSE:**

Plaintiff relies on the foregoing objections. In particular, Plaintiff has not asserted any Texas or federal trademark registrations in the -06104 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit such that to the extent, if any, that responsive, non-privileged documents exist and are within Plaintiff's possession, custody, or control, they will not be produced. In any event, to the extent Defendants desire to raise arguments based on attempted federal registration, despite that no federal registrations are asserted, those documents are equally and publicly available to Defendants.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS concerning PLAINTIFF'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this

litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 20.

**AMENDED RESPONSE:**

Plaintiff relies on the foregoing objections. In particular, Plaintiff has not asserted any Texas or federal trademark registrations in the -06104 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit such that to the extent, if any, that responsive, non-privileged communications exist and are within Plaintiff's possession, custody, or control, they will not be produced.  In any event, to the extent Defendants desire to raise arguments based on attempted federal registration, despite that no federal registrations are asserted, those documents are equally and publicly available to Defendants.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS concerning PLAINTIFF'S selection, adoption, and clearance of the SGCS MARKS, including, but not limited to, searches, investigations, reports, and opinions.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiffs have conducted a reasonable search for responsive, non-privileged documents, but none have been found to date and are believed to have

SGCS's Second *Amended* Responses
to Defendants' RFPs (Set One)                    22                    Case No. 4:19-cv-06104-SBA

**EXHIBIT 24 PAGE 26**

never existed. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS concerning the duration, extent, and geographic reach of PLAINTIFF'S Advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate Plaintiff's advertising and publicity of the pled marks in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

SGCS'S SECOND *AMENDED* RESPONSES
TO DEFENDANTS' RFPS (SET ONE)                23                CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 24 PAGE 27**

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS concerning the duration, extent, and geographic reach of PLAINTIFF'S advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation.   Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 23.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate Plaintiff's advertising and publicity of the pled marks in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.  Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.


**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS referring or relating to PLAINTIFF'S plans for marketing and promoting its products and services under the SGCS MARKS in the United States, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal limitation.

**AMENDED RESPONSE:**

Subject to the foregoing objections, no responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS referring or relating to PLAINTIFF'S plans for marketing and promoting its products and services using the Collaborative Just Culture Systems and Behaviors Response Guide, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**AMENDED RESPONSE:**

Subject to the foregoing objections, no responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing PLAINTIFF'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

There are no documents responsive to this Request. Plaintiff does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS evidencing PLAINTIFF'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of

confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 27.

**RESPONSE:**

There are no communications responsive to this Request. Plaintiff does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive communications are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 29:**

All documents evidencing PLAINTIFF'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**RESPONSE:**

There are no documents responsive to this Request. Plaintiff does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS evidencing PLAINTIFF'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 29.

**RESPONSE:**

There are no communications responsive to this Request. Plaintiff does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive communications are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS concerning the amount, volume, and extent of PLAINTIFF'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request

to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate Plaintiff's sales in the United States attributable to the pled marks within the medical transport (EMS) and healthcare providers industries, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS concerning the amount, volume, and extent of PLAINTIFF'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 31.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents

sufficient to demonstrate Plaintiff's sales in the United States attributable to the pled marks within the medical transport (EMS) and healthcare providers industries, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All contracts or agreements between PLAINTIFF and any third party concerning the licensing, copying, display, reproduction, or use of any of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and Plaintiff or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services concerning the licensing, copying, display, reproduction, or use of the pled marks in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing PLAINTIFF'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 33.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services concerning licensing to use the pled marks in relation to emergency medical services, ambulance services, or paramedic services in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.  Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS evidencing PLAINTIFF'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic

services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation.   Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 33-34.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services concerning licensing to use the pled marks in relation to emergency medical services, ambulance services, or paramedic services in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search.  Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS evidencing PLAINTIFF'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services concerning licensing to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS evidencing PLAINTIFF'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of

confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 36.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services concerning licensing to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services in the United States, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that Plaintiff charges in exchange for providing any goods or services under the SGCS MARKS in the United States, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the

needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate the price Plaintiff charges in exchange for providing goods or services under the pled marks in the United States. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that Plaintiff charges in exchange for use of the Collaborative Just Culture Systems and Behaviors Response Guide, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate the price Plaintiff charges in exchange for use of the Collaborative Just Culture Systems and Behaviors Response Guide in the United States. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and/or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including documents regarding how and when the document was created, when it was first published, and when it first became available online.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information which was previously in Plaintiff's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services that concern the Collaborative Just Culture Systems and Behaviors Response Guide. Plaintiff will also produce materials sufficient to demonstrate how and when the Collaborative Just Culture Systems and Behaviors Response Guide was created, when it was first published, and when it first became

available online.  In view of the length of time since the Collaborative Just Culture Systems and Behaviors Response Guide was created, to search for all such documents, of all types, including all versions, with no time restriction, would be unduly burdensome and disproportionate to the needs of the case, and would likely involve documents which no longer exist through the passage of time. Plaintiff is not withholding any documents or agreements that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including communications regarding how and when the document was created, when it was first published, and when it first became available online.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information which was previously in Plaintiff's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff

SGCS's Second *Amended* Responses
to Defendants' RFPs (Set One)          37          Case No. 4:19-cv-06104-SBA
**EXHIBIT 24 PAGE 41**

further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 40.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services that concern the Collaborative Just Culture Systems and Behaviors Response Guide. Plaintiff will also produce materials sufficient to demonstrate how and when the Collaborative Just Culture Systems and Behaviors Response Guide was created, when it was first published, and when it first became available online. In view of the length of time since the Collaborative Just Culture Systems and Behaviors Response Guide was created, to search for all such documents, of all types, including all versions, with no time restriction, would be unduly burdensome and disproportionate to the needs of the case, and would likely involve documents which no longer exist through the passage of time.. Plaintiff is not withholding any communications that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All market research, including customer surveys, customer reviews, and expert reports, demonstrating that consumers have come to identify PLAINTIFF as the source of products and services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or

geographic limitation.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**AMENDED RESPONSE:**

Subject to the foregoing objections, to the extent that this Request seeks production of expert reports discoverable under the Federal Rules of Civil Procedure in this proceeding, Plaintiff will produce non-privileged, responsive documents at the appropriate time. Otherwise, no responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All media reports relating to, referring to, or otherwise mentioning PLAINTIFF and any goods or services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "media reports" is not a defined phrase, making the request as written vague and ambiguous and Plaintiff is unable to make a good faith attempt to respond.  Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.  Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants.

**AMENDED RESPONSE:**

Subject to the foregoing objections, during the August 6, 2020 video conference, Defendants defined "media report" to mean "something reported by the media that mentions the subject matter of this dispute." Applying that proffered meaning of "media reports," Plaintiff will produce all responsive "media reports" that are in Plaintiff's possession, custody, or control. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS from any trademark and/or copyright disputes between PLAINTIFF and any third party relating in any way to the SGCS MARKS and/or the Collaborative Just Culture Systems and Behaviors Response Guide, including without limitation civil litigation, administrative proceedings, alternative dispute resolution such as arbitration or mediation, or demands to cease and desist.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.

**AMENDED RESPONSE:**

No responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed. Plaintiff is not withholding any documents that fall

within the scope of its response to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS reflecting any instances of actual confusion between PLAINTIFF, the SGCS MARKS, or Plaintiffs goods or services, on the one hand, and one or more of the DEFENDANTS, their marks, and/or their goods or services, on the other hand, including but not limited to any inquiries as to whether the goods offered in connection with the SGCS Marks are associated with, sponsored by, or in any manner connected to Defendants, or vice versa.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce all documents reflecting instances of actual confusion that are in Plaintiff's possession, custody, or control. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS reviewed, exchanged with, sent to, or relied upon by any expert designated to testify or provide expert opinions in this case, including experts designated to testify or provide expert opinions on PLAINTIFF'S claims or defenses in this action.

SGCS'S SECOND *AMENDED* RESPONSES
TO DEFENDANTS' RFPs (SET ONE)                41                CASE NO. 4:19-cv-06104-SBA
**EXHIBIT 24 PAGE 45**

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**AMENDED RESPONSE:**

Subject to the foregoing objections, no such documents presently exist, but Plaintiff will supplement its response and produce non-privileged, responsive documents at the appropriate time and in the event such documents exist.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations

on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate damages suffered because of Defendants' use of the pled marks that are in Plaintiff's possession, custody, or control.  Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the SGCS MARKS.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 47.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate damages suffered because of Defendants' use of the pled marks that are

in Plaintiff's possession, custody, or control.  Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate damages Plaintiff has suffered because of Defendants' use of the Collaborative Just Culture Systems and Behaviors Response Guide that are in Plaintiff's possession, custody, or control.  Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS concerning any damages PLAINTIFF alleges were suffered because of DEFENDANTS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 49.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate damages Plaintiff has suffered because of Defendants' use of the Collaborative Just Culture Systems and Behaviors Response Guide that are in Plaintiff's possession, custody, or control. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS concerning PLAINTIFF'S financial statements, revenues, profits, and

projections.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.   Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.   Plaintiff further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control.  Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate Plaintiff's actual damages.  Plaintiff is not withholding any documents that fall within the scope of its response to this request. Pursuant to 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a), the measure of damages is Plaintiff's actual damages and Defendants' profits, the documentation of which is in Defendants' possession, custody, or control, not Plaintiff's profits and revenues, making the requested documents irrelevant, overbroad, unduly burdensome,

oppressive, and disproportionate to the needs of this case such that documents pertaining to Plaintiff's profits and revenues will not be produced.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS concerning PLAINTIFF'S financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Plaintiff further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Plaintiff's possession, and/or seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Plaintiff further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 51.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate Plaintiff's actual damages. Plaintiff is not withholding any documents that fall within the scope of its response to this request. Pursuant to 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a), the measure of damages is Plaintiff's actual damages and Defendants' profits, the documentation of which is in Defendants' possession, custody, or control, not Plaintiff's profits and revenues, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that communications pertaining to Plaintiff's profits and revenues will not be produced.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking

"all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate the use of the Collaborative Just Culture Systems and Behaviors Response Guide by third parties within the medical transport (EMS) and healthcare providers industries, to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Plaintiff further objects to this request

to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 53.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Plaintiff will produce non-privileged documents sufficient to demonstrate the use of the Collaborative Just Culture Systems and Behaviors Response Guide by third parties within the medical transport (EMS) and healthcare providers industries to the extent such documents exist within Plaintiff's possession, custody, or control and are located after a reasonable search. Plaintiff is not withholding any documents that fall within the scope of its response to this request.

Plaintiff's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS concerning the residence of the PLAINTIFF'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage.  Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Plaintiff objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.   Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control.

**AMENDED RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction.  Diversity jurisdiction has never been at issue in the -06104 suit, making the requested documents irrelevant, overbroad, unduly burdensome,

oppressive, and disproportionate to the needs of the -06104 suit and, on that basis, no documents will be produced in the -06104 suit.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS concerning the residence of the PLAINTIFF'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive,

and disproportional to the needs of this proceeding by seeking such "all" such communications. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 55.

**AMENDED RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction. Diversity jurisdiction has never been at issue in the -06104 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit and, on that basis, no documents will be produced in the -06104 suit.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS concerning the residence of any of PLAINTIFF'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Plaintiff further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged,

admissible evidence.  Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.    Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents.  Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 55-56.

**AMENDED RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction.  Diversity jurisdiction has never been at issue in the -06104 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit and, on that basis, no documents will be produced in the -06104 suit.


**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS concerning the residence of any of PLAINTIFF'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Plaintiff assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Plaintiff further objects to this request to the extent that it

seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks publicly available information which is equally available to Defendants. Plaintiff further objects to this request to the extent that it seeks information which is believed to already be within Defendants' possession, custody, or control. Plaintiff further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request to the extent that it seeks to impose burdens or obligations on Plaintiff in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Plaintiff further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Plaintiff further objects to this request to the extent that it seeks information that is not in Plaintiff's care, custody, or control. Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 55-57.

**AMENDED RESPONSE:**

Subject to the foregoing objections, in a letter dated June 26, 2020, Defendants represented that this request is relevant to diversity jurisdiction. Diversity jurisdiction has never been at issue in the -06104 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -06104 suit and, on that basis, no documents will be produced in the -06104 suit.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS concerning or relating to any reimbursement, payment, or indemnification of costs, attorney's fees or fees of any other kind being incurred by PLAINTIFF as a result of prosecuting this ACTION.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Plaintiff further objects to this request as beyond the scope of permissible discovery.

**AMENDED RESPONSE:**

Subject to the foregoing objections, no responsive insurance documents have been located after a reasonable search as no responsive insurance documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS concerning or relating to any reimbursement, payment or indemnification of costs, attorney's fees or fees of any other kind being incurred by Plaintiff as a result of prosecuting this ACTION.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Plaintiff further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Plaintiff further objects to this request

to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Plaintiff further objects to this request as beyond the scope of permissible discovery.  Plaintiff further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 59.

**AMENDED RESPONSE:**

Subject to the foregoing objections, no responsive insurance documents have been located after a reasonable search as no responsive insurance documents are believed to have ever existed

Dated: _August 10, 2020                              Respectfully submitted,

                                                     _/s/ Hillary A. Brooks_
                                                     Hillary A. Brooks

                                                     Attorney for SCOTT GRIFFITH
                                                     COLLABORATIVE SOLUTIONS, LLC
                                                     d/b/a SG Collaborative Solutions, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 10, 2020, via email to the following email addresses:

zubairi.faisal@dorsey.com

Schmidt.Kent@dorsey.com

singh.navdeep@dorsey.com

keyes.mike@dorsey.com

mason.brian@dorsey.com

vanderwoude.brian@dorsey.com


_/s/ Delfina S. Homen_
Delfina S. Homen

Attorney for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

SGCS'S *REVISED* RESPONSES TO DEFENDANTS'
RFPS (SET ONE)                                    CASE NO. 4:19-cv-06104-SBA

**EXHIBIT 24 PAGE 62**

Hillary A. Brooks (admitted *pro hac vice*)
hillary@brooksquinn.com
Delfina S. Homen (admitted *pro hac vice*)
delfina@brooksquinn.com
BROOKS QUINN, LLC
6513 132nd Ave NE # 378
Kirkland, WA 98033
Telephone: (503) 629-1559

Ryan Tyz (CSB No. 234895)
ryan@tyzlaw.com
Sean K. Apple (CSB No. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: (415) 849-3578

Attorneys for SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG
Collaborative Solutions, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CARE AMBULANCE SERVICE, INC., FALCK USA, INC., FALCK NORTHERN CALIFORNIA CORP., and FALCK ROCKY MOUNTAIN, INC.,<br><br>             Plaintiffs,<br><br>      v.<br><br>SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC d/b/a SG Collaborative Solutions, LLC,<br><br>             Defendant. | Case No: 4:19-cv-08171-SBA<br><br>Related to: 4:19-cv-06104-SBA<br><br>**SG COLLABORATIVE SOLUTIONS' OBJECTIONS AND SECOND *AMENDED* RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

Defendant Scott Griffith Collaborative Solutions, LLC d/b/a SG Collaborative Solutions, LLC ("Defendant") responds as follows to Plaintiffs' Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("FUSA"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, "Plaintiffs") Requests for Production of Documents (Set One).

