UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FALCK NORTHERN CALIFORNIA CORP., et al.,<br><br>　　　　Defendants.<br><br>FALCK USA, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SCOTT GRIFFITH COLLABORATIVE SOLUTIONS, LLC,<br><br>　　　　Defendant. | Case No.  19-cv-06104-SBA   (JCS)<br>　　　　　　19-cv-08171-SBA   (JCS)<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 119, 124, 127 (-06104)<br><br>　　　　101, 106, 109 (-08171) |

## I.  INTRODUCTION

Scott Griffith Collaborative Solutions, LLC ("SGCS") and Falck USA, Inc. (and related entities, collectively, "Falck") each moved to file documents under seal in connection with Falck's motion for sanctions. For the reasons discussed below, Falck's July 9, 2021 motion to file under seal is GRANTED in part and DENIED in part, and the remaining motions to file under seal are DENIED. The parties shall file documents in the public record as discussed below.

While this order uses the docket numbers of filings in case number 19-cv-06104, it applies equally to the substantially identical filings in case number 19-cv-08171, and the parties must file public versions in that case as well.

## II.  LEGAL STANDARD

The Ninth Circuit recognizes "a strong presumption in favor of access to court records."

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to overcome that presumption must generally show "compelling reasons" to do so, although a lower standard of "good cause" applies to documents submitted in connection with motions no "more than tangentially related to the underlying cause of action."  *See generally Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).  To implement that principle, this Court requires administrative motions to file under seal to be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(d)(1)(A)–(B); *see generally* Civ. L.R. 79-5.  When a party files material that another party (or non-party) has designated as confidential under a protective order, the filing party must move to file that material under seal, and the designating party must file a responsive declaration within four days setting forth reasons for sealing.  Civ. L.R. 79-5(e).

The Court finds that the "compelling reasons" standard applies to the documents at issue here, which were filed in connection with a motion for sanctions that could have resulted in the termination of SGCS's claims.

### III.   FALCK'S JULY 9, 2021 SEALING MOTION

Falck moved to file a number of documents submitted in connection with its motion for sanctions under seal, based solely on SGCS's and non-party AMR's confidentiality designations. *See* dkt. 119; *see also* dkt. 121 (proof of service).  SGCS filed a responsive declaration by its chief operating officer Michael Coffin supporting sealing portions of those materials.  Despite Falck serving its motion to seal on AMR, AMR has not filed a responsive declaration.  The undersigned has reviewed the materials identified in Coffin's declaration and GRANTS Falck's motion to seal *only* the following, which is a subset of the material SGCS sought to seal:

| Document | Sealed Portions |
| --- | --- |
| Falck's Sanctions Motion | All redactions proposed by SGCS: 7:14 (location), 7:15 (location), 7:24 (dollar amount), 7:25 (everything after "now pays SGC"), 8:4 (everything after "contractual renewal"), 9:18 (dollar amount), 9:21 (entire redacted portion), 10:3 (dollar amount), 10:4 |

| Document | Sealed Portions |
|---|---|
|  | (dollar amount), and 18:12 (entire redacted portion after "when SGC") |
| Exhibit B (Coffin Deposition Transcript)[1] – and all duplicate instances in other exhibits[2] | 144:9 (dollar amount), 145:2 (dollar amount), 145:10–17 (through the first word of line 17), 146:9–10 (dollar amounts), 146:14–15 (after colon), 146:19–23 (only the name of the non-AMR entity), 147:13 (same), 147:21–23 (same), 149:1–6 (numbers only), 149:10–16 (numbers and names of non-AMR entities only), 150:24 (dollar amount), 151:5, 151:15–152:2, 152:8–11, 152:17 (dollar amount), 159:1–22, 167:7–21 (dollar amounts, percentages, and name of a non-Falck entity only), 204:7–205:1 (dollar amounts and percentage only), 217:5–16, 217:21–218:12, 218:21 (dollar amount), 218:24 (dollar amount), 219:4 (dollar amount), 219:5–7, 219:8 (dollar amount), 222:9–13, 222:22–223:17, 250:11 (name), 250:12 (name), 250:13, 250:17 (everything after "You said"), |

---

[1] Coffin identifies two dollar amounts on page 129 of his own deposition transcript as warranting sealing, but that page is not included in Exhibit B to McGarry's declaration, which is the only specific exhibit Coffin cites as containing his deposition transcript. The Court therefore cannot readily determine if any other instance of that page that might appear in the record contains information that truly warrants sealing. If SGCS believes some other exhibit that contains that page warrants sealing, it must file a new motion to seal, specifically identifying the relevant exhibit(s), before Falck files public versions.