## GENERAL OBJECTIONS

1.      Defendant objects to the Requests to the extent they seek information protected by privilege, such as attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.

2.      Defendant objects to the Requests to the extent they seek to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding.

3.      Defendant objects to the Requests to the extent that they seek documents from Defendant's customers, which are not parties to this suit, and that therefore the Requests are little more than a fishing expedition, imposed merely for purposes of harassment.

4.      Defendant objects to the Requests to the extent that they seek information pertaining to claims or defenses that are not properly before this Court and that are therefore irrelevant, unduly burdensome, oppressive, disproportional to the needs of the case, and imposed merely for purposes of harassment.

5.      Defendant objects to the Requests to the extent they seek information that is not in Defendant's care, custody, or control.

6.      Defendant objects to the Requests to the extent they seek publicly available information, or information which is otherwise equally available to Plaintiffs.

7.      Defendant objects to the Requests to the extent they are overly broad, whether as to an absence of temporal or geographical limitation, overly inclusive, cumulative, unreasonably

duplicative, unduly burdensome, oppressive, vague, ambiguous, irrelevant to the present action, and/or disproportional to the needs of the case.

8. Defendant objects to the Requests to the extent they seek expert opinion testimony or call for legal conclusions, legal analysis, and/or trial theories.

9. Defendant objects to the Requests (including discrete subparts) to the extent they exceed the maximum number and/or type of requests permissible under the Federal Rules of Civil Procedure, the Local Rules, and/or other rules or standing orders applicable to this case.

10. Defendant objects to the Requests to the extent they seek production of information prohibited from disclosure by federal statutory and/or regulatory requirements, state privacy laws, and any other provision of law.

11. Defendant objects to general instructions which are not set forth in a given request.

12. Defendant expressly reserves the right to raise objections in the future and/or to object to further discovery requests related to the subjects of any of the Requests.

13. Defendant's responses reflect Defendant's present knowledge and are subject to modification based upon further information.

14. Defendant reserves the right to supplement these responses.

**OBJECTIONS TO PLAINTIFFS' DEFINITIONS**

15. Defendant objects to Plaintiffs' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as overly broad, unduly burdensome, and disproportional to the needs of the case. Defendant further objects to Plaintiffs' definitions of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED" as attempting to impose burdens on Defendant greatly in excess of those permitted under Fed. R. Civ. P. 34. Defendant further objects to Plaintiffs' definition of "DOCUMENT," "COMMUNICATION," "COMMUNICATIONS," and "COMMUNICATED"

to the extent that, with regard to seeking production of ESI, the definitions result in requests that are not reasonably targeted, clear, or as specific as practicable, in violation of Guideline 1.03 of the Court's *Guidelines for the Discovery of Electronically Stored Information*.

16. Defendant objects to Plaintiffs' definition of "SGCS MARKS" because there are no claims in this suit relating to the marks identified in the definition, such that the definition is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this case, and is not tailored to seeking discovery of documents relevant to any of the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

17. In addition to the specific definitions objected to above, Defendant generally objects to Plaintiffs' definitions to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, or seek to alter the requirements outlined in the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding, and to the extent that they are vague and/or ambiguous.

### RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

DEFENDANT'S certificate of formation and company agreement, including any amendments or supplements thereto or restatements thereof.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects

to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, and that for a limited liability company under either Texas or California law diversity citizenship turns on the domicile of its members, and not the requested documents: Defendant will produce its certificate of formation, including any amendments or supplements thereto.  To the extent Defendant understands "company agreement" to encompass a formal document, no such document is believed to have ever existed. Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

A current list of the full names and last known address of all of DEFENDANT'S past and present members (i.e., the list required to be maintained under Section 101.501 of the Texas Business Organizations Code).

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs.  Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request as little more than a fishing expedition, imposed

merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit: Defendant will produce documents identifying its present members. Section 101.501 of the Texas Business Organizations Code does not appear to require a list of the type requested, and no such document exists. Defendant will produce documents identifying the current address of its present members. There are no "past members," and accordingly no list of the same. Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and agreements regarding DEFENDANT'S corporate organizational structure, including documents concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, and that for a limited liability company under either Texas or California law diversity citizenship turns on the domicile of its members, and not the requested documents: Defendant will produce non-privileged documents sufficient to identify Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant. No "corporate organizational structure" is believed to have ever existed. Defendant is not withholding any documents or agreements that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS regarding DEFENDANT'S corporate organizational structure, including communications concerning Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications. Defendant further objects to this request to the

extent that it is cumulative and unreasonably duplicative of Request No. 3.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity and that for a limited liability company under either Texas or California law diversity citizenship turns on the domicile of its members, and not the requested documents: Defendant will produce non-privileged documents sufficient to identify Michael J. Coffin's and Paul LeSage's ownership or membership interests in Defendant. No "corporate organizational structure" is believed to have ever existed and accordingly no documents relating to the same are believed to exist. Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between DEFENDANT, on the one hand, and one or more of the PLAINTIFFS, on the other hand.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Defendant will produce all communications between Defendant and one or more of the Plaintiffs. Defendant is not withholding any communications that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between DEFENDANT and any third party concerning any or all of the PLAINTIFFS' use of any of DEFENDANT'S alleged confidential and proprietary information, trademarks, or copyrights.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such communications to the claims and defenses of this suit,  particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case on that basis (*see, e.g.*, *Gilead Sci., Inc. v. Merck & Co., Inc.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *1-2 (N.D. Cal. Jan. 13, 2016) (discovery must be proportional); *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 420 F. Supp. 3d 966, 979 (N.D. Cal. 2019) (explaining litigation privilege and lack of relevance of motive and intent to the same); *Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc.* ("*PRE I*"),

944 F.2d 1525, 1532-33 (9th Cir. 1991) (holding district court did not abuse discretion in denying discovery into intent because "even if the [plaintiffs] had an anticompetitive intent in bringing the action, they did not lose their *Noerr-Pennington* immunity"); *Redbox Automated Retail, LLC v. Buena Vista Home Entm't*, 399 F. Supp. 3d 1018, 1033-34 (C.D. Cal. 2019) (explaining *Noerr-Pennington* doctrine); *Theme Promotions, Inc. v. News Am. Mktng. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) (explaining that *Noerr-Pennington* doctrine is a principle of statutory construction rather than a privilege and holding the doctrine and California privilege law may both be applied): Defendant believes that the mere identification of whether such communications exist is not relevant to any claim or defense and Defendant therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same. Defendant will produce only those communications between Defendant and a third party which do not implicate petitioning activity under the First Amendment.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between DEFENDANT and AMR concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claim or defense in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking

communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 6.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such communications to the claims and defenses of this suit, particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case on that basis (*see, e.g., Gilead*, 2016 WL 146574, at *1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d at 1033-34; *Theme Promotions*, 546 F.3d at 1007): Defendant believes that the mere identification of whether such communications exist is not relevant to any claim or defense and Defendant therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS exchanged between DEFENDANT and AMR concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks documents that are

not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such documents to the claims and defenses of this suit,  particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case on that basis (*see, e.g.*, *Gilead*, 2016 WL 146574, at *1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d at 1033-34; *Theme Promotions*, 546 F.3d at 1007): Defendant believes that the mere identification of whether such documents exist is not relevant to any claim or defense and Defendant therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All contracts or agreements between DEFENDANT and AMR.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks disclosure of confidential,

proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, the type of contract or agreement involved, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, and based on Defendant's understanding that this Request relates to contracts or agreements for consulting services to be performed by Defendant for AMR, any relevance to this Request would be in association with the -06104 suit, rendering the requested contracts and agreements irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit and, on that basis,  no documents will be produced in the -08171 suit.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.


**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between DEFENDANT and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks disclosure of confidential,

SGCS'S SECOND *AMENDED* RESPONSES
TO PLAINTIFFS' RFPs (SET ONE)                     11                     CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 24 PAGE 75**

proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 7.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such communications to the claims and defenses of this suit, particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case on that basis (*see, e.g.*, *Gilead*, 2016 WL 146574, at *1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d at 1033-34; *Theme Promotions*, 546 F.3d at 1007): No communications between Defendant and AMR concerning the Collaborative Just Culture Systems and Response Guide will be produced in the -08171 suit. Defendant believes that the mere identification of whether such documents exist is not relevant to any claim or defense and Defendant therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same. To the extent this Request is intended to include the information sought in Request No. 9, see the response to Request 9.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS exchanged between DEFENDANT and AMR concerning the Collaborative Just Culture Systems and Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 7 & 10.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such documents to the claims and defenses of this suit, particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, and in further view of the lack of relevance to this suit, rendering the production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case on that

basis (*see, e.g.*, *Gilead*, 2016 WL 146574, at *1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d at 1033-34; *Theme Promotions*, 546 F.3d at 1007): No documents exchanged between Defendant and AMR concerning the Collaborative Just Culture Systems and Response Guide will be produced in the -08171 suit. Defendant believes that the mere identification of whether such documents exist is not relevant to any claim or defense and Defendant therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same. To the extent this Request is intended to include the information sought in Request No. 9, see the response to Request 9.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS between DEFENDANT and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such communications to the claims and defenses of this suit, particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the production of such communications irrelevant, overbroad, unduly burdensome,

oppressive, and disproportionate to the needs of this case on that basis (*see, e.g., Gilead*, 2016 WL 146574, at \*1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d at 1033-34; *Theme Promotions*, 546 F.3d at 1007): Defendant believes that the mere identification of whether such documents exist is not relevant to any claim or defense and Defendant therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same. Defendant will produce any statements that have been published by any Colorado Springs media or media outlet to the extent it is aware of the same.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS exchanged between DEFENDANT and any media or news outlet, including but not limited to Colorado Springs Independent, The Colorado Springs Business Journal, and/or the Colorado Springs Gazette, concerning any or all of the PLAINTIFFS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 12.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance of such documents to the claims and defenses of this suit, particularly those relating to privileged petitioning activity under anti-SLAPP, the litigation privilege, and *Noerr-Pennington* doctrine, rendering the

production of such documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case on that basis (*see, e.g.*, *Gilead*, 2016 WL 146574, at \*1-2; *UCP*, 420 F. Supp. at 979; *PRE I*, 944 F.2d at 1532-33; *Redbox*, 399 F. Supp. 3d at 1033-34; *Theme Promotions*, 546 F.3d at 1007): Defendant believes that the mere existence of whether such documents exist is not relevant to any claim or defense and Defendant therefore will not provide such an identification under its First Amendment rights and statutory constructions of the same. Defendant will produce any statements that have been published by any Colorado Springs media or media outlet to the extent it is aware of the same.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between DEFENDANT and any of the PLAINTIFFS' third-party government regulators, including Alameda County, Los Angeles County, and/or Orange County.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "PLAINTIFFS' third-party government regulators" is not a defined phrase, making the request as written vague and ambiguous; for the purpose of attempting to answer this request in good faith, Defendant interprets this phrase to mean Alameda, Los Angeles, and Orange County regulators. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not

relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Defendant and third parties known only to Plaintiffs. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Defendant will produce all communications between Defendant and Alameda, Los Angeles, and Orange County regulators concerning the subject matter of this dispute. Defendant is not withholding any communications that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS between DEFENDANT and any of the PLAINTIFFS' actual or potential third-party contract partners, including the City of Colorado Springs.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "PLAINTIFFS' actual or potential third-party contract partners" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant interprets this phrase to mean the City of Colorado Springs. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this

SGCS'S SECOND *AMENDED* RESPONSES
TO PLAINTIFFS' RFPS (SET ONE)                    17                    CASE NO. 4:19-cv-08171-SBA
**EXHIBIT 24 PAGE 81**

request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications between Defendant and third parties known only to Plaintiffs. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

No responsive communications between Defendant and the City of Colorado Springs concerning the subject matter of this dispute have been located after a reasonable search as no responsive communications are believed to have ever existed. Defendant is not withholding any communications that fall within the scope of its response to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All contracts or agreements between DEFENDANT and any third party concerning the licensing, copying, display, reproduction, or use of any of DEFENDANT'S alleged confidential and proprietary information, trademarks, or copyrights, including, but not limited to, the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged confidential and proprietary information" is not a defined phrase, making the request as written vague and ambiguous.  Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant,

non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, insofar as Defendant has no affirmative claims relating to infringement of copyrights or trademarks in the -08171 suit, and Plaintiffs allege only a copyright invalidity defense, for which the requested documents are not relevant, rendering the production of such documents in the -08171 suit irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case: No documents will be produced in the -08171 suit.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning the alleged registration of DEFENDANT'S copyright in the Collaborative Just Culture Systems and Behaviors Response Guide, including the underlying application for U.S. Copyright Reg. No. VA0001919579, copies of any work or works deposited in connection therewith, and any related correspondence and communications with the United States Copyright Office.

**OBJECTIONS:**

Defendant objects to this request to the extent that there is no "alleged registration," there is a registration, Reg. No. VA0001919579, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant interprets the phrase to

mean Reg. No. VA0001919579. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Defendants will produce all non-privileged, registration-related documents pertaining to Reg. No. VA0001919579 that are within its possession, custody, and control, including the deposit materials. Defendant is not withholding any non-privileged documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Defendant is unable to make a good faith attempt to respond. Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that

it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.

**AMENDED RESPONSE:**

Subject to the foregoing objections , to the extent Plaintiffs have suggested that "the value of the publication rights" involve how much Defendant charges for use of the Collaborative Just Culture Systems and Behaviors Response Guide, insofar as Defendant has no affirmative claims relating to infringement of copyrights in the -08171 suit, and Plaintiffs allege only a copyright invalidity defense, for which the requested documents are not relevant, rendering the production of such documents in the -08171 suit irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case: No documents will be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS regarding the value of the publication rights to the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "publication rights" is not a defined phrase, making the request as written vague and ambiguous and Defendant is unable to make a good faith attempt to respond. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects

to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 18.