[2] The unfortunate need to reference duplicate material arises from Falck's decision to include multiple copies of certain pages of deposition testimony scattered throughout the various exhibits it submitted. The Court encourages Falck to refrain from this approach in the future. To the extent there is any question of where duplicate materials might be found, the parties are expected to work together to identify them.

| Document | Sealed Portions |
|---|---|
|  | 250:19 (everything after "They are a"), 250:21, 251:1 (name), 251:5 (name), 251:17 (name) |
| Exhibit D (LeSage Deposition Transcript) – and all duplicate instances in other exhibits | 160:24–161:2 (up to "Do you see that?"), 161:5 (dollar amount), 162:10 (dollar amount), 162:11–12 (dollar amount), 162:14 (dollar amount), 163:24 (name)[3] |
| Exhibit E (Lenn Deposition Transcript) – and all duplicate instances in other exhibits | All redactions proposed by SGCS: 107:13 (dollar amount), 107:16 (dollar amount), 107:19 (dollar amount), 107:22 (dollar amount), 107:25 (dollar amount), 108:5 (dollar amount), 109:18 ("[dollar amount] per [period]"); 109:21 (dollar amount); 109:24 ("[dollar amount] per [period]") |
| Exhibit F (Garrett Deposition Transcript) – and all duplicate instances in other exhibits | All redactions proposed by SGCS: 88:5–10 |
| Exhibit J | Entire document |
| Exhibit 85 (Interrogatory Responses) | 15:17–27, 17:1–2 (first dollar amount through end of sentence) |
| Exhibit 86 | Entire document |
| Exhibit 153 | Entire document |
| Exhibit 168-2 | Entire document |

The motion is DENIED as to all materials at issue in Falck's July 9, 2021 sealing motion

---

[3] SGCS seeks to seal a passage running onto page 164 of LeSage's deposition transcript, but since that page does not appear in Exhibit D, the Court cannot readily determine whether it warrants sealing. As with page 129 of Coffin's deposition transcript discussed in a previous footnote, SGCS may file a renewed motion identifying any other exhibit where that page appears.

that are not specifically addressed above.  Falck shall file public unredacted versions of the documents not specifically addressed above, and public redacted versions of the documents sealed only in part, no earlier than October 5, 2021 and no later than October 12, 2021.

### IV.  SGCS'S SEALING MOTION

SGCS moved to seal portions of its opposition brief and certain documents submitted therewith based solely on confidentiality designations by AMR and non-party Robert Garrett.  *See* dkt. 124; *see also* dkt. 138 (proof of service).  Neither AMR nor Garrett filed a responsive declaration identifying reasons to maintain these documents under seal.  SGCS's motion is therefore DENIED, and SGCS shall file all documents at issue unredacted in the public record no earlier than October 5, 2021 and no later than October 12, 2021.

### V.  FALCK'S JULY 30, 2021 SEALING MOTION

Falck moved to seal portions of its reply brief under seal based on confidentiality designations by SGCS and AMR.  *See* dkt. 127; *see also* dkt. 130 (proof of service).  The declaration of Bryan McGarry identifies the only material to be sealed as "[p]ortions [of the reply] that cite, quote or summarize the above," without identifying any other documents "above."  *See* McGarry Decl. re Mot. to Seal Reply (dkt. 127-1) ¶ 5.  Neither SGCS nor AMR filed a responsive declaration.  This motion is therefore DENIED, and Falck shall file its reply brief unredacted in the public record no earlier than October 5, 2021 and no later than October 12, 2021.

### VI.  CONCLUSION

For the reasons discussed above, Falck's July 9, 2021 sealing motion is GRANTED in part and DENIED in part, and the parties' remaining sealing motions are DENIED.  The parties shall file documents in the public record as discussed above no earlier than October 5, 2021 and no later than October 12, 2021.  If SGCS files a renewed motion to seal portions of page 129 of Coffin's deposition transcript and/or page 164 of LeSage's deposition transcript, Falck shall not file any documents containing those pages until the Court resolves the renewed motion.

**IT IS SO ORDERED.**

Dated: September 30, 2021

JOSEPH C. SPERO
Chief Magistrate Judge