**AMENDED RESPONSE:**

Subject to the foregoing objections, to the extent Plaintiffs have suggested that "the value of the publication rights" involve how much Defendant charges for use of the Collaborative Just Culture Systems and Behaviors Response Guide, insofar as Defendant has no affirmative claims relating to infringement of copyrights in the -08171 suit, and Plaintiffs allege only a copyright invalidity defense, for which the requested documents are not relevant, rendering the production of such documents in the -08171 suit irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case: No documents will be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS concerning DEFENDANT'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses

involved in this suit.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS concerning DEFENDANT'S registration or attempted registration of the SGCS MARKS in the State of Texas or the United States Patent and Trademark Office.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of

this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 20.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in the -08171 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged communications exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS concerning DEFENDANT'S selection, adoption, and clearance of the SGCS MARKS, including, but not limited to, searches, investigations, reports, and opinions.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it seeks

information that is not in Defendant's care, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS concerning the duration, extent, and geographic reach of DEFENDANT'S advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal

or geographic limitation.   Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 24:**

All  COMMUNICATIONS  concerning  the  duration, extent, and geographic reach of DEFENDANT'S advertisement and publicity of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Defendant further objects to this request as little

more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 23.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in the -08171 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged communications exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS referring or relating to DEFENDANT'S plans for marketing and promoting its products and services under the SGCS MARKS in the United States, including, but not limited to marketing plans, advertising plans, strategic business plans, and market research.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS referring or relating to DEFENDANT'S plans for marketing and promoting its products and services using the Collaborative Just Culture Systems and Behaviors Response Guide, including, but not limited  to marketing  plans, advertising  plans, strategic business plans, and market research.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic

limitation.    Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in the -08171 suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS evidencing DEFENDANT'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.    Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit.  In any event, Defendant does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS evidencing DEFENDANT'S use of the SGCS MARKS to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation.    Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 27.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in the -08171 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit.  In any event, Defendant does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive communications are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS evidencing DEFENDANT'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic

limitation.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**RESPONSE:**

Defendant relies on the foregoing objections. Defendant does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive documents are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS evidencing DEFENDANT'S use of the Collaborative Just Culture Systems and Behaviors Response Guide to advertise, sell, or offer emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without

an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 29.

**RESPONSE:**

Defendant relies on the foregoing objections. Defendant does not advertise, sell, or offer emergency medical services, ambulance services, or paramedic services, such that no responsive communications are believed to have ever existed.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS concerning the amount, volume, and extent of DEFENDANT'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS concerning the amount, volume, and extent of DEFENDANT'S sales attributable to the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 31.

SGCS'S SECOND *AMENDED* RESPONSES
TO PLAINTIFFS' RFPS (SET ONE)                    34                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 24 PAGE 98**

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged communications exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 33:**

All contracts or agreements between DEFENDANT and any third party concerning the licensing, copying, display, reproduction, or use of any of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent

any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS evidencing DEFENDANT'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 33.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS evidencing DEFENDANT'S licensing of third parties to use the SGCS MARKS in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 33-34.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged communications exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS evidencing DEFENDANT'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in the -08171 suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS evidencing DEFENDANT'S licensing of third parties to use the Collaborative Just Culture Systems and Behaviors Response Guide in relation to emergency medical services, ambulance services, or paramedic services.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 36.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in the

SGCS'S SECOND *AMENDED* RESPONSES
TO PLAINTIFFS' RFPS (SET ONE)                    39                    CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 24 PAGE 103**

-08171 suit is a copyright invalidity claim, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged communications exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that DEFENDANT charges in exchange for providing any goods or services under the SGCS MARKS in the United States, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation.   Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly

burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS relating to any prices, pricing plans, or other monetary compensation that DEFENDANT charges in exchange for use of the Collaborative Just Culture Systems and Behaviors Response Guide, including all projections, forecasts, business plans, or any other similar type of documents.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in the -08171 suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad,

unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and/or agreements concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including documents regarding how and when the document was created, when it was first published, and when it first became available online.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Defendant will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services that concern the Collaborative Just Culture Systems and Behaviors Response Guide. Defendant will also produce materials sufficient to demonstrate how and when the Collaborative Just Culture Systems and

Behaviors Response Guide was created, when it was first published, and when it first became available online.  In view of the length of time since the Collaborative Just Culture Systems and Behaviors Response Guide was created, to search for all such documents, of all types, including all versions, with no time restriction, would be unduly burdensome and disproportionate to the needs of the case, and would likely involve documents which no longer exist through the passage of time. Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS concerning the Collaborative Just Culture Systems and Behaviors Response Guide, including communications regarding how and when the communication took place, when it was first published, and when it first became available online.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all"

such communications between Defendant and parties known only to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 40.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Defendant will produce all contracts or agreements with medical transport (EMS) and healthcare providers for consulting services that concern the Collaborative Just Culture Systems and Behaviors Response Guide.  Defendant will also produce materials sufficient to demonstrate how and when the Collaborative Just Culture Systems and Behaviors Response Guide was created, when it was first published, and when it first became available online.  In view of the length of time since the Collaborative Just Culture Systems and Behaviors Response Guide was created, to search for all such documents, of all types, including all versions, with no time restriction, would be unduly burdensome and disproportionate to the needs of the case, and would likely involve documents which no longer exist through the passage of time.. Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All market research, including customer surveys, customer reviews, and expert reports, demonstrating that consumers have come to identify DEFENDANT as the source of products and services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege

or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, there are no trademark claims or defenses in the -08171 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged communications exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 43:**

All media reports relating to, referring to, or otherwise mentioning DEFENDANT as the source of the products, goods or services advertised, sold, or offered under the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "media reports" is not a defined phrase, making the request as written vague and ambiguous.  Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or

attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Subject to the foregoing objections, during the August 6, 2020 video conference, Plaintiffs defined "media report" to mean "something reported by the media that mentions the subject matter of this dispute." Applying that proffered meaning of "media reports," Defendant will produce all responsive "media reports" that are in Defendant's possession, custody, or control. Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS from any trademark and/or copyright disputes between DEFENDANT and any third party relating in any way to the SGCS MARKS and/or the Collaborative Just Culture Systems and Behaviors Response Guide, including without limitation civil litigation, administrative proceedings, alternative dispute resolution such as arbitration or mediation, or demands to cease and desist.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.

**AMENDED RESPONSE:**

No responsive documents have been located after a reasonable search as no responsive documents are believed to have ever existed.  Defendant is not withholding any documents that fall within the scope of its response to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS reflecting any instances of actual confusion between DEFENDANT, the SGCS  MARKS,  or Defendant's  goods or services, on the one hand, and one or more of  the PLAINTIFFS' marks, and/or their goods or services, on the other hand, including but not limited to any inquiries as to whether the goods offered in connection with the SGCS MARKS are associated with sponsored by, or in any manner connected to Plaintiffs, or vice versa.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS reviewed, exchanged with, sent to, or relied upon by any expert designated to testify or provide expert opinions in this case, including experts designated to testify or provide expert opinions on DEFENDANT'S claims or defenses in this action.

SGCS'S SECOND *AMENDED* RESPONSES
TO PLAINTIFFS' RFPs (SET ONE)                48                CASE NO. 4:19-cv-08171-SBA

**EXHIBIT 24 PAGE 112**

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.

**AMENDED RESPONSE:**

Subject to the foregoing objections, no such documents presently exist, but Defendant will supplement its response and produce non-privileged, responsive documents at the appropriate time and in the event such documents exist.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations

on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such documents with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit and Defendant does not seek damages in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the SGCS MARKS.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Defendant further objects to this request to the extent

that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such communications with regard to Defendant's trademarks when there are no trademark claims or defenses involved in this suit. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 47.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, there are no trademark claims or defenses in the -08171 suit and Defendant does not seek damages in the -08171 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 such that to the extent any responsive, non-privileged communications exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose

burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, Defendant has no affirmative copyright claims in the -08171 suit and does not seek damages in the -08171 suit, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS concerning any damages DEFENDANT alleges were suffered because of PLAINTIFFS' use of the Collaborative Just Culture Systems and Behaviors Response Guide.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time

for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass. Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 49.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, Defendant has no affirmative copyright claims in the -08171 suit and does not seek damages in the -08171 suit, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged communications exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS concerning DEFENDANTS' financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is

no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, Defendant does not seek damages in the -08171 suit and even if it did, pursuant to 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a) the measure of damages is Defendant's actual damages and Plaintiffs' profits, the documentation of which is in Plaintiffs' possession, custody, or control, not Defendant's profits and revenues, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS concerning DEFENDANT'S financial statements, revenues, profits, and projections.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this

litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal limitation.  Defendant further objects to this request to the extent that it seeks information which was previously in Defendant's possession, but through the passage of time is no longer in Defendant's possession, and/or seeks information that is not in Defendant's care, custody, or control.  Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules, agreements, or orders applicable to this proceeding in that the time for disclosing expert witnesses, fact witnesses, and related documents has not yet come to pass.  Defendant further objects to this request to the extent that it seeks disclosure of legal conclusions, legal analysis, and/or trial theories.  Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 51.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, Defendant does not seek damages in the -08171 suit and even if it did, pursuant to 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a) the measure of damages is Defendant's actual damages and Plaintiffs' profits, the documentation of which is in Plaintiffs' possession, custody, or control, not Defendant's profits and revenues, making the requested communications irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of this case such that to the extent any responsive, non-privileged communications exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking documents that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections. In particular, the only copyright claim in the

-08171 suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS concerning the use of the Collaborative Just Culture Systems and Behaviors Response Guide by any third parties.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any properly brought claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking communications that are not relevant to any properly brought claims or defenses. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.

Defendant further objects to this request as little more than a fishing expedition, imposed merely for purposes of harassment and burden. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 53.

**AMENDED RESPONSE:**

Defendant relies on the foregoing objections.  In particular, the only copyright claim in the -08171 suit is a copyright invalidity claim, making the requested documents irrelevant, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the -08171 suit such that to the extent any responsive, non-privileged documents exist, they will not be produced in the -08171 suit.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS concerning the residence of the DEFENDANT'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage.  Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Defendant further objects to this request to the extent

that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents.   Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced: Defendant understands the request to seek information about where each of the members reside and whether any of them reside in Texas and will produce non-privileged documents sufficient to identify the residences of its members.   Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

All COMMUNICATIONS concerning the residence of the DEFENDANT'S alleged members and the presence of the alleged members in Texas.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage.   Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.   Defendant further objects to this request to the

extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation. Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications. Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 55.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced: Defendant understands the request to seek information about where each of the members reside and whether any of them reside in Texas and will produce non-privileged documents sufficient to identify the residences of its members. Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS concerning the residence of any of DEFENDANT'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage.  Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity.  Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control.  Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such documents, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such documents.  Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the

extent that it is cumulative and unreasonably duplicative of Request Nos. 55-56.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced: Defendant understands the request to seek information about where each of the members reside and whether any of them reside in California and will produce non-privileged documents sufficient to identify the residences of its members. Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

All COMMUNICATIONS concerning the residence of any of DEFENDANT'S alleged members and the presence of the alleged members in California.

**OBJECTIONS:**

Defendant objects to this request to the extent that the phrase "alleged members" is not a defined phrase, making the request as written vague and ambiguous; for purposes of attempting to answer this request in good faith, Defendant assumes "alleged members" means K. Scott Griffith, Michael J. Coffin, and John P. LeSage. Defendant further objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks publicly available information which is equally available to Plaintiffs. Defendant further objects to this request to the extent that it seeks information which is believed to already be within Plaintiffs' possession, custody, or control. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant,

non-privileged, admissible evidence.  Defendant further objects to this request to the extent that it seeks to impose burdens or obligations on Defendant in addition to those required by the Federal Rules of Civil Procedure or any other rules applicable to this proceeding.  Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking "all" such communications, without any limitation as to the subject matter of this dispute, nor an appropriate temporal or geographic limitation.   Defendant further objects to this request to the extent that it is overly broad, unduly burdensome, oppressive, and disproportional to the needs of this proceeding by seeking such "all" such communications.  Defendant further objects to this request to the extent that it seeks information that is not in Defendant's care, custody, or control. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request Nos. 55-57.

**AMENDED RESPONSE:**

Subject to the foregoing objections, including the lack of relevance considering diversity is no longer at issue in this suit, the following non-privileged documents will be produced: Defendant understands the request to seek information about where each of the members reside and whether any of them reside in California and will produce non-privileged documents sufficient to identify the residences of its members.  Defendant is not withholding any documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.


**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS concerning or relating to any reimbursement, payment, or indemnification of costs, attorney's fees or fees of any other kind being incurred by DEFENDANT as a result of defending this ACTION.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks documents that are not relevant to any of the claims or defenses in this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request as beyond the scope of permissible discovery.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Defendant will produce documents identifying insurance coverage pertaining to this suit. Defendant is not withholding any non-privileged documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

**REQUEST FOR PRODUCTION NO. 60:**

All COMMUNICATIONS concerning or relating to any reimbursement, payment or indemnification of costs, attorney's fees or fees of any other kind being incurred by DEFENDANT as a result of defending this ACTION.

**OBJECTIONS:**

Defendant objects to this request to the extent that it seeks information protected by attorney-client privilege and/or attorney work product doctrine, and/or other evidentiary privilege or immunity. Defendant further objects to this request to the extent that it seeks disclosure of confidential, proprietary, and/or trade secret information. Defendant further objects to this request to the extent that it seeks communications that are not relevant to any of the claims or defenses in

this litigation and/or is not reasonably calculated to lead to the discovery of relevant, non-privileged, admissible evidence. Defendant further objects to this request as beyond the scope of permissible discovery. Defendant further objects to this request to the extent that it is cumulative and unreasonably duplicative of Request No. 59.

**AMENDED RESPONSE:**

Subject to the foregoing objections, Defendant will produce documents identifying insurance coverage pertaining to this suit. Defendant is not withholding any non-privileged documents that fall within the scope of its response to this request.

Defendant's investigation into this matter is ongoing, and it reserves the right to supplement, amend, or otherwise modify its response to this Request.

Dated: August 10, 2020                          Respectfully submitted,

                                                */s/ Hillary A. Brooks*
                                                Hillary A. Brooks

                                                Attorney for SCOTT GRIFFITH
                                                COLLABORATIVE SOLUTIONS, LLC
                                                d/b/a SG Collaborative Solutions, LLC

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 10, 2020, via email to the following email addresses:

zubairi.faisal@dorsey.com

Schmidt.Kent@dorsey.com

singh.navdeep@dorsey.com

keyes.mike@dorsey.com

mason.brian@dorsey.com

vanderwoude.brian@dorsey.com

*/s/ Delfina S. Homen*
Delfina S. Homen

Attorney for SCOTT GRIFFITH
COLLABORATIVE SOLUTIONS, LLC
d/b/a SG Collaborative Solutions, LLC

| Bates No. | Document Type | Date of Document | Author(s) | Recipient | Subject Matter | Steps Taken to Ensure Confidentiality | Category of Privilege |
|---|---|---|---|---|---|---|---|
| SGCS000362 – SGCS000367 | Email | June 24, 2014 | Rachel Saldana (attorney) | K. Scott Griffith (SGCS) | Federal trademark application | Email not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS000368 | Email | May 16, 2014 | Rachel Saldana (attorney) | K. Scott Griffith (SGCS) | Federal trademark application | Email not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS000369 – SGCS000370 | Attachment to email (SGCS000368) | May 16, 2014 | Rachel Saldana (attorney) | K. Scott Griffith (SGCS) | Federal trademark application | Attachment not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001541 – SGCS001542 | Email thread | May 28, 2014 | K. Scott Griffith (SGCS); Roxanne Edwards (attorney); Rachel Saldana (attorney) | Roxanne Edwards (attorney); K. Scott Griffith (SGCS); Rachel Saldana (attorney); Jon Paul LeSage (SGCS) | Federal copyright application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001543 – SGCS001549 | Email thread | July 2, 2014; July 3, 2014; July 12, 2014; July 14, 2014 | Lacy Kinsey (attorney's employee); K. Scott Griffith (SGCS); Rachel | K. Scott Griffith (SGCS); Lawrence Brown (attorney); Rachel | Federal copyright application & other legal matters | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |

**EXHIBIT 24 PAGE 131**

| | | | Saldana (attorney) | Saldana (attorney); | | | |
|---|---|---|---|---|---|---|---|
| SGCS001550-SGCS001553 | Email thread | May 20, 2014; May 28, 2014 | Rachel Saldana (attorney); K. Scott Griffith (SGCS) | Rachel Saldana (attorney); K. Scott Griffith (SGCS); Roxanne Edwards (attorney); Jon Paul LeSage (SGCS) | Federal copyright application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001554-SGCS001558 | Email | June 24, 2014 | Rachel Saldana (attorney) | K. Scott Griffith (SGCS) | Federal trademark application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001559-SGCS001562 | Email thread | June 18, 2014 | Rachel Saldana (attorney); K. Scott Griffith (SGCS) | Rachel Saldana (attorney); K. Scott Griffith (SGCS) | Federal trademark application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001563-SGCS001567 | Email thread | June 19, 2014; June 22, 2014 | Rachel Saldana (attorney); K. Scott Griffith (SGCS) | Rachel Saldana (attorney); K. Scott Griffith (SGCS) | Federal trademark application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001568-SGCS001570 | Email thread | May 16, 2014; May 20, 2014 | Rachel Saldana (attorney); K. Scott | Rachel Saldana (attorney); K. Scott | Federal trademark application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |

**EXHIBIT 24 PAGE 132**

| | | | Griffith (SGCS) | Griffith (SGCS) | | | |
|---|---|---|---|---|---|---|---|
| SGCS001571-SGCS001577 | Email thread | June 19, 2014; June 22, 2014; June 23, 2014 | Rachel Saldana (attorney); K. Scott Griffith (SGCS) | Rachel Saldana (attorney); K. Scott Griffith (SGCS) | Federal trademark application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001578-SGCS001578 | Email | June 19, 2014 | Rachel Saldana (attorney); | K. Scott Griffith (SGCS) | Federal trademark application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |
| SGCS001579-SGCS001579 | Email | June 19, 2014 | Rachel Saldana (attorney); | K. Scott Griffith (SGCS) | Federal trademark application | Email thread not distributed outside SGCS; affirmed that no unauthorized persons have received the email. | Attorney-client privilege |

**EXHIBIT 24 PAGE 133**

# EXHIBIT 25

## Zubairi, Faisal

| | |
|---|---|
| **From:** | Zubairi, Faisal |
| **Sent:** | Tuesday, August 11, 2020 6:43 PM |
| **To:** | Hillary Brooks; 'Delfina Homen'; Ryan Tyz; Sean Apple |
| **Cc:** | Singh, Navdeep; Schmidt, Kent |
| **Subject:** | RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |
| **Attachments:** | Shell Judge Spero Letter.docx; Index of Exhibits to Joint Discovery Letter to Joint Discovery Letter.docx; FALCK - SGC - MTC Exhibits 1 - 24 (combined) - nla prepared 8-11-2020-v1.pdf |

Dear Counsel,

As a follow-up to our video conference this morning, and, as was agreed in our August 6th email exchange, attached is a shell letter which includes a list of the topics that remain in dispute and an index of exhibits along with the actual exhibits, which have pre-numbered for easy reference by either party.

Pursuant to today's call, we agreed that the parties shall exchange final drafts of their respective sections by noon on Friday, and neither party will then be able to make any further changes.  Please keep in mind that each party is entitled to equal space in this letter, which will mean less than 2.5 pages per party after accounting for the required case information that is already included in the shell.

Per your request, we are also hereby providing you with citations to the following cases, which confirm that any agreement for the payment or reimbursement of SGC's fees by one of the Falck Parties' competitors, such as AMR, is discoverable. See *Nelson v. Millennium Labs., Inc.*, No. 12-cv-01301, 2013 U.S. Dist. LEXIS 191155, at *13-15 (D. Ariz. May 17, 2013), *Berger v. Seyfarth Shaw, LLP*, No. 07-cv-05279, 2008 U.S. Dist. LEXIS 117105, at *3 (N.D. Cal. Oct. 14, 2008), *United States v. Cathcart*, No. 07-cv-4762, 2009 U.S. Dist. LEXIS 57526, at *6 (N.D. Cal. June 18, 2009), *Bryant v. Mattel*, 573 F. Supp. 2d 1254, 1274 (C.D. Cal. 2007).

As we discussed during today's videoconference, although we disagree that SGC's Second Amended Responses that were served a little before midnight yesterday rectify the previously identified deficiencies, we will, as a compromise, agree to accept your responses to various of the requests that were previously at issue.  We are, however, unable to do so with respect to the items set forth in our shell letter, but did want to reiterate our willingness to narrow the scope and further compromise with respect to certain of those request as follows.

With respect to Request No. 4, since the response to Request No. 1 confirms that SGC does not have a formal LLC agreement, we are at least looking for any communications that would confirm when and how Michael Coffin and Paul Lesage became members or otherwise acquired an ownership interest in SGC.  If SGC is willing to supplement by indicating it will produce such communications, we can agree to exclude this request from our letter.

With respect to Request Nos. 17, 20-21, as previously indicated and was reiterated during our call, we are willing to limit the temporal scope of the requests from 2013 through the present, which is consistent with the alleged date of first use and publication.

With respect to Request Nos. 18-19, although we disagree that the responses are sufficient, we will accept your representation that all contracts and agreements with emergency medical service and health care providers will be produced, if you are willing to confirm that is in fact the case with respect to Request No. 16.  With respect to Request No. 16, although the response appears to agree to provide all contracts/agreements between the defendant and any

1

**EXHIBIT 25 PAGE 1**

third party regarding the licensing, copying, display, or reproduction of the items listed in the request, a closer examination reveals various unilateral limitations that SGC seeks to impose. SGC is only agreeing to produce "contracts or agreements with EMS and healthcare providers *for consulting services that concern* licensing, copying, display, reproduction and use of" the alleged marks and the Guide.   We are willing to, for now, accept SGC's limitation of its production to the EMS and healthcare industry if SGC confirms that it is not otherwise withholding any such agreements on the grounds that they do not constitute agreements for consulting services. If, for example, SGC has an agreement that allows for the use of its Guide or its marks that SGC does not classify as a consulting agreement with a healthcare or EMS provider, we want to make sure that any such agreement is being produced. If SGC is willing to supplement by indicating it will produce all agreements with EMS and healthcare providers (not just consulting agreements) regarding the licensing copying, display, reproduction and use of its alleged marks and the Guide, then we can agree to exclude this request from our letter.

With respect to Request Nos. 23-24, we disagree that the response complies with Rule 34 but will agree to agree to review your production and reserve our rights.

With respect to Request Nos. 31-32, although we understand you are giving us consulting contracts with emergency medical service and health care providers, we are still unable to determine what documents your client intends to produce that will demonstrate the extent of its sales that were attributable to its marks.  We are requesting SGC to clarify what it is planning to produce, and, if it has no responsive documents other than the agreements, it should clearly say so.

With respect to Request Nos. 33-35, we understand that your client is willing to produce the contracts and agreements, and while we are willing to, for now, accept SGC's limitation of its production to the EMS and healthcare industry, we do require clarification regarding whether any of the contracts or agreements are being withheld on the grounds that they are not agreements for "consulting services."  Moreover, as noted during our videoconference, Request Nos. 34 and 35 seek documents beyond the agreements.  In particular, we are asking for any communications with third parties whereby SGC agreed or allowed  a third party use its marks.  If SGC is willing to supplement to clarify that it is not withholding documents that are not consulting agreements and to indicate that it will also produce such communications, then we can agree to exclude this request from the joint letter.

With respect to Request Nos. 36-37, we understand that your client is willing to produce the contracts and agreements as noted, and while we are willing to, for now, accept SGC's limitation of its production to the EMS and healthcare industry, we do require clarification regarding whether any of the contracts or agreements are being withheld on the grounds that they are not agreements for "consulting services."  Moreover, as noted during our videoconference, these requests seek documents beyond the actual agreements.  In particular, we are asking for any communications with third parties whereby SGC agreed or allowed  a third party use its Guide.  If SGC is willing to supplement to clarify that it is not withholding any documents on the basis that they are not consulting agreements and to indicate that it will also produce such communications, then we can agree to exclude this request from the joint letter.

With respect to Request Nos. 38-39, whereas SGC's prior amended responses from July 10, 2020 stated that contracts and agreements, pricing schedules and damages calculations would be produced, the second amended responses are less clear in that they only agree to produce documents sufficient to demonstrate the price that SGC charges without specifying what documents are being withheld on the basis of any objections.  We are once again asking that you reconsider your response and agree to instead produce all contracts, agreements, pricing schedules and damages calculations.  As currently stated, the response leaves us guessing as to whether any documents are being withheld.

With respect to Request Nos. 53-54, while we disagree that the responses comply with Rule 34, we understand that SGC is willing to produce EMS and healthcare industry agreements, but require clarification regarding whether it is withholding any EMS or healthcare industry agreements that it does not consider to be consulting agreements as set forth above in relation to Request No. 16.  Moreover, as noted during our videoconference, these requests seek documents beyond the actual agreements.  In particular, we are asking for any communications with third parties whereby SGC agreed or allowed (or refused to agree or allow) a third party use its Guide.  If SGC is willing to supplement

2

**EXHIBIT 25 PAGE 2**

to clarify that it is not withholding any documents on the basis that they are not consulting agreements and to indicate that it will also produce such communications, then we can agree to exclude this request from the joint letter.

Finally, with respect to Request Nos. 51-52, as previously indicated and was reiterated during our call, we are willing to limit the temporal scope of these requests from 2015 through the present.

We would ask that you confirm whether you will agree to supplement in order to clarify any of the foregoing responses by tomorrow so that we have sufficient time to account for the same prior to the scheduled exchange of our joint submission.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Zubairi, Faisal
**Sent:** Monday, August 10, 2020 5:24 PM
**To:** 'Hillary Brooks' <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

We disagree that it is reasonable to expect us to share a draft of our section of the letter in less than 24 hours of the follow-up meet & confer that is scheduled for tomorrow to see what, if anything, SGC is willing to supplement. We agreed to the follow-up meet and confer video call in order to allow SGC a sufficient opportunity to consider the issues articulated in our prior letters and restated during our video call.  While SGC therefore knows our posture with respect to its existing responses, we have yet to see what SGC is planning to supplement with.

We are trying to reasonably give SGC an opportunity to respond to our section by agreeing to trade drafts on Thursday, and incorporate any revisions you have based on our section and that we have based on your section thereafter, by the close of business on Friday.  This is why we proposed that we provide a list of the issues that remain in dispute after our call and trade sections on Thursday as opposed to Friday.  We, at no point, indicated that the plan to trade drafts on Thursday was meant to preclude any further revisions.  If we are nevertheless forced to stick with the draft sections as exchanged, without any revisions, then we will need to make note of the same in the letter.

**EXHIBIT 25 PAGE 3**

Your email below indicates that you will be supplementing responses tomorrow, which we hope happens sufficiently in advance of the scheduled call in order to allow for a more productive meet and confer.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461    **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 3:09 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

I beg to differ, we agreed to a simultaneous exchange after you expressly refused to participate in the responsive process which appears to us to be required by the rule.  There is no mention of edits or revisions in your email on the proposed simultaneous exchange, as you are aware, and that would be contrary to what was discussed and contrary to the very notion of a simultaneous exchange.

We are allowing you to choose.  You can either agree to a responsive process as I proposed that begins with you sending us your detailed position (which is what we think is required by the judge's rule—how else could we provide "a detailed summary of each party's final substantive position and their final proposed compromise on each issue" if we have not seen the details of what you are moving on) or stick with a simultaneous exchange with no changes after exchange.  Either way is fine with us, but you do not get to change the proposal at this point to allow you to make edits to your position after seeing ours.

It is not sufficient to say we know what's in your letters.  The point is to narrow the issues and submit only those on which the parties have not reached an accommodation.  We have no idea what you will ultimately submit in your 2.5 pages (which is significantly less than 19, 13, and 8 page letters you have sent), what cases you will cite in support (since you said you will cite new ones, etc.), what your compromise position is, or what relief you will seek.

I hope you will see from your own desire to reconsider your positions after seeing ours, and a review of the judge's order, which I see you don't respond to, that the process you have demanded is not reasonable, not in compliance with the Judge's standing order, and will not frame the issues for the court.  There is enough to debate about the merits of this suit without turning every single conferral into this type of process.  It really is unnecessary and unproductive.

4

**EXHIBIT 25 PAGE 4**

As to your comment below on letters, you may want to take a look at Judge Spero's order again, which specifically discusses letters in the context of conferral.  (I'll also point out that we asked for case law on that point and have not yet seen it).  Nevertheless, we will be sending an amended response prior to the call that we hope will address the majority of your ongoing concerns with all but the clearly irrelevant and privileged materials you are attempting to seek.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 2:44 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

We already had this debate and agreed to the process set forth in my email from 12:57 pm, which was confirmed by our email exchange from last week.   If SGC is unwilling to abide by that agreement, we can take it up in the letter.

This is also why we cannot agree to accept the positions set forth in your letters in lieu of more formal supplemental discovery responses.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461    **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 1:58 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

**EXHIBIT 25 PAGE 5**

I think that is the issue. On the one hand, you are not allowing us to see your framing of the dispute, to which we can respond in our portion of the letter, but then you want to make edits to your position based on our response. There is an inherent unfairness to that which we cannot support and there was no discussion of edits or changes to the simultaneous exchange. We are willing to make this a process that is completely responsive, as I indicated in my earlier email and what I believe the court is actually looking for, or a simultaneous exchange with absolutely no changes made to each party's position if that is what you insist upon, but we cannot support some undefined and last minute process where you get to make revisions and we don't that will cause the same chaos we experienced in the past. If you see anything in the Judge's rule that supports what it is you are requesting, then we would appreciate knowing what that is.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 1:48 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Our proposal anticipates exchange on Thursday in order to allow for incorporation of any edits by either side before filing of the joint letter by the close of business on Friday.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 1:45 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

If the positions are not to be changed in any fashion once submitted to one-another, what purpose is there to an exchange in advance of the deadline?

6

**EXHIBIT 25 PAGE 6**

I will save discussion on the merits for our conferral and the briefing.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 12:57 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

We prefer to stick with our original agreement, which was to have a call tomorrow to see what, if any, additional issues SGC is willing to compromise on, for us to then circulate a shell of the letter that includes a list of the topics that remain in dispute along with exhibits, for us to then exchange our respective sections regarding those topics by Thursday, and to then file the joint letter with any edits by either side upon exchange by the close of business on Friday.

The meet & confer and joint letter process does not contemplate an opposition and reply because it envisions that the parties will in good faith seek to work their issues out and therefore be reasonably familiar with the issues that remain in dispute so that they can both simultaneously work on the joint submission.

We have extensively met and conferred regarding the issues we plan to pursue with the Court if not agreed upon by SGC, including during our videoconference last week. We are willing to meet & confer in more detail during our call tomorrow, but do not currently know the scope of what SGC is planning to insist upon withholding, so cannot commit to an arbitrary deadline of less than 24 hours after your suggested follow-up call to provide a draft of our section of the letter.

We look forward to our discussion tomorrow, and hope that SGC will reconsider its insistence upon withholding the relevant materials that we are seeking.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 12:26 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen

**EXHIBIT 25 PAGE 7**

<delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

We have had a little time to consider this proposal.  While we still believe the most sensible way to approach this is for you to give us your draft of your 2.5 pages by Wednesday COB, we would give our response by Thursday COB, and you could reply accordingly and file on Friday at noon as discussed (or we could discuss a longer schedule past Friday if you wish, since the goal is to frame the issues in the way most helpful to the court).  Given your prior position that you do not wish to proceed in this manner, and prefer a simultaneous exchange, we do not see the need for an exchange of positions by Thursday, given that no editing of either party's position should occur following such a mutual exchange, and could therefore simultaneously exchange Friday at noon since it would just involve cutting and pasting our 2.5 pages onto yours for filing.  Again, we think the better approach is for you to state your position in your 2.5 pages to us, for us to respond to that position in 2.5 pages, and for you to reply within your 2.5 pages if you wish (in the same way briefing on an actual motion to compel would occur).

Please let me know if you would like to consider a position/response/reply procedure as I have proposed, or whether you wish to stick with a simultaneous exchange on Friday at noon (with you giving us, at a minimum, topics for your letter by COB Tuesday following our conferral so that we have some idea of what the remaining issues that we are responding to are).

Thank you.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Thursday, August 6, 2020 1:06 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

As a follow-up to our meet and confer videoconference that took place earlier today, we have agreed to hold a follow-up videoconference on Tuesday to see if we can further narrow the issues in dispute and to file our joint letter with the Court by Friday, and that the parties will endeavor to trade their respective sections of the joint letter by the close of business on Thursday.

We are available to proceed with the videoconference on Tuesday at 11 am, and will shortly circulate a zoom video link for the same.

Please also allow this to confirm that the parties have agreed to electronic services for this case, and service shall be timely if made by midnight unless the Court orders otherwise.

**EXHIBIT 25 PAGE 8**

Finally, we understand that SGC will consider amending various of its responses and report back on whether it is willing to do so on Tuesday, and that SGC is now consenting to use of the ND Cal Model Form of Protective Order for standard litigation.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM :: SOUTHERN CALIFORNIA :: BIO :: V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Zubairi, Faisal
**Sent:** Tuesday, July 28, 2020 3:33 PM
**To:** 'Hillary Brooks' <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria (Santos.Maria@dorsey.com) <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Ms. Brooks,

We are available to participate on August 6, 2020 at 11 am, and will send out a zoom video link for that time.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM :: SOUTHERN CALIFORNIA :: BIO :: V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

9

**EXHIBIT 25 PAGE 9**

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Tuesday, July 28, 2020 12:35 PM
**To:** Santos, Maria <Santos.Maria@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

In response to your letter, we can be available for a video conference on August 6, 2020, beginning at 10 am and would prefer to do it earlier in the day rather than later, if that time doesn't work for you.

**From:** Santos.Maria@dorsey.com <Santos.Maria@dorsey.com>
**Sent:** Monday, July 27, 2020 4:46 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** zubairi.faisal@dorsey.com; Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.

Sincerely,

**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**



DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655
**P:** 714.800.1442   **F:** 714.800.1499

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

Please help reduce paper and ink usage. Print only if necessary.

**EXHIBIT 25 PAGE 10**



**FAISAL M. ZUBAIRI**
**Partner**
**(714) 800-1461**
**FAX (714) 464-5353**
**zubairi.faisal@dorsey.com**

August 14, 2020

The Honorable Joseph C. Spero
Chief Magistrate Judge
United States District Court for
 the Northern District
450 Golden Gate Avenue
San Francisco, CA  94102

**Re:** *Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC,*
*Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck*
*Northern California Corp., et al., Case No. 4:19-cv-06104-SBA.*

Dear Judge Spero:

Counsel for Care Ambulance Service, Inc. ("Care"), Falck USA, Inc. ("Falck"), Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively, the "Falck Parties"), plaintiffs in Case 4:19cv08171 ("Case 8171") filed against Scott Griffith Collaborative Solutions, LLC ("SGC"), and counsel for SGC, which is the plaintiff in Case 4:19cv06104 filed against the Falck Parties, excluding FRM ("Case 6104"), jointly write the Court pursuant to the Court's Notice of Reference and Order Regarding Discovery Procedures. *See* Exs. 11-12. The Falck Parties and SGC are collectively referred to as the "Parties." The matters were consolidated for the purposes of discovery. *See* Exs. 9-10. This letter is being submitted within 5 days of the conference between counsel, which took place on August 11, 2020. The subject discovery and meet and confer efforts are attached in chronological order as Exs. 1-25.

    **A.**      **The Falck Parties' Position**

    **Third Party Documents (Request Nos. 6, 7, 8, 10, 11, 12, 13, 14, 15)**

    **Trademark Documents (Request Nos. 20, 21)**

    **Copyright Documents (Request No. 17)**

    **Damages Documents (Request Nos. 51-52)**

    **Reimbursement of Fees (Request Nos. 59-60)**

    **Other Insufficient Responses (Requests 4, 16, 18-19 31-32, 34-39, 47-50, 53-54)**

**EXHIBIT 25 PAGE 11**



Honorable Joseph C. Spero
August 14, 2020
Page 2

**B.      SGC's Position**

**Third Party Documents (Request Nos. 6, 7, 8, 10, 11, 12, 13, 14, 15)**

**Trademark Documents (Request Nos. 20, 21)**

**Copyright Documents (Request No. 17)**

**Damages Documents (Request Nos. 51-52)**

**Reimbursement of Fees (Request Nos. 59-60)**

**Other Insufficient Responses (Requests 4, 16, 18-19, 31-32, 34-39, 47-50, 53-54)**

**EXHIBIT 25 PAGE 12**



Honorable Joseph C. Spero
August 14, 2020
Page 3

**EXHIBIT 25 PAGE 13**

# INDEX OF EXHIBITS

| EXHIIBT NO. | DOCUMENT DESCRIPTION | Date |
|---|---|---|
| Exhibit 1 | The Falck Parties' Requests for Production of Documents (Set One) in Case No. 6104 | Jan. 27, 2020 |
| Exhibit 2 | The Falck Parties' Requests for Production of Documents (Set One) in Case No. 8171 | Jan. 27, 2020 |
| Exhibit 3 | Case No. 6104 Dkt No. 62: Order Staying the Action through March 26, 2020 Pending Settlement Conf. | Jan. 29, 2020 |
| Exhibit 4 | Case No. 8171 Dkt No. 52: Order Staying the Action through March 26, 2020 Pending Settlement Conf. | Jan. 29, 2020 |
| Exhibit 5 | Case No. 6104 Dkt No. 65: Order Extending Stay through May 6, 2020 | Mar. 18, 2020 |
| Exhibit 6 | Case No. 8171 Dkt No. 65: Order Extending Stay through May 6, 2020 | Mar. 18, 2020 |
| Exhibit 7 | Case No. 6104 Dkt No. 67: Case Management Statement | Apr. 29, 2020 |
| Exhibit 8 | Case No. 8171 Dkt No. 57: Case Management Statement | Apr. 28, 2020 |
| Exhibit 9 | Case No. 6104 Dkt No. 68 Discovery Consolidation Order | May 6, 2020 |
| Exhibit 10 | Case No. 8171 Dkt No. 68 Discovery Consolidation Order | May 6, 2020 |
| Exhibit 11 | Case No. 6104 Dkt No. 70 Notice of Reference Order re Discovery | May 12, 2020 |
| Exhibit 12 | Case No. 8171 Dkt No. 70 Notice of Reference Order re Discovery | May 12, 2020 |
| Exhibit 13 | Falck June 9, 2020 Meet and Confer Letter No. 1 | June 9, 2020 |
| Exhibit 14 | SGC June 11 2020 Letter and Original RFP Responses | June 11, 2020 |
| Exhibit 15 | Falck June 26 2020 Meet and Confer Letter No. 2 | June 26, 2020 |
| Exhibit 16 | July 10 2020 Email Exchange re Status of Responses | July 10, 2020 |
| Exhibit 17 | SGC July 10, 2020 Letter re Protective Order and Revised RFP Responses | July 10, 2020 |
| Exhibit 18 | Falck July 21, 2020 Meet & Confer Letter No. 3 and Proposed Redline Protective Order | July 21, 2020 |
| Exhibit 19 | SGC July 23, 2020 Response Letter | July 23, 2020 |
| Exhibit 20 | Falck July 27, 2020 Meet & Confer Letter No. 4 | July 27, 2020 |
| Exhibit 21 | July 28, 2020 Email Exchange re Videoconference | July 28, 2020 |
| Exhibit 22 | August 6, 2020 Email Exchange re Joint Letter | Aug. 6, 2020 |
| Exhibit 23 | August 10, 2020 Email Exchange re Joint Letter | Aug. 10, 2020 |
| Exhibit 24 | SGC's August 10, 2020 Second Amended Responses | Aug. 10, 2020 |
| Exhibit 25 | August 11, 2020 Email Exchange re Amended Responses/Joint Letter | Aug. 11, 2020 |

**EXHIBIT 25 PAGE 14**

## Zubairi, Faisal

| | |
|---|---|
| **From:** | Ryan Tyz <ryan@tyzlaw.com> |
| **Sent:** | Tuesday, August 11, 2020 7:29 PM |
| **To:** | Zubairi, Faisal; hillary@brooksquinn.com; delfina@brooksquinn.com; Sean Apple |
| **Cc:** | Singh, Navdeep; Schmidt, Kent |
| **Subject:** | [EXTERNAL] Re: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |

Faisal – I wanted to raise a couple procedural issues.  First, as I mentioned on our first call, I do not believe Judge Spero wants to see any exhibits with the joint discovery letter, and definitely not 600 pages worth of them and documents from the docket.  We do not endorse submitting any of the exhibits and we do not plan to cite any in our section.  If your clients nonetheless want to submit them, they should be referenced in their section.  Second, we plan to use our entire allotted 2.5 pages for the letter given the number of issues that your clients have identified.  Therefore, I suggest that any intro your client wants to add beyond "The parties submit this joint letter and they have conferred on x days pursuant to this Court's standing order" to your client's section.  Thanks.  Ryan

**From:** "zubairi.faisal@dorsey.com" <zubairi.faisal@dorsey.com>
**Date:** Tuesday, August 11, 2020 at 6:44 PM
**To:** "hillary@brooksquinn.com" <hillary@brooksquinn.com>, "delfina@brooksquinn.com" <delfina@brooksquinn.com>, Ryan Tyz <ryan@tyzlaw.com>, Sean Apple <sapple@tyzlaw.com>
**Cc:** "singh.navdeep@dorsey.com" <singh.navdeep@dorsey.com>, "Schmidt.Kent@dorsey.com" <Schmidt.Kent@dorsey.com>
**Subject:** RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

As a follow-up to our video conference this morning, and, as was agreed in our August 6th email exchange, attached is a shell letter which includes a list of the topics that remain in dispute and an index of exhibits along with the actual exhibits, which have pre-numbered for easy reference by either party.

Pursuant to today's call, we agreed that the parties shall exchange final drafts of their respective sections by noon on Friday, and neither party will then be able to make any further changes.  Please keep in mind that each party is entitled to equal space in this letter, which will mean less than 2.5 pages per party after accounting for the required case information that is already included in the shell.

Per your request, we are also hereby providing you with citations to the following cases, which confirm that any agreement for the payment or reimbursement of SGC's fees by one of the Falck Parties' competitors, such as AMR, is discoverable. See *Nelson v. Millennium Labs., Inc.*, No. 12-cv-01301, 2013 U.S. Dist. LEXIS 191155, at *13-15 (D. Ariz. May 17, 2013), *Berger v. Seyfarth Shaw, LLP*, No. 07-cv-05279, 2008 U.S. Dist. LEXIS 117105, at *3 (N.D. Cal. Oct. 14, 2008), *United States v. Cathcart*, No. 07-cv-4762, 2009 U.S. Dist. LEXIS 57526, at *6 (N.D. Cal. June 18, 2009), *Bryant v. Mattel*, 573 F. Supp. 2d 1254, 1274 (C.D. Cal. 2007).

As we discussed during today's videoconference, although we disagree that SGC's Second Amended Responses that were served a little before midnight yesterday rectify the previously identified deficiencies, we will, as a compromise, agree to accept your responses to various of the requests that were previously at issue.  We are, however, unable to do

1

**EXHIBIT 25 PAGE 15**

so with respect to the items set forth in our shell letter, but did want to reiterate our willingness to narrow the scope and further compromise with respect to certain of those request as follows.

With respect to Request No. 4, since the response to Request No. 1 confirms that SGC does not have a formal LLC agreement, we are at least looking for any communications that would confirm when and how Michael Coffin and Paul Lesage became members or otherwise acquired an ownership interest in SGC.  If SGC is willing to supplement by indicating it will produce such communications, we can agree to exclude this request from our letter.

With respect to Request Nos. 17, 20-21, as previously indicated and was reiterated during our call, we are willing to limit the temporal scope of the requests from 2013 through the present, which is consistent with the alleged date of first use and publication.

With respect to Request Nos. 18-19, although we disagree that the responses are sufficient, we will accept your representation that all contracts and agreements with emergency medical service and health care providers will be produced, if you are willing to confirm that is in fact the case with respect to Request No. 16.  With respect to Request No. 16, although the response appears to agree to provide all contracts/agreements between the defendant and any third party regarding the licensing, copying, display, or reproduction of the items listed in the request, a closer examination reveals various unilateral limitations that SGC seeks to impose. SGC is only agreeing to produce "contracts or agreements with EMS and healthcare providers *for consulting services that concern* licensing, copying, display, reproduction and use of" the alleged marks and the Guide.   We are willing to, for now, accept SGC's limitation of its production to the EMS and healthcare industry if SGC confirms that it is not otherwise withholding any such agreements on the grounds that they do not constitute agreements for consulting services. If, for example, SGC has an agreement that allows for the use of its Guide or its marks that SGC does not classify as a consulting agreement with a healthcare or EMS provider, we want to make sure that any such agreement is being produced. If SGC is willing to supplement by indicating it will produce all agreements with EMS and healthcare providers (not just consulting agreements) regarding the licensing copying, display, reproduction and use of its alleged marks and the Guide, then we can agree to exclude this request from our letter.

With respect to Request Nos. 23-24, we disagree that the response complies with Rule 34 but will agree to agree to review your production and reserve our rights.

With respect to Request Nos. 31-32, although we understand you are giving us consulting contracts with emergency medical service and health care providers, we are still unable to determine what documents your client intends to produce that will demonstrate the extent of its sales that were attributable to its marks.  We are requesting SGC to clarify what it is planning to produce, and, if it has no responsive documents other than the agreements, it should clearly say so.

With respect to Request Nos. 33-35, we understand that your client is willing to produce the contracts and agreements, and while we are willing to, for now, accept SGC's limitation of its production to the EMS and healthcare industry, we do require clarification regarding whether any of the contracts or agreements are being withheld on the grounds that they are not agreements for "consulting services."  Moreover, as noted during our videoconference, Request Nos. 34 and 35 seek documents beyond the agreements.  In particular, we are asking for any communications with third parties whereby SGC agreed or allowed  a third party use its marks.  If SGC is willing to supplement to clarify that it is not withholding documents that are not consulting agreements and to indicate that it will also produce such communications, then we can agree to exclude this request from the joint letter.

With respect to Request Nos. 36-37, we understand that your client is willing to produce the contracts and agreements as noted, and while we are willing to, for now, accept SGC's limitation of its production to the EMS and healthcare industry, we do require clarification regarding whether any of the contracts or agreements are being withheld on the grounds that they are not agreements for "consulting services."  Moreover, as noted during our videoconference, these requests seek documents beyond the actual agreements.  In particular, we are asking for any communications with third parties whereby SGC agreed or allowed  a third party use its Guide.  If SGC is willing to supplement to clarify that it is not

EXHIBIT 25 PAGE 16

withholding any documents on the basis that they are not consulting agreements and to indicate that it will also produce such communications, then we can agree to exclude this request from the joint letter.

With respect to Request Nos. 38-39, whereas SGC's prior amended responses from July 10, 2020 stated that contracts and agreements, pricing schedules and damages calculations would be produced, the second amended responses are less clear in that they only agree to produce documents sufficient to demonstrate the price that SGC charges without specifying what documents are being withheld on the basis of any objections.  We are once again asking that you reconsider your response and agree to instead produce all contracts, agreements, pricing schedules and damages calculations.  As currently stated, the response leaves us guessing as to whether any documents are being withheld.

With respect to Request Nos. 53-54, while we disagree that the responses comply with Rule 34, we understand that SGC is willing to produce EMS and healthcare industry agreements, but require clarification regarding whether it is withholding any EMS or healthcare industry agreements that it does not consider to be consulting agreements as set forth above in relation to Request No. 16.  Moreover, as noted during our videoconference, these requests seek documents beyond the actual agreements.  In particular, we are asking for any communications with third parties whereby SGC agreed or allowed (or refused to agree or allow) a third party use its Guide.  If SGC is willing to supplement to clarify that it is not withholding any documents on the basis that they are not consulting agreements and to indicate that it will also produce such communications, then we can agree to exclude this request from the joint letter.

Finally, with respect to Request Nos. 51-52, as previously indicated and was reiterated during our call, we are willing to limit the temporal scope of these requests from 2015 through the present.

We would ask that you confirm whether you will agree to supplement in order to clarify any of the foregoing responses by tomorrow so that we have sufficient time to account for the same prior to the scheduled exchange of our joint submission.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Zubairi, Faisal
**Sent:** Monday, August 10, 2020 5:24 PM
**To:** 'Hillary Brooks' <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

**EXHIBIT 25 PAGE 17**

Dear Hillary,

We disagree that it is reasonable to expect us to share a draft of our section of the letter in less than 24 hours of the follow-up meet & confer that is scheduled for tomorrow to see what, if anything, SGC is willing to supplement. We agreed to the follow-up meet and confer video call in order to allow SGC a sufficient opportunity to consider the issues articulated in our prior letters and restated during our video call.  While SGC therefore knows our posture with respect to its existing responses, we have yet to see what SGC is planning to supplement with.

We are trying to reasonably give SGC an opportunity to respond to our section by agreeing to trade drafts on Thursday, and incorporate any revisions you have based on our section and that we have based on your section thereafter, by the close of business on Friday.  This is why we proposed that we provide a list of the issues that remain in dispute after our call and trade sections on Thursday as opposed to Friday.  We, at no point, indicated that the plan to trade drafts on Thursday was meant to preclude any further revisions.  If we are nevertheless forced to stick with the draft sections as exchanged, without any revisions, then we will need to make note of the same in the letter.

Your email below indicates that you will be supplementing responses tomorrow, which we hope happens sufficiently in advance of the scheduled call in order to allow for a more productive meet and confer.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 3:09 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

I beg to differ, we agreed to a simultaneous exchange after you expressly refused to participate in the responsive process which appears to us to be required by the rule.  There is no mention of edits or revisions in your email on the proposed simultaneous exchange, as you are aware, and that would be contrary to what was discussed and contrary to the very notion of a simultaneous exchange.

We are allowing you to choose.  You can either agree to a responsive process as I proposed that begins with you sending us your detailed position (which is what we think is required by the judge's rule—how else could we provide "a detailed

4

**EXHIBIT 25 PAGE 18**

summary of each party's final substantive position and their final proposed compromise on each issue" if we have not seen the details of what you are moving on) or stick with a simultaneous exchange with no changes after exchange.  Either way is fine with us, but you do not get to change the proposal at this point to allow you to make edits to your position after seeing ours.

It is not sufficient to say we know what's in your letters.  The point is to narrow the issues and submit only those on which the parties have not reached an accommodation.  We have no idea what you will ultimately submit in your 2.5 pages (which is significantly less than 19, 13, and 8 page letters you have sent), what cases you will cite in support (since you said you will cite new ones, etc.), what your compromise position is, or what relief you will seek.

I hope you will see from your own desire to reconsider your positions after seeing ours, and a review of the judge's order, which I see you don't respond to, that the process you have demanded is not reasonable, not in compliance with the Judge's standing order, and will not frame the issues for the court.  There is enough to debate about the merits of this suit without turning every single conferral into this type of process.  It really is unnecessary and unproductive.

As to your comment below on letters, you may want to take a look at Judge Spero's order again, which specifically discusses letters in the context of conferral.  (I'll also point out that we asked for case law on that point and have not yet seen it).  Nevertheless, we will be sending an amended response prior to the call that we hope will address the majority of your ongoing concerns with all but the clearly irrelevant and privileged materials you are attempting to seek.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 2:44 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

We already had this debate and agreed to the process set forth in my email from 12:57 pm, which was confirmed by our email exchange from last week.   If SGC is unwilling to abide by that agreement, we can take it up in the letter.

This is also why we cannot agree to accept the positions set forth in your letters in lieu of more formal supplemental discovery responses.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*
*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received*
*this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments,*

**EXHIBIT 25 PAGE 19**

*including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 1:58 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

I think that is the issue.  On the one hand, you are not allowing us to see your framing of the dispute, to which we can respond in our portion of the letter, but then you want to make edits to your position based on our response.  There is an inherent unfairness to that which we cannot support and there was no discussion of edits or changes to the simultaneous exchange.  We are willing to make this a process that is completely responsive, as I indicated in my earlier email and what I believe the court is actually looking for, or a simultaneous exchange with absolutely no changes made to each party's position if that is what you insist upon, but we cannot support some undefined and last minute process where you get to make revisions and we don't that will cause the same chaos we experienced in the past.  If you see anything in the Judge's rule that supports what it is you are requesting, then we would appreciate knowing what that is.

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 1:48 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Our proposal anticipates exchange on Thursday in order to allow for incorporation of any edits by either side before filing of the joint letter by the close of business on Friday.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**EXHIBIT 25 PAGE 20**

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 1:45 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

If the positions are not to be changed in any fashion once submitted to one-another, what purpose is there to an exchange in advance of the deadline?

I will save discussion on the merits for our conferral and the briefing.

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 12:57 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

We prefer to stick with our original agreement, which was to have a call tomorrow to see what, if any, additional issues SGC is willing to compromise on, for us to then circulate a shell of the letter that includes a list of the topics that remain in dispute along with exhibits, for us to then exchange our respective sections regarding those topics by Thursday, and to then file the joint letter with any edits by either side upon exchange by the close of business on Friday.

The meet & confer and joint letter process does not contemplate an opposition and reply because it envisions that the parties will in good faith seek to work their issues out and therefore be reasonably familiar with the issues that remain in dispute so that they can both simultaneously work on the joint submission.

We have extensively met and conferred regarding the issues we plan to pursue with the Court if not agreed upon by SGC, including during our videoconference last week. We are willing to meet & confer in more detail during our call tomorrow, but do not currently know the scope of what SGC is planning to insist upon withholding, so cannot commit to an arbitrary deadline of less than 24 hours after your suggested follow-up call to provide a draft of our section of the letter.

We look forward to our discussion tomorrow, and hope that SGC will reconsider its insistence upon withholding the relevant materials that we are seeking.

Sincerely,

**Faisal M. Zubairi**
Partner

7

**EXHIBIT 25 PAGE 21**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**D O R S E Y  &  W H I T N E Y  LLP**

600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461    **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient.*
*Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received*
*this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments,*
*including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof.*
*Thank you.*

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 12:26 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

We have had a little time to consider this proposal.  While we still believe the most sensible way to approach this is for you to give us your draft of your 2.5 pages by Wednesday COB, we would give our response by Thursday COB, and you could reply accordingly and file on Friday at noon as discussed (or we could discuss a longer schedule past Friday if you wish, since the goal is to frame the issues in the way most helpful to the court).  Given your prior position that you do not wish to proceed in this manner, and prefer a simultaneous exchange, we do not see the need for an exchange of positions by Thursday, given that no editing of either party's position should occur following such a mutual exchange, and could therefore simultaneously exchange Friday at noon since it would just involve cutting and pasting our 2.5 pages onto yours for filing.  Again, we think the better approach is for you to state your position in your 2.5 pages to us, for us to respond to that position in 2.5 pages, and for you to reply within your 2.5 pages if you wish (in the same way briefing on an actual motion to compel would occur).

Please let me know if you would like to consider a position/response/reply procedure as I have proposed, or whether you wish to stick with a simultaneous exchange on Friday at noon (with you giving us, at a minimum, topics for your letter by COB Tuesday following our conferral so that we have some idea of what the remaining issues that we are responding to are).

Thank you.

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Thursday, August 6, 2020 1:06 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No.

**EXHIBIT 25 PAGE 22**

4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

As a follow-up to our meet and confer videoconference that took place earlier today, we have agreed to hold a follow-up videoconference on Tuesday to see if we can further narrow the issues in dispute and to file our joint letter with the Court by Friday, and that the parties will endeavor to trade their respective sections of the joint letter by the close of business on Thursday.

We are available to proceed with the videoconference on Tuesday at 11 am, and will shortly circulate a zoom video link for the same.

Please also allow this to confirm that the parties have agreed to electronic services for this case, and service shall be timely if made by midnight unless the Court orders otherwise.

Finally, we understand that SGC will consider amending various of its responses and report back on whether it is willing to do so on Tuesday, and that SGC is now consenting to use of the ND Cal  Model Form of Protective Order for standard litigation.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Zubairi, Faisal
**Sent:** Tuesday, July 28, 2020 3:33 PM
**To:** 'Hillary Brooks' <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria (Santos.Maria@dorsey.com) <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Ms. Brooks,

We are available to participate on August 6, 2020 at 11 am, and will send out a zoom video link for that time.

Sincerely,

9

**EXHIBIT 25 PAGE 23**

**Faisal M. Zubairi**
Partner

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Tuesday, July 28, 2020 12:35 PM
**To:** Santos, Maria <Santos.Maria@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

In response to your letter, we can be available for a video conference on August 6, 2020, beginning at 10 am and would prefer to do it earlier in the day rather than later, if that time doesn't work for you.

---

**From:** Santos.Maria@dorsey.com <Santos.Maria@dorsey.com>
**Sent:** Monday, July 27, 2020 4:46 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** zubairi.faisal@dorsey.com; Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.

Sincerely,

**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**

10

**EXHIBIT 25 PAGE 24**



DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655
**P:** 714.800.1442   **F:** 714.800.1499

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

**Please help reduce paper and ink usage. Print only if necessary.**

**EXHIBIT 25 PAGE 25**

# EXHIBIT 26

# Zubairi, Faisal

| | |
|---|---|
| **From:** | Zubairi, Faisal |
| **Sent:** | Wednesday, August 12, 2020 11:47 AM |
| **To:** | 'Ryan Tyz'; hillary@brooksquinn.com; delfina@brooksquinn.com; Sean Apple |
| **Cc:** | Singh, Navdeep; Schmidt, Kent |
| **Subject:** | RE: [EXTERNAL] Re: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA |
| **Attachments:** | Revised Shell Judge Spero Letter.docx |

Dear Ryan,

Based on your confirmation that SGC will not reference any exhibits, we have revised the introduction to exclude any reference to the exhibits in the attached shell as requested, and will exclusively make reference to them in our section.

Although we understand that SGC claims it is not required to disclose whether it is withholding documents on the basis of its anticipated Noerr Pennington defense and alleged petitioning activity, we are nevertheless also willing to limit the scope of Request Nos. 6-8 and 12-15 to 2015 to the present if SGC will agree to produce all responsive, non-privileged documents in response to those requests.

We have now also had the chance to more closely review the second amended responses that were served a few minutes before midnight on Monday, and are also concerned by SGC's limitation of its response to 9 to only consulting agreements, which is the same concern that we raised with respect to Request No. 16. We believe that all of the requested agreements, whether SGC classifies them as consulting agreements or not, are discoverable. Unless SGC is willing to supplement to remove that limitation, and confirm that it is producing all requested agreements that it has with AMR in relation to No. 9 and in the EMS and healthcare industries without qualification in relation to No. 16, we will need to include them as part of this joint letter, and have therefore included them in our proposed list of topic headings. As we mentioned, SGC's confirmation that it is not withholding documents that "fall within the scope of its response" is insufficient. SGC has sought to draw a distinction between the agreement at issue in this dispute and the allegedly more expansive training and certification agreements that it has with others, but cannot agree to only selectively produce the agreements that it believes support its position.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**EXHIBIT 26 PAGE 1**

**From:** Ryan Tyz <ryan@tyzlaw.com>
**Sent:** Tuesday, August 11, 2020 7:29 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; hillary@brooksquinn.com; delfina@brooksquinn.com; Sean Apple <sapple@tyzlaw.com>
**Cc:** Singh, Navdeep <singh.navdeep@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>
**Subject:** [EXTERNAL] Re: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Faisal – I wanted to raise a couple procedural issues.  First, as I mentioned on our first call, I do not believe Judge Spero wants to see any exhibits with the joint discovery letter, and definitely not 600 pages worth of them and documents from the docket.  We do not endorse submitting any of the exhibits and we do not plan to cite any in our section.  If your clients nonetheless want to submit them, they should be referenced in their section.  Second, we plan to use our entire allotted 2.5 pages for the letter given the number of issues that your clients have identified.  Therefore, I suggest that any intro your client wants to add beyond "The parties submit this joint letter and they have conferred on x days pursuant to this Court's standing order" to your client's section.  Thanks.  Ryan

**From:** "zubairi.faisal@dorsey.com" <zubairi.faisal@dorsey.com>
**Date:** Tuesday, August 11, 2020 at 6:44 PM
**To:** "hillary@brooksquinn.com" <hillary@brooksquinn.com>, "delfina@brooksquinn.com" <delfina@brooksquinn.com>, Ryan Tyz <ryan@tyzlaw.com>, Sean Apple <sapple@tyzlaw.com>
**Cc:** "singh.navdeep@dorsey.com" <singh.navdeep@dorsey.com>, "Schmidt.Kent@dorsey.com" <Schmidt.Kent@dorsey.com>
**Subject:** RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

As a follow-up to our video conference this morning, and, as was agreed in our August 6th email exchange, attached is a shell letter which includes a list of the topics that remain in dispute and an index of exhibits along with the actual exhibits, which have pre-numbered for easy reference by either party.

Pursuant to today's call, we agreed that the parties shall exchange final drafts of their respective sections by noon on Friday, and neither party will then be able to make any further changes.  Please keep in mind that each party is entitled to equal space in this letter, which will mean less than 2.5 pages per party after accounting for the required case information that is already included in the shell.

Per your request, we are also hereby providing you with citations to the following cases, which confirm that any agreement for the payment or reimbursement of SGC's fees by one of the Falck Parties' competitors, such as AMR, is discoverable. See *Nelson v. Millennium Labs., Inc.*, No. 12-cv-01301, 2013 U.S. Dist. LEXIS 191155, at *13-15 (D. Ariz. May 17, 2013), *Berger v. Seyfarth Shaw, LLP*, No. 07-cv-05279, 2008 U.S. Dist. LEXIS 117105, at *3 (N.D. Cal. Oct. 14, 2008), *United States v. Cathcart*, No. 07-cv-4762, 2009 U.S. Dist. LEXIS 57526, at *6 (N.D. Cal. June 18, 2009), *Bryant v. Mattel*, 573 F. Supp. 2d 1254, 1274 (C.D. Cal. 2007).

As we discussed during today's videoconference, although we disagree that SGC's Second Amended Responses that were served a little before midnight yesterday rectify the previously identified deficiencies, we will, as a compromise, agree to accept your responses to various of the requests that were previously at issue.  We are, however, unable to do so with respect to the items set forth in our shell letter, but did want to reiterate our willingness to narrow the scope and further compromise with respect to certain of those request as follows.

2

**EXHIBIT 26 PAGE 2**

With respect to Request No. 4, since the response to Request No. 1 confirms that SGC does not have a formal LLC agreement, we are at least looking for any communications that would confirm when and how Michael Coffin and Paul Lesage became members or otherwise acquired an ownership interest in SGC. If SGC is willing to supplement by indicating it will produce such communications, we can agree to exclude this request from our letter.

With respect to Request Nos. 17, 20-21, as previously indicated and was reiterated during our call, we are willing to limit the temporal scope of the requests from 2013 through the present, which is consistent with the alleged date of first use and publication.

With respect to Request Nos. 18-19, although we disagree that the responses are sufficient, we will accept your representation that all contracts and agreements with emergency medical service and health care providers will be produced, if you are willing to confirm that is in fact the case with respect to Request No. 16. With respect to Request No. 16, although the response appears to agree to provide all contracts/agreements between the defendant and any third party regarding the licensing, copying, display, or reproduction of the items listed in the request, a closer examination reveals various unilateral limitations that SGC seeks to impose. SGC is only agreeing to produce "contracts or agreements with EMS and healthcare providers *for consulting services that concern* licensing, copying, display, reproduction and use of" the alleged marks and the Guide. We are willing to, for now, accept SGC's limitation of its production to the EMS and healthcare industry if SGC confirms that it is not otherwise withholding any such agreements on the grounds that they do not constitute agreements for consulting services. If, for example, SGC has an agreement that allows for the use of its Guide or its marks that SGC does not classify as a consulting agreement with a healthcare or EMS provider, we want to make sure that any such agreement is being produced. If SGC is willing to supplement by indicating it will produce all agreements with EMS and healthcare providers (not just consulting agreements) regarding the licensing copying, display, reproduction and use of its alleged marks and the Guide, then we can agree to exclude this request from our letter.

With respect to Request Nos. 23-24, we disagree that the response complies with Rule 34 but will agree to agree to review your production and reserve our rights.

With respect to Request Nos. 31-32, although we understand you are giving us consulting contracts with emergency medical service and health care providers, we are still unable to determine what documents your client intends to produce that will demonstrate the extent of its sales that were attributable to its marks. We are requesting SGC to clarify what it is planning to produce, and, if it has no responsive documents other than the agreements, it should clearly say so.

With respect to Request Nos. 33-35, we understand that your client is willing to produce the contracts and agreements, and while we are willing to, for now, accept SGC's limitation of its production to the EMS and healthcare industry, we do require clarification regarding whether any of the contracts or agreements are being withheld on the grounds that they are not agreements for "consulting services." Moreover, as noted during our videoconference, Request Nos. 34 and 35 seek documents beyond the agreements. In particular, we are asking for any communications with third parties whereby SGC agreed or allowed a third party use its marks. If SGC is willing to supplement to clarify that it is not withholding documents that are not consulting agreements and to indicate that it will also produce such communications, then we can agree to exclude this request from the joint letter.

With respect to Request Nos. 36-37, we understand that your client is willing to produce the contracts and agreements as noted, and while we are willing to, for now, accept SGC's limitation of its production to the EMS and healthcare industry, we do require clarification regarding whether any of the contracts or agreements are being withheld on the grounds that they are not agreements for "consulting services." Moreover, as noted during our videoconference, these requests seek documents beyond the actual agreements. In particular, we are asking for any communications with third parties whereby SGC agreed or allowed a third party use its Guide. If SGC is willing to supplement to clarify that it is not withholding any documents on the basis that they are not consulting agreements and to indicate that it will also produce such communications, then we can agree to exclude this request from the joint letter.

**EXHIBIT 26 PAGE 3**

With respect to Request Nos. 38-39, whereas SGC's prior amended responses from July 10, 2020 stated that contracts and agreements, pricing schedules and damages calculations would be produced, the second amended responses are less clear in that they only agree to produce documents sufficient to demonstrate the price that SGC charges without specifying what documents are being withheld on the basis of any objections. We are once again asking that you reconsider your response and agree to instead produce all contracts, agreements, pricing schedules and damages calculations. As currently stated, the response leaves us guessing as to whether any documents are being withheld.

With respect to Request Nos. 53-54, while we disagree that the responses comply with Rule 34, we understand that SGC is willing to produce EMS and healthcare industry agreements, but require clarification regarding whether it is withholding any EMS or healthcare industry agreements that it does not consider to be consulting agreements as set forth above in relation to Request No. 16. Moreover, as noted during our videoconference, these requests seek documents beyond the actual agreements. In particular, we are asking for any communications with third parties whereby SGC agreed or allowed (or refused to agree or allow) a third party use its Guide. If SGC is willing to supplement to clarify that it is not withholding any documents on the basis that they are not consulting agreements and to indicate that it will also produce such communications, then we can agree to exclude this request from the joint letter.

Finally, with respect to Request Nos. 51-52, as previously indicated and was reiterated during our call, we are willing to limit the temporal scope of these requests from 2015 through the present.

We would ask that you confirm whether you will agree to supplement in order to clarify any of the foregoing responses by tomorrow so that we have sufficient time to account for the same prior to the scheduled exchange of our joint submission.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Zubairi, Faisal
**Sent:** Monday, August 10, 2020 5:24 PM
**To:** 'Hillary Brooks' <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

4

**EXHIBIT 26 PAGE 4**

We disagree that it is reasonable to expect us to share a draft of our section of the letter in less than 24 hours of the follow-up meet & confer that is scheduled for tomorrow to see what, if anything, SGC is willing to supplement. We agreed to the follow-up meet and confer video call in order to allow SGC a sufficient opportunity to consider the issues articulated in our prior letters and restated during our video call. While SGC therefore knows our posture with respect to its existing responses, we have yet to see what SGC is planning to supplement with.

We are trying to reasonably give SGC an opportunity to respond to our section by agreeing to trade drafts on Thursday, and incorporate any revisions you have based on our section and that we have based on your section thereafter, by the close of business on Friday. This is why we proposed that we provide a list of the issues that remain in dispute after our call and trade sections on Thursday as opposed to Friday. We, at no point, indicated that the plan to trade drafts on Thursday was meant to preclude any further revisions. If we are nevertheless forced to stick with the draft sections as exchanged, without any revisions, then we will need to make note of the same in the letter.

Your email below indicates that you will be supplementing responses tomorrow, which we hope happens sufficiently in advance of the scheduled call in order to allow for a more productive meet and confer.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 3:09 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

I beg to differ, we agreed to a simultaneous exchange after you expressly refused to participate in the responsive process which appears to us to be required by the rule. There is no mention of edits or revisions in your email on the proposed simultaneous exchange, as you are aware, and that would be contrary to what was discussed and contrary to the very notion of a simultaneous exchange.

We are allowing you to choose. You can either agree to a responsive process as I proposed that begins with you sending us your detailed position (which is what we think is required by the judge's rule—how else could we provide "a detailed summary of each party's final substantive position and their final proposed compromise on each issue" if we have not seen the details of what you are moving on) or stick with a simultaneous exchange with no changes after

5

**EXHIBIT 26 PAGE 5**

exchange. Either way is fine with us, but you do not get to change the proposal at this point to allow you to make edits to your position after seeing ours.

It is not sufficient to say we know what's in your letters. The point is to narrow the issues and submit only those on which the parties have not reached an accommodation. We have no idea what you will ultimately submit in your 2.5 pages (which is significantly less than 19, 13, and 8 page letters you have sent), what cases you will cite in support (since you said you will cite new ones, etc.), what your compromise position is, or what relief you will seek.

I hope you will see from your own desire to reconsider your positions after seeing ours, and a review of the judge's order, which I see you don't respond to, that the process you have demanded is not reasonable, not in compliance with the Judge's standing order, and will not frame the issues for the court. There is enough to debate about the merits of this suit without turning every single conferral into this type of process. It really is unnecessary and unproductive.

As to your comment below on letters, you may want to take a look at Judge Spero's order again, which specifically discusses letters in the context of conferral. (I'll also point out that we asked for case law on that point and have not yet seen it). Nevertheless, we will be sending an amended response prior to the call that we hope will address the majority of your ongoing concerns with all but the clearly irrelevant and privileged materials you are attempting to seek.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 2:44 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

We already had this debate and agreed to the process set forth in my email from 12:57 pm, which was confirmed by our email exchange from last week. If SGC is unwilling to abide by that agreement, we can take it up in the letter.

This is also why we cannot agree to accept the positions set forth in your letters in lieu of more formal supplemental discovery responses.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM :: SOUTHERN CALIFORNIA :: BIO :: V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y & W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

6

**EXHIBIT 26 PAGE 6**

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 1:58 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

I think that is the issue.  On the one hand, you are not allowing us to see your framing of the dispute, to which we can respond in our portion of the letter, but then you want to make edits to your position based on our response.  There is an inherent unfairness to that which we cannot support and there was no discussion of edits or changes to the simultaneous exchange.  We are willing to make this a process that is completely responsive, as I indicated in my earlier email and what I believe the court is actually looking for, or a simultaneous exchange with absolutely no changes made to each party's position if that is what you insist upon, but we cannot support some undefined and last minute process where you get to make revisions and we don't that will cause the same chaos we experienced in the past.  If you see anything in the Judge's rule that supports what it is you are requesting, then we would appreciate knowing what that is.

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 1:48 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Our proposal anticipates exchange on Thursday in order to allow for incorporation of any edits by either side before filing of the joint letter by the close of business on Friday.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461    **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**EXHIBIT 26 PAGE 7**

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 1:45 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

If the positions are not to be changed in any fashion once submitted to one-another, what purpose is there to an exchange in advance of the deadline?

I will save discussion on the merits for our conferral and the briefing.

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Monday, August 10, 2020 12:57 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Hillary,

We prefer to stick with our original agreement, which was to have a call tomorrow to see what, if any, additional issues SGC is willing to compromise on, for us to then circulate a shell of the letter that includes a list of the topics that remain in dispute along with exhibits, for us to then exchange our respective sections regarding those topics by Thursday, and to then file the joint letter with any edits by either side upon exchange by the close of business on Friday.

The meet & confer and joint letter process does not contemplate an opposition and reply because it envisions that the parties will in good faith seek to work their issues out and therefore be reasonably familiar with the issues that remain in dispute so that they can both simultaneously work on the joint submission.

We have extensively met and conferred regarding the issues we plan to pursue with the Court if not agreed upon by SGC, including during our videoconference last week. We are willing to meet & confer in more detail during our call tomorrow, but do not currently know the scope of what SGC is planning to insist upon withholding, so cannot commit to an arbitrary deadline of less than 24 hours after your suggested follow-up call to provide a draft of our section of the letter.

We look forward to our discussion tomorrow, and hope that SGC will reconsider its insistence upon withholding the relevant materials that we are seeking.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

8

**EXHIBIT 26 PAGE 8**

**D O R S E Y   &   W H I T N E Y   LLP**

600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461    **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Monday, August 10, 2020 12:26 PM
**To:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

We have had a little time to consider this proposal.  While we still believe the most sensible way to approach this is for you to give us your draft of your 2.5 pages by Wednesday COB, we would give our response by Thursday COB, and you could reply accordingly and file on Friday at noon as discussed (or we could discuss a longer schedule past Friday if you wish, since the goal is to frame the issues in the way most helpful to the court).  Given your prior position that you do not wish to proceed in this manner, and prefer a simultaneous exchange, we do not see the need for an exchange of positions by Thursday, given that no editing of either party's position should occur following such a mutual exchange, and could therefore simultaneously exchange Friday at noon since it would just involve cutting and pasting our 2.5 pages onto yours for filing.  Again, we think the better approach is for you to state your position in your 2.5 pages to us, for us to respond to that position in 2.5 pages, and for you to reply within your 2.5 pages if you wish (in the same way briefing on an actual motion to compel would occur).

Please let me know if you would like to consider a position/response/reply procedure as I have proposed, or whether you wish to stick with a simultaneous exchange on Friday at noon (with you giving us, at a minimum, topics for your letter by COB Tuesday following our conferral so that we have some idea of what the remaining issues that we are responding to are).

Thank you.

---

**From:** zubairi.faisal@dorsey.com <zubairi.faisal@dorsey.com>
**Sent:** Thursday, August 6, 2020 1:06 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com; Santos.Maria@dorsey.com
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

**EXHIBIT 26 PAGE 9**

Dear Counsel,

As a follow-up to our meet and confer videoconference that took place earlier today, we have agreed to hold a follow-up videoconference on Tuesday to see if we can further narrow the issues in dispute and to file our joint letter with the Court by Friday, and that the parties will endeavor to trade their respective sections of the joint letter by the close of business on Thursday.

We are available to proceed with the videoconference on Tuesday at 11 am, and will shortly circulate a zoom video link for the same.

Please also allow this to confirm that the parties have agreed to electronic services for this case, and service shall be timely if made by midnight unless the Court orders otherwise.

Finally, we understand that SGC will consider amending various of its responses and report back on whether it is willing to do so on Tuesday, and that SGC is now consenting to use of the ND Cal  Model Form of Protective Order for standard litigation.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**D O R S E Y  &  W H I T N E Y  LLP**
600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

---

**From:** Zubairi, Faisal
**Sent:** Tuesday, July 28, 2020 3:33 PM
**To:** 'Hillary Brooks' <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>; Santos, Maria (Santos.Maria@dorsey.com) <Santos.Maria@dorsey.com>
**Subject:** RE: [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Ms. Brooks,

We are available to participate on August 6, 2020 at 11 am, and will send out a zoom video link for that time.

Sincerely,

**Faisal M. Zubairi**
Partner
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**EXHIBIT 26 PAGE 10**

WWW.DORSEY.COM  ::  SOUTHERN CALIFORNIA  ::  BIO  ::  V-CARD

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**D O R S E Y  &  W H I T N E Y  LLP**

600 Anton Boulevard
Suite 2000
Costa Mesa, CA 92626-7655
**P:** 714.800.1461   **F:** 714.464.5353

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CONFIDENTIAL COMMUNICATION**

*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*

**From:** Hillary Brooks <hillary@brooksquinn.com>
**Sent:** Tuesday, July 28, 2020 12:35 PM
**To:** Santos, Maria <Santos.Maria@dorsey.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** Zubairi, Faisal <zubairi.faisal@dorsey.com>; Schmidt, Kent <Schmidt.Kent@dorsey.com>; Singh, Navdeep <singh.navdeep@dorsey.com>
**Subject:** [EXTERNAL] RE: Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Mr. Zubairi:

In response to your letter, we can be available for a video conference on August 6, 2020, beginning at 10 am and would prefer to do it earlier in the day rather than later, if that time doesn't work for you.

**From:** Santos.Maria@dorsey.com <Santos.Maria@dorsey.com>
**Sent:** Monday, July 27, 2020 4:46 PM
**To:** Hillary Brooks <hillary@brooksquinn.com>; ryan@tyzlaw.com; sapple@tyzlaw.com; Delfina Homen <delfina@brooksquinn.com>
**Cc:** zubairi.faisal@dorsey.com; Schmidt.Kent@dorsey.com; singh.navdeep@dorsey.com
**Subject:** Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC, Case No. 4:19-cv-08171-SBA and Scott Griffith Collaborative Solutions, LLC v. Falck Northern California Corp., et al., Case No. 4:19-cv-06104-SBA

Dear Counsel,

On behalf of Faisal M. Zubairi, please find the attached correspondence of today's date.

Sincerely,

**Maria Santos**
**Assistant to Kent J. Schmidt,**
**Faisal M. Zubairi and Jessica L. Linehan**



DORSEY & WHITNEY LLP
600 Anton Boulevard
Suite 2000 | Costa Mesa, CA 92626-7655

**EXHIBIT 26 PAGE 11**

**P:** 714.800.1442   **F:** 714.800.1499

**CONFIDENTIAL COMMUNICATION**
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items.  Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted  the e-mail, all attachments and any copies thereof. Thank you.*

**Please help reduce paper and ink usage. Print only if necessary.**

**EXHIBIT 26 PAGE 12**



**FAISAL M. ZUBAIRI**
**Partner**
**(714) 800-1461**
**FAX (714) 464-5353**
**zubairi.faisal@dorsey.com**

August 14, 2020

The Honorable Joseph C. Spero
Chief Magistrate Judge
United States District Court for
 the Northern District
450 Golden Gate Avenue
San Francisco, CA  94102

**Re:** *Care Ambulance Service, Inc., et al. v. Scott Griffith Collaborative Solutions, LLC,*
*Case No. 4:19cv08171-SBA (Case 8171) and Scott Griffith Collaborative Solutions,*
*LLC v. Falck Northern California Corp., et al., Case No. 4:19cv06104-SBA (Case 6104)*

Dear Judge Spero:

Counsel for Care Ambulance Service, Inc. ("Care"), Falck USA, Inc., Falck Northern California Corp. ("FNC"), and Falck Rocky Mountain, Inc. ("FRM") (collectively "Falck"), plaintiffs in Case 8171 filed against SG Collaborative Solutions, LLC ("SGC"), and counsel for SGC, which is the plaintiff in Case 6104 filed against Falck, excluding FRM, jointly write the Court pursuant to the Court's Notice of Reference and Order Regarding Discovery Procedures in both cases, which were consolidated for purposes of discovery. This letter is being submitted within 5 days of the conference between counsel, which took place on August 11, 2020.

**A.      The Falck Parties' Position**

**Third Party Documents (Request Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15)**

**Trademark Documents (Request Nos. 20, 21)**

**Copyright Documents (Request No. 17)**

**Damages Documents (Request Nos. 51-52)**

**Reimbursement of Fees (Request Nos. 59-60)**

**Other Insufficient Responses (Requests 4, 9, 16, 18-19 31-32, 34-39, 47-50, 53-54)**

**EXHIBIT 26 PAGE 13**



Honorable Joseph C. Spero
August 14, 2020
Page 2

### B.    SGC's Position

**Third Party Documents (Request Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15)**

**Trademark Documents (Request Nos. 20, 21)**

**Copyright Documents (Request No. 17)**

**Damages Documents (Request Nos. 51-52)**

**Reimbursement of Fees (Request Nos. 59-60)**

**Other Insufficient Responses (Requests 4, 9, 16, 18-19, 31-32, 34-39, 47-50, 53-54)**

**EXHIBIT 26 PAGE 14**



Honorable Joseph C. Spero
August 14, 2020
Page 3

**EXHIBIT 26 PAGE 15**

# EXHIBIT 27

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
R. BENJAMIN NELSON (CA SBN 300274)
RBNelson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
BALSAM BRANDS INC. and
THOMAS MACMARTIN HARMAN II

PATRICIA L. PEDEN (CA SBN 206440)
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN LLP
1901 Harrison Street, Suite 900
Oakland, CA 94612-3501
Telephone: 510.273.8780
Facsimile: 510.839.9104

Attorney for Plaintiffs
UCP INTERNATIONAL COMPANY LIMITED and
GLOBAL UNITED ENTERPRISES LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UCP INTERNATIONAL COMPANY LIMITED and GLOBAL UNITED ENTERPRISES LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> BALSAM BRANDS INC. and THOMAS MACMARTIN HARMAN II, <br><br> Defendants. | Case No. 3:18-cv-7579-WHO <br><br> **STIPULATION AND ORDER TO STAY CASE DEADLINES** |

**EXHIBIT 27 PAGE 1**

Pursuant to Local Rule 7-12, Plaintiffs UCP International Company and Global United Enterprises Limited ("Plaintiffs") and Defendants Balsam Brands Inc. and Thomas MacMartin Harman II ("Defendants"), by and through their undersigned counsel, stipulate as follows:

WHEREAS, the Court dismissed Plaintiffs' original Complaint on May 6, 2019 (ECF No. 31);

WHEREAS, Plaintiffs filed a First Amended Complaint on May 28, 2019 (ECF No. 36-4);

WHEREAS, Defendants filed a Motion to Strike Plaintiffs' State Law Claims and Motion to Dismiss Plaintiffs' Federal Law Claims ("Motion") on July 2, 2019 (ECF No. 42);

WHEREAS, a case management conference ("CMC") is scheduled for September 3, 2019, at 2:00 p.m. (ECF No. 35);

WHEREAS, the parties are required to meet and confer in advance of the CMC pursuant to Federal Rule of Civil Procedure 26(f);

WHEREAS, the parties are required to meet and confer regarding the ADR process in advance of the CMC pursuant to Local Rule 16-8(b) and ADR Local Rule 3-5(b);

WHEREAS, rather than commence discovery while Defendants' Motion is pending, the parties agree that it is more efficient, both for them and for the Court, to await the Court's ruling on Defendants' pending Motion, as the Court's decision may affect the need for and scope of discovery and other case management tasks;

WHEREAS, once the parties receive the Court's decision on Defendants' Motion, if the case is not dismissed in its entirety, the parties will jointly request to set the CMC for the first available date thereafter.

NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED by the parties hereto as follows:

The Court should stay all discovery and case-related deadlines until after the Court rules on Defendants' pending Motion and vacate the CMC scheduled for September 3, 2019 at 2:00 p.m.

STIPULATION AND ORDER TO STAY CASE DEADLINES
CASE NO. 3:18-CV-7579-WHO
sf-4058293

1

**EXHIBIT 27 PAGE 2**

Dated: August 14, 2019        BURKE, WILLIAMS & SORENSEN, LLP


By:  */s/ Patricia L. Peden*
          PATRICIA L. PEDEN

          Attorney for Plaintiffs
          UCP INTERNATIONAL COMPANY
          LIMITED and GLOBAL UNITED
          ENTERPRISES LIMITED


Dated: August 14, 2019        MORRISON & FOERSTER LLP


By:  */s/ Michael A. Jacobs*
          MICHAEL A. JACOBS

          Attorneys for Defendants
          BALSAM BRANDS INC. and THOMAS
          MACMARTIN HARMAN II


### ORDER

Before the Court is the parties' Stipulation to Stay Case Deadlines. Upon consideration of the Joint Stipulation, and good cause having been shown, the parties' Joint Stipulation is **GRANTED**. All discovery and case-related deadlines are **STAYED** until after the Court rules on Defendants' pending Motion. The case management conference scheduled for September 3, 2019 at 2:00 p.m. is **VACATED**.

**IT IS SO ORDERED.**


Dated: August 26,2019        _____
                             HONORABLE WILLIAM H. ORRICK
                             United States District Court Judge


STIPULATION AND ORDER TO STAY CASE DEADLINES
CASE NO. 3:18-CV-7579-WHO
sf-4058293

2

**EXHIBIT 27 PAGE 3**

**ATTESTATION OF E-FILED SIGNATURE**

I, Michael A. Jacobs, am the ECF User whose ID and password are being used to file this Stipulation and [Proposed] Order.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that Patricia L. Peden has concurred in this filing.

Dated:  August 14, 2019

/s/  Michael A. Jacobs
Michael A. Jacobs

STIPULATION AND ORDER TO STAY CASE DEADLINES
CASE NO. 3:18-CV-7579-WHO
sf-4058293

3

**EXHIBIT 27 PAGE 4**

# EXHIBIT 28

Case 4:19-cv-08171-SBA    Document 67    Filed 08/14/20    Page 662 of 666

# Sg Collaborative Solutions

UNCLAIMED

13318 Thornton Drive
Westlake, TX 76262

 (817) 236-4498

CALL                    DIRECTIONS                    WEBSITE                    REVIEWS

About        Contact & Hours        Details        Reviews

## About

Categorized under Business Management Consultants. Our records show it was established in 2014 and incorporated in TX. Current estimates show this company has an annual revenue of 277187 and employs a staff of approximately 5.

## Contact

Sg Collaborative Solutions
13318 Thornton Drive
Westlake, TX 76262

(817) 236-4498

Visit Website

**EXHIBIT 28 PAGE 1**

Case 4:19-cv-08171-SBA    Document 67    Filed 08/14/20    Page 663 of 666

Get Directions

## Detailed Information

Location Type
Single Location

Year Established
2014

Annual Revenue Estimate
277187

SIC Code
show

NAICS Code
show

Employees
5

Contacts
show

## Reviews (0)

Write a Review

**EXHIBIT 28 PAGE 2**

There are no reviews yet.

Be the first to write one!

Write a Review

## Is this your listing?

**Sg Collaborative Solutions** is an unclaimed page. Claim it for free to:

Update listing information

Respond to reviews

Access credit score report

Add business hours, photos and much more

Claim This Listing for Free

## Related Articles

CCPA Notice

## After 21 Seasons, This Is Judge Mathis Annual Salary

Daily Finance Stories |

Sponsored

## Celebs who might have lived on this earth before

Story To Hear |

Sponsored

## Remember Phoebe Cates? What she looks like now is incredible

Best Of Senior |

Sponsored

**EXHIBIT 28 PAGE 3**

## [LOOK]If you Wrap your feet in aluminum foil and one hour later you will have this result! This is genius

affordable Health-care |

Sponsored

## 30 Netflix Shows to Put On Your Schedule in 2020

Sidereel |

Sponsored

## Local Amber Alert - Get Live Updates

Amber Alert |

Sponsored

## I Found Over 100 Lost Photos Thanks To This Little Gadget!

PhotoStick Mobile |

Sponsored

## Bored at home? Get a call from a robot!

callerbot.com |

Sponsored

## There's One WD-40 Trick Everyone Must Know

Habit Tribe |

Sponsored

## Get Rid Of Your Timeshare

Timeshare Cancelled |

Sponsored

## Perfectly timed animal pictures that will make you laugh!

FactAhead |

Sponsored

## 51 Rare Photos From Princess Diana and Prince Charles' Wedding

Cosmopolitan |

Sponsored

**EXHIBIT 28 PAGE 4**

## Orthopedic, Prosthetic, and Surgical Appliances and Supplies Companies in California - Manta

Manta

## Do you need a personal organizer?

Manta

| Manta | For Businesses |
| --- | --- |
| About | Claim Your Listing |
| Reviews | Listings |
| Blog | Websites |
| Careers | SEO |
| | Advertise With Us |
| | Pricing |

Help    Privacy    Terms    Site Map

© 2019 Manta Media Inc.
All rights reserved

Contact Us

**EXHIBIT 28 PAGE 5**